# EXHIBIT 1

TOGUT, SEGAL & SEGAL LLP
Bankruptcy Co-Counsel for Enron Corp., *et al.*
Debtors and Debtors in Possession
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut (AT-9759)
Scott E. Ratner (SR-0015)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                              :    Chapter 11
                                                    :
ENRON CORP., *et al.*,                              :    Case No. 01-16034 [AJG]
                                                    :
                              Debtors.              :    Jointly Administered
                                                    :
---------------------------------------------------------------x
ENRON CORP.,                                        :    Adv. Pro. No. 03/_____ [AJG]
                                                    :
                              Plaintiff,            :
                                                    :
        - against -                                 :
                                                    :
INTERNATIONAL FINANCE CORP,                         :
PROTECTIVE LIFE, BERKELEY                           :
CAPITAL MANAGEMENT, LLC,                            :
BEAR STEARNS & CO., INC., NATEXIS                   :
BANQUE POPULAIRES,                                  :
INVESTKREDIT BANK AG, ENSIGN                        :
PEAK ADVISORS, BANQUE                               :
GENERALE DU LUXEMBOURG,                             :
METROPOLITAN WEST CAPITAL                           :
MANAGEMENT, NATIONWIDE LIFE                         :
INSURANCE CO., AP FUNDING,                          :
Individually or For the Benefit of PAROO            :
COMPANY LIMITED, DEXIA BANK,                        :
f/k/a Artesia Banking Corporation N.V.,             :
NATIONAL AUSTRALIAN BANK, CDC                       :
INVESTMENT MANAGEMENT CORP.,                        :
CAISSE DE DEPOT MONTREAL and                        :
EUROPEAN BANK FOR                                   :
INTERNATIONAL DEVELOPMENT,                          :
                                                    :
                              Defendants.           :
                                                    :
---------------------------------------------------------------x

## COMPLAINT TO AVOID AND
## RECOVER FRAUDULENT TRANSFERS

TO THE HONORABLE ARTHUR J. GONZALEZ,
UNITED STATES BANKRUPTCY JUDGE:

Enron Corp. ("Enron"), the plaintiff and debtor in possession, by its bankruptcy co-counsel, Togut, Segal & Segal LLP, as and for its complaint against the above-named defendants (individually a "Defendant" and collectively the "Defendants"), alleges the following upon knowledge as to itself and its own acts and otherwise upon information and belief:

### INTRODUCTION

1. Commencing on December 2, 2001 (the "Petition Date") and thereafter, Enron and various of its subsidiaries and affiliates filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code").

2. Enron continues to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. Enron's transactions with the ENA CLO I Trust (the "CLO Trust") were investigated by the independent Examiner appointed in Enron's chapter 11 case, and discussed in independent reports (collectively, the Examiner's Report") that the Examiner issued. Among other things, the Examiner concluded that Enron could avoid and recover several transactions or transfers pertaining to the CLO Trust under the Bankruptcy Code.

4. Based upon facts discovered by the Examiner and reported in the Examiner's Report, and based upon facts otherwise known to Enron that support the avoidance and recovery of the transfers identified herein, Enron brings this action to

avoid and recover transfers made, directly or indirectly, to the Defendants on or within one year prior to the Petition Date.

## JURISDICTION AND PARTIES

5. This adversary proceeding is brought pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to avoid and recover, in accordance with sections 548 and 550 of the Bankruptcy Code, transfers (the "Transfers") that were made to the Defendants. Schedules identifying the Transfers are annexed as Exhibits "1" and "2".

6. This is a core proceeding pursuant to 28 U.S.C. §§157(b)(2)(A), (H) and (O).

7. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334.

8. Venue of this adversary proceeding is proper in this district pursuant to 28 U.S.C. § 1409(a).

9. Enron is a corporation organized under the laws of Oregon with its principal place of business at 1400 Smith Street, Houston, Texas.

10. Upon information and belief, Defendant International Finance Corp. is a business enterprise with a place of business at 2121 Pennsylvania Avenue, N.W., Washington, DC.

11. Upon information and belief, Defendant Protective Life is a business enterprise with a place of business at 2801 Highway 280 South, Birmingham, Alabama.

12. Upon information and belief, Defendant Berkeley Capital Management LLC is a business enterprise with a place of business at 650 California Street, Suite 2800, San Francisco, California.

13. Upon information and belief, Defendant Bear, Stearns & Co., Inc. is a business enterprise with a place of business at 383 Madison Avenue, New York, New York.

