# EXHIBIT 3

Case 1:07-cv-06597-AKH    Document 7-4    Filed 08/01/2007    Page 1 of 5

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In re                                                     :     Chapter 11

ENRON CORP., et al.,                                      :

        Debtors.                                :     Case No. 01-16034 (AJG)

                                                          :

                                                          :     (Jointly Administered)

------------------------------------------------------------X

ENRON CORP.,                                              :     Adv. No. 03-93370 (AJG)

        Plaintiff,                              :

        v.                                      :

INTERNATIONAL FINANCE CORP., et al.,                      :

        Defendants.                             :

------------------------------------------------------------X

## STIPULATION AND ORDER

WHEREAS, on November 20, 2003 (the "Filing Date"), Enron Corp. ("Enron") filed a complaint against, inter alia, International Finance Corp. ("IFC") and European Bank for Reconstruction and Development ("EBRD" and together with IFC, the "Development Banks") in the above-captioned adversary proceeding; and

WHEREAS, the Development Banks contend that by virtue of being international organizations and their constitutive treaties they are immune from this action pursuant to the International Organizations Immunities Act (the "Immunity Defense"); and

22

WHEREAS, the parties recognize that it will be costly and time-consuming to litigate whether the Development Banks' Immunity Defense is applicable and that such litigation may ultimately be unnecessary if the on-going litigation of the claims result in the dismissal of the claims on other grounds.

NOW, THEREFORE, the undersigned hereby stipulate and agree, subject to Bankruptcy Court approval, as follows:

1. The complaint in this action against the Development Banks is dismissed, without prejudice, pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure, incorporated by Federal Rule of Bankruptcy Procedure 7041.

2. In the event the action is Reinstated (as defined in paragraph 3 below), the running of any applicable statute of limitations with respect to the Debtors, including, but not limited to, the limitations under sections 108 and 546(a) of 11 U.S.C. §101, et seq. (the "Bankruptcy Code"), all other time limitations or time-based defenses in respect of the claims and causes of action against the Development Banks which Enron has asserted in the above-captioned adversary proceeding under or through various provisions of the Bankruptcy Code, and any applicable provisions of non-bankruptcy law, is hereby tolled for the period from the Filing Date to the date of Reinstatement (as defined in Paragraph 3 below).

3. This action may be automatically reinstated (the "Reinstated") by service on the undersigned counsel to the Development Banks of notice that Enron intends to rejoin either one or both of the Development Banks and the filing of such notice with this Court no later than April 30, 2005 (the "Reinstatement"). Upon such Reinstatement, the rejoined Development Banks shall have sixty (60) days to answer, move or otherwise respond to the complaint.

2

4.  After April 30, 2005, this action shall be deemed to have been dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure (incorporated by Federal Rule of Bankruptcy Procedure 7041) against either one or both of the Development Banks (as the case may be) unless it has been Reinstated as outlined in Paragraph 3 above.

5.  Except to the extent expressly provided in this Stipulation and Order, this Stipulation and Order shall in no way affect the rights of any of the parties. Out of abundance of caution, it is noted that this Stipulation and Order shall in no way affect the rights of the Development Banks with regards to any defenses, counterclaims or cross-claims available to the Development Banks or be deemed to result in a consent to the jurisdiction of this Court or waiver (implied or otherwise) of any defenses, counterclaims or cross-claims available to the Development Banks, including without limitation any defense based on service, jurisdiction, venue or international organization immunity.

6.  This Stipulation and Order shall be binding on the parties, and their respective successors and assigns from the date of its execution, but is expressly subject to and contingent upon its approval by this Court.

7.  This Stipulation and Order may be executed by facsimile copy in one or more counterparts.

8.  The WHEREAS clauses at the beginning of this Stipulation and Order are recitals intended to provide background information regarding this Stipulation and Order and define certain terms used in this Stipulation and Order. These WHEREAS clauses shall not constitute admissions by any of the parties or findings of this Court for the purposes of this adversary proceeding or any other proceeding.

9. Notwithstanding Federal Rules of Bankruptcy Procedure 4001 and 6004(g), this Stipulation and Order shall become effective immediately upon its entry.

Dated: March 19, 2004

| TOGUT, SEGAL & SEGAL LLP | CLEARY GOTTLIEB STEEN & HAMILTON |
|---|---|
| /s/ Scott E. Ratner | /s/ Thomas J. Moloney |
| Scott E. Ratner (SER-0015) | Thomas J. Moloney (TJM-9775) |
| One Penn Plaza, Suite 3335 | One Liberty Plaza |
| New York, New York 10119 | New York, New York 10006 |
| (212) 594-5000 | |
| | Attorneys for Defendants International Finance Corporation and European Bank for Reconstruction and Devleopment |
| Bankruptcy Co-Counsel for Plaintiffs Enron Corp. | |

SO ORDERED: New York, New York
March 23, 2004

**s/Arthur J. Gonzalez**
UNITED STATES BANKRUPTCY JUDGE

4