# EXHIBIT 4

Response Deadline: July 23, 2004
Reply Deadline: August 13, 2004
Hearing Date: To Be Determined

CHADBOURNE & PARKE LLP
Attorneys for Dexia Bank f/k/a Artesia Banking Corporation N.V.
30 Rockefeller Plaza
New York, New York 10112
(212) 408-5100
N. Theodore Zink, Jr. (TZ-8980)
Francisco Vazquez (FV-1244)
Gregory J. Kerr (GK-9234)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>ENRON CORP., *et al.*,<br><br>Debtors. | Case No. 01-16034 (AJG)<br><br>Chapter 11<br><br>Jointly Administered |
| ENRON CORP.,<br><br>Plaintiff,<br><br>- against -<br><br>INTERNATIONAL FINANCE CORP., *et al.*,<br><br>Defendants. | Adversary Proceeding<br>No. 03-93370 (AJG) |

### DEFENDANT DEXIA BANK'S
### MOTION TO DISMISS ADVERSARY COMPLAINT

TO: THE HONORABLE ARTHUR J. GONZALEZ
     UNITED STATES BANKRUPTCY JUDGE

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, made

applicable by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, defendant

NY2 - 393410.02

3/

Dexia Bank ("Dexia"), f/k/a Artesia Banking Corporation N.V., respectfully submits this Motion and the declaration of Kristin Claessens dated May 13, 2004 ("Claessens Dec.") in support of its motion for an order dismissing the claims asserted against Dexia in this adversary proceeding.

## PRELIMINARY STATEMENT

The avoidance claim that Enron Corp. ("Enron") asserts against Dexia is barred by section 546(e) of the Bankruptcy Code.

In January 2001, Enron paid approximately $63 million to purchase securities from Dexia and other defendants. Now, more than three years later, Enron improperly seeks to reverse those payments by characterizing them as fraudulent transfers. Enron does not allege that Dexia acted with fraudulent intent, but instead relies on the constructive fraudulent transfer theory set forth in section 548(a)(1)(B) of the Bankruptcy Code.

The avoidance claim against Dexia should be dismissed because the payment received by Dexia falls within the "safe harbor" provision of section 546(e) of the Bankruptcy Code. That section exempts from avoidance "settlement payment[s] . . . made by or to a . . . stockbroker [or] financial institution." In return for Dexia surrendering certain notes, Enron made a payment that was remitted to Dexia via Chase Manhattan Bank ("Chase"). Because the notes are securities and Chase and Dexia are financial institutions, the safe harbor provision of section 546(e) applies and Enron's avoidance claim fails as a matter of law.

2

NY2 - 393410.02

In a separate cause of action, Enron seeks to have any proofs of claim filed by or on behalf of Dexia expunged. To the extent any proofs of claim were filed by on behalf of Dexia, this cause of action should be dismissed. Given that any such proofs of claim are entirely derivative of Enron's avoidance claim, the cause of action seeking the disallowance or expungement of Dexia's claim is defective as a matter of law and should also be dismissed.

## FACTUAL BACKGROUND

1. In December 1999, Enron decided to securitize a portfolio of loan facilities held by certain of its affiliates, including Enron North America Corp. ("ENA") (Adversary Complaint ("Complaint") ¶ 26). In connection with this monetization, Enron created a limited partnership called ENA CLO I Holding Company, L.P. ("CLO Holding") and a trust called ENA CLO I Trust ("CLO Trust") (id. at ¶¶ 26-27). CLO Holding acquired the portfolio loans from ENA and other Enron affiliates (id. ¶ 28).

2. In or about December 1999, CLO Trust sold notes with maturities in 2014 ("Notes") and used the proceeds from that sale to purchase the sole limited partnership interest in CLO Holding (see Complaint ¶¶ 26 & 29). Dexia purchased certain of the Notes (see id. ¶¶ 30-31).

3. The Notes were offered with recourse solely to the funds and assets of CLO Trust, with the assets of no other entity or person being available in the event of a deficiency (Complaint ¶ 30). Proceeds from the portfolio loans owned by CLO Holding were the source of funds by which CLO Trust was to make payments on the Notes (see id. ¶ 29).

