# EXHIBIT 5

SWARTZ CAMPBELL LLC
Curtis P. Cheyney, III
John A. Wetzel
One South Church Street, Suite 400
West Chester, PA 19382

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | Case No. 01-16034 (AJG) |
| ENRON CORP., *et al.*,<br>Debtors. | Chapter 11 |
|  | Jointly Administered |
| ENRON CORP., | Adversary Proceeding<br>No. 03-93370 (AJG) |
| Plaintiff, |  |
| - against - | NOTICE OF MOTION TO<br>DISMISS BY DEFENDANT<br>NATIONWIDE LIFE |
| INTERNATIONAL FINANCE CORP., *et al.*, | INSURANCE COMPANY |
| Defendants. | Oral Argument Requested |

## DEFENDANT NATIONWIDE LIFE INSURANCE COMPANY'S
## NOTICE OF MOTION TO DISMISS ADVERSARY COMPLAINT

PLEASE TAKE NOTICE that upon the accompanying Motion to Dismiss the

Adversary Complaint and all prior proceedings herein and papers on file in this action,

defendant Nationwide Life Insurance Company ("Nationwide") moves this Court for an

Order pursuant to Rule 7012(b) of the Federal Rules of Bankruptcy Procedure and Rule

12(b)(6) of the Federal Rules of Civil Procedure dismissing with prejudice the claims

asserted by Plaintiff, Enron Corp., against Nationwide in this action.

36

Response Deadline: July 23, 2004
Reply Deadline: August 13, 2004
Hearing Deadline: To Be Determined

PLEASE TAKE NOTICE that, pursuant to the Order entered by the Court, Enron

Corp.'s paper in opposition to this Motion (if any) are to be served by August 13, 2004.

PLEASE TAKE FURTHER NOTICE that Nationwide hereby requests oral

argument.


Dated: New York, New York
     May 14, 2004

                                 Respectfully Submitted,

                                 SWARTZ CAMPBELL LLC

                                 By:   /s/  John A. Wetzel
                                 Curtis P. Cheyney, III, Esquire
                                 John A. Wetzel, Esquire
                                 One South Church Street, Suite 400
                                 West Chester, PA 19382
                                 (610) 692-9500
                                 (610) 692-4936 (Fax)

                                 Attorneys for Nationwide Mutual
                                 Insurance Company

TO:    TOGUT, SEGAL & SEGAL LLP
        Attorneys for Plaintiff
        One Penn Plaza, Suite 3335
        New York, New York 10119
        (212) 594-5000

SWARTZ CAMPBELL LLC
Curtis P. Cheyney, III
John A. Wetzel
One South Church Street, Suite 400
West Chester, PA 19382

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | |
| | : | Case No. 01-16034 (AJG) |
| | : | |
| ENRON CORP., *et al.*, | : | Chapter 11 |
| Debtors. | : | |
| | : | |
| | : | Jointly Administered |
| | : | |
| ENRON CORP., | : | |
| | : | |
| Plaintiff, | : | |
| | : | Adversary Proceeding |
| - against - | : | No. 03-93370 (AJG) |
| | : | |
| INTERNATIONAL FINANCE CORP., *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## DEFENDANT NATIONWIDE LIFE INSURANCE COMPANY'S
## MOTION TO DISMISS ADVERSARY COMPLAINT

TO:    THE HONORABLE ARTHUR J. GONZALEZ
       UNITED STATES BANKRUPTCY JUDGE

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, made

applicable by Rule 70 12(b) of the Federal Rules of Bankruptcy Procedure, defendant

Nationwide Life Insurance Company (hereinafter "Nationwide"), respectfully submits

this Motion and request an Order dismissing the claims asserted against Nationwide in

this adversary proceeding.

Response Deadline: July 23, 2004
Reply Deadline: August 13, 2004
Hearing Deadline: To Be Determined

## PRELIMINARY STATEMENT

The avoidance claim that Plaintiff, Enron Corp. (hereinafter "Enron") asserts against Nationwide is barred by section 546(e) of the Bankruptcy Code.

On or about May 3, 2001, Enron paid approximately $17 million to purchase securities from Bear, Stearns and Company, Inc. ("Bear Stearns") and other defendants thru Chase Manhattan Bank ("Chase"). Now, more than three years later, Enron is improperly attempting to reverse those payments by characterizing them as fraudulent transfers under 11 U.S.C. 548(a)(1)(B). Enron does not allege that Nationwide acted with fraudulent intent, but instead relies on the constructive fraudulent transfer theory set forth in section 548(a)(1)(B) of the Bankruptcy Code.

