# EXHIBIT 7

Response Deadline: March 4, 2005
Reply Deadline: April 1, 2005
Hearing Date: To Be Determined

STROOCK & STROOCK & LAVAN LLP
Brian M. Cogan (BC-1876)
180 Maiden Lane
New York, New York 10038
Telephone: (212) 806-5400
Facsimile: (212) 806-6006

MAYNARD, COOPER & GALE, P.C.
Katharine A. Weber, Esq.
1901 Sixth Avenue North
AmSouth Harbert Plaza - Suite 2400
Birmingham, Alabama 35203
Telephone: (205) 254-1070
Facsimile: (205) 254-1999
*Attorneys for Protective Life Corporation*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                      :
                                            :   Chapter 11 Case No.
ENRON CORP., et al.,                        :   01-16034 (AJG)
                                            :
                                            :   (Jointly Administered)
                                            :
                 Debtors.                   :
-----------------------------------------------------------x
ENRON CORP.,                                :
                                            :
                 Plaintiff,                 :
                                            :
        -- against --                       :   ADVERSARY PROCEEDING
                                            :   NO. 03-93370 (AJG)
INTERNATIONAL FINANCE CORP., et al.,        :
                                            :
                 Defendants.                :
-----------------------------------------------------------x

**MOTION OF DEFENDANT PROTECTIVE LIFE CORPORATION
TO DISMISS THE ADVERSARY COMPLAINT**

TO:   THE HONORABLE ARTHUR J. GONZALEZ,
      UNITED STATES BANKRUPTCY JUDGE

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable by

Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, defendant PROTECTIVE LIFE

SSL-DOCS2 70202326v1

80

CORPORATION ("Protective"), respectfully moves the Court to enter an Order dismissing the claims asserted against Protective in this adversary proceeding. In support of this Motion, Protective respectfully states as follows:

## PRELIMINARY STATEMENT

1. The avoidance claims asserted by Enron Corp. ("Enron") in this adversary proceeding are barred by § 546(e) of the Bankruptcy Code, and should be dismissed. Enron alleges that in May 2001, it made payments to Protective, through Chase Manhattan Bank ("Chase"), in the amount of $4,264,454.86, to purchase securities from Protective. Enron now seeks to avoid these payments, claiming that they constituted fraudulent transfers avoidable under § 548(a)(1)(B) of the Bankruptcy Code.

2. The Complaint should be dismissed as a matter of law. The alleged payments fall within the safe harbor provisions of § 546(e) of the Bankruptcy Code, which exempts from avoidance "settlement payment[s]... made by or to a... stockbroker [or] financial institution." 11 U.S.C. § 546(e). Because the transfers at issue in this adversary proceeding are settlement payments, and the entity through which payment for the securities was allegedly made - Chase Manhattan Bank - is a financial institution, Enron's avoidance claims are barred by § 546(e).

## BACKGROUND FACTS

3. According to the Complaint, in December 1999, Enron securitized a portfolio of loan assets held by certain of its affiliates. Complaint at ¶ 26. As part of the securitization plan, Enron created several entities including a limited partnership, ENA CLO I Holding Company, L.P. ("Holding I LP"), to which the loan assets were transferred, and ENA CLO I Trust ("CLO Trust"). Id. at ¶¶ 26-27.

4.  In December 1999, CLO Trust issued seven classes of notes, rated by two credit agencies, and maturing in 2014 ("CLO Notes"). Id. at 26. The CLO Notes were offered with recourse limited to the funds and assets of CLO Trust, the sole limited partner of Holding I LP. Id. at ¶¶ 30, 28. The proceeds from the loans owned by Holding I LP were therefore the principal source of funds from which CLO Trust could make payments to holders of the CLO Notes. Id. at ¶ 29.

5.  Between December 1999 and September 2000, the market value of the loan assets declined, and in September 2000, Enron granted a put option to Holding I LP, whereby Holding I LP could require Enron to purchase up to $113 million in defaulted portfolio loans from Holding I LP. Id. at ¶ 32. Holding I LP exercised the put option in December 2000 and June 2001. Id. at ¶¶ 47-49.

6.  The value of Holding I LP's loan portfolio continued to decline through April 2001, at which time Enron repurchased the outstanding CLO Notes for an amount equal to the principal plus accrued interest. Id. at ¶¶ 34-35. The Complaint alleges that on May 1, 2001, Enron, through Chase Manhattan Bank, made a payment of $4,264,454.86 to Protective in exchange for its CLO Notes. Id. at ¶¶ 37-38, Ex. 1.

7.  On December 2, 2001, Enron filed a petition under Chapter 11 of the Bankruptcy Code. Id. at 1. In this adversary proceeding, Enron now seeks to recover the funds that it claims to have paid to Protective via Chase on the grounds that the payments constituted a fraudulent transfer under 11 U.S.C. § 548(a)(1)(B). Id. at ¶ 45.

## ARGUMENT

8.  Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, incorporated by reference into Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, the

Court should dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). While a motion to dismiss pursuant to Rule 12(b)(6) generally requires that the Court accept as true the material allegations in the complaint, the Court should nonetheless dismiss the complaint if a defense negating plaintiff's claim appears on the face of the complaint. Official Comm. Of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand LLP, 322 F.3d 147, 158 (2d Cir. 2003).

