# EXHIBIT 8

Response Deadline: October 15, 2004
Reply Deadline: to be determined
Hearing Date: to be determined

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>ENRON CORP., et al.,<br><br>    Debtors. | Case No. 01-16034 (AJG)<br><br>Chapter 11<br><br>Jointly Administered |
| ENRON CORP.,<br><br>    Plaintiff,<br><br>- against -<br><br>INTERNATIONAL FINANCE CORP., et al.,<br><br>    Defendants. | Adversary Proceeding<br>No. 03-93370 (AJG) |

## MOTION OF CAISSE DE DEPOT ET PLACEMENT DU QUEBEC TO DISMISS ADVERSARY COMPLAINT WITH PREJUDICE

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Douglas R. Davis (DD/0874)
Stephen J. Shimshak (SS/8822)
James H. Millar (JM/6091)
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000

Attorneys for Caisse de Depot et Placement du Quebec

Doc #:NY6:794921.6

57

## Table of Contents

Page

Preliminary Statement ............................................................................................. 1

Legal Standard ......................................................................................................... 2

Facts ......................................................................................................................... 3

Argument ................................................................................................................. 4

    I. THIS COURT SHOULD DISMISS THE "SECTION 550 CLAIM" BROUGHT AGAINST CDP BECAUSE ENRON DOES NOT, AND CANNOT, PLEAD AN AVOIDED TRANSFER UNDER SECTION 550 OF THE BANKRUPTCY CODE ................................... 4

    II. SINCE THE SECTION 550 CLAIM FAILS, THIS COURT SHOULD DISMISS THE "DISALLOWANCE OF CLAIM" COUNT ............................................................................................................. 9

Conclusion ............................................................................................................... 9

No Prior Request ................................................................................................... 10

## Table of Authorities

## FEDERAL CASES

Belford v. Breck (In re Medical Cost Mgmt., Inc.), 115 B.R. 406 (Bankr. D.
    Conn. 1990) ................................................................................................. 8

Brandt v. Hicks, Muse & Co., Inc. (In re Healthco Int'l, Inc.), 195 B.R. 971
    (Bankr. D. Mass. 1996) ............................................................................... 8

CEPA Consulting, Ltd. v. New York Nat'l Bank, Inc. (In re Wedtech Corp.), 165
    B.R. 140 (Bankr. S.D.N.Y. 1994), aff'd in part, rev'd in part, 187 B.R. 105
    (S.D.N.Y. 1995) ........................................................................................... 5

Conley v. Gibson, 355 U.S. 41 (1957) ................................................................. 2

Contemporary Indus. Corp. v. Frost (In re Contemporary Indus. Corp.), No. BK
    98-80382, 2001 Bankr. LEXIS 2132 (Bankr. D. Neb. February 14, 2001)
    vacated on other grounds, and then amended by 296 B.R. 211 (Bankr. D. Neb.
    2003) ........................................................................................................... 7

Greenwald v. Latham & Watkins (In re Trans-End Tech., Inc.), 230 B.R. 101
    (Bankr. N.D. Ohio 1998) ....................................................................... 5,6,7

Official Committee of the Unsecured Creditors of Color Tile, Inc. v. Coopers &
    Lybrand, LLP, 322 F.3d 147 (2d Cir. 2003) ................................................ 2

Weinman v. Simons (In re Slack-Horner Foundries Co.), 971 F.2d 577 (10th Cir.
    1990) ........................................................................................................... 7

## FEDERAL STATUTES

11 U.S.C. § 502(d) ............................................................................................. 9

11 U.S.C. § 546(a) ..................................................................................... 1,6,7,9

11 U.S.C. § 548 .................................................................................................. 8

11 U.S.C. § 550 ......................................................................................... 1,5,7,8,9

Fed. R. Civ. P. 12(b) ................................................................................... 1,2,10

Fed. R. Bankr. P. 7012(b) ........................................................................... 1,2,10

Fed. R. Civ. P. 19 .............................................................................................. 9

## TREATISES

5 L. King, Collier on Bankruptcy, ¶ 550.01[1] (15th ed. rev. 2004) ................... 5

Pursuant to Rule 12(b)(6) and (7) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, defendant Caisse de Depot et Placement du Quebec ("CDP"), sued herein as Caisse de Depot Montreal, respectfully submits this motion (the "Motion") for an order dismissing with prejudice the claims asserted against CDP by Enron Corp. ("Enron") in the complaint (the "Complaint") within this adversary proceeding.

