# EXHIBIT 19

HERRICK FEINSTEIN LLP
Paul Rubin (PR-2097)
2 Park Avenue
New York, New York 10016
(212) 592-1400

DAVIS GRAHAM & STUBBS LLP
Christopher L. Richardson
1550 17th Street, Suite 500
Denver, Colorado 80202
(303) 892-9400

Attorneys for Berkeley Capital Management LLC

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In re

ENRON CORP. et al.,

                Debtors.

------------------------------------------------------------x

ENRON CORP.,

                Plaintiff,

  - against –

INTERNATIONAL FINANCE CORP., et al.,

                Defendants.

------------------------------------------------------------x

Chapter 11

Case No. 01-16034 (AJG)

Jointly Administered

Adv. Proc. No. 03-93370 (AJG)

## ANSWER

        Defendant Berkeley Capital Management, LLC ("BCM"), by its attorneys, hereby Answers the Complaint to Avoid and Recover Fraudulent Transfers of Enron Corp. ("Plaintiff"), as follows:

## INTRODUCTION

1.      BCM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiff's Complaint, except admits, upon information and belief, that Plaintiff is a debtor in a case pending before this Court under Chapter 11 of Title 11 of the United States Code.

2.      BCM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of Plaintiff's Complaint.

3.      BCM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of Plaintiff's Complaint.

4.      BCM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of Plaintiff's Complaint, except denies that Plaintiff made any transfers to BCM during the year preceding December 2, 2001, as BCM did not exist until 2003.

## JURISDICTION AND PARTIES

5.      The allegations contained in paragraph 5 of Plaintiff's Complaint constitute legal conclusions as to which no response is required, but BCM denies that it received any transfers from Plaintiff, whether listed on Schedules to the Complaint or otherwise.

6.      The allegations contained in paragraph 6 of Plaintiff's Complaint constitute legal conclusions as to which no response is required.

7.      BCM admits the allegations contained in paragraph 7 of Plaintiff's Complaint.

8.      The allegations contained in paragraph 8 of Plaintiff's Complaint constitute legal conclusions as to which no response is required.

9.      BCM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of Plaintiff's Complaint.

-2-

10. BCM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of Plaintiff's Complaint.

11. BCM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of Plaintiff's Complaint.

12. BCM denies the allegations contained in paragraph 12 of Plaintiff's Complaint, except admits that it is a business enterprise.

13. BCM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of Plaintiff's Complaint.

14. BCM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of Plaintiff's Complaint.

15. BCM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of Plaintiff's Complaint.

16. BCM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of Plaintiff's Complaint.

17. BCM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of Plaintiff's Complaint.

18. BCM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of Plaintiff's Complaint.

19. BCM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of Plaintiff's Complaint.

20. BCM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of Plaintiff's Complaint.

HF 3048181v1

21. BCM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of Plaintiff's Complaint.

22. BCM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of Plaintiff's Complaint.

23. BCM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of Plaintiff's Complaint.

24. BCM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of Plaintiff's Complaint.

25. BCM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of Plaintiff's Complaint.

**RELEVANT FACTS**

26. BCM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of Plaintiff's Complaint.

27. BCM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of Plaintiff's Complaint.

28. BCM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of Plaintiff's Complaint.

29. BCM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of Plaintiff's Complaint.

30. BCM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of Plaintiff's Complaint.

31. BCM denies the allegations contained in paragraph 31 of Plaintiff's Complaint as they pertain to BCM, and is otherwise without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations contained in paragraph 31 of Plaintiff's Complaint.

32.    BCM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of Plaintiff's Complaint..

33.    BCM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of Plaintiff's Complaint.

34.    BCM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of Plaintiff's Complaint.

35.    BCM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of Plaintiff's Complaint, and therefore denies them.

<div align="center">

**FIRST CAUSE IN ACTION**
**(Avoidance and Recovery of Fraudulent Transfers Under**
**Sections 548(a)(1)(B) and 550(a)(1) of the Bankruptcy Code)**

</div>

36.    In response to paragraph 36 of Plaintiff's Complaint, BCM repeats its responses to the allegations of paragraphs 1 through 35 of Plaintiff's Complaint, as if fully set forth herein.

37.    BCM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of Plaintiff's Complaint.

38.    BCM denies the allegations contained in paragraph 38 of Plaintiff's Complaint as they pertain to BCM, which did not exist at the time of the alleged payments referenced in paragraph 38, and is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 38 of Plaintiff's Complaint.

39.    BCM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of Plaintiff's Complaint.

<div align="center">-5-</div>

40.    BCM denies the allegations contained in paragraph 40 of Plaintiff's Complaint as they pertain to BCM, and is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 40 of Plaintiff's Complaint.

41.    BCM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of Plaintiff's Complaint.

42.    BCM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of Plaintiff's Complaint.

43.    BCM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of Plaintiff's Complaint.

44.    BCM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of Plaintiff's Complaint.

45.    BCM denies the allegations contained in paragraph 45 of Plaintiff's Complaint as they pertain to BCM, and is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 45 of Plaintiff's Complaint.

