KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, California  90067
(310) 407-4000 (telephone)
(310) 407-9090 (facsimile)
David M. Stern (*Pro hac vice* pending)
Daniel J. Bussel (*Pro hac vice* pending)

       -and-

VENABLE LLP
The Chrysler Building
405 Lexington Avenue, 56th Floor
New York, New York  10174
(212) 983-3850 (telephone)
(212) 307-5598 (facsimile)
Edward A. Smith (ES-2461)

Attorneys for Plaintiff/Appellant
Enron Creditors Recovery Corp. f/k/a Enron Corp.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X

| | |
|---|---|
| In re: | Case No. 01-16034 (AJG) |
| ENRON CREDITORS RECOVERY CORP., *et al.*, | Chapter 11 |
| | (Jointly Administered) |
| Reorganized Debtors. | |

-----------------------------------------------------X

| | |
|---|---|
| ENRON CREDITORS RECOVERY CORP. | Adversary No.:  03-93370 (AJG) |
| Plaintiff, | |
| v. | |
| INTERNATIONAL FINANCE CORP., *et al.*, | |
| Defendants. | |

-----------------------------------------------------X

| | |
|---|---|
| ENRON CREDITORS RECOVERY CORP. Appellant, | District Court |
| v. | Case No. 07-06597 (AKH) |
| INTERNATIONAL FINANCE CORP., *et al.*, | |
| Appellees. | |

-----------------------------------------------------X

## APPELLANT'S MEMORANDUM OF LAW IN OPPOSITION TO APPELLEES' MOTION TO DISMISS APPEAL

# TABLE OF CONTENTS

**Page**

I. PRELIMINARY STATEMENT..................................................................................1

II. STATEMENT OF FACTS ...................................................................................4

III. ARGUMENT.......................................................................................................7

    A.    Absent express certification under Rule 54(b), the Judgment in favor of Caisse and NAB became appealable only upon entry of Judgment dismissing the last remaining defendant. ................................7

        1.    The Final Judgment Rule and Rule 54(b).................................7

        2.    Rule 54(b) applies to Adversary Proceedings in Bankruptcy in like fashion as to other Federal Cases...............10

    B.    Caisse and NAB mischaracterize *PepsiCo* as waiving the certification requirement........................................................................10

    C.    Judge Gonzalez's determination that the June 2006 Order "shall be effective upon entry" cannot be construed as a Rule 54(b) certification of the August 2006 Judgment................................12

    D.    Judge Gonzalez's striking of Rule 54(b) language in the 546(e) Order does not aid the Motion...................................................14

    E.    Enron's decision to retain new counsel to prosecute this appeal when it became timely is irrelevant.........................................15

# TABLE OF AUTHORITIES

## CASES

*Cipriano v. Houma*,
    395 U.S. 701, 89 S. Ct. 1897, 23 L. Ed. 2d 647 (1969)................................11

*Citizens Accord, Inc. v. Town of Rochester*,
    235 F.3d 126 (2d Cir. 2000) ........................................................................2, 8

*Curtiss-Wright Corp. v. General Electric Co.*,
    446 U.S. 1, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980)........................................7

*Delta Air Lines, Inc. v. A.I. Leasing II, Inc. (In re Pan Am Corp.)*,
    159 B.R. 396 (S.D.N.Y. 1993) ..............................................................10, 14

*Dicola v. American S.S. Owners Mut. Protection & Indem. Ass'n (In re
Prudential Lines, Inc.)*,
    59 F.3d 327 (2d Cir. 1995) .........................................................................10

*Dorsey v. Enron Corp. (In re Enron Corp.)*,
    2006 WL 1030413 (Bankr. S.D.N.Y. April 10, 2006) ..................................2

*Gredd v. Bear, Stearns Sec. Corp. (In re Manhattan Inv. Fund, Ltd.)*,
    2007 WL 534547 (Bankr. S.D.N.Y., February 15, 2007) ............................7

*HBE Leasing Corp. v. Frank*,
    48 F.3d 623 (2d Cir. 1995) ...........................................................................9

*Ibeto Petrochemical Indus. v. M/T Beffen*,
    475 F.3d 56 (2d Cir. 2007) .........................................................................11

*Kahn v. Chase Manhattan Bank*,
    91 F.3d 385 (2d Cir. 1996) .........................................................................11

*Lottie v. West American Ins. Co.*,
    408 F.3d 935 (7th Cir. 2005) ........................................................................7

*Meehan v. Snow*,
    652 F.2d 274 (2d Cir. 1981) .......................................................................12

*Midland Asphalt Corp. v. United States*,
    489 U.S. 794, 109 S. Ct. 1494, 103 L. Ed. 2d 879 (1989)............................3

