UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| -------------------------------------------------------: | Chapter 11 |
| In re:                                                  : | Case No. 01-16034 (AJG) |
| ENRON CREDITORS RECOVERY                    : | |
| CORP., *et al.*,                                       : | Jointly Administered |
| Reorganized Debtors  : | |
| -------------------------------------------------------X | Adv. Pro. No. 03-93370 (AJG) |
| ENRON CREDITORS RECOVERY                    : | |
| CORP.,                                                   : | **MEMORANDUM AND ORDER** |
| : | **DENYING MOTION TO DISMISS** |
| : | **APPEAL** |
| Appellant,   : | |
| : | |
| - against -                              : | |
| : | 07 Civ. 6597 (AKH) |
| : | |
| INTERNATIONAL FINANCE CORP.,         : | |
| *et al.*,                                                : | |
| Appellees.    : | |
| -------------------------------------------------------X | |

ALVIN K. HELLERSTEIN, UNITED STATES DISTRICT JUDGE:

   Appellees International Finance Corp., et al., have filed a motion to dismiss Appellant

Enron Creditors Recovery Corp. ("Enron") notice of appeal, pursuant to Fed. R. Bankr. Proc.

8002 and 8011 and Fed. R. Civ. Proc. 54(b).  Because Appellees have failed to demonstrate

that the appeal is in fact untimely, I deny the motion.

**I.  Facts**

   Since the merits itself of the underlying appeal are not being decided here, only the

barest recitation of facts is necessary. On Dec. 2, 2001, Enron filed for bankruptcy under

Chapter 11 of the Bankruptcy Code in the Bankruptcy Court of the Southern District of New

York.  In July 2004, the Bankruptcy Court entered an Order confirming the Debtors' Plan in

the underlying Chapter 11 cases, and the Plan went into effect on Nov. 17, 2004.

The original Complaint was filed by Enron, in an attempt to avoid and recover certain transfers (in the form of settlement payments) made to and for certain banking defendants that are not part of this appeal.

In particular, Enron sought to avoid completion of three sets of pre-bankruptcy cash transfers to these defendants, who had held some portion of about $300 million in CLO (Collateralized Loan Obligation) notes issued in December 1999 on behalf of an Enron affiliate. Enron alleged in the Complaint that the transfers took place when Enron was insolvent, that the transfers were not reasonably equivalent, and that the appellees, Caisse and National Australia Bank ("NAB"), were subsequent (rather than initial) transferees of several of the put payments executed.

Caisse and NAB eventually moved to dismiss the Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), in Bankruptcy Court in the Southern District of New York. At approximately the same time, the Bankruptcy Court heard the motions of six other defendants who sought to dismiss the Complaint on the basis that the transfers were protected under the "safe harbor" provision of section 546(e) of the Bankruptcy Code. Both motions were granted in Judge Gonzalez's memorandum opinion of May 2, 2006. The order dismissing the claims against Appellees was then entered on June 5, 2006. The final judgment resolving the entire adversary proceeding (including against the final defendant, Berkeley Capital) was not entered until June 18, 2007. Enron then filed its notice of appeal on June 22, 2007. Appellees now bring this motion to dismiss the appeal on the grounds that it is untimely.

## II.    Discussion

> A.    *Appellant's Appeal Is Timely Because There Was No Express Certification Under Fed. R. Civ. P. 54(b) and Final Judgment Was*

*Thereby Effective Only After Claims Against the Last Defendant Were Dismissed*

Appellees' claim that Judge Gonzalez's choice of language in issuing the 550 order simply addressed "Rule 54's timing element . . . in the affirmative" (Mtn. at 7) must be rejected:

> The requirement in Rule 54(b) that the court make an express determination that there is no just reason for delaying the review of a judgment on fewer than all of the claims or involving fewer than all of the parties in an action eliminates any doubt whether an immediate appeal may be sought. . . [a]s stated by one court, 'if it does choose to enter such a final order, [the court] must do so in a definite, unmistakable manner.'

(Wright, Miller & Kane, 10 Fed. Prac. & Proc. Civ.3d § 2654 (2007))

Despite appellees' protestations to the contrary, Judge Gonzalez could have certified his judgment per Rule 54(b) – but crystallized his intention not to, by deleting the Rule 54(b) language from appellees' proposed order. The case law in the Second Circuit and elsewhere emphasizes the fact that the entry of a judgment unaccompanied by the statutory formulaic language required by Rule 54(b), as well as a "reasoned explanation" for the decision, is an insufficient basis for finding that a final judgment has been certified under Rule 54(b). See, e.g.,HBE Leasing Corp. v. Frank, 48 F.3d 623, 631 (2d Cir. 1995) (holding that an abuse of discretion by the trial court existed where entry of judgment had only the "mere repetition" of Rule 54(b)'s statutory language but no explanation for the decision); In re Chateaugay Corp., 928 F.2d 63, 64 (2d Cir. 1991) (same); see also Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 451 (1956) (holding that in order to issue an otherwise interlocutory order, the trial court must make both the express determination that there is no just reason for delay and an express direction for the entry of judgment, so that a party affected by a final decision knows time for appeal will begin running until such certification has been made).

### III.    Conclusion

Based on the foregoing, I hold that the June 15, 2006 entry of judgment against

Appellees in the Bankruptcy Court of the Southern District of New York was not certified

per Rule 54(b), and that the clock for an appeal began running only after claims against all

defendants were disposed of.  Accordingly, oral arguments on this motion are cancelled and I

direct the parties to submit a briefing schedule to me on the merits of the appeal itself.


SO ORDERED.

Dated:  New York, New York
        October 4, 2007

                                        ALVIN K. HELLERSTEIN
                                        United States District Judge