UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>ENRON CREDITORS RECOVERY CORP., *et al.*,<br><br>        Reorganized Debtors. | Chapter 11<br>Case No. 01-16034 (AJG)<br><br>Jointly Administered |
| ENRON CREDITORS RECOVERY CORP.,<br><br>        Appellant,<br><br>        v.<br><br>INTERNATIONAL FINANCE CORP., *et al.*,<br><br>        Appellees. | Adv. Pro. No. 03-93370 (AJG)<br><br>District Court<br>Case No. 07-06597 (AKH)<br><br>ORAL ARGUMENT REQUESTED |

## MEMORANDUM OF LAW IN SUPPORT OF
## APPELLEES' MOTION FOR RECONSIDERATION

Stephen J. Shimshak (SS-8822)
Douglas R. Davis (DD-0874)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000

Attorneys for Appellees
Caisse de Dépôt et Placement du Québec
and National Australia Bank
Dated: October 19, 2007

Doc#: US1:5086181v4

## Table of Contents

**Page**

Table of Authorities ...................................................................................................ii

Preliminary Statement ............................................................................................ 1

Statement of Facts.................................................................................................. 4

Argument................................................................................................................ 6

I. THE COURT DENIED THE MOTION TO DISMISS BASED ON A MISUNDERSTANDING OF THE RECORD ...................................................... 6

II. ENRON'S UNTIMELY APPEAL DEPRIVES THIS COURT OF SUBJECT-MATTER JURISDICTION........................................................................... 8

    A.    Rule 58 and the Separate Document Rule.................................. 8

    B.    The *Lindsay* Decision............................................................ 11

    C.    The Authorities on Which the Court and Enron Rely.............................. 13

Conclusion............................................................................................................ 15

## Table of Authorities

**Page(s)**

### FEDERAL CASES

*A-1 Amusement Co., Inc.* v. *United States*,
    15 Fed. Appx. 777, 781 (Fed. Cir. 2001) ............................................................ 12

*Ades-Berg Investors* v. *Breeden (In re Bennett Funding Group, Inc.)*,
    439 F.3d 155 (2d Cir. 2006) .................................................................................. 12

*Ansam Associates, Inc.* v. *Cola Petroleum, Ltd.*,
    760 F.2d 442 (2d Cir. 1985) .......................................................................... 11, 13

*Arbaugh* v. *Y & H Corp.*,
    546 U.S. 500 (2006) ............................................................................................... 1

*Bankers' Trust Co.* v. *Mallis*,
    435 U.S. 381 (1978) ............................................................................................... 9

*Bowles* v. *Russell*,
    551 U.S.___, 127 S. Ct. 2360 (2007) .............................................................. 8, 11

*Citizens Accord, Inc.* v. *Town of Rochester*,
    235 F.3d 126 (2d Cir. 2000) ................................................................................. 14

*Cooper* v. *Town of East Hampton*,
    83 F.3d 31 (2d Cir. 1996) ............................................................................ 8, 9, 11

*Enron Corp.* v. *Int'l Fin. Corp., et al. (In re Enron Corp., et al.)*,
    341 B.R. 451 (Bankr. S.D.N.Y. 2006) .............................................................. 2, 5

*Enron Corp.* v. *Int'l Fin. Corp., et al. (In re Enron Corp., et al.)*,
    343 B.R. 75 (Bankr. S.D.N.Y. 2006) ............................................................... 2, 4

*Enron Creditors Recovery Corp.* v. *Int'l Fin. Corp., et al.*
    *(In re Enron Creditors Recovery Corp., et al.)*,
    No. 07 Civ. 6597 (AKH), 2007 WL 2962336 (S.D.N.Y. Oct. 10, 2007) ....... 1, 2, 6

*Ernst & Young* v. *Bankr. Servs., Inc. (In re CBI Holding Co., Inc.)*,
    318 B.R. 761 (S.D.N.Y. 2004) ......................................................................... 1, 3

*FDIC* v. *Tripati*,
    769 F.2d 507 (8th Cir. 1985) ................................................................................. 9

Doc#: US1:5086181v4

**Page(s)**

*Granack* v. *Continental Cas. Co.*,
    977 F.2d 1143 (7th Cir. 1992).............................................................................. 9

*HBE Leasing Corp.* v. *Frank*,
    48 F.3d 623 (2d Cir. 1995)................................................................................ 14

*Ibeto Petrochem. Indus. Ltd.* v. *M/T Beffen*,
    475 F.3d 56 (2d Cir. 2007).............................................................................. 14

*Kahn* v. *Chase Manhattan Bank, N.A.*,
    91 F.3d 385 (2d Cir. 1996).............................................................................. 14

*Lindsay* v. *Beneficial Reins. Co.*,
    59 F.3d 942 (9th Cir. 1995) ................................................................... 3, 11-13

