KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, California  90067
(310) 407-4000 (telephone)
(310) 407-9090 (facsimile)
David M. Stern (*Pro hac vice*)
Daniel J. Bussel (*Pro hac vice*)

    -and-

VENABLE LLP
The Chrysler Building
405 Lexington Avenue, 56th Floor
New York, New York  10174
(212) 983-3850 (telephone)
(212) 307-5598 (facsimile)
Edward A. Smith (ES-2461)

Attorneys for Plaintiff/Appellant
Enron Creditors Recovery Corp. f/k/a Enron Corp.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------X

In re:

ENRON CREDITORS RECOVERY CORP., *et al.*,

           Reorganized Debtors.
-----------------------------------------------------X
ENRON CREDITORS RECOVERY CORP.

           Plaintiff,

v.

INTERNATIONAL FINANCE CORP., *et al.*,

           Defendants.
-----------------------------------------------------X
ENRON CREDITORS RECOVERY CORP.
           Appellant,

v.

INTERNATIONAL FINANCE CORP., *et al.*,
           Appellees.
-----------------------------------------------------X

Case No. 01-16034 (AJG)

Chapter 11

(Jointly Administered)

Adversary No.:  03-93370 (AJG)

District Court

Case No. 07-06597 (AKH)

**APPELLANT'S MEMORANDUM OF LAW IN OPPOSITION TO APPELLEES'**
**MOTION FOR RECONSIDERATION**

## TABLE OF CONTENTS

**Page**

I. SUMMARY OF OPPOSITION ................................................................................. 1

II. THE 2006 ORDERS WERE NOT APPEALABLE BECAUSE THEY
DID NOT EITHER RESOLVE ALL CLAIMS AS TO ALL PARTIES
OR CONTAIN AN EXPRESS RULE 54(b) CERTIFICATION. ............................ 2

    A. The 2006 Judgment did not dispose of all claims against all parties. .......... 2

    B. Rule 58 does not provide a separate basis for appealability. ....................... 4

    C. There was no Rule 54(b) certification. ........................................................ 5

III. CONCLUSION ......................................................................................................... 7

# **TABLE OF AUTHORITIES**

## **CASES**

*Cal. Pub. Employees Ret. Sys. v. Ebbers (In re Worldcom, Inc. Sec. Litig.)*,
 308 F. Supp. 2d 214 (S.D.N.Y. 2004)..................................................................................1

*Chapple v. Levinsky*,
 961 F.2d 372 (2d Cir. 1992)..................................................................................................3

*Cooper v. Town of East Hampton*,
 83 F.3d 31 (2d Cir. 1996) .....................................................................................................4

*HBE Leasing Corp. v. Frank*,
 48 F.3d 623 (2d Cir. 1995)...........................................................................................2, 4, 6

*Kahn v. Chase Manhattan Bank*,
 91 F.3d 385 (2d Cir. 1996)....................................................................................................5

*Sandwiches, Inc. v. Wendy's Intl., Inc.*,
 822 F.2d 707 (7th Cir. 1987) ................................................................................................3

*Sequa Corp. v. GBJ Corp.*,
 156 F.3d 136 (2d Cir. 1998)..................................................................................................1

*United States v. Indrelunas*,
 411 U.S. 216 (1973).............................................................................................................4

## **RULES**

Fed. R. Civ. P 54.............................................................................................................1, 2, 4, 5, 6

Fed. R. Civ. P 58......................................................................................................................3, 4, 5

## **MISCELLANEOUS**

10 Wright, Miller & Kane, Fed. Prac. & Proc. Civil 3d, § 2654 .....................................................6

10 Wright, Miller & Kane, Fed. Prac. & Proc. Civil 3d, § 2660 .....................................................4

Enron Creditors Recovery Corp., formerly known as Enron Corp. ("Enron" or "Appellant"), respectfully submits this Memorandum of Law in opposition to the *Motion for Reconsideration of the Court's October 10, 2007 Order Denying Appellees' Motion to Dismiss* ("Reconsideration Motion"), filed by Caisse de dépôt et placement du Québec ("Caisse") and National Australia Bank ("NAB," and with Caisse, "Appellees").

