UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>ENRON CREDITORS RECOVERY CORP., *et al.*,<br><br>      Reorganized Debtors. | Chapter 11<br>Case No. 01-16034 (AJG)<br><br>Jointly Administered |
| ENRON CREDITORS RECOVERY CORP.,<br><br>      Appellant,<br><br>      v.<br><br>INTERNATIONAL FINANCE CORP., *et al.*,<br><br>      Appellees. | Adv. Pro. No. 03-93370 (AJG)<br><br>District Court<br>Case No. 07-06597 (AKH)<br><br>ORAL ARGUMENT REQUESTED |

### APPELLEES' REPLY MEMORANDUM OF LAW
### IN FURTHER SUPPORT OF MOTION FOR RECONSIDERATION

Stephen J. Shimshak (SS-8822)
Douglas R. Davis (DD-0874)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000

Attorneys for Appellees
Caisse de Dépôt et Placement du Québec
and National Australia Bank
Dated:  October 31, 2007

**Table of Contents**

**Page**

Table of Authorities ..................................................................................................... ii

Preliminary Statement .................................................................................................. 1

Argument ..................................................................................................................... 2

I.  THE RESPONSE MISREPRESENTS THE FACTUAL AND LEGAL BASES
    FOR APPELLEES' MOTION FOR RECONSIDERATION ............................ 2

II. THE RESPONSE FAILS TO ADDRESS SQUARELY THE ISSUES RAISED
    IN APPELLEES' MOTION FOR RECONSIDERATION ................................ 6

    A.    Enron Does Not Refute Appellees' Objection to this
            Court's Subject-Matter Jurisdiction ......................................................... 6

    B.    Enron Overstates Appellees' Reading of Rule 58 ................................ 10

    C.    Enron's Appeal to Fairness is Unavailing ............................................ 11

Conclusion ................................................................................................................ 12

**Table of Authorities**

**Page(s)**

**FEDERAL CASES**

*A-1 Amusement Co., Inc.* v. *United States*,
    15 Fed. Appx. 777, 781 (Fed. Cir. 2001).......................................................... 5, 12

*Ansam Associates, Inc.* v. *Cola Petroleum, Ltd.*,
    760 F.2d 442 (2d Cir. 1985)................................................................................ 11

*Bowles* v. *Russell*,
    551 U.S.___, 127 S. Ct. 2360 (2007) ................................................................. 6, 7

*Brunswick Corp.* v. *Sheridan*,
    582 F.2d 175 (2d Cir. 1978).................................................................................. 4

*Chapple* v. *Levinsky*,
    961 F.2d 372 (2d Cir. 1992).............................................................................. 5, 9

*Cooper* v. *Town of East Hampton*,
    83 F.3d 31 (2d Cir. 1996) .................................................................................... 11

*Dorsey* v. *Enron Corp. (In re Enron Corp.)*, 2006 WL 1030413,
    (Bankr. S.D.N.Y. Apr. 10, 2006) ....................................................................... 2, 4

*Fletcher* v. *Marino*,
    882 F.2d 605 (2d Cir. 1989)............................................................................... 6, 9

*HBE Leasing Corp.* v. *Frank*,
    48 F.3d 623 (2d Cir. 1995)...........................................................................8, 9, 10

*Kahn* v. *Chase Manhattan Bank, N.A.*,
    91 F.3d 385 (2d Cir. 1996)................................................................................. 8, 9

*Lindsay* v. *Beneficial Reins. Co., (In re Lindsay)*,
    59 F.3d 942 (9th Cir. 1995) ..........................................................................5, 6, 12

*RMM Records & Video Corp.* v. *Universal Music & Video Distrib. Co.*
    *(In re RMM Records & Video Corp.)*,
    372 B.R. 603 (Bankr. S.D.N.Y. 2007)................................................................... 4

*Sandwiches, Inc.* v. *Wendy's Int'l, Inc.*,
    822 F.2d 707 (7th Cir. 1987).................................................................................. 5

*Siemon* v. *Emigrant Sav. Bank (In re Siemon)*,
    421 F.3d 167 (2d Cir. 2005) ................................................................................. 7

*St. Paul Fire & Marine Ins. Co.* v. *PepsiCo, Inc.*,
    884 F.2d 688 (2d Cir. 1989) ................................................................................. 6