14. Upon information and belief, Defendant Natexis Banque Populaires is a foreign business enterprise authorized to conduct business in the United States, with a place of business at 1251 Avenue of the Americas, New York, New York.

15. Upon information and belief, Defendant Investkredit Bank AG is a foreign business enterprise with a place of business at Renngasse 10, A-1013, Vienna, Austria.

16. Upon information and belief, Defendant Ensign Peak Advisors is a business enterprise with a place of business at 50 East North Temple, Salt Lake City, Utah.

17. Upon information and belief, Defendant Banque Générale du Luxembourg is a foreign business enterprise with a place of business at 50, av. J.F. Kennedy, L-2951, Luxembourg.

18. Upon information and belief, Defendant Metropolitan West Capital Management is a business enterprise with a place of business at 610 Newport Center Drive, Suite 1000, Newport Beach, California.

19. Upon information and belief, Defendant Nationwide Life Insurance Company is a business enterprise with a place of business at One Nationwide Plaza, Columbus, Ohio.

20. Upon information and belief, Defendant AP Funding, individually or for the benefit of Paroo Company Limited, is a business enterprise with a place of business at 60 Wall Street, 6th Floor, New York, New York.

21. Upon information and belief, Defendant Dexia Bank, f/k/a Artesia Banking Corporation N.V., is a foreign business enterprise with a place of business at Koning Albert II, Laan 30 b2, Brussels, Belgium.

22. Upon information and belief, Defendant National Australian Bank is a foreign business enterprise with a place of business at 200 Park Avenue, 34th Floor, New York, New York.

23. Upon information and belief, Defendant CDC is a business enterprise with a place of business at 9 West 57th Street, New York, New York.

24. Upon information and belief, Defendant Caisse de Depot Montreal is a foreign business enterprise with a place of business at 1981 McGill College Avenue, Montreal, Canada.

25. Upon information and belief, Defendant European Bank for Reconstruction and Development is a foreign business enterprise with a place of business at 1 Exchange Square, London, England.

## RELEVANT FACTS

26. In or about December 1999, Enron caused Enron North America Corp. ("ENA") and LJM2 to engage in a transaction known as a "collateralized loan obligation", or "CLO", to securitize a portfolio of loan facilities (the "CLO Assets") owned by ENA and other affiliates of Enron. In connection with the CLO transaction, Enron caused LJM2 to establish the CLO Trust. Upon information and belief, the CLO Trust issued seven classes of notes with maturities in 2014 (the "CLO Notes") for total proceeds exceeding $307 million. The CLO Notes were rated by two credit rating agencies and separated into seven tranches based upon their ratings.

27. In connection with this transaction, Enron formed three entities, ENA CLO I Holding Company GP L.L.C. ("Holding GP"), ENA CLO I Holding com-

pany I L.P. ("Holding I LP"), and ENA CLO I Holding Company II L.P. ("Holding II LP"). Enron was the sole member of Holding GP and the sole limited partner of both Holding I LP and Holding II LP. Holding GP was the general partner of both Holding I LP and Holding II LP.

28. Enron caused ENA and other affiliates of Enron to transfer the CLO Assets to Holding I LP.

29. Upon information and belief, the CLO Trust was the sole limited partner of Holding I LP. Upon further information and belief, the source of funds from which the CLO Trust could make payments to holders of the CLO Notes was Holding I LP. Thus, Enron believes that repayment of the CLO Notes was dependent upon payment to Holding I LP by the obligors of the collateralized loans included in the CLO Assets.

30. Upon information and belief, the CLO Notes were offered with recourse limited solely to funds and other assets of the CLO Trust. Therefore, upon information and belief, if distributions to the CLO Trust from Holding I LP were insufficient to make payments to the holders of the CLO Notes, no other assets of any person or entity would be available for the payment of any deficiency.

31. The Defendants each held CLO Notes at the time of the Transfers.

32. Between December 1999 and September 2000, the market value of the CLO Assets declined. On or about September 1, 2000, Enron granted a put option (the "Put Option") to Holding I LP. Under the Put Option, Holding I LP could require Enron to purchase interests in CLO Assets whose obligors had defaulted in making payments to the CLO Trust, in an amount up to $113 million. Enron received no premium payment in return for granting the Put Option.

33. Upon information and belief, because the CLO Trust was the sole limited partner of Holding I LP, any payment that Enron made to Holding I LP under the Put Option would be distributed by Holding I LP to the CLO Trust.