3

4.  In the period after December 1999, the value of the portfolio loans held by CLO Holding declined (Complaint ¶ 32). In September 2000, Enron granted a put option ("Put Option") to CLO Holdings (id.). The Put Option provided that CLO Holdings could require Enron to purchase from CLO Holdings up to $113 million in defaulted portfolio loans (id.).

5.  CLO Holdings exercised its rights under the Put Option in December 2000 (Complaint ¶ 47). Pursuant to this exercise of the Put Option, on or about January 12, 2001, Enron paid approximately $64 million to CLO Holdings (the "January Put Payment") (id.) CLO Holdings transferred those funds to CLO Trust, which in turn transferred the funds to certain holders of Notes, including Dexia (id. ¶ 48; Ex. 3).

6.  Dexia's records reflect that in January 2001, Dexia received $17,208,032.60 from Chase as payment for Dexia surrendering the Notes that it had previously purchased (Klaessens Dec. ¶ 2). Chase had acted as Dexia's custodian in connection with the Notes (id. ¶ 2; Ex. A).

7.  In this adversary proceeding, Enron seeks to recover the funds that it paid to Dexia via Chase, in return for Dexia surrendering its Notes. Unable to allege "actual intent to hinder, delay, or defraud" creditors, in Count II of the Complaint Enron asserts that said payments are avoidable pursuant to the constructive fraudulent transfer theory of section 548(a)(1)(B) of the Bankruptcy Code (Complaint ¶¶ 46-55). Count III of the Complaint seeks to have Dexia's claim against Enron's estate disallowed pursuant to section 502(d) of the Bankruptcy Code on the ground that Dexia is an improper

4

transferee of funds (Complaint ¶¶ 58-61). Accordingly, Count III is entirely derivative of, and dependent on, the avoidance claim.

## ARGUMENT

8.  Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, requires a claim to be dismissed if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). While a Rule 12(b)(6) motion generally requires that the Court accept as true the material facts alleged in the complaint and draw reasonable inferences in the plaintiff's favor, dismissal is warranted if a defense negating a claim appears on the face of the complaint (or documents otherwise cognizable on the motion). See, e.g., Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP, 322 F.3d 147, 158 (2d Cir. 2003).

9.  Section 546(e) of the Bankruptcy Code requires dismissal of Enron's claims against Dexia as a matter of law. In pertinent part, section 546(e) provides:

> Notwithstanding sections 544 . . . [and] 548(a)(1)(B) . . . of this title, the [debtor-in-possession] may not avoid a transfer that is a . . . *settlement payment*, as defined in section 101 or 741 of this title, *made by or to* a commodity broker, forward contract merchant, stockbroker, *financial institution, or clearing agency*, that is made before the commencement of the case, except under section 548(a)(1)(A) of this title.

11 U.S.C. § 546(e) (emphasis added). Section 741(8) of the Bankruptcy Code defines a "settlement payment" as including a "preliminary settlement payment, a partial settlement payment, an interim settlement payment, a settlement payment on account, a final settlement payment, or any other similar payment commonly used in the securities trade."

5

11 U.S.C. § 741(8). This definition of settlement payment is "extremely broad' ... in that it clearly includes anything which may be considered a settlement payment." Kaiser Steel Corp. v. Charles Schwab & Co., 913 F.2d 846, 848 (10th Cir. 1990) (citations omitted). In enacting section 546(e)'s prohibition on avoidance of settlement payments, Congress intended to "'minimize the displacement caused in the commodities and securities markets in the event of a major bankruptcy affecting those industries.'" Id. at 849. Hence, any type of settlement payment on a securities trade made by or to a stockbroker, financial institution or securities clearing agency is entitled to the protection of section 546(e). Kaiser Steel Corp. v. Pearl Brewing Co., 952 F.2d 1230, 1240 (10th Cir. 1991).