The avoidance claim against Nationwide should be dismissed because the payment received by Nationwide falls within the "safe harbor" provision of section 546(e) of the Bankruptcy Code. That section exempts from avoidance "settlement payment[s]... made by or to a... stockbroker [or] financial institution." In return for Nationwide surrendering certain notes, Enron made a payment that was remitted to Nationwide via Bear Stearns and Chase. Because the notes are securities and Bear Stearns and Chase are financial institutions, the safe harbor provision of section 546(e) applies and Enron's avoidance claim fails as a matter of law.

In a separate cause of action, Enron seeks to have any proofs of claim filed by or on behalf of Nationwide expunged. To the extent any proofs of claim were filed by on behalf of Nationwide, this cause of action should be dismissed. Given that any such

2

Response Deadline: July 23, 2004
Reply Deadline: August 13, 2004
Hearing Deadline: To Be Determined

proofs of claim are entirely derivative of Enron's avoidance claim, the cause of action

seeking the disallowance or expungement of Nationwide's claim is defective as a matter

of law and should also be dismissed.

## FACTUAL BACKGROUND

1.      In December 1999, Enron decided to securitize a portfolio of loan

facilities held by certain of its affiliates, including Enron North America Corp. ("ENA")

(Adversary Complaint ("Complaint") ¶ 26). In connection with this monetization, Enron

created a limited partnership called ENA CLO I Holding Company, L.P. ("CLO

Holding") and a trust called ENA CLO I Trust ("CLO Trust") (id. at ¶ 26-27). CLO

Holding acquired the portfolio loans from ENA and other Enron affiliates (id. at ¶ 28).

2.      In or about December 1999, CLO Trust sold notes with maturities in 2014

("Notes") and used the proceeds from that sale to purchase the sole limited partnership

interest in CLO Holding (see Complaint 26 & 29). Nationwide purchased certain of the

Notes (see id. ¶ 30-31).

3.      The Notes were offered with recourse solely to the funds and assets of

CLO Trust, with the assets of no other entity or person being available in the event of a

deficiency (Complaint ¶ 30). Proceeds from the portfolio loans owned by CLO Holding

were the source of funds by which CLO Trust was to make payments on the Notes (see

id. ¶ 29). The Notes were offered in different tranches based upon certain ratings from

A-1 to A-4 and B-1 to B-3

Response Deadline: July 23, 2004
Reply Deadline: August 13, 2004
Hearing Deadline: To Be Determined

4.    In the period after December 1999, the value of the portfolio loans held by CLO Holding declined (Complaint ¶ 32). In September 2000, Enron granted a put option ("Put Option") to CLO Holdings (id.). The Put Option provided that CLO Holdings could require Enron to purchase from CLO Holdings up to $113 million in defaulted portfolio loans (id.).

5.    CLO Holdings exercised its rights under the Put Option in December 2000 (Complaint ¶ 47). Pursuant to this exercise of the Put Option, on or about May 3, 2001, Enron paid approximately $17 million to CLO Holdings (the "January Put Payment") CLO Holdings transferred those funds to CLO Trust, which in turn transferred the funds to certain holders of Notes via Chase, including Nationwide (id. ¶ 39; Ex. 2).

6.    Nationwide's records reflect that in May 2001, Nationwide received $5,000,000.00 from Chase via Bear Stearns as payment for Nationwide surrendering the Notes that it had previously purchased. Chase and/or Bear Stearns had acted as Nationwide's custodian in connection with the Notes (id. ¶ 2; Ex. A).

7.    In this adversary proceeding, Enron seeks to recover the funds that it paid to Nationwide via Chase via Bear Stearns, in return for Nationwide surrendering its Notes. Unable to allege "actual intent to hinder, delay, or defraud" creditors, in Count I of the Complaint Enron asserts that said payments are avoidable pursuant to the constructive fraudulent transfer theory of section 548(a)(1)(B) of the Bankruptcy Code (Complaint ¶¶ 46-55). Count III of the Complaint seeks to have Nationwide's claim against Enron's estate disallowed pursuant to section 502(d) of the Bankruptcy Code on the ground that

4

Response Deadline: July 23, 2004
Reply Deadline: August 13, 2004
Hearing Deadline: To Be Determined

Nationwide is an improper transferee of funds (Complaint ¶¶ 58-61). Accordingly,

Count III is entirely derivative of, and dependent on, the avoidance claim.