9.  The safe harbor provision of § 546(e) of the Bankruptcy Code requires dismissal of Enron's claims against Protective as a matter of law. Section 546(e) provides in pertinent part:

> Notwithstanding sections 544... [and] 548(a)(1)(B)... of this title, the trustee may not avoid a transfer that is a... settlement payment, as defined in section 101 or 741 of this title, made by or to a commodity broker, forward contract merchant, stockbroker, financial institution, or securities clearing agency, that is made before the commencement of the case, except under section 548(a)(1)(A) of this title.

11 U.S.C. § 546(e). (emphasis added)

10. Enron alleges that it transferred funds in May 2001, through Chase to Protective, in payment for CLO Notes previously issued by CLO Trust. The CLO Notes, as 'notes', are securities as defined by § 101(49) of the Bankruptcy Code. 11 U.S.C. § 101(49)(A)(i).

11. The transfer at issue in this proceeding also constitutes a settlement payment under Bankruptcy Code § 741(8), which defines 'settlement payment' to include "a preliminary settlement payment, a partial settlement payment, an interim settlement payment, a settlement payment on account, a final settlement payment, or any other similar payment commonly used in the securities trade." 11 U.S.C. § 741(8).

12. The courts have interpreted this provision to be "extremely broad", and to include transfers by which a debtor purchases securities from a broker or its customers, or from a financial institution. Kaiser Steel Corp. v. Charles Schwab & Co., 913 F.2d 846, 848-50 (10th Cir. 1990) (Debtor-in-possession's attempt to avoid payment made to repurchase common stock in connection with leveraged buyout constitutes settlement payment barred by § 546(e)); see also In re Resorts International, Inc., 181 F.3d 505, 515 (3d Cir.), cert. denied, 528 U.S. 1021 (1999) (Payment to purchase common stock from shareholder through transfer agent Chase Manhattan Bank constitutes settlement payment, and is barred by § 564(e)).

13. Nor is there any doubt that the payments at issue in this adversary proceeding were effectuated through a financial institution, Chase Manhattan Bank. Chase, as "a commercial or savings bank", clearly constitutes a 'financial institution' under § 101(22)(A)(i) of the Bankruptcy Code. 11 U.S.C. § 101(22)(A)(i) ("the term "financial institution"... means... a Federal Reserve Bank or an entity (domestic or foreign) that is a commercial or savings bank..."). On its face, section 546(e) of the Bankruptcy Code precludes avoidance of "settlement payment[s]... made by... [a] financial institution." 11 U.S.C. § 546(e). Indeed, the courts have found that "so long as a financial institution is involved, the payment is an unavoidable 'settlement payment.'" Hechinger Investment Company of Delaware v. Fleet Retail Finance Group, 274 B.R. 71, 87 (D. Del. 2002) (Avoidance barred by § 546(e) where funds distributed by Chase Mellon to shareholders in exchange for shares); In re Resorts, 181 F.3d at 515 (where Chase Manhattan Bank involved in transfer of funds, payment "made by... a financial institution").

14. Finally, Enron fails to allege the "actual intent to hinder, delay, or defraud" required to avoid the transfer under § 548(a)(1)(A), and instead relies on a constructive

fraudulent transfer theory under § 548(a)(1)(B). The language of § 546(e) is clear. It applies "notwithstanding section[]... 548(a)(1)(B)". 11 U.S.C. § 546(e).

15. Since the payments at issue in this proceeding were allegedly made to settle a securities transaction (the repurchase of the CLO Notes), and were made through a financial institution (Chase Manhattan Bank), avoidance and recovery of the alleged payments is barred by § 546(e). Enron's claim against Protective must fail as a matter of law.

## RELIEF REQUESTED

16. For the foregoing reasons, Protective respectfully requests that the Court dismiss with prejudice all claims asserted against Protective in this adversary proceeding.

## WAIVER OF MEMORANDUM OF LAW

17. This Motion includes citations to the applicable authorities. Accordingly, Protective respectfully requests that the Court waive the requirement contained in Rule 9013(b) of the Local Bankruptcy Rules for the Southern District of New York that a separate memorandum of law be submitted.

WHEREFORE, Protective respectfully prays that the Court (I) dismiss the Complaint in this adversary proceeding as to Protective, and (II) award Protective such other and further relief as the Court deems just and proper.

[signature on next page]

Dated: New York, New York
January 21, 2005

        **STROOCK & STROOCK & LAVAN LLP**

        By: /s/ Brian M. Cogan
        Brian M. Cogan (BC-1876)
        180 Maiden Lane
        New York, New York 10038
        Telephone: (212) 806-5400
        Facsimile: (212) 806-6006

        **MAYNARD, COOPER & GALE, P.C.**
        Katharine A. Weber, Esq.
        1901 Sixth Avenue North
        AmSouth Harbert Plaza - Suite 2400
        Birmingham, Alabama 35203
        Telephone: (205) 254-1070
        Facsimile: (205) 254-1999
        *Attorneys for Protective Life Corporation*