### Preliminary Statement

In this action, Enron seeks to impose fraudulent transfer liability upon various financial institutions, including CDP, for payments that they received – albeit indirectly – on account of certain securities. Enron does not allege that CDP evinced any fraudulent intent. Rather, it relies upon the constructive fraud provisions of section 548 of the Bankruptcy Code. Nor does Enron allege that CDP dealt directly with Enron; it clearly recognizes that CDP stood at least two steps removed from that relationship. Enron thus seeks to impose liability upon CDP as a mediate transferee of the immediate transferee of the funds at issue.

The facts as pled make clear that Enron cannot establish the requisite elements for a claim for recovery of a fraudulent transfer under section 550 of the Bankruptcy Code from CDP. Section 550 requires the actual <u>avoidance</u> of the <u>initial</u> transfer before Enron may seek recovery from a subsequent transferee such as CDP. Of course, Enron has not avoided that initial transfer or, for that matter, even sued the initial transferee. In fact, Enron cannot even show that the initial transfer is <u>avoidable</u>, since the statute of limitations under section 546 of the Bankruptcy Code for bringing such a claim

against the initial transferee has long since passed. Enron's section 550 claim therefore fails as a matter of law.

For these reasons, as set forth more fully below, this Court should grant in full this Motion to dismiss all claims against CDP.

## Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, requires dismissal of a claim if it fails to state a claim upon which relief can be granted. Fed R. Civ. P. 12(b)(6). While the Court should generally accept as true the material facts alleged in the Complaint and draw reasonable inferences in the plaintiff's favor, it should grant the motion to dismiss the Complaint if the plaintiff does not allege facts that, if true, would entitle it to relief. See, e.g., Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP, 322 F.3d 147, 158 (2d Cir. 2003).

## Facts[1]

In or about December 1999, Enron caused Enron North America Corp. ("ENA") and LJM2 to engage in a transaction known as a "collateralized loan obligation", or "CLO", to securitize a portfolio of loan facilities (the "CLO Assets") owned by ENA and other affiliates of Enron. (Complaint, ¶ 26.) In connection with the CLO transaction, Enron caused LJM2 to establish the ENA CLO I Trust (the "CLO Trust"). (Id.)

In connection therewith, Enron formed three entities, ENA CLO I Holding Company GP L.L.C. ("Holding GP"), ENA CLO I Holding Company I L.P. ("Holding I LP"), and ENA CLO I Holding Company II L.P. ("Holding II LP"). (Id., ¶ 27.) Holding GP was the general partner of both Holding I LP and Holding II LP. (Id.)

Enron caused ENA and other affiliates of Enron to transfer the CLO Assets to Holding I LP. (Id., ¶ 28.) The CLO Trust was the sole limited partner of Holding I LP. (Id., ¶ 29.) The source of funds from which the CLO Trust could make payments to holders of the CLO Notes was Holding I LP. (Id.) The defendants, including CDP, each held CLO Notes at the time of the transfers. (Id., ¶ 31.)