### SECOND CAUSE OF ACTION
**(Recovery of Avoidable Fraudulent Transfers
Under Section 550(a)(2) of the Bankruptcy Code)**

46.    In response to paragraph 46 of Plaintiff's Complaint, BCM repeats its responses to the allegations of paragraphs 1 through 45 of Plaintiff's Complaint, as if fully set forth herein.

47.    BCM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of Plaintiff's Complaint.

48.    BCM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of Plaintiff's Complaint.

-6-

49.    BCM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of Plaintiff's Complaint.

50.    BCM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of Plaintiff's Complaint.

51.    BCM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of Plaintiff's Complaint.

52.    BCM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of Plaintiff's Complaint.

53.    BCM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of Plaintiff's Complaint.

54.    BCM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of Plaintiff's Complaint.

55.    BCM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of Plaintiff's Complaint.

56.    BCM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of Plaintiff's Complaint.

### THIRD CAUSE OF ACTION
#### (Disallowance of Claims Under
#### Section 502(d) of the Bankruptcy Code)

57.    In response to paragraph 57 of Plaintiff's Complaint, BCM repeats its responses to the allegations of paragraphs 1 through 56 of Plaintiff's Complaint, as if fully set forth herein.

58.    BCM denies the allegations contained in paragraph 58 of Plaintiff's Complaint as they pertain to BCM, and is otherwise without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations contained in paragraph 58 of Plaintiff's Complaint.

59.    BCM denies the allegations contained in paragraph 59 of Plaintiff's Complaint as they pertain to BCM, and is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 59 of Plaintiff's Complaint.

60.    BCM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of Plaintiff's Complaint.

61.    BCM denies the allegations contained in paragraph 61 of Plaintiff's Complaint as they pertain to BCM, and is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 61 of Plaintiff's Complaint.

62.    BCM denies each and every allegation contained in Plaintiff's Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

BCM did not receive any pre-petition transfers from Plaintiff as alleged in Plaintiff's Complaint, as BCM did not even exist until 2003.

HF 3048181v1

## Third Affirmative Defense

BCM does not and did not act as an investment principal, but rather as a manager of third party assets. As such, BCM never held any notes issued by Enron, nor did it receive any payments from Enron.

## Fourth Affirmative Defense

Even if BCM existed at the time of the alleged transfer(s) in question (which it did not), and even if BCM had transferred notes to Enron (which it did not), BCM, as a registered investment advisor, is a "financial institution" within the meaning of Section 546(e) of the Bankruptcy Code, and BCM is therefore exempt from the avoidance of constructive fraudulent transfers pursuant to Section 548 of the Bankruptcy Code.

[Remainder of Page Intentionally Left Blank]

HF 3048181v1

WHEREFORE, BCM requests that the Court enter judgment in favor of BCM and against Plaintiff dismissing the Complaint against BCM, awarding attorneys' fees and costs to BCM, and granting BCM such other and further relief as the Court deems proper.

Dated:    New York, New York
          June 28, 2005

                                        HERRICK FEINSTEIN LLP


                                        By: _____/S/_____
                                            Paul Rubin (PR-2097)
                                            A Member of the Firm

                                        2 Park Avenue
                                        New York, New York  10016
                                        (212) 592-1400

                                                -and-

                                        DAVIS GRAHAM & STUBBS LLP
                                        Christopher L. Richardson
                                        1550 17th Street, Suite 500
                                        Denver, Colorado  80202
                                        (303) 892-9400

                                        Attorneys for Berkeley Capital
                                        Management, LLC

-10-

HERRICK, FEINSTEIN LLP
2 Park Avenue
New York, New York 10016
(212) 592-1400
Attorneys for Amsterdam 91st Street Associates, LLC
Paul Rubin (PR - 2097)

DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, Colorado 80202
(303) 892-9400
Christopher L. Richardson

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re

                                     Chapter 11

ENRON CORP. et al.,

                                     Case No. 01-16034 (AJG)

                 Debtors.
----------------------------------------------------------------x

                                     Jointly Administered

ENRON CORP.,

                 Plaintiff,

   - against –

INTERNATIONAL FINANCE CORP., et al.,

                                     Adv. Proc. No. 03-93370 (AJG)

                 Defendants.
----------------------------------------------------------------x

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK     )
                       ) SS.:
COUNTY OF NEW YORK   )

       I, Marie Grimm, being sworn say:

       1.     I am not a party to the action, am over 18 years of age and reside in New York, New York.

2.    On June 28, 2005, I caused to be served the Answer of Berkeley Capital Management, LLC dated June 28, 2005, by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to the law firm listed below.

> Togut, Segal & Segal LLP
> One Penn Plaza, Suite 3335
> New York, New York 10119

Marie Grimm

Sworn to before me this 28th day of June, 2005

Notary Public

TANYA VITERI
NOTARY PUBLIC, State of New York
Reg. No. 01VI6032087
Qualified in Kings County
Commission Expires October 18, 200__

HF 3059018v1