*Official Creditors Comm. Of Indus. Ceramics, Inc. v. Indus. Ceramics Assocs.*,
    252 B.R. 296 (W.D.N.Y. 2000)..................................................................10

*RMM Records & Video Corp. v. Universal Music & Video Distrib. Co. (In re RMM Records & Video Corp.),*
  2007 WL 1630493 (Bankr. S.D.N.Y. June 7, 2007) ....................................3

*Sears, Roebuck & Co. v. Mackey,*
  351 U.S. 427, 76 S.Ct. 895, 100 L.Ed. 1297 (1956) ..........................3, 9, 13

*St. Paul Fire & Marine Ins. Co. v. PepsiCo, Inc.,*
  884 F.2d 688 (2d Cir. 1989) .....................................................10, 11

*Transit Mgmt. of Southeast La., Inc. v. Group Ins. Admin., Inc.,*
  226 F.3d 376 (5th Cir. 2000) ..........................................................8

*United States Fid. & Guar. Co. v. Frosty Bites, Inc.,*
  350 F. Supp. 2d 508 (S.D.N.Y. 2004) ..................................................7

## FEDERAL STATUTES AND RULES

Bankruptcy Code (11 U.S.C.) § 546....................................................6

Bankruptcy Code (11 U.S.C.) § 548....................................................4

Bankruptcy Code (11 U.S.C.) § 550....................................................4

28 U.S.C. § 158 .....................................................................7

Fed.R.Bankr.P. 7054..................................................................1

Fed.R.Civ.P. 12(b)(6) .............................................................2, 5

Fed.R.Civ.P. 54(b).............................................................. passim

## MISCELLANEOUS

10 Wright, Miller & Kane
  FED. PRAC. & PROC. CIVIL 3D, § 2654 ................................................13

10 Wright, Miller & Kane
  FED. PRAC. & PROC. CIVIL 3D, § 2660 ..............................................1, 8

## EXHIBITS

*Dorsey v. Enron Corp. (In re Enron Corp.)*, 2006 WL 1030413 (Bankr. S.D.N.Y.
April 10, 2006) (Unpublished Case)..............................................................Exhibit 1

*Gredd v. Bear, Stearns Sec. Corp. (In re Manhattan Inv. Fund, Ltd.)*, 2007 WL
534547 (Bankr. S.D.N.Y., February 15, 2007) (Unpublished Case)................Exhibit 2

*RMM Records & Video Corp. v. Universal Music & Video Distrib. Co.*
*(In re RMM Records & Video Corp.)*, 2007 WL 1630493
(Bankr. S.D.N.Y. June 7, 2007) (Unpublished Case).......................................Exhibit 3

Enron Creditors Recovery Corp., formerly known as Enron Corp. ("Enron" or "Appellant"), respectfully submits this Memorandum of Law in Opposition to the Motion to Dismiss Appeal ("Motion") filed by Caisse de Dépôt et placement du Québec ("Caisse") and National Australia Bank ("NAB," and with Caisse, "Appellees").

## I.

### PRELIMINARY STATEMENT

The Appellees urge this Court to dismiss as untimely Enron's appeal of the Bankruptcy Court's judgment dismissing Enron's claims against them. The Motion is premised upon Enron's "failure" to appeal from earlier orders entered in June and August 2006, which, as a matter of law, were unappealable. Specifically, Federal Rule of Civil Procedure 54, applicable here pursuant to Federal Rule of Bankruptcy Procedure 7054 ("Rule 54"), and the case law construing those rules, make clear that appeals properly lie only from *the* final judgment disposing of an action -- in this case entered on June 18, 2007 -- and do not lie from orders or judgments dismissing only some of multiple claims and some of multiple defendants in a single ongoing action absent an express certification that never occurred in this case.

This is not even a close case because traditional federal policy against piecemeal appeals from partial judgments is rigorously enforced in the Second Circuit. That policy is subject to exception under Rule 54(b) "only upon an *express* determination that there is no just cause for delay." FED.R.CIV.P. 54(b) (emphasis added). No Rule 54(b) determination was made in this case in connection with the entry of the August 2006 partial judgment dismissing Caisse and NAB from the adversary proceeding. That alone should end the matter, as the requirement of express language is of obvious import in clearly delineating for the parties the very limited circumstances when an immediate appeal of a partial judgment is necessary and when it is not. 10 Wright, Miller & Kane, FED. PRAC. & PROC. CIVIL 3D, § 2660 ("Although it is somewhat unclear what form the certification under Rule 54(b) should take, both the court's direction and determination

1

must be apparent and there should no doubt as to the district court's intention to certify. A strong policy in favor of certainty as to the district court's intention to give its decision final judgment status underlies the rule's procedure.").