*LTV Steel Co., Inc.* v. *United Mine Workers of Am. (In re Chateaugay Corp.)*,
    922 F.2d 86 (2d Cir. 1990)............................................................................... 14

*LTV Steel Co., Inc.* v. *United Mine Workers of Am. (In re Chateaugay Corp.)*,
    928 F.2d 63 (2d Cir. 1991).............................................................................. 14

*Lyndonville Sav. Bank & Trust Co.* v. *Lussier*,
    211 F.3d 697 (2d Cir. 2000)............................................................................. 1

*Page* v. *Preisser*,
    585 F.2d 336 (8th Cir. 1978).............................................................................. 9

*RMM Records & Video Corp.* v. *Universal Music & Video Distrib. Co.*
    *(In re RMM Records & Video Corp.)*,
    372 B.R. 603 (Bankr. S.D.N.Y. 2007)......................................................... 10-11

*Sears, Roebuck & Co.* v. *Mackey*,
    351 U.S. 427 (1956) ................................................................................ 10, 14

*Shrader* v. *CSX Transp., Inc.*,
    70 F.3d 255 (2d Cir. 1995).............................................................................. 1

*Siemon* v. *Emigrant Sav. Bank(In re Siemon)*,
    421 F.3d 167 (2d Cir. 2005).............................................................................. 8

*St. Paul Fire & Marine Ins. Co.* v. *PepsiCo, Inc.*,
    884 F.2d 688 (2d Cir. 1989)......................................................................... 7, 11

*State Farm Mut. Auto. Ins. Co.* v. *Wilkins*,
    No. 05-20934, 2007 WL 2186274 (5th Cir. Jul. 30, 2007) ................................. 12

Doc#: US1:5086181v4

**Page(s)**

*United States* v. *Indrelunas*,
  411 U.S. 216 (1973) ............................................................................... 8, 11

*Violette* v. *Armonk Assocs., L.P.*,
  823 F. Supp. 224 (S.D.N.Y. 1993) .................................................... 1

*Willhauck* v. *Halpin (Willhauck I)*,
  919 F.2d 788 (1st Cir. 1990) .............................................................. 9

*Willhauck* v. *Halpin*,
  953 F.2d 698 (1st Cir. 1991) .............................................................. 9

## FEDERAL STATUTES

28 U.S.C. § 158(c)(2) ............................................................................... 8

28 U.S.C. § 1291 ..................................................................................... 10

## FEDERAL RULES

Fed. R. Bankr. P. 7054 .......................................................................... 4

Fed. R. Bankr. P. 8002 .................................................................... 8, 12

Fed. R. Bankr. P. 9021 .................................................................... 4, 8

Fed. R. Civ. P. 12(h)(3) ........................................................................ 1

Fed. R. Civ. P. 54(a) .............................................................................. 9

Fed. R. Civ. P. 54(b) ................................................................. 9, 10, 13

Fed. R. Civ. P. 58 ........................................................................... 4, 8, 9

Fed. R. Civ. P. 62(h) ............................................................................ 10

## APPELLATE BRIEFS

Appellant's Brief, *Citizens Accord, Inc.* v. *Town of Rochester, N.Y.*,
235 F.3d 126, No. 00-7693 (2d Cir. Aug. 28, 2000),
*available at* 2000 WL 33989300 ...................................................... 14

Brief for Respondent-Appellant Clemence Frank, *HBE Leasing Corp.* v. *Frank*,
48 F.3d 623, No. 93-9263 (2d Cir. Apr. 4, 1994),
*available at* 1994 WL 16056972 ...................................................... 14

Doc#: US1:5086181v4

Caisse de Dépôt et Placement du Québec ("Caisse") and National Australia Bank ("NAB," and, together with Caisse, the "Appellees") respectfully submit this memorandum of law in support of their motion for reconsideration of the Memorandum and Order Denying Motion to Dismiss Appeal entered October 10, 2007 (the "Opinion").

## **Preliminary Statement**

Appellees seek reconsideration of the Opinion under Local Civil Rule 6.3.[1] They do so because the Opinion manifests a misunderstanding of the dispositive facts and because of that misunderstanding, does not address the baseline issue of this Court's subject matter jurisdiction -- a non-waivable prerequisite to entertaining this appeal. *Arbaugh* v. *Y & H Corp.*, 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction … may be raised by a party, or by a court on its own initiative, at any stage in the litigation …"); *Lyndonville Sav. Bank & Trust Co.* v. *Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000); Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

The Opinion contains two crucial factual errors on which this Court relied. First, the Opinion notes that Judge Gonzalez "crystallized his intention" not to certify the order concerning the dismissal of Enron's claims against Appellees by deleting certain

---

[1]    Pursuant to Local Civil Rule 6.3, a party may serve a notice of motion for reconsideration or reargument within ten days of the entry of the court's determination of the original motion.  A court may grant such a motion when it has overlooked dispositive facts or controlling law in reaching its decision.  *Shrader* v. *CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Ernst & Young* v. *Bankr. Servs., Inc. (In re CBI Holding Co., Inc.)*, 318 B.R. 761, 763-65 (S.D.N.Y. 2004) (reconsidering factual record to determine that there was no need for a jury trial); *Violette* v. *Armonk Assocs., L.P.*, 823 F. Supp. 224, 226 (S.D.N.Y. 1993) (granting motion to reargue where plaintiffs advanced a theory not previously considered by the court concerning the proper interpretation of a case cited extensively in the earlier opinion).