# I.
## SUMMARY OF OPPOSITION

Seizing upon two inconsequential errors in the Opinion, the Appellees seek reconsideration not because those errors make any difference to the result (they do not), but as "a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998). A "motion for reconsideration should be granted only where the moving party demonstrates that the Court has overlooked factual matters or controlling precedent that were presented to it on the underlying motion and that **would have changed its decision**." *Cal. Pub. Employees Ret. Sys. v. Ebbers (In re Worldcom, Inc. Sec. Litig.)*, 308 F. Supp. 2d 214, 224 (S.D.N.Y. 2004) (emphasis added). Neither of the errors complained about by Appellees has, or could have, an outcome determinative effect.

The fact that Bankruptcy Judge Gonzalez deleted Rule 54(b) language from the order submitted by Bear Stearns (*see* Shimshak Decl., Exhs. 11 & 12) rather than the one submitted by Appellees (*see* Shimshak Decl., Exh. 15), Reconsideration Motion, at 1-2, is of no consequence in light of the fact that the Appellees' order (Exh. 15) never even mentioned Rule 54(b). *See Appellant's Memorandum in Opposition to Appellees' Motion to Dismiss Appeal* ("Appellant's Memorandum"), at 1-2, 6-7 & 12-15; Appellant's Letter of October 8, 2007, at 2.

That the Opinion referred to a June 15, 2006 judgment, rather than one entered August 9, 2006, Reconsideration Motion, at 2, also does not matter. What does matter is

that (a) there was never a Rule 54(b) certification sought by or granted to Appellees and (b) the Bankruptcy Court did not enter a judgment disposing of all claims against all parties until the one of June 18, 2007 from which Enron timely appealed. Appellant's Memorandum, at 3, 6-7 & 15; Appellant's Letter of October 8, 2007, at 2.

Given the clarity of the law in this Circuit, embodied in *HBE Leasing Corp. v. Frank*, 48 F.3d 623, 631 (2d Cir. 1995), *see* Appellant's Memorandum, at 9; Appellant's Letter of October 8, 2007, at 1 n.1, the Appellees' filing of the original motion was puzzling. The Reconsideration Motion simply is frivolous.

## II.

## THE 2006 ORDERS WERE NOT APPEALABLE BECAUSE THEY DID NOT EITHER RESOLVE ALL CLAIMS AS TO ALL PARTIES OR CONTAIN AN EXPRESS RULE 54(b) CERTIFICATION.

Although we could devote additional space explaining why the minor errors that form the pretext for the Reconsideration Motion do not matter, we would prefer to be direct in addressing what does: Bankruptcy Court orders arising in adversary proceedings (like District Court orders in civil litigation), however labeled – with the inapplicable exception of orders relating to injunctions – are appealable only if they either dispose of all claims against all parties or have been certified for appeal consistent with Rule 54(b). Appellant's Memorandum, at 7-9. The Reconsideration Motion elides this black letter rule in an effort to contend the present appeal is untimely.

### A.     The 2006 Judgment did not dispose of all claims against all parties.

The Reconsideration Motion begins by arguing that analytically the defendants fell into two groups whom it labels "Put Payment Defendants" and "Transferee Defendants." Reconsideration Motion, at 5. The Appellees then define themselves as Put Payment Defendants, while identifying the other defendants as Transferee Defendants. The Appellees go on to note that after the orders of June and August 2006,

2

only one defendant, "Berkeley Capital Management ('Berkeley') remained in the adversary proceeding [and] Berkeley was a Transferee Defendant and not a Put Payment Defendant…. No Transferee Defendant is involved in the present appeal." Reconsideration Motion, at 5-6.

Although Appellees do not thereafter utilize this paradigm for any purpose, they apparently are suggesting that this distinction has some legal significance and/or that the presence of Berkeley as a defendant until June 2007 should be disregarded. It would appear Appellees are contending that a judgment is final when the claims against one of two distinct groups of defendants has been resolved, and that the presence of claims against other defendants must be disregarded.