*State Farm Mut. Auto. Ins. Co.* v. *Wilkins*,
    No. 05-20934, 2007 WL 2186274 (5th Cir. Jul. 30, 2007) .................................. 5

*Stovall* v. *Denno*,
    388 U.S. 293 (1967) ............................................................................................ 11

*United States* v. *Machado*,
    465 F.3d 1301 (11th Cir. 2006) ........................................................................... 7

## FEDERAL STATUTES

28 U.S.C. § 158(c)(2) .................................................................................................... 13

28 U.S.C. § 1291 ....................................................................................................... 6, 8

28 U.S.C. § 2072(c) ....................................................................................................... 8

28 U.S.C. § 2111 ............................................................................................................ 9

## FEDERAL RULES

Fed. R. Bankr. P. 7054 .................................................................................................. 2

Fed. R. Bankr. P. 8002 ................................................................................................ 13

Fed. R. Civ. P. 54 ........................................................................................... 2, 8, 9, 10

Fed. R. Civ. P. 58 ........................................................................................................ 10

## MISCELLANEOUS

RICHARD H. FALLON, JR., DANIEL J. MELTZER & DAVID L. SHAPIRO,
    HART AND WECHSLER'S THE FEDERAL COURTS AND THE FEDERAL SYSTEM
    (5th ed. 2003) ..................................................................................................... 11

Caisse de Dépôt et Placement du Québec ("Caisse") and National Australia Bank ("NAB," together with Caisse, the "Appellees") respectfully submit this Reply Memorandum of Law (the "Reply Memorandum") in Further Support of the Motion for Reconsideration of the Court's October 10, 2007 Order Denying Appellees' Motion to Dismiss filed October 19, 2007 (the "Reconsideration Motion").[1]

**Preliminary Statement**

Enron uses its Memorandum of Law in Opposition to Appellees' Motion for Reconsideration filed October 26, 2007 (the "Response") to trivialize the Reconsideration Motion and to mischaracterize most of Appellees' arguments, but Enron nowhere comes to grips with the fundamental question that the Reconsideration Motion poses: does this Court have subject-matter jurisdiction to consider Enron's challenge to Judge Gonzalez's express direction of the immediate entry of final judgment pursuant to Bankruptcy Rules 7054 and 9021, when Enron waited over one year after entry of the 7054 Order and ten months after the entry of the final August 9 Judgment to appeal?[2] Based on the facts and authority set forth in the Memorandum of Law and in this Reply Memorandum, the answer to that question is "No."

---

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Memorandum of Law in Support of Appellees' Motion for Reconsideration filed October 19, 2007 (the "Memorandum of Law").

[2] Enron labels the Reconsideration Motion "frivolous." (Response at 2.) To call this Court's attention to factual errors (factual errors that Enron concedes) and to relevant authority from three Circuits dealing with versions of the same procedural issue as that presented here -- all of which place the burden of a timely appeal from an order or judgment, even one seen as deficient, on a party like Enron -- hardly seems frivolous.

1

**Argument**

**I.**

**THE RESPONSE MISREPRESENTS THE FACTUAL AND LEGAL BASES FOR APPELLEES' MOTION FOR RECONSIDERATION**

The Response mischaracterizes much of Appellees' factual account and legal presentation. Enron says that the fact that Judge Gonzalez deleted the Rule 54(b) language from the order submitted by Bear Stearns rather than the one submitted by Appellees is of no consequence because "Appellees' order … never even mentioned Rule 54(b)." (Response at 1.)

It's hard to understand what point Enron is trying to make with this argument. The adversary proceeding took place in a United States Bankruptcy Court, where Judge Gonzalez sits as a United States Bankruptcy Judge. Rule 54(b) of the Federal Rules of Civil Procedure applies to adversary proceedings through Bankruptcy Rule 7054, which Judge Gonzalez and every bankruptcy lawyer, including those that have represented Enron, knows. Fed. R. Bankr. P. 7054; *see Dorsey* v. *Enron Corp. (In re Enron Corp.)*, 2006 WL 1030413, at *5 (Bankr. S.D.N.Y. Apr. 10, 2006) ("Bankruptcy Rule 7054 … incorporates Rule 54(b) of the Federal Rules of Civil Procedure."). There's just no question that in reading Judge Gonzalez's reference to Rule 7054, Enron knew and understood that Judge Gonzalez's 7054 Order invoked Rule 54(b), including the direction, in the very words of that Rule, that the clerk immediately enter final judgment pursuant to Bankruptcy Rule 7054.