34. Between September 2000 and April 2001, the market value of the CLO Assets continued to decline, and the obligors of the collateralized loans included in the CLO Assets did not make payments sufficient to cover the obligations of the CLO Trust to the holders of CLO Notes.

35. In or about April 2001, Enron repurchased all of the outstanding CLO Notes from the holders thereof for an amount equal to the principal balance owed plus accrued interest.

**FIRST CAUSE OF ACTION**
**(Avoidance and Recovery of Fraudulent Transfers Under**
**Sections 548(a)(1)(B) and 550(a)(1) of the Bankruptcy Code)**

36. Enron repeats and incorporates the allegations in paragraphs 1 through 35 of this Complaint.

37. On or about May 1, 2001, Enron transferred $81,696,158.76 by wire to Chase Manhattan Bank ("Chase"), as indenture trustee for the benefit of holders of CLO Notes.

38. Upon information and belief, on or about May 1, 2001, Chase made payments to certain Defendants in the amount set forth next to each Defendant's name in Exhibit "1" (the "May 1 Transfers"). Upon further information and belief, in exchange for the May 1 Transfers, each such Defendant transferred its CLO Notes to Enron and/or ENA.

39. On or about May 3, 2001 Enron transferred $17,298,838.27 by wire to Chase, as indenture trustee for the benefit of holders of CLO Notes.

40. Upon information and belief, on or about May 3, 2001, Chase made payments to certain Defendants in the amount set forth next to each Defendant's name in Exhibit "2" (the "May 3 Transfers"). Upon further information and belief, in exchange for the May 3 Transfers, each such Defendant transferred its CLO Notes to Enron and/or ENA.

41. The May 1 Transfers and May 3 Transfers (collectively, the "May Transfers") constitute the transfers of interests in property of Enron.

42. Upon information and belief, the value of the CLO Assets at the time of the May Transfers was less than the total value of the outstanding CLO Notes.

43. Enron received less than a reasonably equivalent value from the Defendants in exchange for the May Transfers.

44. Upon information and belief, Enron was insolvent on the dates of the May Transfers, was engaged in business for which any property remaining with Enron was an unreasonably small capital, or intended or believed that it would incur debts beyond its ability to pay as such debts matured.

45. Based upon the foregoing, the May Transfers constitute avoidable fraudulent transfers pursuant to section 548(a)(1)(B) of the Bankruptcy Code and, in accordance with section 550(a) of the Bankruptcy Code, Enron may recover from the Defendants the amount of the May Transfers, plus interest.

### SECOND CAUSE OF ACTION
(Recovery of Avoidable Fraudulent Transfers
Under Section 550(a)(2) of the Bankruptcy Code)

46. Enron repeats and incorporates the allegations in paragraphs 1 through 45 of this Complaint.

47. On or about December 29, 2000, Holding I LP exercised its rights under the Put Option, and on or about January 12, 2001, Enron paid $63,109,023.64 to Holding I LP (the "January Put Payment").

48. Upon information and belief, Holding I LP transferred the funds received from the January Put Payment to the CLO Trust. Upon further information and belief, the CLO Trust transferred these funds to certain holders of CLO Notes in January 2001 (the "January Transfers"), including the Defendants identified in Exhibit "3" (the "January Put Payment Defendants").

49. On or about June 29, 2001, Holding I LP exercised its rights under the Put Option, and Enron paid $49,890,976 to Holding I LP (the "June Put Payment", and together with the January Put Payment, the "Put Payments").

50. Upon information and belief, Holding I LP transferred the funds received from the June Put Payment to the CLO Trust. Upon further information and belief, between June 29, 2001 and July 16, 2001 the CLO Trust transferred $7,168,281.33 of these funds to Defendant AP Funding, individually or for the benefit of Paroo Company Limited (the "AP Transfer").

51. The Put Payments constitute the transfers of interests in property of Enron.

52. Enron received less than a reasonably equivalent value from Holding I LP in exchange for the Put Payments.

53. Upon information and belief, Enron was insolvent on the dates of the Put Payments, was engaged in business for which any property remaining with Enron was an unreasonably small capital, or intended or believed that it would incur debts beyond its ability to pay as such debts matured.

54. Based upon the foregoing, the Put Payments constitute avoidable fraudulent transfers pursuant to section 548(a)(1)(B) of the Bankruptcy Code.