        10.    Courts have consistently ruled that a debtor may not avoid and recover settlement payments from any party or participant in the settlement process, including financial institutions, clearing agencies and the ultimate beneficiary or customer for whom the funds were intended. See id. at 1239-40; see also Lowenschuss v. Resorts Int'l, Inc., 181 F.3d 505, 515 (3d Cir. 199) (as Merrill Lynch and Chase Manhattan Bank were involved in transfer of funds, payment was a settlement payment "'made by . . . a financial institution'"); Hechinger Inv. Co. v. Fleet Retail Fin. Group, 274 B.R. 71, 87 (D. Del. 2002) ("[s]o long as a financial institution is involved, the payment is an unavoidable 'settlement payment'").

        11.    Dexia's surrender of its Notes, which are securities within the ambit of section 101(49) of the Bankruptcy Code, and Enron's corresponding payment and Dexia's receipt of the funds, was clearly a securities transaction involving a

"settlement payment." Chase, the conduit through which Dexia was paid by Enron in connection with Dexia's surrender of Notes, is a "commercial or savings bank" and, therefore, a "financial institution" as that term is defined in 11 U.S.C. § 101(22). Accordingly, the payment Enron seeks to recover from Dexia is protected from avoidance by section 546(e) as a "settlement payment[s] . . . made by or to a . . . financial institution." Accordingly, the Court should dismiss Counts II and II of Enron's complaint as against Dexia.[1]

        12.    This Motion does not involve any novel issues of law requiring citations of authorities other than those cited herein. Accordingly, Dexia Bank respectfully requests that the Court dispense with the requirement of the filing of a separate memorandum of law in support of this Motion, as set forth in Local Rule 9013-1(b) of this Court.

---

[1] Because Enron's fraudulent transfer claim (Count II) fails as a matter of law, the Court also should dismiss Count III, which seeks disallowance of proofs of claims, if any, filed by or on behalf of Dexia under 11 U.S.C. § 502(d), because, as noted above, it is entirely derivative of Count II.

## CONCLUSION

For all of the foregoing reasons, Dexia Bank respectfully requests that the Court dismiss with prejudice all claims asserted against Dexia Bank in this action.

Dated: New York, New York
      May 13, 2004

                        Respectfully Submitted,

                        CHADBOURNE & PARKE LLP

                        By:   /s/ N. Theodore Zink, Jr.
                               N. Theodore Zink, Jr. (TZ-8980)
                               Francisco Vazquez (FV-1244)
                               Gregory J. Kerr (GK-9234)

                        30 Rockefeller Plaza
                        New York, New York 10112
                        (212) 408-5100

                        Attorneys for Dexia Bank f/k/a Artesia Banking
                        Corporation N.V.

Response Deadline: July 23, 2004
Reply Deadline: August 13, 2004
Hearing Date: To Be Determined

CHADBOURNE & PARKE LLP
Attorneys for Dexia Bank f/k/a Artesia Banking Corporation N.V.
30 Rockefeller Plaza
New York, New York 10112
(212) 408-5100
N. Theodore Zink, Jr. (TZ-8980)
Francisco Vazquez (FV-1244)
Gregory J. Kerr (GK-9234)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>ENRON CORP., *et al.*,<br><br>Debtors. | Case No. 01-16034 (AJG)<br><br>Chapter 11<br><br>Jointly Administered |
| ENRON CORP.,<br><br>Plaintiff,<br><br>- against -<br><br>INTERNATIONAL FINANCE CORP., *et al.*,<br><br>Defendants. | Adversary Proceeding<br>No. 03-93370 (AJG)<br><br>NOTICE OF MOTION TO DISMISS<br>OF DEFENDANT DEXIA BANK<br><br>Oral Argument Requested |

## NOTICE OF MOTION TO
## DISMISS OF DEFENDANT DEXIA BANK

PLEASE TAKE NOTICE that upon (i) the accompanying Motion to Dismiss the Adversary Complaint, (ii) the Declaration of Kristin Claessens dated May 13, 2004 and (iii) all prior proceedings herein and papers on file in this action, defendant Dexia Bank ("Dexia"), f/k/a Artesia Banking Corporation N.V., moves this Court for an order

NYZ - 393671.01

pursuant to Rule 7012(b) of the Federal Rules of Bankruptcy Procedure and Rule 12(b)(6) of the Federal Rules of Civil Procedure dismissing with prejudice the claims asserted by plaintiff Enron Corp. against Dexia in this action.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order entered by the Court, Enron Corp.'s papers in opposition to this Motion (if any) are to be served by July 23, 2004 and Dexia's reply papers (if any) are to be served by August 13, 2004.