ARGUMENT

8.    Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable by

Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, requires a claim to be

dismissed if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P.

12(b)(6). While a Rule 12(b)(6) motion generally requires that the Court accept as true

the material facts alleged in the complaint and draw reasonable inferences in the

plaintiff's favor, dismissal is warranted if a defense negating a claim appears on the face

of the complaint (or documents otherwise cognizable on the motion). See, e.g., Official

Comm. of the Unsecured Creditors of Color Tile, Inc v. Coopers & Lybrand LLP, 322

F.3d 147, 158 (2d Cir. 2003).

9.    Section 546(e) of the Bankruptcy Code requires dismissal of Enron's

claims against Nationwide as a matter of law. In pertinent part, section 546(e) provides:

Notwithstanding sections 544… [and] 548(a)(1)(B)… of this title, the [debtor-in-possession] may not avoid a transfer that is a… *settlement payment*, as defined in section 101 or 741 of this title, *made by or to* a commodity broker, forward contract merchant, stockbroker, *financial institution, or clearing agency*, that is made before the commencement of the case, except under section 548(a)(1)(A) of this title.

11 U.S.C. § 546(e) (emphasis added). Section 741(8) of the Bankruptcy Code defines a

"settlement payment" as including a "preliminary settlement payment, a partial settlement

payment, an interim settlement payment, a settlement payment on account, a final

settlement payment, or any other similar payment commonly used in the securities trade."

5

Response Deadline: July 23, 2004
Reply Deadline: August 13, 2004
Hearing Deadline: To Be Determined

11 U.S.C. § 741(8). This definition of settlement payment is "extremely broad' . . . in that it clearly includes anything which may be considered a settlement payment." <u>Kaiser Steel Corp v. Charles Schwab & Co.</u>, 913 F.2d 846, 848 (10th Cir. 1990) (citations omitted). In enacting section 546(e)'s prohibition on avoidance of settlement payments, Congress intended to "minimize the displacement caused in the commodities and securities markets in the event of a major bankruptcy affecting those industries." <u>Id.</u> at 849. Hence, any type of settlement payment on a securities trade made by or to a stockbroker, financial institution or securities clearing agency is entitled to the protection of section 546(e). <u>Kaiser Steel Corp v. Pearl Brewing Co.</u>, 952 F.2d 1230, 1240 (10th Cir. 1991).

10.    Courts have consistently ruled that a debtor may not avoid and recover settlement payments from any party or participant in the settlement process, including financial institutions, clearing agencies **and the ultimate beneficiary or customer for whom the funds were intended** (emphasis added). <u>See id.</u> at 1239-40; <u>see also</u> <u>Lowenschuss v. Resorts Int'l, Inc.</u>, 181 F.3d 505, 515 (3d Cir. 1999) (as Merrill Lynch and Chase Manhattan Bank were involved in transfer of funds, payment was a settlement payment "made by. . . a financial institution"); <u>Hechinger Inv. Co v. Fleet Retail Fin. Group</u>, 274 B.R. 71, 87 (D. Del. 2002) ("[s]o long as a financial institution is involved, the payment is an unavoidable 'settlement payment").

11.    Nationwide surrendered its Notes, which are securities within the ambit of section 101(49) of the Bankruptcy Code, and Enron's corresponding payment and

6

Response Deadline: July 23, 2004
Reply Deadline: August 13, 2004
Hearing Deadline: To Be Determined

Nationwide's receipt of the funds, was clearly a securities transaction involving a

"settlement payment." Chase, the conduit through which Nationwide was paid by Enron

in connection with Nationwide's surrender of Notes, is a "commercial or savings bank"

and, therefore, a "financial institution" as that term is defined in 11 U.S.C. § 101(22).

Accordingly, the payment Enron seeks to recover from Nationwide is protected from

avoidance by section 546(e) as a "settlement payment . . . made by or to a . . . financial

institution." Accordingly, the Court should dismiss Counts II and II of Enron's complaint

as against Nationwide.1

---

1       Because Enron's fraudulent transfer claim (Count I) fails as a matter of law, the
Court also should dismiss Count III, which seeks disallowance of proofs of claims, if any,
filed by or on behalf of Nationwide under 11 U.S.C. § 502(d), because, as noted above, it
is entirely derivative of Count I.