Between December 1999 and September 2000, the market value of the CLO Assets declined. (Id., ¶ 32.) On or about September 1, 2000, Enron granted a put option (the "Put Option") to Holding I LP. (Id.) Under the Put Option, Holding I LP could require Enron to purchase interests in the CLO Assets whose obligors had

---

[1] In the light of the applicable legal standard, CDP sets forth the alleged, non-conclusory factual allegations relevant to this Motion, substantially verbatim, from Enron's Complaint. No additional facts (or, for that matter, recharacterizations or restatements of alleged facts) prove necessary for CDP's arguments herein; by reciting these allegations, however, CDP does not admit any as true.

defaulted in making payments to the CLO Trust, in an amount up to $113 million. (Id.) Enron received no premium payment in return for granting the Put Option. (Id.) Because the CLO Trust was the sole limited partner of Holding I LP, any payment that Enron made to Holding I LP under the Put Option would be distributed by Holding I LP to the CLO Trust. (Id., ¶ 33.)

Between September 2000 and April 2001, the market value of the CLO Assets continued to decline, and the obligors of the collateralized loans included in the CLO Assets did not make payments sufficient to cover the obligations of the CLO Trust to the holders of CLO Notes. (Id., ¶ 34.) On or about December 29, 2000, Holding I LP exercised its rights under the Put Option, and on or about January 12, 2001, Enron paid $63,109,023.64 to Holding I LP (the "January Put Payment"). (Id., ¶ 47.) Holding I LP transferred the funds received from the January Put Payment to the CLO Trust. (Id., ¶ 48.) The CLO Trust transferred these funds to certain holders of CLO Notes in January 2001 (the "January Transfers"), including CDP. (Id.) To the extent CDP received the January Transfers, CDP is a mediate transferee of Enron. (Id., ¶ 55.)

## Argument

### I.

### THIS COURT SHOULD DISMISS THE "SECTION 550 CLAIM" BROUGHT AGAINST CDP BECAUSE ENRON DOES NOT, AND CANNOT, PLEAD AN AVOIDED TRANSFER UNDER SECTION 550 OF THE BANKRUPTCY CODE

This Court should dismiss the purported "recovery of avoidable fraudulent transfer" count (the "Section 550 Claim")[2] brought against CDP for failure to satisfy the

---

[2] The Section 550 Claim is designated the "Second Cause of Action" within the Complaint. The Complaint also names CDP in the "Third Cause of Action." The Complaint does not, however, name CDP in the "First Cause of Action;" thus,

"avoided transfer" requirement of section 550 of the Bankruptcy Code. Section 550 of the Bankruptcy Code provides in relevant part:

> Except as otherwise provided in this section, <u>to the extent that a transfer is avoided</u> under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from –
>
> (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or
>
> (2) any immediate or mediate transferee of such initial transferee.

11 U.S.C. § 550(a) (2004) (emphasis added).

As the courts have held, the language of section 550 is plain and unambiguous: the section permits recovery of fraudulent transfers from transferees <u>only to the extent</u> a transfer is first avoided. <u>See, e.g.,</u> CEPA Consulting, Ltd. v. New York Nat'l Bank, Inc. (In re Wedtech Corp.), 165 B.R. 140, 145 (Bankr. S.D.N.Y. 1994) ("By its own terms, however, § 550 is available only 'to the extent that a transfer is avoided.'"), aff'd in part, rev'd in part, 187 B.R. 105 (S.D.N.Y. 1995); Greenwald v. Latham & Watkins (In re Trans-End Tech., Inc.), 230 B.R. 101, 104-05 (Bankr. N.D. Ohio 1998) (citing decisions supporting the position that a trustee must actually avoid an initial transfer as a prerequisite to obtaining recovery from subsequent transferees); 5 L. King, Collier on Bankruptcy, ¶ 550.01[1] at 550-53 (15th ed. Rev. 2004) ("Section 550 of the Bankruptcy Code permits a trustee (or debtor in possession), <u>after avoidance of a</u>

---

granting of this Motion does not effectuate a complete disposition of this adversary proceeding.

transfer under the trustee's avoiding powers, to recover the property transferred or the value of the property transferred.") (emphasis added).