In this case, Appellees never sought a Rule 54 determination in the Bankruptcy Court nor did they ever allege that there was "some danger of hardship or injustice through delay which would be alleviated through immediate appeal." *Citizens Accord, Inc. v. Town of Rochester*, 235 F.3d 126, 129 (2d Cir. 2000). Even now, they do not contend that this is "the infrequent harsh case," *id.*, in which such conditions were present. Instead, they argue that this case "present[s] a fact pattern without precedent," Motion, page 1, in which this Court should divine "judicial intent [to] establish that Judge Gonzalez intended the [2006 partial] Judgment as final." *Id.*, page 2. That divination purportedly arises from two facts: (i) the Bankruptcy Court's deletion of Rule 54(b) language from a proposed judgment submitted by other defendants, Motion, page 6 & n. 5, a deletion which was unnecessary as to Appellees as such language was never part of any order or judgment they submitted; and (ii) the Bankruptcy Court's recitation in the order granting the Appellees' 12(b)(6) motions that "this order shall take effect immediately upon its entry." Motion, page 7. As we discuss below, these facts, if relevant at all, argue against the Motion.

Not only is divination inappropriate in general, it is completely unnecessary to interpret rulings by Judge Gonzalez, as he knows how to make clear, and does make clear, when he believes certification is appropriate and when it is not. For example, in another adversary proceeding, also arising out of the Enron bankruptcy case, decided in April 2006, Judge Gonzalez not only denied certification but explained why he does not lightly certify partial judgments under Rule 54(b). *Dorsey v. Enron Corp. (In re Enron Corp.)*, 2006 WL 1030413, at *5-6 (Bankr. S.D.N.Y. April 10, 2006) (denying Rule 54(b) certification because the standards for Rule 54(b) certification are "stringent in this Circuit," and must "be reserved for those rare cases where there exists some danger of

2

hardship or injustice through delay which would be alleviated by immediate appeal."). By contrast, where Judge Gonzalez has certified an otherwise interlocutory ruling under Rule 54(b), he has done so in strict compliance with the Rule's requirements. See *RMM Records & Video Corp. v. Universal Music & Video Distrib. Co. (In re RMM Records & Video Corp.)*, 2007 WL 1630493, at *11-13 (Bankr. S.D.N.Y. June 7, 2007).

Neither Rule 54(b) language nor its rationale was present here -- and this is no surprise as Appellees made no attempt to obtain certification. Instead, Appellees seek to create a *post hoc* amorphous exception to the final judgment rule[1] that would render the express finding requirement of Rule 54(b) a nullity. Not only would this be unwarranted in this case, it would spawn confusion in the future, leading to improper and unnecessary protective appeals of interlocutory orders and partial judgments in derogation of the policies of judicial economy, clarity and finality embodied in the final judgment rule and Rule 54. As the Supreme Court noted in its leading decision interpreting Rule 54 in its current form, the history of Rule 54 itself illustrates such an amorphous exception is unworkable and was rejected by the drafters in amending the Rule to require an express determination. *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 433-34, 76 S.Ct. 895, 100 L.Ed. 1297 (1956). Accordingly, there is no basis for Appellees' claim that Enron's notice of appeal, following entry of final judgment on June 18, 2007, is untimely.

Appellees' speculation regarding how and why Enron determined to file this appeal is unsupported and irrelevant. The only relevant point is that Enron timely filed its notice of appeal. Enron's timing in perfecting its appeal here was not only

---

[1]   For a description of the rule, *see, e.g.*, *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 103 L. Ed. 2d 879 (1989) ("In the Judiciary Act of 1789, ... the First Congress established the principle that only final judgments and decrees of the federal district courts may be reviewed on appeal.... The statute has changed little since then.... For purposes of this provision, a final judgment is normally deemed not to have occurred until there has been a decision by the District Court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.") (internal quotes and citations omitted).

procedurally proper, but compelled by the applicable rules and authorities; as such, the Motion should be denied.

## II.

### STATEMENT OF FACTS

As the motion to dismiss before the Court revolves entirely around the procedural issue of the timeliness of the filing of Enron's notice of appeal, Appellant offers a highly abbreviated Statement of Facts that focuses on the procedural issue before the Court rather than the merits of the appeal and the complex securitization structure and related transactions that are at issue in connection with those merits.

On December 2, 2001, Enron (and thereafter various affiliates) filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York. On July 15, 2004, the Bankruptcy Court entered an Order confirming the Debtors' Supplemental Modified Fifth Amended Joint Plan of Affiliated Debtors in the underlying Chapter 11 cases. The Plan became effective on November 17, 2004. Shimshak Decl., Exh. 14, page 2.