"Rule 54(b) language" from Appellees' proposed order. *Enron Creditors Recovery Corp.* v. *Int'l Fin. Corp., et al. (In re Enron Creditors Recovery Corp., et al.)*, No. 07 Civ. 6597 (AKH), 2007 WL 2962336, at *2 (S.D.N.Y. Oct. 10, 2007). That conclusion is incorrect. The deleted "Rule 54(b) language" to which the Opinion refers involved a proposed order submitted on May 15, 2006 (the "May 15 Proposed Order") by a *separate* group of defendants (the "546(e) Defendants"), which moved to dismiss on grounds wholly unrelated to those asserted by Appellees; the 546(e) Defendants prevailed in their motion to dismiss pursuant to Section 546(e) of the Bankruptcy Code for the reasons explained in an opinion dated May 2, 2006 (the "546(e) Opinion").

The record shows that the 546(e) Defendants had submitted the May 15 Proposed Order three days before Judge Gonzalez even issued an opinion (the "550 Opinion") announcing his decision in favor of Appellees. The May 15 Proposed Order had nothing to do with Appellees.

Second, the Opinion states "that the June 15, 2006 entry of judgment against Appellees … was not certified per Rule 54(b)." *Enron Creditors Recovery Corp.*, 2007 WL 2962336, at *2. There was not, however, any June 15, 2006 entry of judgment *against* Appellees; again, the order issued June 15, 2006 (the "June 15 Order") pertained to the 546(e) Defendants, not to Appellees.

The Opinion's references to the May 15 Proposed Order and the June 15 Order suggest that the Court confused the Appellees with the 546(e) Defendants in reaching its decision; it also suggests that this Court did not focus on the unambiguous language of Judge Gonzalez's June 5, 2006 order (the "7054 Order") which *did* pertain to Appellees. In his 7054 Order, Judge Gonzalez unquestionably "crystallized his intention" that the Clerk

enter an immediate *final* judgment in favor of Appellees pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") 7054 and 9021.  Pursuant to the direction of the 7054 Order, the Clerk entered that judgment on August 9, 2006 (the "August 9 Judgment").

These factual errors in the Opinion are clear and incontrovertible.  What matters, of course, is the consequence of these errors.  The consequence is also clear: Enron's decision not to appeal from the 7054 Order, designated as final, and the August 9 Judgment, directed as final, deprives this Court of subject-matter jurisdiction to entertain Enron's objections to the purported infirmities of the 7054 Order.[2]  The timely filing of a notice of appeal is a jurisdictional prerequisite; a judgment becomes final and enforceable once the time to appeal has run.  Judge Gonzalez unequivocally directed separate entry of a final judgment pursuant to Bankruptcy Rule 9021, and Enron cannot simply bypass the gating item of a timely appeal if it wished to challenge the propriety of the 7054 Order and the August 9 Judgment.  Indeed, no reported Second Circuit decision has ever held that a plaintiff that failed to appeal from an order that dismissed defendants in their entirety, directed immediate entry of final judgment pursuant to Rules 54 and 58, and mandated that the order "take effect immediately upon [such] entry," somehow preserved the right to later appeal.  (7054 Order, Shimshak Decl., Ex. 15.)

---

[2]   By letter dated October 4, 2007 (the "October 4 Letter"), Appellees called this Court's attention to *Lindsay* v. *Beneficial Reinsurance Co.*, 59 F.3d 942, 951 (9th Cir. 1995), which places the exercise of subject-matter jurisdiction here in serious doubt.  The Appellees also raised the contention of lack of subject-matter jurisdiction over this appeal in Appellees' Memorandum of Law in Support of Their Motion to Dismiss Appeal.  (Appellees' Mem. Supp. Mot. Dismiss 9-11.)

If Appellees' Memorandum of Law in Support of Their Motion to Dismiss Appeal and October 4 Letter did not adequately address subject-matter jurisdiction, Appellees amplify that argument here, as they may.  *See Ernst & Young*, 318 B.R. at 767 n.8 (considering case law that was introduced for the first time in a motion for rehearing, where it pertained to the court's subject-matter jurisdiction).