The final judgment rule does not have an exception for defendants sued on different theories; indeed, the ambiguity of such a subtle distinction is the very reason that a trial court must make an express Rule 54(b) certification to render appealable a judgment that disposes of fewer than all claims against fewer than all parties. Absent such a certification, a judgment either disposes of all claims against all defendants or it doesn't, and if it doesn't, it is not appealable. Appellant's Memorandum, at 8; *see also Chapple v. Levinsky*, 961 F.2d 372, 374 (2d Cir. 1992) ("An order that adjudicates fewer than all of the claims remaining in the action or adjudicates the rights and liabilities of fewer than all of the parties is not a final order unless the court directs the entry of a final judgment as to the dismissed claims or parties 'upon an express determination that there is no just reason for delay.'"); *Sandwiches, Inc. v. Wendy's Intl., Inc.*, 822 F.2d 707, 709 (7th Cir. 1987) (following consolidation of two lawsuits, summary judgment as to all claims advanced in one of the consolidated actions is not appealable).

In short, any contention that the August 2006 judgment was final, notwithstanding the continued presence of Berkeley as a defendant until June 2007, is groundless.

### B. Rule 58 does not provide a separate basis for appealability.

The Reconsideration Motion next cites to Rule 58 to argue that the entry of a judgment without more starts the clock running on an appeal. Reconsideration Motion, at 8-11. This argument is wrong not because Rule 58 is irrelevant, but rather because appealability depends upon compliance with **both** Rules 54 and 58. That is, to be appealable, a necessary but not sufficient condition is that a court enter a separate judgment as required by Rule 58. To achieve sufficiency – *i.e.*, appealability – requires there also be, in compliance with Rule 54, an "express 'direction for the entry of judgment' and a 'determination that there is no just reason for delay.'" 10 Wright, Miller & Kane, FED. PRAC. & PROC. CIVIL 3D, § 2660 (quoted fully in Appellant's Memorandum, at 8). Neither one alone does the trick, as the oft-cited controlling precedent of *HBE Leasing Corp. v. Frank*, *supra*, makes clear. Refuting the contention advanced here by Appellees, the Court in that case expressly held that:

> A fortiori, the entry of a "judgment" unaccompanied even by the statutory formula is not a sufficient basis for our jurisdiction.

*HBE Leasing Corp. v. Frank*, 48 F.3d at 631 (quoted fully in Appellant's Memorandum, at 9)

None of the cases cited in the Reconsideration Motion stands for a different proposition. *United States v. Indrelunas*, 411 U.S. 216 (1973), Reconsideration Motion, at 8, was a case in which the clerk had noted in the civil docket entry of a judgment (following a jury verdict) in 1969, but the Court neither signed nor entered a formal judgment until 1971. *Id.* at 219. The government appealed in 1971, but the Seventh Circuit dismissed the appeal as untimely. *Id.* The Supreme Court reversed, holding that the appeal was timely because Rule 58 requires a separate document and only upon its entry may an appeal be taken. *Id.* at 220-21.

*Cooper v. Town of East Hampton*, 83 F.3d 31 (2d Cir. 1996), is consistent with *Indrelunas* and, for that matter, *HBE Leasing*, holding that "the better reading of Rule 58

4

is that its separate document requirement applies to *all* judgments, including partial judgments certified under Rule 54(b)." *Id.* at 35 (emphasis in original). It does not hold that compliance with Rule 58 obviates Rule 54(b). In fact, all of the cases footnoted in the Reconsideration Motion, at 9 n.6, like *HBE Leasing* and this Court's Opinion, stand for the same axiomatic and clear rule: appealability depends on both a Rule 54 certification and a Rule 58 judgment.