Enron next claims that the fact "[t]hat the Opinion referred to a June 15, 2006 judgment, rather than one entered on August 9, 2006 … does not matter … [because] there was never a Rule 54(b) certification sought by or granted to Appellees." (Response at 1-2.)

2

This statement is problematic on three counts.  <u>First</u>, it's a classic "straw man" argument.  Appellees never suggested that the Opinion's omission of a reference to the August 9 judgment *in itself* provides a basis for reconsideration, only that "[t]he Opinion's references to the May 15 Proposed Order and the June 15 Order suggest that the Court confused the Appellees with the 546(e) Defendants in reaching its decision; it also suggests that this Court did not focus on the unambiguous language of Judge Gonzalez's June 5, 2006 order (the '<u>7054 Order</u>') which *did* pertain to Appellees." (Memorandum of Law at 2.) Because the Opinion attributed the June 15 Order to Appellees and found significant Judge Gonzalez's deletion of certification language from the May 15 Proposed Order, the Memorandum of Law recounted Appellees' understandable concern that this Court overlooked the crucial factual and substantive differences between the June 15 Order, on the one hand, and the 7054 Order entered June 5 and the August 9 Judgment entered in Appellees' favor, on the other hand.

<u>Second</u>, Enron asserts that Judge Gonzalez never intended certification in the 7054 Order. (Response at 2, 5.)  That assertion is impossible to square with the language of his 7054 Order.  As noted in Appellees' Memorandum of Law, Judge Gonzalez's intent was perfectly clear.  He stated that "this order shall **take effect immediately upon its entry**; and … **pursuant to Fed. R. Bankr. P. 7054 and Fed. R. Bankr. P. 9021**, the Clerk of this Court is **directed to enter forthwith a final judgment dismissing** this adversary proceeding **with prejudice as to [Caisse] and NAB**."  (7054 Order, Shimshak Decl., Ex. 15 (emphasis supplied), *discussed in* Memorandum of Law at 7.)

Enron proposes that because Judge Gonzalez has published two opinions in which he discusses the basis for granting or denying certification motions, he could not have

3

intended certification, given the measured and reasoned explanation on the topic that his published opinions contain. (Response at 5 n.1, 7.) But Enron's invocation of Judge Gonzalez's judicial practice argues for the opposite conclusion: when the careful and meticulous jurist that Enron describes directed entry of an order "pursuant to Fed R. Bankr. P. 7054" and a final judgment is entered in furtherance of that order pursuant to Bankruptcy Rule 9021, then Enron should have known Judge Gonzalez meant precisely what he said, not something else, and that his intention was clear. *Compare RMM Records & Video Corp.* v. *Universal Music & Video Distrib. Co. (In re RMM Records & Video Corp.)*, 372 B.R. 603, 618 (Bankr. S.D.N.Y. 2007) (opinion by Judge Gonzalez granting a motion for final entry of judgment under Rule 54(b) (citing *Brunswick Corp.* v. *Sheridan*, 582 F.2d 175, 183 (2d Cir. 1978) ("**[E]ntry of final judgment under Rule 54(b)** is not to be done lightly, particularly when the action remains pending as to all parties.") (emphasis supplied))).[3]

       Third, on the basis of claimed deficiencies in the 7054 Order, Enron relies on the "clarity of the law in this Circuit" to deride the Reconsideration Motion.[4] But as Appellees' Memorandum of Law establishes, not a *single* decision in the Second Circuit has ever addressed the question here -- whether an appellant can challenge as improper the supposedly flawed direction of immediate entry of a *final* order and *final* judgment pursuant to Rules 7054 and 9021 at the appellant's leisure, rather than within the statutorily-prescribed

---

[3] Judge Gonzalez's two published opinions also involved requests to certify orders granting summary judgment where claims between the same parties remained pending -- not the situation in this case. *See RMM Records & Video Corp.* v. *Universal Music & Video Distrib. Co. (In re RMM Records & Video Corp.)*, 372 B.R. 603, 605 (Bankr. S.D.N.Y. 2007); *Dorsey* v. *Enron Corp. (In re Enron Corp.)*, 2006 WL 1030413, at *6 (Bankr. S.D.N.Y. Apr. 10, 2006).