55. As a result of, and to the extent the January Put Payment Defendants received, the January Transfers, the January Put Payment Defendants are mediate transferees of Enron. In accordance with section 550(a)(2) of the Bankruptcy Code, Enron may recover from the January Put Payment Defendants the amount of the January Transfers, plus interest.

56. As a result of, and to the extent AP Funding received, the AP Transfer, AP Funding is a mediate transferee of Enron. In accordance with section 550(a)(2) of the Bankruptcy Code, Enron may recover from AP Funding the amount of the AP Transfer, plus interest

### THIRD CAUSE OF ACTION
### (Disallowance of Claims Under
### Section 502(d) of the Bankruptcy Code)

57. Enron repeats and incorporates the allegations in paragraphs 1 through 56 of this Complaint.

58. The Defendants are transferees of transfers that are avoidable under section 548(a)(1) of the Bankruptcy Code, the value of which is recoverable by Enron pursuant to section 550 of the Bankruptcy Code.

59. One or more of the Defendants may have filed a proof of claim against Enron.

60. Based upon the foregoing, such proofs of claim must be disallowed pursuant to section 502(d) of the Bankruptcy Code.

61. An order should be entered granting judgment in favor of Plaintiff, disallowing and expunging such proofs of claim, and any other claims made by or on behalf of the Defendants in this case.

**WHEREFORE**, Plaintiff respectfully requests entry of judgment as follows:

a. on the first cause of action, avoiding and setting aside the May Transfers pursuant to section 548(a)(1)(B) of the Bankruptcy Code, awarding Enron judgment in an amount equal to the May Transfers and directing each Defendant to immediately pay Enron an amount equal to the May Transfer that it received pursuant to section 550(a)(1) of the Bankruptcy Code, together with interest on such amount from the date of the May Transfers;

b. on the second cause of action, avoiding and setting aside the Put Payments pursuant to section 548(a)(1)(B) of the Bankruptcy Code, awarding Enron judgment in an amount equal to the January Transfers and directing each January Put Payment Defendant to immediately pay Enron an amount equal to the January Transfer that it received pursuant to section 550(a)(2) of the Bankruptcy Code, together with interest on such amount from the date of the January Transfers, and awarding Enron judgment in an amount equal to the AP Transfer and directing AP Funding to immediately pay Enron an amount equal to the AP Transfer pursuant to section 550(a)(2) of the Bankruptcy Code, together with interest on such amount from the date of the AP Transfer;

c. on the third cause of action, disallowing and expunging any proofs of claim, and any other claims in favor of Defendants in Enron's chapter 11 case, if Defendants refuse to turn over the amounts of the May Transfer, the January Transfer or the AP Transfer that each Defendant received, pursuant to section 502(d) of the Bankruptcy Code;

d. awarding Enron its attorneys' fees, costs and other expenses incurred in this action; and

e. granting Enron such other and further relief as the Court considers appropriate.

Dated: New York, New York
November 20, 2003

ENRON CORP.
Debtor in Possession and Plaintiff,
By its Bankruptcy Co-Counsel,
TOGUT, SEGAL & SEGAL LLP
By:

/s/ Scott E. Ratner
SCOTT E. RATNER (SER-0015)
Members of the Firm
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000

# EXHIBIT 1

ENRON CORP.

vs.

INTERNATIONAL FINANCE CORP., *et al.*

| Transferee | Amount |
|---|---|
| International Finance Corp. | $5,658,366.81 |
| Protective Life | $4,264,454.86 |
| Berkeley Capital Mgmt. | $852,890.97 |
| Bear, Stearns & Co. | $33,883,159.17 |
| Natexis Banque Populaires | $10,205,770.83 |
| Investkredit Bank AG | $5,102,885.42 |
| Ensign Peak Advisors | $6,836,268.76 |
| Total: | $81,696,158.76 |

## EXHIBIT 2

ENRON CORP.

vs.

INTERNATIONAL FINANCE CORP., *et al.*

| Transferee | Amount |
|---|---|
| Banque Generale du Lux. | $2,830,186.80 |
| Metropolitan W. Cap. Mgmt. | $4,209,451.47 |
| Nationwide Life Insurance Co. | $10,259,200.00 |
| Total: | $17,298,838.27 |

## EXHIBIT 3

ENRON CORP.

vs.

INTERNATIONAL FINANCE CORP., *et al.*

### Put Payment Defendants

Dexia Bank, f/k/a Artesia Banking Corporation N.V.

National Australian Bank

CDC Investment Management Corp.

Caisse de Depot Montreal

European Bank for International Development