PLEASE TAKE FURTHER NOTICE that Dexia hereby requests oral argument.

Dated: New York, New York
       May 13, 2004

                            CHADBOURNE & PARKE LLP

                            /s/ N. Theodore Zink, Jr.
                               N. Theodore Zink, Jr. (TZ-8980)
                               Francisco Vazquez (FV-1244)
                               Gregory J. Kerr (GK-9234)

                            Attorneys for Defendant Dexia Bank
                            30 Rockefeller Plaza
                            New York, New York 10112
                            Telephone: (212) 408-5100
                            Facsimile: (212) 541-5369

TO:  TOGUT, SEGAL & SEGAL LLP
      Attorneys for Plaintiff
      One Penn Plaza, Suite 3335
      New York, New York 10119
      (212) 594-5000

13/05 04 THU 18:06 FAX 32 2 285 13 75    DEXIA BANK    @002
13.MAY.2004 17:28    +32-2-2824614    DEXIA BANK 2 2228170    WIM VAN DER VELDEN    NO.013    P.1/2
19.MAY.2004 19:17    +32 2 2824614    NO.018    PAG. 01/02

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>ENRON CORP., et al.,<br><br>Debtors.<br><br>ENRON CORP.,<br><br>Plaintiff,<br><br>- against -<br><br>INTERNATIONAL FINANCE CORP., et al.,<br><br>Defendants. | Case No. 01-16034 (AJG)<br><br>Chapter 11<br><br>Jointly Administered<br><br>Adversary Proceeding<br>No. 03-93370 (AJG) |

**DECLARATION OF KRISTIN CLAESSENS IN
SUPPORT OF DEXIA BANK'S MOTION TO DISMISS**

KRISTIN CLAESSENS hereby declares and says:

1.  I am employed by Dexia Bank ("Dexia") as the Head of Operations Financial Markets. I work in Dexia's offices in Brussels, Belgium. I have been employed by Dexia since it was subsumed by Artesia Banking Corporation N.V. ("Artesia") in 2002. Prior to that transaction, I was employed by Artesia since January 1988. I submit this declaration based on my personal knowledge and in support of Dexia's motion to dismiss the claims that Enron Corp. has asserted against Dexia in this adversary proceeding.

2.  In January 2001, Dexia received $17,208,032.60 from Chase Manhattan Bank ("Chase", now known as JP Morgan Chase Bank) in exchange for Dexia

NY2-398028.01

13/05 04 THU 18:06 FAX 32 2 285 13 75    DEXIA BANK                    NO.013  P.2/2   ☒003
13.MAY.2004 1:19:28   +32-2-2924614  2 2228170  WIM VAN DER VELDEN              PAG. 02/02
13.MAY.2004 19:17     +32 2 2624614                                    NO.010  P.2/2

surrendering certain ENA CLO Trust I notes ("Notes") that Dexia held. A copy of a SWIFT message from Chase concerning Dexia's receipt of the $17,208,032.60 from Chase is annexed hereto as Exhibit A. Chase had acted as the custodian for Dexia in connection with the Notes. A copy of a letter from JP Morgan Chase Bank concerning said transaction is annexed hereto as Exhibit B.

Pursuant to 28 U.S.C. §1746, I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on the 13th day of May 2004 in Brussels, Belgium.