12.      This Motion does not involve any novel issues of law requiring citations

of authorities other than those cited herein. Accordingly, Nationwide respectfully

requests that the Court dispense with the requirement of the filing of a separate

memorandum of law in support of this Motion, as set forth in Local Rule 9013-1(b) of

this Court.

7

Response Deadline: July 23, 2004
Reply Deadline: August 13, 2004
Hearing Deadline: To Be Determined

## CONCLUSION

For all of the foregoing reasons, Nationwide respectfully requests that the Court

dismiss with prejudice all claims asserted against Nationwide in this action.


Dated: New York, New York
     May 14, 2004

Respectfully Submitted,

SWARTZ CAMPBELL LLC

By:   /s/  John A. Wetzel
Curtis P. Cheyney, III, Esquire
John A. Wetzel, Esquire
One South Church Street, Suite 400
West Chester, PA 19382
(610) 692-9500
(610) 692-4936 (Fax)

Attorneys for Nationwide Mutual
Insurance Company

8

**SWARTZ CAMPBELL LLC**
Curtis P. Cheyney, III., Esquire
John A. Wetzel, Esquire
One South Church Street
Suite 400
West Chester, PA 19382
(610) 692-9500

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

|                                          |     |                                              |
|------------------------------------------|-----|----------------------------------------------|
|                                          | :   | Chapter 11                                   |
| In re:                                   | :   |                                              |
|                                          | :   | Jointly Administered                         |
|                                          | :   | Case No. 01-16034 [AJG]                      |
| ENRON CORP., et al.,                     | :   |                                              |
|                                          | :   |                                              |
|                     Debtors              | :   |                                              |

-------------------------------------------------------x

|                                          |     |                                              |
|------------------------------------------|-----|----------------------------------------------|
|                                          | :   |                                              |
| ENRON                                    | :   |                                              |
|                                          | :   |                                              |
|                     Plaintiff            | :   |                                              |
|                                          | :   | Adversary Proceeding                         |
|                                          | :   | No. 03-93370 (AJG)                           |
|          -against-                       | :   |                                              |
|                                          | :   |                                              |
| INTERNATIONAL FINANCE CORP, et al,       | :   |                                              |
|                                          | :   |                                              |
|                     Defendant            | :   |                                              |

-------------------------------------------------------x

## CERTIFICATE OF SERVICE

I, John A. Wetzel, hereby certify that a copy of the foregoing Motion to Dismiss Adversary Complaint was served via First Class U.S. Mail on the parties set forth below, on this 14th day of May, 2004.

Enron Corp. and affiliated Debtors                    Kronish Lieb Wiener & Hellman L.L.P.
1400 Smith Street                                     1114 Avenue of the Americas
Houston, TX 77002-7361                                New York, NY 10036-7798
                                                      Attn:   James A. Beldner, Esq.


Weil Gotshal & Manges LLP                             Office of the United States Trustee

767 Fifth Avenue
New York, NY 10153
Attn: Martin J. Bienenstock, Esq.

Togut, Segal & Segal LLP
One Penn Plaza
New York, NY 10119
Attn: Albert Togut, Esq.

Milbank, Tweed, Hadley & McCloy Llp
One Chase Manhattan Plaza
New York, NY 10005
Attn: Luc A. Despins, Esq.

Squire, Sanders & Dempsey, L.L.P.
312 Walnut Street, Ste. 3500
Cincinnati, OH 45202
Attn: Stephen D. Lerner, Esq.

33 Whitehall Street, 21st Floor
New York, NY 10004
Attn: Mary Elizabeth Tom, Esq.

Davis, Polk & Wardwell
450 Lexington Avenue
New York, NY 10017
Attn: Donald S. Bernstein, Esq.

Shearman & Sterling
599 Lexington Avenue
New York, NY 10022
Attn: Frederic Sosnick, Esq.

Date: __May 14, 2004_____          SWARTZ CAMPBELL LLC

By: /s/ John A. Wetzel
    Curtis P. Cheyney, III
    John A. Wetzel
    One South Church Street, Suite 400
    West Chester, PA 19382
    (610) 692-9500
    (610) 692-4936 (Fax)