In re Trans-End Technology is instructive. In that case, the chapter 11 trustee of the debtor, Trans-End Technology, sued Latham & Watkins on fraudulent transfer grounds as a subsequent transferee of approximately $180,000 that the debtor transferred to its parent, Clean-Up Technology ("CUT"), and which CUT then transferred to Latham & Watkins. In re Trans-End Technology, 230 B.R. at 102. The trustee did not name CUT as a defendant in the action, nor had he otherwise avoided the transfer to CUT. Latham & Watkins moved to dismiss on the ground that, under section 550, the trustee must actually avoid the fraudulent transfer to CUT before he could obtain any recovery from Latham & Watkins. Id. at 102.

In accepting that argument, and in rejecting the trustee's argument that he only had to show an avoidable transfer, the court held that:

> A complete reading of § 550 supports the conclusion that actual avoidance of an initial transfer is required before recovery is sought from subsequent transferees. The Bankruptcy Code sets forth two statutes of limitation for avoidance and recovery of fraudulent transfers: sections 546 and 550(f). Section 550(f) provides for a one-year statute of limitation to seek recovery "after the avoidance of the transfer on account of which recovery under this section is sought." 11 U.S.C. § 550(f) (emphasis added). This limitation period is only commenced upon the happening, in this case, of the avoidance of a transfer under 11 U.S.C. § 548 within the statute of limitation period set forth in 11 U.S.C. § 546(a). If the Court were to adopt the Trustee's argument of avoidability, the limitation periods of both § 546 and § 550(f) would be rendered meaningless. This is because if a trustee is not required to first avoid a transfer before seeking recovery, there is no starting point for the statute of limitation period if § 550(f) to begin to run. In short, the Court cannot accept the Trustee's

>invitation to read the word "avoided" in § 550(a) to mean "avoidable."

In re Trans-End Tech., 230 B.R. at 104.[3]

The Tenth Circuit reached the same conclusion in Weinman v. Simons (In re Slack-Horner Foundries Co.), 971 F.2d 577 (10th Cir. 1992). In that case, a chapter 11 trustee sought to avoid and recover on fraudulent transfer grounds from a subsequent transferee a prepetition tax deed that had conveyed the debtor's property to the State of Colorado, as initial transferee. In re Slack-Horner Foundries Co., 971 F.2d at 580. The trustee had not named the state as a defendant in the case or otherwise avoided the transfer to the state. Id. The Tenth Circuit held that the trustee failed to demonstrate any basis for recovering the property from the subsequent transferee because the trustee did not attempt to avoid the transfer from the debtor to the state. Id. ("Although § 550 of the Code authorizes the trustee in certain circumstances to recover the value of the property transferred from either the initial transferee or a subsequent transferee, . . . in order to recover from a subsequent transferee the trustee must first have the transfer of the debtor's interest to the initial transferee avoided under § 548.") (internal citations omitted). See also Contemporary Indus. Corp. v. Frost (In re Contemporary Indus. Corp.), No. BK 98-80382, 2001 Bankr. LEXIS 2132, at *23-25 (Bankr. D. Neb. February 14, 2001) ("The statutory language requires the actual avoidance of the initial transfer

---

[3] Section 546(a) provides in relevant part: "[a]n action or proceeding under section 544, 545, 547, 548 or 553 of this title may not be commenced after the earlier of –

(1) the later of –

(A) 2 years after the entry of the order for relief; . . ."

11 U.S.C. § 546(a) (2004).

before recovery may be sought from a subsequent transferee.") vacated on other grounds, and then amended by 296 B.R. 211 (Bankr. D. Neb. 2003); Brandt v. Hicks, Muse & Co., Inc. (In re Healthco Int'l, Inc.), 195 B.R. 971, 981-82 (Bankr. D. Mass. 1996) ("An avoided 'transfer' is recoverable only from a 'transferee.' If the initial transferee makes a second transfer, the property may be recovered from the later transferee only if the 'transfer is avoided' with respect to the 'initial transferee.'").