Prior to plan confirmation, Enron commenced this adversary proceeding by filing a complaint (the "Complaint"). Shimshak Decl., Exh. 1. The Complaint sought to avoid and recover certain transfers made to and for the benefit of Caisse and NAB, as well as fourteen other unaffiliated financial institutions, as fraudulent transfers pursuant to sections 548 and 550 of the Bankruptcy Code. *Id.* ¶¶ 5-25. More specifically, Enron sought to avoid three different sets of pre-bankruptcy cash transfers to or for the benefit of the sixteen named defendants each of whom had held some portion of approximately $300 million in so-called CLO[2] notes issued in December 1999 on behalf of an Enron

---

[2] "CLO" is an acronym for "collateralized loan obligation." The Enron affiliate that originally owned the underlying obligations being securitized was Enron North America Corp. ("ENA"). Through a complex securitization structure ENA transferred and pooled these obligations in Enron affiliated partnerships which in turn assumed obligations to a trust (the CLO Trust) formed for the purpose of issuing

affiliate: (i) the "May 2001 Transfers" totaling approximately $99 million which involved the repurchase of the defendants' non-recourse CLO notes at par plus accrued interest, even though the value of the collateral supporting those notes was known to be insufficient to repay them in full, *id.* ¶¶ 37-41; (ii) the "January 2001 Put Payment" of approximately $63 million which involved Enron's agreement to repurchase part of the collateral pool supporting the non-recourse CLO notes at face value, even though the repurchased assets were known to be in default and with a fair value far less than their face amount, *id.* ¶¶ 47-48; and (iii) the "June 2001 Put Payments" of approximately $50 million which likewise involved Enron's agreement to repurchase part of the collateral pool supporting the non-recourse CLO notes at face value, even though the repurchased assets were known to be in default and with a fair value far less than their face amount. *Id.* ¶¶ 49-50. The Complaint alleged that these transfers took place at a time when Enron was insolvent or undercapitalized, that Enron did not receive reasonably equivalent value in exchange, and that Caisse and NAB were indirect or subsequent transferees (as distinguished from initial transferees) of the January 2001 Put Payments and the June 2001 Put Payments. *Id.* ¶¶ 47-56.

Caisse and NAB moved to dismiss the Complaint pursuant to FED.R.CIV.P. 12(b)(6). Shimshak Decl., Exh. 8 & 9. Appellees' motions to dismiss centered around the legal question presented in this appeal: Whether the legal representative of a bankruptcy estate that has timely filed suit against a subsequent transferee to avoid and recover a fraudulent transfer, but that has not sued the initial transferee, states a claim upon which relief can be granted.

---

notes secured by the CLO assets to various institutional investors including Caisse and NAB. The independent examiner appointed in the Enron Chapter 11 cases issued a report concluding, among other things, that Enron could avoid and recover several transactions or transfers pertaining to the CLO Trust. Shimshak Decl., Exh. 1, ¶ 4.

Meanwhile, at around the same time, the Bankruptcy Court heard the motions of six other defendants including Bear Stearns & Co., Dexia Bank, Ensign Peak Advisors, Natexis Banques Populaires, Nationwide Life Insurance Co. and Protective Life Corporation (the "Settlement Payment Defendants"), who sought to dismiss the Complaint against them on the ground that the transfers to them were protected by the so-called "settlement payments defense" of section 546(e) of the Bankruptcy Code. Shimshak Decl., Exh. 4-7. This motion was granted as well, and the six Settlement Payment Defendants were also dismissed from the adversary proceeding based on a memorandum opinion dated May 2, 2006. Shimshak Decl., Exh. 10.

On May 15, 2006, the Settlement Payment Defendants lodged a proposed form of order dismissing the claims against the Settlement Payment Defendants that expressly incorporated a Rule 54(b) finding: "WHEREAS, the Court finds that there is no just reason for delay in the entry of judgment in this proceeding with respect to the Moving Defendants." Motion, page 6 (referencing Shimshak Decl., Exh. 12). Judge Gonzalez, while adopting the rest of the Settlement Payment Defendants' proposed form of order *in toto*, deleted the proposed Rule 54(b) finding and entered his order as to the Settlement Payment Defendants on June 15, 2006 without any such finding. *Id.* & Shimshak Decl., Exh. 11.

The Bankruptcy Court granted Appellees' motions to dismiss on May 18, 2006, Shimshak Decl., Exh. 14, and entered the order dismissing the claims against the Appellees on June 5, 2006. Shimshak Decl., Exh. 15.