Doc#: US1:5086181v4

To the contrary, Enron's sole means to challenge the underlying order and judgment was to file a timely appeal from the order and judgment designated as final pursuant to Rules 7054 and 9021, however infirm Enron thought the Rule 7054 designation might be.[3]  Accordingly, Appellees respectfully request that this Court vacate the Opinion, restore Appellees' Motion to Dismiss Enron's Appeal, and grant that Motion.

### Statement of Facts

On June 22, 2007, after nearly ten months of total inactivity in the underlying adversary proceeding, over twelve months after the entry of an order directing the Clerk to enter final judgment in Appellees' favor, and over ten months after the Clerk's separate entry of final judgment pursuant to that order, Enron filed a notice of appeal.  (*See generally* Appellees' Mem. Supp. Mot. Dismiss 6-9.)

On May 18, 2006, Judge Gonzalez issued the 550 Opinion setting forth his reasons for granting Appellees' motions to dismiss.  (550 Opinion, Shimshak Decl., Ex. 14 (*Enron Corp.* v. *Int'l Fin. Corp., et al. (In re Enron Corp., et al.)*, 343 B.R. 75 (Bankr. S.D.N.Y. 2006)).)  By the 7054 Order dated June 5, 2006, which Judge Gonzalez recited "shall take effect immediately upon its entry," Judge Gonzalez directed the Clerk of the Bankruptcy Court (the "Clerk") to enter final judgment pursuant to Bankruptcy Rules 7054 and 9021. (7054 Order, Shimshak Decl., Ex. 15.)  These Bankruptcy Rules correspond to Federal Rules of Civil Procedure 54 ("Rule 54") and 58 ("Rule 58"), respectively. *See* Fed. R. Bankr. P. 7054;  Fed. R. Bankr. P. 9021.

---

[3]    For the reasons set forth in their Memorandum of Law in Support of Their Motion to Dismiss Appeal, Appellees do not concede any infirmities in the 7054 Order and the August 9 Judgment.  (*See, e.g.*, Appellees' Mem. Supp. Mot. Dismiss 11-16.)

Doc#: US1:5086181v4

Enron did not object to the form of the 7054 Order, it did not seek to modify the 7054 Order, and it did not seek immediate appeal from the 7054 Order. Pursuant to the terms of the 7054 Order, on August 9, 2006, the Clerk entered the final judgment that Judge Gonzalez had directed in Appellees' favor, the August 9 Judgment. (August 9 Judgment, Shimshak Decl., Ex. 16.) The operative provisions of the August 9 Judgment are identical to those from which Enron purports to appeal. (*Compare id.*; *with* Shimshak Decl., Ex. 24.) After Appellees' dismissal from the adversary proceeding, and defendant Dexia's separate dismissal described below, none of the five defendants (the "Put Payment Defendants") listed on Exhibit 3 of Enron's November 20, 2003 complaint (the "Complaint") remained in the case. (Complaint Ex. 3, Shimshak Decl., Ex. 1; Shimshak Decl., Exs. 3, 13, 17, 18.)

The Bankruptcy Court had also considered motions to dismiss brought by a different group of defendants, the 546(e) Defendants, identified along with certain other co-defendants (the "Transferee Defendants") listed primarily in Exhibits 1 and 2 of the Complaint.[4] (Complaint Exs. 1-2, Shimshak Decl., Ex. 1.) On May 2, 2006, Judge Gonzalez issued the separate 546(e) Opinion setting forth his reasons for granting the 546(e) Defendants' motions to dismiss. (546(e) Opinion, Shimshak Decl. Ex. 10 (*Enron Corp.* v. *Int'l Fin. Corp., et al. (In re Enron Corp., et al.)*, 341 B.R. 451 (Bankr. S.D.N.Y. 2006)).) Unlike the situation with the Put Payment Defendants, a single Transferee Defendant, Berkeley Capital Management, LLC ("Berkeley"), remained in the adversary proceeding following the entry of the June 15 Order. (Shimshak Decl., Ex. 19.) Berkeley was a

---

[4]  Defendant Dexia Bank ("Dexia"), f/k/a Artesia Banking Corporation N.V., listed in Exhibit 3 of the Complaint, filed a motion to dismiss under 546(e). (Complaint Ex. 3, Shimshak Decl., Ex. 1; Dexia's Mot. Dismiss. Adv. Compl., Shimshak Decl., Ex. 4.) Judge Gonzalez granted this motion for the reasons given in the 546(e) Opinion, with judgment entered on August 9, 2006. (Shimshak Decl., Exs. 10, 11, 13.)

Doc#: US1:5086181v4

Transferee Defendant and not a Put Payment Defendant. (Complaint Ex. 1, Shimshak Decl., Ex. 1.) No Transferee Defendant is involved in the present appeal.