### C.    There was no Rule 54(b) certification.

The Reconsideration Motion concludes by repeating the argument in the Motion to Dismiss, at 11-16, that Bankruptcy Judge Gonzalez demonstrated a sufficiently "clear intention to direct the Clerk to enter immediately a final judgment in favor of Appellees [such that] entry of the August 9 Judgment started the appellate clock running." Reconsideration Motion, at 10. Recognizing that there was no motion to certify under Rule 54(b), no citation to Rule 54(b) in connection with the Judgment and no finding that there was no just reason for delay (let alone an evidentiary basis for same), the Appellees respond, repeating the argument made in their October 4, 2007 letter, that "[p]urported lack of compliance with Rule 54," *id*. at 11, does not matter because "[a] Rule 54(b) determination, right or wrong, starts the time for appeal running." *Id.* at 12

The problem with this argument, noted in Appellant's Letter of October 8, 2007, is that the record below does *not* involve an erroneous Rule 54(b) certification. Rather, it involves *no* Rule 54(b) certification. Indeed, on the one occasion certification was sought (not by Appellees but by other defendants), as noted in the Opinion and Appellant's Memorandum, at 14, Bankruptcy Judge Gonzalez pointedly refused to provide it.[1]

---

[1]   As discussed in Appellant's Memorandum, at 2-3, Bankruptcy Judge Gonzalez has repeatedly demonstrated strict compliance in certifying (or not certifying) orders as final under Rule 54(b).

5

Appellees' effort to equate no certification with defective certification – and then to use that slender reed plus out-of-circuit authority to argue that an appeal had to be taken following the entry of a judgment unaccompanied by any Rule 54(b) finding – turns the fulsome and clear requirements of that rule and controlling circuit authority on their heads. *Kahn v. Chase Manhattan Bank*, 91 F.3d 385, 387 (2d Cir. 1996) ("Under Rule 54(b), an order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not a final judgment unless the district court makes an express determination that there is no just reason for delay and an express direction for the entry of judgment. Strict adherence to the certification requirements of Rule 54(b) has been our consistent view."); *HBE Leasing v. Frank*, 48 F.3d at 631 ("A final judgment may be entered as to some – but fewer than all – claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. The Rule makes clear that if the District Court does not both direct entry of judgment and expressly determine that there is no just reason for delay, then its order or decision is not final, whether or not it is labeled a judgment.") (internal quotes and citations omitted).

The explicitness requirement is well-grounded by both policy (discouraging multiple appeals) and fairness concerns.

> The requirement in Rule 54(b) that the court make an express determination that there is no just reason for delaying the review of a judgment on fewer than all of the claims or involving fewer than all of the parties in an action eliminates any doubt whether an immediate appeal may be sought. Conversely, it makes clear when an appeal must be sought or the right to appeal will be lost, since the time for appeal begins to run from the entry of an order that meets the requirements of the rule. ***If the court does not enter a Rule 54(b) order, the litigant knows that waiting until the disposition of the entire case before seeking an appeal will not lose the right to have the order reviewed.***

Wright, Miller & Kane, *supra*, § 2654 (emphasis added).

What Appellees seek here, as we emphasized in our original opposition to the motion to dismiss, is a post hoc rule designed to deprive Enron of an appeal for failing to

6

divine a *sub silentio* Rule 54(b) certification by a Bankruptcy Judge with a history of being meticulously explicit in all his other dealings with Rule 54(b) questions. To label Appellees' argument frivolous, certainly when made for a second time, is not hyperbole.

## III.

## CONCLUSION

As this Court correctly determined in rejecting the Appellees' Motion to Dismiss, Enron's timing was not only procedurally proper but mandated by the applicable rules and authorities. The Motion for Reconsideration should be denied so that this appeal may be determined on its merits.

Dated:  New York, New York
        October 26, 2007

ENRON CREDITORS RECOVERY CORP.,
Reorganized Debtor,
By their Special Bankruptcy Litigation Counsel
KLEE, TUCHIN, BOGDANOFF & STERN LLP
By:

*/s/ David M. Stern*
DAVID M. STERN (*Pro hac vice*)
1999 Avenue of the Stars, 39th Floor
Los Angeles, California 90067
Telephone: (310) 407-4000

--   and   --

VENABLE LLP
By:

*/s/ Edward A. Smith*
EDWARD A. SMITH (ES-2461)
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Telephone: (212) 307-5500

Attorneys for Plaintiff/Appellant
Enron Creditors Recovery Corp. f/k/a Enron Corp.