[4] As noted in their previous submissions, Appellees maintain that the 7054 Order in this adversary proceeding satisfied the requirements of Rule 54. *See infra* note 6.

4

period after the separate entry of final judgment *pursuant to* the Rule 7054 Order. (*See* Memorandum of Law at 3, 8-11.)

In every one of the cases noted in the Opinion and listed by Enron (including the two new cases that Enron cites in its Response), a party took a *timely* appeal from an order or judgment later found deficient. (*See id.* at 13-14; Response at 3 (citing *Sandwiches, Inc.* v. *Wendy's Int'l, Inc.*, 822 F.2d 707 (7th Cir. 1987) (appeal taken while claims were pending in another consolidated action was found to be premature); *Chapple* v. *Levinsky*, 961 F.2d 372, 374 (2d Cir. 1992) (Chapple had a claim pending against a second defendant when he filed his appeal from the order dismissing the first defendant)).) *Chapple*, in fact, reinforces Appellees' argument: in *Chapple*, the Court of Appeals declined to hold that the order was final precisely because "the district court did not direct that a final judgment of dismissal be entered pursuant to Rule 54(b)." *Chapple*, 961 F.2d at 374. In this appeal, by contrast, Judge Gonzalez *did* direct the entry of final judgment pursuant to Rule 7054.

While the Second Circuit has not confronted the question of subject-matter jurisdiction at issue here, three Circuits -- the Fifth Circuit (*State Farm Mut. Auto. Ins. Co.* v. *Wilkins*, No. 05-20934, 2007 WL 2186274, at *3 (5th Cir. Jul. 30, 2007) (unpublished slip. op.)), the Ninth Circuit (*Lindsay* v. *Beneficial Reins. Co. (In re Lindsay)*, 59 F.3d 942, 951 (9th Cir. 1995), *cert. denied* 516 U.S. 1074 (1996)), and the Federal Circuit (*A-1 Amusement Co., Inc.* v. *United States*, 15 Fed. Appx. 777, 781 (Fed. Cir. 2001)) -- have done so, and all have resolved the question of timeliness in favor of parties like Appellees that obtained the order and judgment entered pursuant to Rule 54 or Bankruptcy Rule 7054, even when the order and judgment later proved deficient. (Memorandum of Law at 11-13.) In the words of

5

*Lindsay*, "[a] Rule 54(b) determination, right or wrong, starts the time for appeal running." *Lindsay*, 59 F.3d at 951.[5]

## II.

## THE RESPONSE FAILS TO ADDRESS SQUARELY THE ISSUES RAISED IN APPELLEES' MOTION FOR RECONSIDERATION

### A. Enron Does Not Refute Appellees' Objection to this Court's Subject-Matter Jurisdiction.

Rather than address Appellees' core objection to subject-matter jurisdiction over this appeal, Enron submits that because the District Court would have declined to exercise appellate jurisdiction if Enron had taken an immediate appeal from the 7054 Order or August 9 Judgment, the finality designation was unappealable before June 18, 2007.[6]

This argument assumes away the problem of Enron's inaction. As Appellees explained in their Memorandum of Law, if a Rule 54 order directing the entry of final judgment were not a "final decision" for purposes of appeal, then no appellate court would have jurisdiction under 28 U.S.C. § 1291 to review the propriety of the Rule 54 certification

---

[5] The Supreme Court has forcefully confirmed the jurisdictional rigor of a timely appeal as recently as June of 2007 (*see Bowles* v. *Russell*, 551 U.S.___, 127 S. Ct. 2360, 2366 (2007), *cited in* Memorandum of Law at 8), and those circuits that ostensibly resolved this issue differently than the cases on which Appellees rely have used reasoning inconsistent with Second Circuit precedents. (Memorandum of Law at 9 nn.6-7.)