_____
Kristin Claessens

2

NY1-3968mp.01

# EXHIBIT A

**MT 940 Statement dd. 29/01/01**

{1:F01ARTEBEBBAXXX1938619317}{2:O9400242010130CHASUS33CXXX6957823011010130O
916N}{3:{108:DDA
0130017753}}{4:
:20:MT940/012901/001
:25:544707418
:28C:00019/001
:60F:D010129USD3529447,73
:61:010129CD17874038,18FSECMP4523382//07T301029ANH7
:86:PPMT  CUSTODY ACT PS35249     TD  01/29/01SETTL DATE  01/29/01
BKR    REDUCTION OF PRINCIPAL            UNITS  17,208,032.60
CUSIP NO   26873WAA6    ENA CLO I TR NT CL A 1L FLTG RATE
:61:0101160129CD4245971,61NMSC631156//C201029AAGS
:86:PYMT  CUSTODY ACT PS 35249    REC DT01/10/01SETTLE DATE 01/29/01
                UNITS   10000000.00
CUSIP NO   12506PAA6    CDC SECURITIZATION CORP 1999-FL1 MC
FACTOR  0.58156947  P    4184305.30  I      61666.31
:61:010129CD3178485,54NTRFOBCITIBANKNYC//0425202029FF
:86:FROM CITIBANK NEW YORK NY 10043-0001 VIA IMAD 0129B1Q8023C006266L
TIME RECVD 05 04 PM B/O CDCCAPITAL UNKNOWN UNKNOWN B/O CDCFP FIX
ED INCOME NEW YORK NY 10019 BK INFO VARIOUS P I/TIME/17 04
:61:010129CD1466408,27FSEC650041//C201029AALU
:86:PYMT  CUSTODY ACT PS 35249    REC DT01/26/01SETTLE DATE 01/29/01
                UNITS   41500000.00
CUSIP NO   784582AM0    SMS STUDENT LN TR 1997-A ASSET BACKED
FACTOR  0.98161093  P     763146.41  I     703261.86
:61:010129CD354331,24FSEC650082//C201029AAPC
:86:INTR  CUSTODY ACT PS 35249    REC DT01/27/01SETTLE DATE 01/29/01
                UNITS   20000000.00
CUSIP NO   784582AT5    SMS STUDENT LN TR 1999-A ASSET BKD
FACTOR  1.00000000  P        00.00  I     354331.24
:62M:C010129USD23589787,11
-}{5:{CHK:946AD5F8A869}}