In fact, even if section 550 did not require the trustee first to sue the initial transferee (which, as the authorities cited above clearly hold, it does), at a minimum, section 550 requires a trustee to establish an avoidable transfer, that is, one the trustee hypothetically could avoid against the initial transferee. See, e.g., Belford v. Breck (In re Medical Cost Mgmt., Inc.), 115 B.R. 406, 408 (Bankr. D. Conn. 1990) ("Thus, if it is established that a transfer is avoidable under [the relevant avoidance provision of the Bankruptcy Code], . . . the Court must look to § 550 of the Bankruptcy Code.") (internal citations omitted).

Here, Enron has done – and can do – neither. The Complaint alleges that CDP received money only as a subsequent, not an initial, transferee. (Again, as alleged, the funds went from Enron to Holding I LP, then to the CLO Trust, and only then to CDP.) The Complaint does not – and cannot – allege an avoided transfer against the initial transferee, Holding I LP, because Enron has not avoided that initial transfer, the January Put Payment from Enron to Holdings I LP.

Nor can Enron establish as a hypothetical matter an avoidable transfer against Holding I LP. To avoid the January Put Payment to Holding I LP, Enron must sue Holding I LP and (i) establish the elements of a section 548 fraudulent transfer, and

(ii) overcome all affirmative defenses. As a matter of law, Enron cannot show here that it would succeed in such a hypothetical action because the statute of limitations for an Enron action against Holding I LP expired on December 2, 2003, two years after the Petition Date. See 11 U.S.C. § 546(a). Enron is time-barred from suing Holding I LP; the January Put Payment to Holding I LP therefore is not avoidable. Thus, the Court should dismiss the Section 550 Claim against CDP because Enron can show neither an "avoided" nor an "avoidable" transfer to the initial transferee, Holding I LP.[4]

## II.

### BECAUSE THE SECTION 550 CLAIM FAILS, THIS COURT SHOULD DISMISS THE "DISALLOWANCE OF CLAIM" COUNT

Since the Section 550 Claim fails, Enron cannot succeed on its "disallowance of claim" count, designated as the "Third Cause of Action" within the Complaint. Whether or not CDP (or someone on its behalf) filed or will file a proof of claim, Enron's efforts to disallow any CDP claims are entirely derivative of the Section 550 Claim. See 11 U.S.C. § 502(d) (2004). If, as CDP requests herein, the Court dismisses the Section 550 Claim against CDP, the "disallowance of claim" count also must fall.

### Conclusion

For the reasons set forth above, CDP requests that this Court (i) enter an order dismissing with prejudice the claims asserted against CDP in this adversary

---

[4] If the Court finds that Holding I LP is a person needed for a just determination of this matter pursuant to Fed. R. Civ. P. 19, CDP also submits this Motion as a motion to dismiss under Fed. R. Civ. P. 12(b)(7), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7012(b).

proceeding, and (ii) grant to CDP such other and further relief as this Court deems just and proper.

## No Prior Request

CDP has not previously requested the relief sought herein from this or any other Court.

Dated: New York, New York
August 16, 2004

        PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By: ___/s/ *Douglas R. Davis*___
    Douglas R. Davis (DD/0874)
    Stephen J. Shimshak (SS/8822)
    James H. Millar (JM/6091)
    1285 Avenue of the Americas
    New York, NY 10019-6064
    Telephone: (212) 373-3000
    Facsimile: (212) 757-3990

Attorneys for Caisse de Depot et Placement du Quebec

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000
FACSIMILE (212) 757-3990

LLOYD K. GARRISON (1946-1991)
RANDOLPH E. PAUL (1946-1956)
SIMON H. RIFKIND (1950-1995)
LOUIS S. WEISS (1927-1950)
JOHN F. WHARTON (1927-1977)

1615 L STREET, NW
WASHINGTON, DC 20036-5694
TELEPHONE (202) 223-7300
FACSIMILE (202) 223-7420

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101
FACSIMILE (81-3) 3597-8120

ORIENTAL PLAZA, TOWER E3
SUITE 1205
NO. 1 EAST CHANG AN AVENUE
DONG CHENG DISTRICT
BEIJING, 100738
PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 6516-2766
FACSIMILE (86-10) 6516-2760/61