Partial judgment in favor of Caisse and NAB (and, concurrently, in favor of the Settlement Payment Defendants) was thereafter entered on August 9, 2006. Shimshak Decl., Exh. 13 & 16. Neither the Appellees' June 5, 2006 order, nor the Settlement Payment Defendants' June 15, 2006 order, nor either of the partial judgments entered August 9, 2006 contained any Rule 54(b) finding. Shimshak Decl., Exh. 11, 13, 15 & 16. Significantly, as of August 9, 2006, Berkeley Capital Management, LLC, which had

6

answered in June 2006, remained a defendant against whom the complaint had not been adjudicated.   Shimshak Decl., Exh. 19.   That state of affairs persisted until the Bankruptcy Court disposed of the remaining claims against Berkeley Capital and entered a final judgment resolving the entire adversary proceeding on June 18, 2007.  Shimshak Decl., Exh. 21-24.  On June 22, 2007, Enron filed its notice of appeal.  Shimshak Decl., Exh. 26.

## III.

### ARGUMENT

**A.      Absent express certification under Rule 54(b), the Judgment in favor of Caisse and NAB became appealable only upon entry of Judgment dismissing the last remaining defendant.**

#### 1.      The Final Judgment Rule and Rule 54(b).

Unless special leave to appeal is sought and granted or the challenged decision of a trial court relates to an injunction, appellate jurisdiction in the bankruptcy system, as elsewhere in the federal courts, is limited to final orders or final judgments.  28 U.S.C. §§ 158(a), (d);[3] *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980).  As a result, a trial court must "take into account the historic federal policy against piecemeal appeals and use its power under Rule 54(b) sparingly." *United States Fid. & Guar. Co. v. Frosty Bites, Inc.*, 350 F. Supp. 2d 508, 513 (S.D.N.Y. 2004); *Gredd v. Bear, Stearns Sec. Corp. (In re Manhattan Inv. Fund, Ltd).*, 2007 WL 534547, *1 (Bankr. S.D.N.Y., February 15, 2007) ("The court's power to certify a judgment as final should be exercised sparingly, and only if there are interests of sound judicial administration and efficiency to be served, or in the infrequent harsh case where there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal.").  Because "the norm in litigation is one appeal per case," *Lottie v.*

---

[3]   A special exception, inapplicable here, also permits interlocutory appeals from orders extending or reducing the period during which only the debtor may propose a plan of reorganization in a chapter 11 case.  28 U.S.C. § 158(a)(2).

*West American Ins. Co.*, 408 F.3d 935, 940 (7th Cir. 2005), appellate review of federal trial court rulings (including adversary proceedings in bankruptcy courts) involving multiple claims or multiple parties must generally await the conclusion of the litigation as to all the claims against all the parties. *Citizens Accord, Inc. v. Town of Rochester*, 235 F.3d at 128 ("A 'final' judgment or order is one that conclusively determines the pending claims of all the parties to the litigation, leaving nothing for the court to do but execute its decision.").

Rule 54(b) provides a special avenue for certification of otherwise nonappealable orders or judgments in extraordinary circumstances. However, to travel that route requires adherence to the Rule's procedures.

> For an appeal to be perfected following a decision that falls within the ambit of Rule 54(b), the district court must make an express "direction for the entry of judgment" and a "determination that there is no just reason for delay." For simplicity of exposition, the combination of the direction and determination can be referred to as a "certification" that a particular judgment is ripe for review. This certification is an essential prerequisite to an appeal.

Wright, Miller & Kane, *supra*, § 2660.

The Rule concomitantly provides that "[i]n the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Consequently, "where, as here, an action involves multiple parties, a disposition of the action as to only some of the parties does not result in a final appealable order absent a certification by the district court under Federal Rule of Civil Procedure 54(b)." *Transit Mgmt. of Southeast La., Inc. v. Group Ins. Admin., Inc.*, 226 F.3d 376, 381 (5th Cir. 2000). Put simply, no final judgment exists if any defendant remains in a case involving multiple parties unless a court formally certifies its order for appeal in accordance with Rule 54(b).

8

Where separate claims or claims against separate parties have been fully adjudicated, Rule 54(b) commits the decision to enter a judgment to the discretion of the trial court, but that discretion must be exercised in accordance with the express requirements of Rule 54(b).

> A final judgment may be entered as to some -- but fewer than all -- claims or parties "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." FED.R.CIV.P. 54(b). The Rule makes clear that if the District Court does not **both** direct entry of judgment **and** expressly determine that there is no just reason for delay, then its order or decision is not final, whether or not it is labeled a judgment.