The form of the May 15 Proposed Order, again, unrelated to Appellees, included a finding of "no just reason for delay." (May 15 Proposed Order, Shimshak Decl., Ex. 12.) In his June 15 Order, Judge Gonzalez modified the May 15 Proposed Order, deleting the "no just reason for delay" language presumably because Berkeley remained as a Transferee Defendant. (June 15 Order, Shimshak Decl., Ex. 11.) Noticeably, the June 15 Order unrelated to the Appellees did not contain any reference to Bankruptcy Rule 9021. (*Id.*) Pursuant to the June 15 Order, the Clerk entered a separate judgment on August 9, 2006, dismissing the 546(e) Defendants with prejudice. (Shimshak Decl., Ex. 13.)

<u>Argument</u>

**I.**

**THE COURT DENIED THE MOTION TO DISMISS**
**BASED ON A MISUNDERSTANDING OF THE RECORD**

The Opinion twice conflates the facts pertaining to the Appellees' 7054 Order with those pertaining to the 546(e) Defendants and the June 15 Order. <u>First</u>, the Opinion states that "Judge Gonzalez could have certified his judgment per Rule 54(b) -- but crystallized his intention not to, *by deleting the Rule 54(b) language from appellees' proposed order.*" *Enron Creditors Recovery Corp.*, 2007 WL 2962336, at *2 (emphasis supplied). This finding is incorrect. The Bankruptcy Court deleted the "Rule 54(b) language" referred to in the Opinion from the earlier May 15 Proposed Order submitted by the 546(e) Defendants three days before the Bankruptcy Court even issued the 550 Opinion. The Opinion also "hold[s] that the June 15, 2006 entry of judgment against Appellees … was not certified per Rule 54(b)." *Id.* There was, however, no such June 15, 2006 entry of

Doc#: US1:5086181v4

judgment against Appellees; the order entered June 15, 2006 pertained exclusively to the 546(e) Defendants.

Consideration of the 7054 Order and August 9 Judgment entered in respect of that Order that involved Appellees, rather than the court documents that involved the 546(e) Defendants, shows Judge Gonzalez's unmistakable intent to order the Clerk to enter a final judgment dismissing Appellees from the Adversary Proceeding. The 7054 Order expressly directed that: "The motions to dismiss by [Caisse] and NAB be, and hereby are, GRANTED; **[a]ll claims** in this adversary proceeding against [Caisse] and NAB, be and hereby are, **dismissed with prejudice**; … this order shall **take effect immediately upon its entry**; and … **pursuant to Fed. R. Bankr. P. 7054 and Fed. R. Bankr. P. 9021**, the Clerk of this Court is **directed to enter forthwith a final judgment dismissing** this adversary proceeding **with prejudice as to [Caisse] and NAB**."[5] (7054 Order, Shimshak Decl., Ex. 15 (emphasis supplied).)

As the succeeding argument explains, subject-matter jurisdiction here rests not on whether the 7054 Order mechanically recited the language of Rule 54(b), but on whether Enron, by failing to appeal within ten days of the separate entry of the August 9 Judgment pursuant to Bankruptcy Rules 7054 and 9021, waived its right to challenge, on any grounds, including under Rule 54(b), the underlying order and judgment designated as final. Enron did waive its right to appeal, and as a result, this Court lacks subject matter jurisdiction over Enron's appeal.

---

[5]  *Compare St. Paul Fire & Marine Ins. Co.* v. *PepsiCo, Inc.*, 884 F.2d 688 (2d Cir. 1989) (omission of express finding of no just reason for delay is not a jurisdictional defect), *discussed in* Appellees' Mem. Supp. Mot. Dismiss 11-13.

Doc#: US1:5086181v4

## II.

### ENRON'S UNTIMELY APPEAL DEPRIVES
### THIS COURT OF SUBJECT-MATTER JURISDICTION

#### A.    Rule 58 and the Separate Document Rule

28 U.S.C. § 158(c)(2), which incorporates Bankruptcy Rule 8002, provides that appeals from "final judgments, orders, and decrees" must be taken within ten days from the date of entry of the judgment, order, or decree appealed from.  Enron had to comply with the statute governing the time for appeal to invoke this Court's subject-matter jurisdiction.  *See Bowles* v. *Russell*, 551 U.S.___, 127 S. Ct. 2360 (2007) ("the timely filing of a notice of appeal in a civil case is a jurisdictional requirement" where the period to appeal is provided by statute); *Siemon* v. *Emigrant Sav. Bank (In re Siemon)*, 421 F.3d 167, 169 (2d Cir. 2005) (per curiam) (failure to comply with Bankruptcy Rule 8002 deprives a district court of jurisdiction to hear an appeal).