[6] Appellees maintain that appellate jurisdiction would have been upheld. (Memorandum of Law at 4 n.3.) Berkeley, the only defendant remaining in the proceeding following the entry of the June 15 Order, was a Transferee Defendant, not a Put Payment Defendant. (*Id.* at 5.) "Where the reasons for the entry of [a] judgment are obvious … a district court's entry of judgment pursuant to Rule 54(b) will satisfy the purposes of the Rule even though the court did not state the reasons for its determination that judgment should be entered." *Fletcher* v. *Marino*, 882 F.2d 605, 609 (2d Cir. 1989); *see also St. Paul Fire & Marine Ins. Co.* v. *PepsiCo, Inc.*, 884 F.2d 688, 692-94 (2d Cir. 1989) (finding that the reasons for directing the entry of final judgment under Rule 54(b) were readily apparent from the record, despite the omission of an express finding of "no just reason for delay"), *discussed in* Appellees' Mem. Supp. Mot. Dismiss at 11-14.

6

itself during the pendency of an ongoing case, yet clearly courts do so. (Memorandum of Law at 10.) Moreover, controlling Supreme Court and Second Circuit precedents establish that appellate courts analyze the basis of appellate jurisdiction without resort to an appellant's reasons for missing a deadline and without considering the merits of the appeal. *See, e.g.*, *Bowles* v. *Russell*, 551 U.S.___, 127 S. Ct. 2360, 2366 (2007) (holding that "[b]ecause this Court has no authority to create equitable exceptions to jurisdictional requirements, use of the 'unique circumstances' doctrine [to excuse an untimely appeal] is illegitimate"); *Siemon* v. *Emigrant Sav. Bank (In re Siemon)*, 421 F.3d 167, 169 (2d Cir. 2005) (per curiam) (compliance with Bankruptcy Rule 8002 is a jurisdictional requirement); *see also United States* v. *Machado*, 465 F.3d 1301 (11th Cir. 2006) (deciding that an untimely appeal rendered the circuit court without jurisdiction to decide whether the district court lacked jurisdiction to belatedly enter a final order of forfeiture).

      Due to the unusual procedural posture of this case, there are two separate aspects to the "merits" of Enron's appeal. One involves the merits of Enron's challenge to Judge Gonzalez's decision on the meaning of Section 550 of the Bankruptcy Code. The other involves the merits of Enron's contention that defects in the 7054 Order directing immediate entry of final judgment obviated the need for a *timely* appeal from the judgment entered pursuant to the Order. The fact that the order directed the entry of final judgment pursuant to Rules 7054 and 9021 a year ago is uncontroverted; Enron argues now, not then, that it was improper for the Bankruptcy Court to do so.

      But the emergence of a challenge to Judge Gonzalez's procedural steps -- *whether* he properly designated the 7054 Order and *whether* he should have designated the August 9 Judgment as "final" -- does not alter the basic framework separating consideration

7

of the underlying merits from the consideration of subject-matter jurisdiction, particularly in a case where: (i) the order expressly directed the immediate entry of final judgment pursuant to Rule 7054; (ii) the basis for the designation is irrefutable from the record; (iii) the order was to "take effect immediately"; and (iv) the clerk did in fact enter final judgment pursuant to the order and Bankruptcy Rule 9021. If Rule 54 orders were not themselves immune from the strictures of the Rule -- if Rule 54 orders need not be reviewed before the end of a case because their supposed deficiencies meant that they *could not* be reviewed, as Enron insists, then the finality contemplated by the Rule would be unattainable.[7]

Focusing exclusively on the contention that the 7054 Order was deficient, Enron ignores the fact that Judge Gonzalez *did* enter an order expressly directing the entry of final judgment pursuant to Bankruptcy Rules 7054 and 9021. Instead, relying on passages from *Kahn* v. *Chase Manhattan Bank*, 91 F.3d 385 (2d Cir. 1996), and *HBE Leasing* v. *Frank*, 48 F.3d 623 (2d Cir. 1995), Enron rehashes points from its earlier Memorandum in Opposition to Appellees' Motion to Dismiss. (*See* Response at 6.) Enron reads *Kahn,* for example, as supporting the argument that neither the 7054 Order nor August 9 Judgment could have been final because "an order that 'adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties' is not a final judgment unless the district court makes 'an express determination that there is no just reason for delay … and an express direction for the entry of judgment.'" *Kahn*, 91 F.3d at 387 (quoting Fed. R. Civ. P. 54(b)), *quoted in* Appellant's Mem. Opp. Mot. Dismiss at 11.

---

[7] While the Supreme Court, under 28 U.S.C. § 2072(c), may prescribe rules that define when a ruling of a district court is final for the purposes of appeal under 28 U.S.C. § 1291, Enron's interpretation of Rule 54, which frustrates any pursuit of finality, would arguably cause the Rule to exceed this statutory grant of authority.