{1:F01ARTEBEBBAXXX1938619318}{2:O9400242010130CHASUS33CXXX6957823012010130O
916N}{3:{108:DDA0130
017754}}{4:
:20:MT940/012901/002
:25:544707418
:28C:00019/002
:60M:C010129USD23589787,11
:61:010129CD351803,46FSEC650107//C201029AAPE
:86:INTR  CUSTODY ACT PS 35249    REC DT01/27/01SETTLE DATE 01/29/01
                UNITS   20000000.00
CUSIP NO   784582BD9    SMS STUDENT LN TR 2000-B ASSET BKD NT
FACTOR  1.00000000  P        00.00  I     351803.46
:61:0101250129CD248099,43NMSC582399//C201029AAIW
:86:PYMT  CUSTODY ACT PS 35249    REC DT12/31/00SETTLE DATE 01/29/01
                UNITS   22560000.00
CUSIP NO   79548KRD2    SALOMON BROS MTG SECS VII INC ASSET
FACTOR  0.05076570  P     239670.81  I       8428.62
:61:0101160129CD208718,79NMSC650172//C201029AAHB
:86:PYMT  CUSTODY ACT PS 35249    REC DT12/31/00SETTLE DATE 01/29/01
                UNITS   50000000.00
CUSIP NO   312904NY7    FEDERAL HOME LN MTG CORP MULTICLASS
FACTOR  0.15633620  P     157550.00  I      51168.79
:61:010129CD176912,84FSEC650090//C201029AAPD
:86:INTR  CUSTODY ACT PS 35249    REC DT01/27/01SETTLE DATE 01/29/01

```
                    UNITS   10000000.00
CUSIP NO   784582AW8    SMS STUDENT LN TR 1999-B ASSET BKD
FACTOR  1.00000000 P      00.00 I   176912.84
:61:0101250129CD176902,22NMSC646950//C201029AAIS
:86:PYMT  CUSTODY ACT PS 35249    REC DT12/29/00SETTLE DATE 01/29/01
                    UNITS   20467000.00
CUSIP NO   76116NZT0    RESOLUTION TR CORP MTG PASS T SER
FACTOR  0.23107396 P    146355.51 I    30546.71
:62M:C010129USD24752223,85
-}{5:{CHK:567EE1316754}}


{1:F01ARTEBEBBAXXX1938619319}{2:O9400242010130CHASUS33CXXX69578230130101300
916N}{3:{108:DDA0130017755}}{4:
:20:MT940/012901/003
:25:544707418
:28C:00019/003
:60M:C010129USD24752223,85
:61:0101250129CD139931,42NMSC646936//C201029AAJK
:86:PYMT  CUSTODY ACT PS 35249    REC DT12/29/00SETTLE DATE 01/29/01
                    UNITS   14500000.00
CUSIP NO   76116NXS4    RESOLUTION TR CORP MTG PASS THRU SER
FACTOR  0.24007768 P    116149.06 I    23782.36
:61:010129CD95312,00NTRFNONREF//R-0250300029JH
:86:FROM ARTESIA IRELAND DUBLIN IRELAND EIRE IFSC,- 1 VIA BOOK TIME R
ECVD 11 51 AM FAVOR ARTESIA IRELAND
:61:010129CD61875,00NTRFOBCITIBANKNYC//R-0426701029FF
:86:FROM CITIBANK,NEW YORK NY 10043-0001 VIA IMAD 0129B1Q8022C006019L
 TIME RECVD 05 41 PM B/O CDCCAPITAL UNKNOWN UNKNOWN B/O CDCFP FIX
ED INCOME NEW YORK NY 10019 BK INFO P I 31359PK70/TIME/17 04
:61:010129CD44241,78FSECNONREF//07T301024ACF4
:86:REDM  CUSTODY ACT PS35249      TD 01/23/01SETTL DATE 01/25/01
BKR   CORPORATE REORGANIZATIONS        UNITS  66,000,000.00
CUSIP NO   74434TFD4    PRUDENTIAL HOME MTG SECS CO MTG PASS
:61:0101160129DD4163155,28NMSC631156//C201029AAGN
:86:PYMT  CUSTODY ACT PS 35249    REC DT01/10/01SETTLE DATE 01/29/01
                    UNITS   10000000.00
CUSIP NO   12506PAA6    CDC SECURITIZATION CORP 1999-FL1 MC
FACTOR  0.58156947 P   4101488.97 I    61666.31
:61:010129DD3400001,00NTRF00167944200N1//9465600029FS
:86:PAID 0001 BANK OF NEW YORK NEW YORK NY 10005-2901 VIA PSN/SSN 035
716/217122 FOR 016517 ARTESIA BANKING CORPORATION B-1000 BRUSSELS
, BELGIUM SWIFT ARTEBEBB 686105