12TH FLOOR, HONG KONG CLUB BUILDING
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2536-9933
FACSIMILE (852) 2536-9622

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, U.K.
TELEPHONE (44 20) 7367 1600
FACSIMILE (44 20) 7367 1650

WRITER'S DIRECT DIAL NUMBER

212-373-3178

WRITER'S DIRECT FACSIMILE

212-492-0178

WRITER'S DIRECT E-MAIL ADDRESS

jmillar@paulweiss.com

August 17, 2004

The Honorable Arthur J. Gonzalez
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004-1408

<u>Enron Corp. v. Int'l Fin. Corp., et al.; (Adversary Proceeding No. 03-93370 (AJG))</u>

Dear Judge Gonzalez:

    Yesterday, Caisse de Depot et Placement du Quebec filed its Motion to Dismiss Adversary Complaint With Prejudice (the "Motion"). The Motion as filed contained a typographical error in the Preliminary Statement on the last line of page 1. The phrase "statute of limitations under section 550" should read "statute of limitations under section 546." Attached please find a corrected version of the Motion. I apologize for any inconvenience this error may have caused the Court.

Sincerely,

*James H. Millar*

James H. Millar

Attachment

cc:  service list

Doc #:NY6:803355.1

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

## SERVICE LIST

Protective Life Corporation
2801 Highway 280 South
Birmingham, AL 35223
Attn: Officer, Managing, or General Agent

Berkeley Capital Management LLC
650 California Street, Suite 2800
San Francisco, CA 94108
Attn: Officer, Managing, or General Agent

Kramer Levin Naftalis & Frankel LLP
919 Third Avenue
New York, NY 10022
Attn: Stephen M. Sinaiko

Saviano & Tobias, P.C.
9 East 40th Street, 15th Floor
New York, NY 10016
Attn: David G. Tobias

Tashjian & Padian
15 West 36th Street
New York, NY 10018
Attn: Richard G. Tashjian

Bressler Avery & Ross, P.C.
17 State Street
New York, NY 10017
Attn: David Pikus

Swartz, Campbell LLC
1 South Church Street
West Chester, PA 19382
Attn: Curtis P. Cheyney
       John A. Wetzel

Cleary Gottlieb Steen & Hamilton
1 Liberty Plaza
New York, NY 10006
Attn: Thomas Maloney

Doc #:NY6:803355.1

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

3

AP Funding
60 Wall Street
New York, NY 10005
Attn: Officer, Managing, or General Agent

Chadbourne & Park
30 Rockefeller Plaza
New York, NY 10112
Attn: Theodore Zink
       Gregory Kerr

National Australian Bank
200 Park Avenue, 34th Floor
New York, NY 10166
Attn: Officer, Managing, or General Agent

CDC Investment Management Corp.
9 West 57th Street
New York, NY 10036
Attn: Officer, Managing, or General Agent

Togut Segal & Segal LLP
1 Penn Plaza, Suite 3335
New York, NY 10019
Attn: Albert Togut
       Howard P. Magaliff

Kronish Lieb Wiener & Hellman LLP
1114 Avenue of the Americas
New York, Nyn 10036-7798
Attn: James A. Beldner

Milbank Tweed Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005
Attn: Luc A. Despins

Squire Sanders & Dempsey LLP
312 Walnut Street, Suite 3500
Cincinnati, OH 45202
Attn: Stephen D. Lerner

Doc #:NY6.803355.1

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

4

Office of the United States Trustee
33 Whitehall Street, 21st Floor
New York, NY 10004
Attn: Mary E. Tom

Shearman & Sterling
599 Lexington Avenue
New York, NY 10022
Attn: Frederic Sosnick

Kirton & McConkie, P.C.
1800 Eagle Gate Tower
60 East South Temple
Salt Lake City, UT 84111
Attn: Eric O. Olsen

Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017
Atn: Donald S. Bernstein

Weil Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Attn: Martin J. Bienstock

Doc #:NY6:803355.1