*HBE Leasing Corp. v. Frank*, 48 F.3d 623, 631 (2d Cir. 1995) (emphasis in original).

Additionally, the *HBE* court held that:

> [T]he exercise of this discretion must follow the procedures set out by the Rule, and the requirement of an express determination that there is no just reason for delay has not been taken lightly by this Circuit. We have found an abuse of discretion where entry of judgment has been accompanied by a mere repetition of the statutory language that "there is no just reason for delay," without any reasoned explanation for such determination. *See, e.g., Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 629-30 (2d Cir. 1991); *Cullen v. Margiotta*, 618 F.2d 226, 228 (2d Cir. 1980). *A fortiori, the entry of a "judgment" unaccompanied even by the statutory formula is not a sufficient basis for our jurisdiction. In re Chateaugay Corp.*, 928 F.2d 63, 64 (2d Cir. 1991).

*Id.* (emphasis added).

As the Supreme Court explained in *Sears, Roebuck & Co v. Mackey*, 351 U.S. at 435, the process established by Rule 54 makes the certifying trial court the "dispatcher" with the discretion to determine when dismissals of less than all the claims or less than all the defendants are ripe for appeal. In order to dispatch an otherwise interlocutory order, however, the trial court "must make both 'an express determination that there is no just reason for delay' and 'an express direction for the entry of judgment.' *A party adversely affected by a final decision thus knows that his time for appeal will not run against him until this certification has been made*." *Id.* at 435-36 (emphasis added).

The partial judgment rendered August 9, 2006 in favor of Caisse and NAB was never dispatched for appeal through the making of the required certification. Under Rule

54(b) and under the case law, Enron's time for appeal was not running while the adversary proceeding was still pending below.

### 2.    Rule 54(b) applies to Adversary Proceedings in Bankruptcy in like fashion as to other Federal Cases.

The final judgment rule and the decisions regarding Rule 54(b) certifications apply with equal force to bankruptcy proceedings in the Second Circuit.  A sister court in this Circuit aptly summarized applicable law.

> The Second Circuit has held that an order granting partial summary judgment disposing of only one of two pending claims in an adversary proceeding is interlocutory and therefore not appealable as a final order absent compliance with Rule 54(b).  *In re Chateaugay Corp.*, 922 F.2d 86, 90-91 (2d Cir. 1990).  In support of this holding, the Second Circuit cited *In re Wood & Locker, Inc.*, 868 F.2d 139 (5th Cir. 1989), which held that "given the clear mandate of Bankruptcy Rule 7054, no appeal may be taken from a bankruptcy court order that adjudicates fewer than all of the claims or the rights and liabilities of fewer than all of the parties in an adversary proceeding absent Rule 54(b) certification -- even if the order would be considered final if it arose in another context." *Id.* at 144.

*Official Creditors Comm. Of Indus. Ceramics, Inc. v. Indus. Ceramics Assocs.*, 252 B.R. 296, 301 (W.D.N.Y. 2000); *accord, Dicola v. American S.S. Owners Mut. Protection & Indem. Ass'n (In re Prudential Lines, Inc.)*, 59 F.3d 327, 332 (2d Cir. 1995) ("In the context of an adversary proceeding brought to obtain a declaratory judgment, resolution of the 'discrete dispute' requires a final determination of the actual controversies between the parties that are the subject of the adversary proceeding.  Such an approach is consistent with our long-standing policy of limiting piecemeal appeals, even in the bankruptcy context."); *Delta Air Lines, Inc. v. A.I. Leasing II, Inc. (In re Pan Am Corp.)*, 159 B.R. 396, 400 (S.D.N.Y. 1993) (same, surveying case law from multiple circuits).

### B.    Caisse and NAB mischaracterize *PepsiCo* as waiving the certification requirement.

Appellees mischaracterize *St. Paul Fire & Marine Ins. Co. v. PepsiCo, Inc.*, 884 F.2d 688 (2d Cir. 1989), to support their contention that "the Second Circuit has demonstrated flexibility in its interpretation of Rule 54(b) and does not insist upon an

express determination of 'no just reason for delay'" for the entry of judgment. Motion, page 11. *PepsiCo*, in fact, does Appellees no good.

*First*, neither *PepsiCo* nor any other Second Circuit case provides for a "flexible" reading of Rule 54(b)'s requirements. As the Court of Appeals said seven years after *PepsiCo*, and, as it has recently reaffirmed:

> Under Rule 54(b), an order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not a final judgment unless the district court makes an express determination that there is no just reason for delay and an express direction for the entry of judgment. Strict adherence to the certification requirements of Rule 54(b) has been our consistent view.