Judge Gonzalez directed entry of a final judgment pursuant to Bankruptcy Rule 9021, which incorporates Rule 58, also known as the "separate document rule."  *See* Fed. R. Bankr. P. 9021; Fed. R. Civ. P. 58.  The Clerk's entry of a final judgment pursuant to the 7054 Order and in compliance with Rule 9021 eliminated any doubt as to when the judgment became effective and the time to appeal started to run.  *See United States* v. *Indrelunas*, 411 U.S. 216, 221 (1973) (per curiam) (noting that Rule 58's separate document requirement provides certainty as to when a judgment has been rendered and becomes effective); *Cooper* v. *Town of East Hampton*, 83 F.3d 31, 34-35 (2d Cir. 1996) (holding that the time to appeal from an order directing entry of final judgment pursuant to Rule 54(b)

commenced upon separate entry of the judgment pursuant to Rule 58, without deciding whether the certification was indeed proper).[6]

Rule 54 does not operate as some kind of asterisk on the effect of Rule 58. Rule 58 was amended in December 2002 to clarify that it operates "subject to Rule 54(b)" in only two circumstances, neither of which applies here. *See* Fed. R. Civ. P. 58(a)(2). The Second Circuit has even held that Rule 54(a) does not exempt decrees or orders entered under Rule 54(b) from the other provisions in the Rules of Civil Procedure, including the separate document requirement of Rule 58. *Cooper*, 83 F.3d at 35.[7] If Rule 54(b) were intended to override Rule 58, the drafters could have unambiguously included "judgments"

---

[6]   Some circuits have addressed the time limits on appealing a deficient Rule 54(b) *order* without examining the appealability of Rule 58 final judgment entered pursuant to a defective order. *Compare Granack* v. *Continental Cas. Co.*, 977 F.2d 1143, 1144-45 (7th Cir. 1992) (holding that a defective Rule 54(b) order need not be appealed, where there was no evidence that separate Rule 58 final judgment had been entered pursuant to the certification order); *Page* v. *Preisser*, 585 F.2d 336, 338 (8th Cir. 1978) (same); *and FDIC* v. *Tripati*, 769 F.2d 507, 508 (8th Cir. 1985) (citing *Page* with approval, while holding that certification was proper and that the time to appeal had lapsed). If the timeliness of appeal turned on the propriety of the 54(b) certification even where it was obvious that Rule 58's separate entry requirement had not been satisfied, it can only be because the courts had either not considered the influence of Rule 58 on Rule 54(b), or had rejected that theory. Either way, such reasoning is inconsistent with Second Circuit precedent. *Compare Cooper* v. *Town of East Hampton*, 83 F.3d 31, 34-35 (2d Cir. 1996).

[7]   Before its amendment, Rule 58 commenced with the phrase "[s]ubject to the provisions of Rule 54(b)" -- suggesting that final judgments entered in violation of Rule 54(b) would be ineffective, despite otherwise complying with Rule 58. *See* Fed. R. Civ. P. 58, 435 U.S. 381 (1978) (repealed 1993, 2002). Though at least one circuit has displayed a willingness to entertain an untimely challenge to an order purportedly certified under Rule 54(b) even where a separate judgment was entered, its persuasive value must be reexamined in light of the 2002 amendment, which clarified the limited effect of Rule 54 on Rule 58. *See Willhauck* v. *Halpin (Willhauck I)*, 919 F.2d 788, 793 (1st Cir. 1990) (treating compliance with Rule 54(b) as an independent requirement because "Rule 58 states that it is '[s]ubject to the provisions of Rule 54(b)'"); *Willhauck* v. *Halpin*, 953 F.2d 698, 702 (1st Cir. 1991) (following *Willhauck I*).

Doc#: US1:5086181v4

in the sentence describing the finality of "any order or other form of decision." Fed. R. Civ. P. 54(b). The omission suggests that the phrase "form of decision" includes only those judicial acts that convey even less formality than an order -- for example, an opinion, an oral pronouncement, or a minute order. Reference in the 7054 Order to Bankruptcy Rules 7054 *and* 9021 demonstrated Judge Gonzalez's clear intention to direct the Clerk to enter immediately a final judgment in favor of Appellees, and entry of the August 9 Judgment started the appellate clock running. Conspicuously, the June 15 Order that the Opinion erroneously attributes to the Appellees *did not* include any direction to enter any judgment under Bankruptcy Rule 9021.