8

But *Kahn* is readily distinguishable from this case. *Kahn* involved an *immediate* appeal from an order denying plaintiffs' motion to amend their complaint, which did not cite Rule 54(b) and was, by its nature, incapable of certification under Rule 54(b) since it was not a judgment ending litigation on the merits. *Id.* at 387. The actual holding in *Kahn* -- contained in the very same paragraph that Enron quotes -- states that "the district court did not certify its August 17th order by making an express determination that there was no just reason for delay *or by directing entry of judgment pursuant to Rule 54(b)*." *Id.* at 387-88. In other words, *Kahn* recognizes that by directing entry of final judgment *pursuant to Rule 54(b)* -- as opposed to merely directing the entry of a judgment without either invoking the rule or stating that there is no just reason for delay -- the court reveals its intent to certify the entry of a *final* judgment. *See also Fletcher* v. *Marino*, 882 F.2d 605, 609-10 (2d Cir. 1989) (noting that a district court's entry of judgment pursuant to Rule 54(b) will satisfy the purposes of the Rule), *discussed supra* note 6; *Chapple*, 961 F.2d at 374 (where the order was not final precisely because "the district court did not direct that a final judgment of dismissal be entered pursuant to Rule 54(b)"), *discussed supra* page 5.

Enron also relies on *HBE Leasing* for its explanation that Rule 54(b) imposes a duty on the court to "both direct entry of judgment and expressly determine that there is no just reason for delay," and for its acknowledgment that directing entry of a final judgment without any reasoned explanation for why there was no just reason for delay constitutes an abuse of discretion. *HBE Leasing*, 48 F.3d at 631, *quoted in* Appellant's Mem. Opp. Mot. Dismiss at 9. But not every error rises to reversible error (28 U.S.C. § 2111), and even reversible error becomes irreversible if the error is not timely appealed. In *HBE Leasing*, the order *was* immediately appealed. *Id.* Moreover, the court found that "there [was] simply no

9

evidence that the District Court intended its ruling on the stay to constitute a Rule 54(b) certification.  The requirement of an express determination cannot be met if the District Court does not make clear that such determination is for the purpose of certifying a final judgment (e.g., *by labeling its order a 'Rule 54(b) Certification'*)." *Id.* at 631-32 (emphasis supplied).  Because the 7054 Order expressly directed immediate entry of a final judgment pursuant to Bankruptcy Rule 7054, Judge Gonzalez's intent to direct the entry of a final judgment in favor of Appellees is undeniable.

In sum, Enron's arguments would be germane to the question of this Court's subject-matter jurisdiction only if Enron had done what it chose not to do -- appeal the 7054 Order and the August 9 Judgment by August 21, 2006.  Only then would this Court have the jurisdiction needed to evaluate whether or not Judge Gonzalez's direction of the immediate entry of final judgment pursuant to Rules 7054 and 9021 was in error.  But when an order clearly directs the immediate entry of final judgment pursuant to Bankruptcy Rules 7054 and 9021, a challenge to the basis for that order and judgment must be made within ten days, not a year later.

     **B.**     **Enron Overstates Appellees' Reading of Rule 58.**

Resorting to yet another straw man argument, Enron contends that Appellees invoke Rule 58 "to argue that the entry of a *without more* judgment starts the clock running on an appeal."  (Response at 4 (Appellees' emphasis supplied).)  But Appellees do not maintain that a judgment separately entered in compliance with Bankruptcy Rule 9021 or Rule 58 *in and of itself is* a final and appealable judgment, absent any indication that the bankruptcy court intended the entry of that judgment pursuant to Bankruptcy Rule 7054. Appellees went to some length to point out that this Court should read Rules 54 and 58 in conjunction with each other.  (Memorandum of Law at 8-11.)  Thus, in *Cooper* v. *Town of*

10

*East Hampton*, 83 F.3d 31, 34-35 (2d Cir. 1996), the Second Circuit held that while a Rule 54(b) order was immediately appealable, the statutory time for appealing the order directing entry of final judgment pursuant to Rule 54(b) started to run only upon separate entry of the judgment pursuant to Rule 58; it did not hold, as Enron suggests (Response at 4-5), that the time to appeal would run once judgment was separately entered *only if* the order directing entry of final judgment was later determined to be free of error. To imply such a requirement would defeat the clarity and certainty of the *Cooper* decision.[8]