:62M:C010129USD17530427,77
-}{5:{CHK:52BDC1EC0B13}}


{1:F01ARTEBEBBAXXX1938619320}{2:O9400242010130CHASUS33CXXX69578230140101300
916N}{3:{108:DDA0130017756}}{4:
:20:MT940/012901/004
:25:544707418
:28C:00019/004
:60M:C010129USD17530427,77
:61:010129DD791272,32FSECMP4523382//07T301029AHB0
:86:REVS  CUSTODY ACT PS 35249      TD 01/29/01SETTL DATE 01/29/01
BKR   REDUCTION OF PRINCIPAL         UNITS   17,207.86
CUSIP NO   26873WAA6    ENA CLO 1 TR NT CL A 1L FLTG RATE
:61:0101160129DD312660,76NMSC629791//C201029AAGY
:86:PYMT  CUSTODY ACT PS 35249    REC DT12/31/00SETTLE DATE 01/29/01
                    UNITS   74900000.00
```

```
CUSIP NO   312904NY7   FEDERAL HOME LN MTG CORP MULTICLASS
FACTOR  0.15633620 P     236009.90 I    76650.86
:61:0101160129DD119777,19NMSC629803//C201029AAHF
:86:PYMT  CUSTODY ACT PS 35249    REC DT12/31/00SETTLE DATE 01/29/01
               UNITS    45200000.00
CUSIP NO   312912MH8   FEDERAL HOME LN MTG CORP MULTICLASS
FACTOR  0.15313030 P      83357.84 I    36419.35
:61:0101160129DD99116,85NMSC629792//C201029AAHC
:86:PYMT  CUSTODY ACT PS 35249    REC DT12/31/00SETTLE DATE 01/29/01
               UNITS    25700000.00
CUSIP NO   3129044T9   FEDERAL HOME LN MTG CORP MULTICLASS
FACTOR  0.24598190 P      57914.95 I    41201.90
:61:0101160129DD76292,98NMSC629893//C201029AAHD
:86:PYMT  CUSTODY ACT PS 35249    REC DT12/31/00SETTLE DATE 01/29/01
               UNITS    20000000.00
CUSIP NO   3133T2EU0   FEDERAL HOME LN MTG CORP MULTICLASS
FACTOR  0.60912840 P       1160.00 I    75132.98
:62M:C010129USD16131307,67
-}{5:{CHK:1DE52DEB3AB4}}


{1:F01ARTEBEBBAXXX1938619321}{2:O9400242010130CHASUS33CXXX695782301501013000
916N}{3:{108:DDA0130017757}}{4:
:20:MT940/012901/005
:25:544707418
:28C:00019/005
:60M:C010129USD16131307,67
:61:0101160129DD51933,33NMSC629793//C201029AAHG
:86:INTR  CUSTODY ACT PS 35249    REC DT12/31/00SETTLE DATE 01/29/01
               UNITS     8200000.00
CUSIP NO   3129095Z3   FEDERAL HOME LN MTG CORP MULTICLASS
FACTOR  1.00000000 P         00.00 I    51933.33
:61:0101250129DD30546,69NMSC646950//C201029AAIQ
:86:INTR  CUSTODY ACT PS 35249    REC DT12/29/00SETTLE DATE 01/29/01
               UNITS    20467000.00
CUSIP NO   76116NZT0   RESOLUTION TR CORP MTG PASS T SER
FACTOR  0.23107396 P         00.00 I    30546.69
:61:0101250129DD23782,36NMSC646936//C201029AAJF
:86:INTR  CUSTODY ACT PS 35249    REC DT12/29/00SETTLE DATE 01/29/01
               UNITS    14500000.00
CUSIP NO   76116NXS4   RESOLUTION TR CORP MTG PASS THRU SER
FACTOR  0.24007768 P         00.00 I    23782.36
:61:010129DD10750,37NMSCNONREF//0102913119CX
:86:BALANCE COMPLIANCE AMOUNT 12/00
:61:0101250129DD8428,60NMSC582399//C201029AAIU
:86:INTR  CUSTODY ACT PS 35249    REC DT12/31/00SETTLE DATE 01/29/01
               UNITS    22560000.00
CUSIP NO   79548KRD2   SALOMON BROS MTG SECS VII INC ASSET
FACTOR  0.05076570 P         00.00 I     8428.60
:61:010129DD1103,50NMSCNONREF//0102914077CX
:86:FEES FOR SERVICES PERFORMED 12/00
:62F:C010129USD16004762,82
:64:C010129USD16004762,82
:86:CHECK SUBTOTAL 0USD0,00
DBT SUM 13USD9088821,23 DBT LIMIT USD0,
CDT SUM 14USD28623031,78 CDT LIMIT USD0,
-}{5:{CHK:E239D9F566E1}}
```