*Kahn v. Chase Manhattan Bank*, 91 F.3d 385, 387 (2d Cir. 1996) (internal quotes omitted), *cited with approval, Ibeto Petrochemical Indus. v. M/T Beffen*, 475 F.3d 56, 62 (2d Cir. 2007).

*Second*, to the extent *PepsiCo* permitted an exception to the requirements of Rule 54(b), that exception was built upon the presence in that case of express certification (albeit without explanation) -- made pursuant to a motion under Rule 54(b) for entry of judgment -- coupled with a "record reveal[ing] that the district court could easily provide acceptable reasons for the entry of judgment and the interest of sound judicial administration favor[ing] an expeditious resolution of the conflict presented." 884 F.2d at 693 (internal quotes omitted).

In this case, by stark contrast, there was no motion under Rule 54(b), no certification and no basis for an exception from the usual rule that appeals await resolution of all claims against all defendants.

*Third*, the adoption of any exception to the requirements of Rule 54(b) would be made *post hoc* and would result in the loss of Enron's right to appeal here -- clearly not what the *PepsiCo* court had in mind nor what long-standing policy favors. *See, e.g., Cipriano v. Houma*, 395 U.S. 701, 706, 89 S. Ct. 1897, 23 L. Ed. 2d 647 (1969) ("Where a decision of this Court could produce substantial inequitable results if applied

11

retroactively, there is ample basis in our cases for avoiding the injustice or hardship by a holding of nonretroactivity."); *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981) ("Defaults are not favored ... and doubts are to be resolved in favor of a trial on the merits."). Stated differently, if, as Appellees claim, and contrary to the overwhelming precedent set forth above, this case truly "present[s] a fact pattern without precedent in this Circuit ... and a matter of first impression," Motion, page 1, it would be plainly wrong to enunciate a new rule of appealability in order to default a party that abided by the clear weight of authority that mandated waiting to appeal until the trial court resolved all claims against all parties.

However, the real answer is grounded not in abstract policy, but sound precedent. If the Appellees wanted to start the clock on an appeal in August 2006, they could have sought certification under Rule 54(b) and, had they prevailed, there would have been notice to all concerned, including Enron, that it was necessary to appeal then or live with the result. Having failed to employ this procedure, the Appellees cannot -- and certainly ought not be able to -- argue what might have been in order to deprive Enron of its right of appeal.

**C.    Judge Gonzalez's determination that the June 2006 Order "shall be effective upon entry" cannot be construed as a Rule 54(b) certification of the August 2006 Judgment.**

Appellees contend that the Court's statement in its order of dismissal (Shimshak Decl., Exh. 15) that "this order shall take effect immediately upon its entry," Motion, page 13, amounts to an express Rule 54(b) finding that no just reason for delay exists for purposes of determining finality for appellate purposes and renders the judgment (Shimshak Decl., Exh. 16) entered two months later final. Appellees, however, point to no authority supporting the contention that a provision in an order that it "shall take effect immediately upon its entry" constitutes a certification under Rule 54(b). Although Enron concedes it is unclear what, if anything, the statement means, it is clear what it is not. It

is not an express determination that a final judgment should be entered immediately nor an explanation as to the rationale for such a determination and that should be sufficient to end the matter.

> The requirement in Rule 54(b) that the court make an express determination that there is no just reason for delaying the review of a judgment on fewer than all of the claims or involving fewer than all of the parties in an action eliminates any doubt whether an immediate appeal may be sought. Conversely, it makes clear when an appeal must be sought or the right to appeal will be lost, since the time for appeal begins to run from the entry of an order that meets the requirements of the rule. *If the court does not enter a Rule 54(b) order, the litigant knows that waiting until the disposition of the entire case before seeking an appeal will not lose the right to have the order reviewed.*

Wright, Miller & Kane, *supra*, § 2654 (emphasis added).

Appellees seek to bolster their claim of implicit Rule 54(b) certification by pointing to the provision of the order directing the Clerk to enter judgment of dismissal forthwith. Shimshak Decl., Exh. 15, ¶4. But of course Rule 54(b) on its face requires *both* "an express determination that there is no just reason for delay" *and* "an express direction for the entry of judgment." The Supreme Court has made crystal clear, both in the Rule and in its decisions interpreting the Rule, that the direction of entry of judgment alone is not sufficient to make a partial judgment appealable absent an express Rule 54(b) finding that was not made here. *Sears, Roebuck & Co. v. Mackey,* 351 U.S. at 435-36 (quoted *supra*, at page 9).