Extending Enron's view -- that a party may consciously disregard the court's direction to enter final judgment under Rules 7054 and 9012 -- to its logical conclusion would produce untenable results: if a Rule 54 order and subsequent judgment were not a "final decision" for purposes of appeal, then no appellate court would have jurisdiction to review the propriety of the Rule 54 certification itself during the pendency of an ongoing proceeding. *See* 28 U.S.C. § 1291. Yet clearly courts do so. *See, e.g.*, *Sears, Roebuck & Co.* v. *Mackey*, 351 U.S. 427 (1956) (reviewing a Rule 54(b) certification while two of four claims remained pending). Indeed, to treat an order and judgment ostensibly entered pursuant to Rule 54(b) and a judgment directed as final under Rule 58 as other than final would undermine the enforcement of such judgments by courts in other jurisdictions until the opportunity for direct review of all of the remaining claims had expired. The very existence of Rule 62(h), by providing that a court may stay enforcement of an order entered pursuant to Rule 54(b), proves that absent such a stay, such orders remain immediately enforceable. *See* Fed. R. Civ. P. 62(h); *see also RMM Records & Video Corp.* v. *Universal Music &*

*Video Distrib. Co. (In re RMM Records & Video Corp.)*, 372 B.R. 603, 618 (Bankr. S.D.N.Y. 2007) (directing entry of final judgment pursuant to Rule 54(b) and staying enforcement of the judgment under Rule 62(h)).

If Enron had wanted to challenge Judge Gonzalez's 7054 Order -- which unquestionably alerted Enron to the Bankruptcy Court's invocation of Rule 7054 (*Ansam Associates, Inc.* v. *Cola Petroleum, Ltd.*, 760 F.2d 442, 446 (2d Cir. 1985)), where the basis for certification was patently clear from the record which disposed of all claims against the Put Payment Defendants in a fashion that the Bankruptcy Court regarded as final and directed to be final through the entry of a final judgment (*St. Paul Fire & Marine Ins. Co.* v. *PepsiCo, Inc.*, 884 F.2d 688, 693-94 (2d Cir. 1989)), and pursuant to which the Clerk did promptly enter final judgment -- it had to appeal within ten days, if not from the separate entry of the 7054 Order, then certainly from the entry of the August 9 Judgment. *Cooper*, 83 F.3d at 34. Enron had no ability to decide for itself to postpone that decision for ten months.

Purported lack of compliance with Rule 54 cannot be a basis for challenging a Rule 58 judgment entered *pursuant* to -- not subject to -- Rule 54. The judgment was "effective" when it was separately entered on August 9, 2006 (*Indrelunas*, 411 U.S. at 221), and became final on August 21, 2006, when the statutory time for filing notice of appeal had passed. *Bowles*, 127 S. Ct. 2360.

### B.    The *Lindsay* Decision

In citing to *Lindsay*, Appellees identified what may be the only published circuit precedent consistent with *Bowles* and the effect of a rule like Rule 58, and which dealt with circumstances comparable to those here. In *Lindsay*, the bankruptcy court had issued a decision and order granting summary judgment for the defendant and appellee, stating that "'the Order shall be entered as judgment' as to claims 1, 4, 5, 6 and 7, and that 'there is no

11

just reason for delaying entry of judgment.'"  *Lindsay* v. *Beneficial Reins. Co.*, 59 F.3d 942, 951 (9th Cir. 1995), *cert. denied* 516 U.S. 1074 (1996).  The debtors then filed an unsuccessful Rule 59 motion for reconsideration, with its denial starting the appeal time to run.  *Id.* (citing Fed. R. Bankr. P. 8002(b)).  They waited seven months from the denial of the motion for reconsideration to file a notice of appeal to the District Court.  *Id.*  The District Court determined that the bankruptcy court had erred in certifying the judgment by omitting any findings from its order.  *Id.*

The Ninth Circuit confirmed the deficiencies in the form of the underlying order, but nevertheless held that it lacked jurisdiction to entertain the appeal:  "A Rule 54(b) determination, right or wrong, starts the time for appeal running."  *Id.*  Because the time to reverse the 54(b) order had expired ten days after the denial of the motion for reconsideration, the Court of Appeals found itself without jurisdiction to consider an appeal from the final, albeit defective, order.  *Id.* at 952.  *See also State Farm Mut. Auto. Ins. Co.* v. *Wilkins*, No. 05-20934, 2007 WL 2186274, at *3 (5th Cir. Jul. 30, 2007) (unpublished slip. op.) (when "[the bankruptcy court's] opinion denying the motion for a new trial referred to the underlying decision as a 'Final Judgment' … any dispute … with that decision, including any under Bankruptcy Rule 7054, should have been raised in a properly filed appeal to the district court"); *A-1 Amusement Co., Inc.* v. *United States*, 15 Fed. Appx. 777, 781 (Fed. Cir. 2001) (same); *cf. Ades-Berg Investors* v. *Breeden (In re Bennett Funding Group, Inc.)*, 439 F.3d 155, 161 (2d Cir. 2006) (holding that nonconformity of the Bankruptcy Rule 9019 order approving compromise and settlement with the stipulated form of judgment "may be a valid ground on which to challenge the provisions of the [order], but [was] wholly irrelevant to the finality of that [o]rder," which "plainly authorized the [t]rustee to enter into the

[a]greement"). These decisions all make the same point: if a party believes that a lower court improperly designated an order or judgment as final, it must file a timely appeal from *that order or judgment* to pursue that challenge; if it chooses not to do so, it waives its appeal.