### C. Enron's Appeal to Fairness is Unavailing.

Enron's contention that a ruling against it would amount to the application of a *post hoc* rule is difficult to comprehend. (Response at 6-7.) Constitutional standing requires limiting Article III jurisdiction to live cases and controversies and it prohibits the issuance of advisory opinions. "[T]he [Supreme] Court explained in *Stovall* v. *Denno*, 388 U.S. 293, 301 (1967), that '[s]ound practices of decision-making, rooted in the command of Article III of the Constitution that we resolve issues solely in cases and controversies, … militate against' pure prospectivity. Since then, pure prospectivity has seldom been treated as a live alternative." RICHARD H. FALLON, JR., DANIEL J. MELTZER & DAVID L. SHAPIRO, HART AND WECHSLER'S THE FEDERAL COURTS AND THE FEDERAL SYSTEM 74 (5th ed. 2003).

Nor does a ruling of "pure prospectivity" have any justification here. Enron has not relied to its detriment on an established old rule of law, because the Second Circuit has never decided that a judgment entered under Bankruptcy Rule 9021 pursuant to a

---

[8] The Second Circuit's decision in *Ansam* is also consistent with this reading. *Compare Ansam Associates, Inc.* v. *Cola Petroleum, Ltd.*, 760 F.2d 442, 446 (2d Cir. 1985) (declining to penalize appellant from failing to appeal from an order that contained no citation to Rule 54(b) or any of the language contained therein), *discussed in* Memorandum of Law at 11, 13.

11

supposedly defective Bankruptcy Rule 7054 or Rule 54(b) order need *not* be appealed. If anything, the precedents, old and new, cited in this Reply Memorandum and in Appellees' Memorandum of Law, support the interpretation of Rule 54 advanced by Appellees. Indeed, *Lindsay*, 59 F.3d 942, and *A-1 Amusement Co.*, 15 Fed. Appx. 777, decisions rendered in 1995 and 2001, respectively, exemplify the authority that predates the August 9 Judgment; Enron was certainly on notice of these decisions and their persuasive force when it decided to forego an appeal. There is simply no injustice in finding that an appellant like Enron that consciously disregards a court's express designation of an order as final under Bankruptcy Rule 7054 and that order's direction of the entry of final judgment under Bankruptcy Rule 9021 has waived its right to challenge that designation as improper. The plain language of the 7054 Order and the August 9 Judgment were unequivocal, and Enron either decided not to appeal, or to wait and take its chances.

## Conclusion

The Reconsideration Motion goes to the fundamental issue of this Court's subject-matter jurisdiction. The Response misconstrues both the factual and legal bases for that Motion, and does not deal squarely with that fundamental issue. Instead, Enron offers a weak interpretation of Rule 54 that would nullify Rules 54 and 58 and implicitly eliminate a basic principle of appellate jurisdiction -- the distinction between the basis for subject-matter jurisdiction (here, a *timely* appeal) and the merits of the appeal.

The dispositive facts are incontrovertible: Judge Gonzalez directed the immediate entry of final judgment pursuant to Bankruptcy Rules 7054 and 9021, and the Clerk of the Bankruptcy Court entered that final judgment in accordance with his directions. Enron chose not to appeal from the Rule 7054 Order and the August 9 Judgment within the

ten-day period prescribed by 28 U.S.C. § 158(c)(2) and Bankruptcy Rule 8002(a), and Enron's appeal is untimely as a result.

For all of the foregoing reasons, Appellees respectfully request that this Court reconsider and vacate the Opinion, restore Appellees' Motion to Dismiss Enron's Appeal, and grant that Motion.

Dated: New York, New York
October 31, 2007

                                               Respectfully submitted,

                                               /s/ Stephen J. Shimshak
                                               Stephen J. Shimshak (SS-8822)
                                               Douglas R. Davis (DD-0874)
                                               PAUL, WEISS, RIFKIND, WHARTON &
                                               GARRISON LLP
                                               1285 Avenue of the Americas
                                               New York, NY 10019-6064
                                               Telephone: (212) 373-3000

                                               Attorneys for Caisse de Dépôt et Placement
                                               du Québec and National Australia Bank