**MT 940 Statement dd. 09/02/01**

```
{1:F01ARTEBEBBAXXX1982663293}{2:O9400227010210CHASUS33CXXX69581043330102100
828N}{3:{108:DDA0210095674}}{4:
:20:MT940/020901/001
:25:544707418
:28C:00028/001
:60F:C010209USD4957210,33
:61:0101160209CD17208032,60NMSCNONREF//07T301040A5Z0
:86:PPMT SECURITY RELATED CASH   CUSIP  26873WAA6      T301040A5Z0
REPS 1/15/01 PRINCIPAL PMT TO A/C    CUSTODY ACCT   PS35249
WITH BACK VALUE TO 1/16/01 AS PER
ENA CLO I TR NT CL A 1L FLTG RATE
:61:010209CD93000,00FSEC4548794//A201040ACGX
:86:INTR CUSTODY ACT PS 35249 RECORD-DT 01/25/01 PAYABLE-DATE 02/09/01
                  UNITS    3000000.00
  CUSIP NO  07274RAG9    BAYERISCHE LANDESBANK GIROZENTRALE
   3.10000000006R   INTEREST INCOME DUE ON 02/09/01
:61:010209CD88612,50NTRFOBCITIBANKNYC//0417103040FF
:86:FROM CITIBANK NEW YORK NY 10043-0001 VIA IMAD 0209B1Q8022C005509L
   TIME RECVD 05 11 PM B/O CDCCAPITAL UNKNOWN UNKNOWN B/O CDCFP FIX
   ED INCOME NEW YORK NY 10019 BK INFO P I 3133T5MB6/TIME/17 11
:61:010209CD33303,21NTRFOBCITIBANKNYC//0398008040FF
:86:FROM CITIBANK NEW YORK NY 10043-0001 VIA IMAD 0209B1Q8023C005879L
   TIME RECVD 05 11 PM B/O CDCCAPTIAL UNKNOWN UNKNOWN B/O CDCFP FIX
   ED INCOME NEW YORK NY 10019 BK INFO P I 3133T5MB6/TIME/17 11
:61:010209DD17208032,60FSECNONREF//07T301040A5SA
:86:PPMT SECURITY RELATED CASH   CUSIP  26873WAA6      T301040A5SA
REVERSE PRINC. PMT POSTED TO A/C     CUSTODY ACCT   PS35249
ON AIRS FOR 1/15/01 PYBLE ON 1/29/01
ENA CLO I TR NT CL A 1L FLTG RATE
:61:010209DD5610001,00NTRF00169158200N1//1060900040JS
:86:PAID 0001 BANK OF NEW YORK NEW YORK NY 10005-2901 VIA PSN/SSN 033
565/201756 FOR 016517 ARTESIA BANKING CORPORATION B-1000 BRUSSEL
S
, BELGIUM SWIFT ARTEBEBB 731359
:62M:D010209USD437874,96
-}{5:{CHK:66F7C8C034A9}}


{1:F01ARTEBEBBAXXX1982663294}{2:O9400227010210CHASUS33CXXX69581043340102100
828N}{3:{108:DDA0210095675}}{4:
:20:MT940/020901/002
:25:544707418
:28C:00028/002
:60M:D010209USD437874,96
:62F:D010209USD437874,96
:64:D010209USD437874,96
:86:CHECK SUBTOTAL 0USD0,00
DBT SUM 2USD22818033,60 DBT LIMIT USD0,
CDT SUM 4USD17422948,31 CDT LIMIT USD0,
-}{5:{CHK:9B748960E5F2}}
```

# EXHIBIT B

24.MAR.2004   16:55     CCB RISK MANAGEMENT 32 2 2226536           NO.547   P.2/3
FROM                              718+242+6356(WED) 2.11'04 12:26/ST. 12:25/NO. 4863643577 P 2

## JPMorgan

Tim Madraimov

Mr. Madraimov, this letter is to confirm that Dexia Bank Belgium was the holder of 20,000,000 shares of FNA CLO I TRUST NOTE CL A –1L FLTG RATE 144A 3C7 CUSIP # 26873WAA6 in their custody account PS35249 with JP MORGAN as of the close of business DECEMBER 22, 1999.
DEXIA then sold;
USD 2,791,967.40 on August 16, 2000
USD 17,208,032.60 in January 29, 2001.

Dexia Bank as asked that I inform you of the bank's present and former name.
Dexia Bank Belgium (formerly known as Artesia Banking Corp NV, as a result of a merger with Bacob Savings Bank S.C. with ex- Paribas ( formerly known as Paribas Belgium).

Yours Truly

John Filangeri