Further indicating that the ambiguous statement ought not be deemed the equivalent of a Rule 54(b) certification is that its inclusion was not the result of and did not follow a motion requesting a certification nor the submission of evidence in support thereof. Depriving Enron of a right to appeal upon such a slender and irrelevant reed would be both unprecedented and unfair.

**D.    Judge Gonzalez's striking of Rule 54(b) language in the 546(e) Order does not aid the Motion.**

In two footnotes -- *see* Motion, page 6, n. 5 & page 13, n. 10 -- Appellees appear to argue that the Bankruptcy Court's decision not to certify the judgment rendered in favor of other defendants (those who successfully asserted a settlement payments defense) means that the judgment in favor of Appellees (and presumably the Settlement Payment Defendants too) was final and appealable when entered.    Appellees speculate that the reason Judge Gonzalez declined to enter a Rule 54(b) certification is that he believed (as allegedly evidenced by language in his dismissal orders directing entry of final judgments as to certain of the defendants) that certification was unnecessary as he was disposing of the entire case.    But even Appellees concede -- as they must -- that no order or judgment had been entered against *all* of the defendants at the time the subject orders were entered.    Motion, page 13, n. 10 ("[I]n substance, the 546(e) and 550 Opinions granting the motions to dismiss together resolved all claims against all remaining defendants, *even if they did not technically dismiss the three remaining non-moving defendants*.") (emphasis added).    Appellees therefore are speculating that Judge Gonzalez issued a *sub silentio* ruling that no certification or explanation under Rule 54(b) was necessary, even though the Rule plainly applied in these circumstances. The language of Rule 54(b) and its jurisprudence preclude the speculation Appellees invite the Court to engage in here or the ambiguity they ask the Court to endorse. *See, e.g.,* cases cited at pages 9 & 13; *In re Pan Am Corp.,* 159 B.R. at 400 & n. 2 (requiring "strict compliance with Rule 54(b)," and dismissing appeal as the bankruptcy judge expressly declined to include certification language although requested to do so).

Of greater import, even if Judge Gonzalez believed he was entering either a final judgment or an appealable interlocutory judgment, such a belief would not be legally significant as both the final judgment rule and the certification requirements of Rule

54(b) are unambiguous.[4]  A defendant, Berkeley Capital, remained in the case as of the August 2006 judgments and there was no Rule 54(b) motion or order in this case. Implying either finality or certification under these circumstances is anathema to the clarity which Rule 54(b) is designed to foster.  Under Rule 54(b) and the cases interpreting it, either the trial court disposes of all the claims against all the defendants or it does not.  It either makes an express certification and provides reasons for it or it does not.  In such a regime, there exists no space for trying to interpret why different words, or no words, were used in an order or judgment that does not dispose of all claims against all defendants.  If there has been no express certification and claims remain unresolved, as here, what the trial court believes or what it intends is of no legal significance.  No appeal lies until all claims against all defendants are resolved.

### E.    Enron's decision to retain new counsel to prosecute this appeal when it became timely is irrelevant.

Caisse and NAB insinuate that Enron's decision to substitute new counsel to prosecute this appeal is somehow relevant to whether this Court should conclude that Enron should have prosecuted this appeal a year ago in the absence of a Rule 54(b) certification. Motion, pages 7-9 & 16-17.  Enron's exercise of its right to retain counsel of its choice has no bearing whatsoever on the proper disposition of these issues. Substitution of counsel neither excuses a late appeal nor condemns a timely one.  If the appeal is timely, it should be heard.  If it is untimely, it should not.

---

[4]    Additionally, inferring such a belief by Judge Gonzalez would, as we note above at pages 2-3, be at variance with Judge Gonzalez's careful adherence to Rule 54(b) in other cases.

Enron respectfully submits the appeal is timely (and meritorious), and requests the

Court deny the Motion, and direct the parties to brief the merits.

Dated:    New York, New York
          August 27, 2007

                              ENRON CREDITORS RECOVERY CORP.,
                              Reorganized Debtor,
                              By their Special Bankruptcy Litigation
                              Counsel
                              KLEE, TUCHIN, BOGDANOFF & STERN LLP
                              By:

                              /s/ David M. Stern
                              DAVID M. STERN (*Pro hac vice* pending)
                              1999 Avenue of the Stars, 39th Floor
                              Los Angeles, California 90067
                              Telephone: (310) 407-4000

                              --    and    --

                              VENABLE LLP
                              By:

                              /s/ Edward A. Smith
                              EDWARD A. SMITH (ES-2461)
                              The Chrysler Building
                              405 Lexington Avenue
                              New York, New York 10174
                              Telephone: (212) 307-5500

                              Attorneys for Plaintiff/Appellant
                              Enron Creditors Recovery Corp. f/k/a Enron Corp.