In *Ansam*, the Second Circuit brushed up against a version of this issue. There, the Second Circuit declined to penalize an appellant for failing to take an immediate appeal where the order did not even cite Rule 54(b) and provided no evidence of the judge's intent to "alert the parties to the invocation of Rule 54(b)." *Ansam*, 760 F.2d at 446. *Ansam* thus suggests inferentially that where an order and judgment *do* "alert the parties to invocation of Rule 54(b)" -- clearly the case here -- a timely appeal must follow.

At a fundamental level, the outcome in *Lindsay* and the suggestion implicit in *Ansam* reinforce the basic structure of Rule 54, which contemplates only two alternatives: either (1) the court certifies an order for immediate appeal or for entry of final judgment and the losing party appeals the order notwithstanding that final judgment has yet to be entered; or (2) the court declines to certify the order for immediate appeal or for entry of final judgment, leaving the order or decision subject to revision at any time before the entry of judgment adjudicating all the claims, rights, and liabilities of all the parties. Nowhere does Rule 54 provide that a 54(b) or 7054 determination (however supposedly flawed), followed thereafter by a final judgment separately entered by the clerk of the court in compliance with Rule 58 or Bankruptcy Rule 9021, remains susceptible of reversal for months or even years.

## C.    The Authorities on Which the Court and Enron Rely

Viewed through the prism of subject matter jurisdiction, the authorities cited by Enron and noted in the Opinion do not alter the force of these basic principles. In each case, compliance with Rule 54(b) was examined during an appeal filed promptly after the

entry of the order or judgment under review.  *See HBE Leasing Corp.* v. *Frank*, 48 F.3d 623 (2d Cir. 1995) (notice of appeal from judgment was filed one day after judgment was entered, Brief for Respondent-Appellant Clemence Frank, *HBE Leasing*, 48 F.3d 623, No. 93-9263 (2d Cir. Apr. 4, 1994), *available at* 1994 WL 16056972, at *2-3); *LTV Steel Co., Inc.* v. *United Mine Workers of Am. (In re Chateaugay Corp.)*, 928 F.2d 63, 64 (2d Cir. 1991) (declining to reinstate a previously-dismissed appeal that had originally been taken to the district court upon improper certification by another district court judge, *see LTV Steel Co., Inc.* v. *United Mine Workers of Am. (In re Chateaugay Corp.)*, 922 F.2d 86, 89 (2d Cir. 1990)); *Sears*, 351 U.S. 427 (denying appellee's motion to dismiss an appeal that was taken immediately after entry of order certified under Rule 54(b)).

In fact, every authority cited in Enron's brief displays this singular consistency:  a timely appeal.[8]  *See, e.g.*, *Ibeto Petrochem. Indus. Ltd.* v. *M/T Beffen*, 475 F.3d 56 (2d Cir. 2007) (involving an appeal from an order *denying* dismissal); *Kahn* v. *Chase Manhattan Bank, N.A.*, 91 F.3d 385, 387 (2d Cir. 1996) (plaintiff against whom partial summary judgment was entered filed an immediate appeal); *Citizens Accord, Inc.* v. *Town of Rochester*, 235 F.3d 126 (2d Cir. 2000) (plaintiffs took appeal thirty days from order and judgment dismissing their complaint, Appellant's Brief, *Citizens Accord, Inc.* v. *Town of Rochester, N.Y.*, 235 F.3d 126, No. 00-7693 (2d Cir. Aug. 28, 2000), *available at* 2000 WL 33989300, at *1).

---

[8]  Appellees made a similar observation in the Memorandum of Law in Support of Their Motion to Dismiss Appeal.  (Appellees' Mem. Supp. Mot. Dismiss 11 ("The Second Circuit has generally applied Rule 54 … in the context of a party's attempt to invoke the jurisdiction of the Court of Appeals prematurely, not belatedly.").)

Doc#: US1:5086181v4

**Conclusion**

The Opinion rests on two critical factual errors -- the erroneous attribution of the May 15 Proposed Order (and its procedural history) and of the June 15 Order to Appellees. Both of these documents had nothing to do with the Appellees. The court documents that did concern the Appellees (the 7054 Order and the August 9 Judgment) and the applicable law establish that Enron failed to take a timely appeal. As a result of that failure, this Court lacks subject matter jurisdiction to hear Enron's appeal. For these reasons, Appellees respectfully request that this Court reconsider and vacate the Opinion, restore Appellees' Motion to Dismiss Enron's Appeal, and grant that Motion.

Dated: New York, New York
October 19, 2007

Respectfully submitted,


   /s/ Stephen J. Shimshak
Stephen J. Shimshak (SS-8822)
Douglas R. Davis (DD-0874)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000

Attorneys for Caisse de Dépôt et Placement
du Québec and National Australia Bank

Doc#: US1:5086181v4