8

Reply Deadline: September 16, 2005
Hearing Date: To Be Determined

CLAYMAN & ROSENBERG
Attorneys for Defendant National Australia Bank
305 Madison Avenue # 1301
New York, NY 10165
(212) 922-1080 (office)
(212) 949-8255 (facsimile)
Paul Hugel (PH 4749)

WILLIAMS & CONNOLLY LLP
Attorneys for Defendant National Australia Bank
725 Twelfth Street NW
Washington, DC 20005
(202) 434-5000 (office)
(202) 434-5029 (facsimile)
Philip J. Ward (*pro hac vice*)
Helen I. Dooley (*pro hac vice*)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                                               :   Chapter 11
                                                               :
In re:                                                         :   Case No. 01-16034 (AJG)
                                                               :
      ENRON CORP., *et al.*                                 :   Jointly Administered
                                                               :
            Debtors.                                    :
---------------------------------------------------------------x
                                                               :
ENRON CORP.,                                                   :   Adversary Proceeding
                                                               :   No. 03-93370 (AJG)
            Plaintiff,                                  :
                                                               :
           -against-                                   :
                                                               :
INTERNATIONAL FINANCE CORP., *et al.*                          :
                                                               :
           Defendants.                                 :
---------------------------------------------------------------x

**DEFENDANT NATIONAL AUSTRALIA BANK'S
REPLY BRIEF IN SUPPORT OF ITS
<u>MOTION TO DISMISS ADVERSARY COMPLAINT</u>**

**TO THE HONORABLE ARTHUR J. GONZALEZ,
UNITED STATES BANKRUPTCY JUDGE:**

Defendant National Australia Bank ("NAB") respectfully submits this reply brief in further support of its motion to dismiss with prejudice the claims asserted against it by plaintiff Enron Corp. ("Enron").

## ARGUMENT IN REPLY

Section 550(a) of the Bankruptcy Code unambiguously requires Enron to have actually avoided its initial transfer to Holding I LP, before Enron may seek recovery from NAB (a mediate transferee). Enron's rhetoric aside, its Opposition offers no real argument against this straightforward proposition. Enron's primary argument – that Section 550(a) does not require Enron's actual avoidance of the initial transfer prior to seeking recovery – flies in the face of the statute's express language, cardinal rules of statutory construction, the very legislative history that is cited in Enron's Opposition, and highly persuasive precedent from this Circuit and other Courts of Appeals. And Enron's fall-back argument – that Holding I LP is neither a necessary nor indispensable party to this recovery action – misses the point. Enron cannot pursue recovery from subsequent transferees until it avoids the initial transfer – and initial transferees are necessary and indispensable parties in any avoidance action.

Enron created Holding I LP, freely entered into the put agreement with that initial transferee, and then paid funds to Holding I LP pursuant to that contract. Enron had ample opportunity to sue Holding I LP to avoid the initial transfer within the prescribed limitations period, but opted not to do so – instead allowing dissolution of that initial transferee in advance of this recovery action. Enron's failure to timely sue Holding I LP to avoid the initial transfer bars this recovery action against NAB as a matter of law.

2

**I.   ENRON'S CLAIMS FAIL AS A MATTER OF LAW BECAUSE ENRON HAS NOT AVOIDED ITS INITIAL TRANSFER TO HOLDING I LP.**

Section 550(a)(2) of the Bankruptcy Code unequivocally requires Enron to have actually avoided the initial transfer before it can seek recovery against subsequent transferees like NAB. Contrary to Enron's suggestion, it may not simply litigate avoidability in a recovery proceeding. That approach would not only require a tortured reading of the plain language of Section 550(a)(2) and ignore the provision's legislative history. It would also impermissibly render superfluous Section 550(f), which prescribes the limitations period for recovery proceedings by reference to the *prior* avoidance of the initial transfer.

**A.   The Plain Language of Section 550(a) Requires that Enron Have Actually Avoided Its Initial Transfer Before Seeking Recovery from NAB.**

"The task of resolving a dispute over the meaning of a provision of the Bankruptcy Code begins where all such inquiries must begin: with the language of the statute itself . . . to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case." *In re Caldor Corp.*, 303 F.3d 161, 167-68 (2d Cir. 2002) (internal quotations and citations omitted); *accord*, *e.g.*, *Mallard v. United States Dist. Court*, 490 U.S. 296, 300 (1989) ("Interpretation of a statute must begin with the statute's language."). In this case, Section 550(a) has a "plain and unambiguous meaning" – a debtor or trustee (here, Enron) must actually avoid the initial transfer to Holding I LP, before seeking to recover from a subsequent transferee (here, NAB).

Section 550(a) provides in pertinent part that:

Except as otherwise provided in this section, *to the extent that a transfer is avoided* under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from –

(1)   the initial transferee of such transfer or the entity for whose benefit such transfer was made; or

3

    (2) any immediate or mediate transferee of such initial transferee.

11 U.S.C. § 550(a) (emphasis added).  The Supreme Court has instructed that "Congress' use of a verb tense is significant in construing statutes." *United States v. Wilson*, 503 U.S. 329, 333 (1992) (according significance to Congress' use of past tense); *accord*, *e.g.*, *In re Arochem Corp.*, 176 F.3d 610, 623 (2d Cir. 1999) (construing Bankruptcy Code provision and according significance to Congress' use of present tense).  By framing the salient language in the past tense – recovery is not authorized unless and until "a transfer *is avoided*," 11 U.S.C. § 550(a) – Congress has made clear that actual avoidance of the initial transfer must *precede* recovery under Section 550(a).  Indeed, at least two sister courts in this District have held exactly that.  *See*, *e.g.*, *Sec. Investor Prot. Corp. v. Stratton Oakmont, Inc.*, 234 B.R. 293, 312 (Bankr. S.D.N.Y. 1999) ("[R]ecovery for the estate under § 550(a) is available only to the extent a transfer has been successfully avoided pursuant to any of the avoidance sections of the Bankruptcy Code . . . ."); *In re Wedtech Corp.*, 165 B.R. 140, 145 (Bankr. S.D.N.Y. 1994) (holding that Section 550 requires trustee to have avoided initial transfer before seeking recovery), *aff'd in part, rev'd in part*, 187 B.R. 105 (S.D.N.Y. 1995).

    Decisions of other courts are in accord.  In *In re Resource, Recycling & Remediation, Inc.*, 314 B.R. 62 (Bankr. W.D. Pa. 2004), for example, the Court held that "Section 550(a) is a recovery provision and gives rise to a *secondary* cause of action which applies *after the trustee has prevailed under one (or more) of the avoidance provisions found in the Bankruptcy Code*." *Id.* at 69 (internal citation omitted) (emphasis added).  *See also*, *e.g.*, *In re Contemporary Indus. Corp.*, No. BR 98-80382, 2001 WL 34630639, at *8 (Bankr. D. Neb. Feb. 14, 2001) ("The statutory language requires the actual avoidance of the initial transfer *before recovery may be sought* from a subsequent transferee.") (emphasis added); *In re Morgan*,

4

276 B.R. 785, 789 (Bankr. N.D. Ohio 2001) ("An examination of this statutory language [in Section 550(a)] clearly reveals that before a trustee is entitled to recover any property previously transferred by the debtor, the trustee must first avoid the underlying transfer.") (brackets added); *In re Trans-End Tech., Inc.*, 230 B.R. 101, 104-05 (Bankr. N.D. Ohio 1998) (holding that "the transparently plain language of § 550(a) . . . requires that an initial transfer be avoided under § 548(a) before recovery is sought under that section"); *In re Slack-Horner Foundries Co.*, 971 F.2d 577, 580 (10th Cir. 1992) ("[I]n order to recover from a subsequent transferee, the trustee must first have the transfer of the debtor's interest to the initial transferee avoided under § 548.").[1]

       This Court has recognized that "if the language of a statute is plain, the court's role 'is to enforce it according to its terms.'" *In re Arlco, Inc.*, 239 B.R. 261, 270 (Bankr. S.D.N.Y. 1999) (Gonzalez, J.) (*quoting U.S. v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989)). *Accord In re Enron Corp.*, 294 B.R. 232, 238 (Bankr. S.D.N.Y. 2003) (Gonzalez, J.) (rejecting plaintiff's interpretation of New Jersey statute, because "Plaintiff's position is contrary to the explicit wording of the statute and cannot be supported"). In this case, the plain language of Section 550(a) requires that a plaintiff actually avoid an initial transfer before seeking recovery from a subsequent transferee. Enron conspicuously failed to do that – and thus its Complaint should be dismissed as against NAB for failure to state cognizable claims.

---

[1]    Enron's reliance on the dissenting opinion in *Slack-Horner*, *see* Enron Opp. at 8-9, is misplaced. Contrary to the dissent's assumption, a trustee's ability to recover funds under Section 550 cannot "always be defeated simply by a transfer from the initial transferee to another." 971 F.2d at 581. So long as the trustee actually avoids the initial transfer to the initial transferee, Section 550 explicitly provides that the trustee may then recover from "*any immediate or mediate transferee of such initial transferee*." 11 U.S.C. § 550(a)(2) (emphasis added).

### B. The Legislative History of Section 550(a) Also Makes Clear that the Actual Avoidance of Initial Transfer Must Precede Recovery.

Given the statute's plain language and corresponding precedent, it is surprising that Enron finds comfort in the legislative history of the statute. *See* Enron Opp. at 9. As an initial matter, "[w]here, as here, the meaning of a statutory provision is otherwise unambiguous, resort to legislative history is inappropriate." *In re Olga Coal Co.*, 159 F.3d 62, 67 (2d Cir. 1998) (rejecting trustee's effort to use legislative history to vary meaning of unambiguous statutory provision); *see also*, *e.g.*, *In re Venture Mortgage Fund, L.P.*, 282 F.3d 185, 188 (2d Cir. 2002) ("Legislative history and other tools of interpretation may be relied upon only if the terms of the statute are ambiguous."). That core principle of statutory construction aside, the legislative history cited by Enron (like the language of Section 550(a) itself) is in the past tense, and makes all the more obvious Congress' intent that Section 550(a) governs recovery actions brought against subsequent transferees of an already-"avoided transfer":

> Section 550. Liability of Transferee of Avoided Transfer
>
> Section 550 prescribes the liability of a transferee of an *avoided transfer*, and enunciates the separation between the concepts of avoiding a transfer and recovering from the transferee. Subsection (a) permits the trustee to recover from the initial transferee of an *avoided transfer* or from any immediate or mediate transferee of the initial transferee. The words "to the extent that" in the lead in to this subsection are designed to incorporate the protection of transferees found in proposed 11 U.S.C. 549(b) and 548(c).

S. Rep. No. 95-989, at 90 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787 (emphasis added). Thus, the legislative history *supports*, not controverts, the plain reading of the statute.

### C. Allowing Enron to Litigate the Avoidability of the Initial Transfer in This Recovery Proceeding Would Impermissibly Render Section 550(f) Superfluous.

Aware that it did not bring a timely avoidance action against Holding I LP, Enron now urges that it be allowed, in this recovery action, simply "to demonstrate that the initial

6

transfer is avoidable." Enron Opp. at 6. Crediting that contention would violate bedrock rules of statutory construction because it would render superfluous Section 550(f), which prescribes the limitations period for recovery actions.

The Bankruptcy Code prescribes different statutes of limitations for avoidance actions (Section 546) and recovery actions (Section 550(f)). Section 550(f) makes clear that the limitations period for recovery actions is triggered by the actual avoidance, in a prior proceeding, of the initial transfer:

> An action or proceeding under this section may not be commenced after the earlier of –
>
> (1) one year *after the avoidance of the transfer* on account of which recovery under this section is sought; or
> (2) the time the case is closed or dismissed.

11 U.S.C. § 550(f) (emphasis added). In other words, the one-year limitations period in Section 550(f)(1) "begins to run once the avoidance action is final." *In re Serrato*, 233 B.R. 833, 835 (Bankr. N.D. Cal. 1999); *see also*, *e.g.*, *In re Resource, Recycling & Remediation, Inc.*, 314 B.R. at 67 (holding that under Section 550(f), a recovery proceeding may "be initiated against an immediate or mediate transferee of the initial transferee in a separate proceeding and after the proceeding against the initial transferee has been decided"). Thus, Enron can only commence recovery proceedings after taking a final judgment in an avoidance proceeding. Any other construction of the statute would ignore Section 550(f). Indeed, if a trustee could pursue avoidance and recovery simultaneously, there would be no reason for Congress to have enacted a separate limitations provision explicitly for recovery proceedings – let alone a provision that is triggered only by the conclusion of the prior avoidance proceeding.

In *In re Trans-End Technology, Inc.*, the trustee made precisely the same argument that Enron makes here – namely, that in order to maintain a recovery action against

7

subsequent transferees, "an alleged fraudulent transfer must only be shown to be avoidable," not actually avoided. 230 B.R. at 103. The Court rejected the trustee's argument because it would "render meaningless" the limitations provision of Section 550:

> This limitation period is only commenced upon the happening, in this case, of the avoidance of a transfer under 11 U.S.C. § 548 within the statute of limitation period set forth in 11 U.S.C. § 546(a). If the Court were to adopt the Trustee's argument of avoidability, the limitation periods of both § 546 and § 550(f) would be rendered meaningless. This is because if a trustee is not required to first avoid a transfer before seeking recovery, there is no starting point for the statute of limitation period in § 550(f) to begin to run. In short, the Court cannot accept the Trustee's invitation to read the word "avoided" in § 550(a) to mean "avoidable."

*Id.* at 104. Like the trustee's argument in *Trans-End*, Enron's argument – that it can seek recovery from NAB without having first avoided the initial transfer, *see* Enron Opp. at 6 – renders superfluous the limitations period of Section 550(f). Of course, "[i]t is well-settled that courts should avoid statutory interpretations that render provisions superfluous," because it is the court's "'duty to give effect, if possible, to every clause and word of a statute.'" *State St. Bank & Trust Co. v. Salovaara*, 326 F.3d 130, 139 (2d Cir. 2003) (quoting *Duncan v. Walker*, 533 U.S. 167, 174 (2001)). Enron's argument squarely violates that "cardinal principle of statutory construction," *Williams v. Taylor*, 529 U.S. 362, 404 (2000), and should be rejected on that basis alone.

In sum, "Congress deliberately distinguished between avoiding a transfer and recovering from the transferee. They are conceptually different, and . . . [r]ecovery depends upon avoidance." *In re Morgan*, 276 B.R. 785, 791 (Bankr. N.D. Ohio 2001) (quoting *In re Pearson Indus., Inc.*, 178 B.R. 753, 759 (Bankr. C.D. Ill. 1995)) (ellipses added). Enron's argument disregards that Congressionally-mandated distinction, and the explicit requirement that

8

the initial transfer be avoided before recovery may be sought from subsequent transferees. Accordingly, the claims against NAB fail as a matter of law.

## II.    ENRON'S CLAIMS FAIL AS A MATTER OF LAW BECAUSE ENRON CANNOT AVOID ITS INITIAL TRANSFER TO HOLDING I LP.

Enron's fall-back argument – that it can both avoid the initial transfer and pursue recovery in this action without joining Holding I LP as a party – is not well-founded. Avoidance of the initial transfer is a prerequisite for seeking and obtaining recovery from subsequent transferees such a NAB, *see* Section I, *supra*. And the initial transfer cannot, as a matter of law, be avoided without joining the initial transferee as a party. In this case, Holding I LP, the initial transferee, cannot be joined as a party. Not only is an avoidance claim against Holding I LP time-barred, but Holding I LP has been dissolved and no longer exists as an entity.

Initial transferees such as Holding I LP are necessary and indispensable parties to any action to avoid initial transfers. *See*, *e.g.*, *In re Contemporary Indus. Corp.*, No. BR 98-80382, 2001 WL 34630639, at *10 (Bankr. D. Neb. Feb. 14, 2001) (holding that initial transferees "are indispensable parties" to avoidance action) (citing Fed. R. Civ. P. 19), *vacated on other grounds*, *amended by* 296 B.R. 211, 212 (Bankr. D. Neb. 2003) (noting that the Court had vacated its prior order "on the basis that matters outside the complaint had been considered").[2] Thus, where (as here) an initial transferee cannot be sued to avoid the initial transfer, then debtor cannot seek recovery from subsequent transferees such as NAB. *See*, *e.g.*, *In re Trans-End Tech., Inc.*, 230 B.R. at 105 (dismissing trustee's Section 550 recovery action against subsequent transferee, because "the Trustee has failed to avoid the initial transfer . . . and

---

[2]    *See also*, *e.g.*, *In re H. King & Assocs.*, 295 B.R. 246, 293 (Bankr. N.D. Ill. 2003) ("[T]he transferor and the transferee are deemed to be necessary parties to a fraudulent transfer suit."); *In re Halpert & Co., Inc.*, 254 B.R. 104, 116 (Bankr. D.N.J. 1999) ("Both the transferor and the transferee should be named as necessary parties to a fraudulent transfer suit.")

9

is barred by 11 U.S.C. § 546(a) from seeking to initiate such an action in the future. Thus, it follows that the Trustee cannot seek recovery from Latham & Watkins as a subsequent transferee.").

In *In re Contemporary Industries Corp.*, the debtor commenced a Section 550 recovery action against subsequent transferees. Those transferees moved to dismiss the recovery action on the ground that the debtor had not avoided the initial transfer and could not avoid that transfer without suing the initial transferees, which were necessary and indispensable parties. *Id.* at *4. The debtor could not join the initial transferees because it had already released them from any liability for claims relating to the initial transfers. *Id.* at *1. The Court granted the transferees' motion to dismiss, holding, "[t]he [initial transferees] are indispensable parties and cannot now be made parties. Therefore, pursuant to Fed. R. Civ. P. 19, the Complaint must be dismissed." *Id.* at *10 (brackets added); *see also id.* at *1 ("[T]he initial transferees . . . are necessary parties to the avoidance action. Since the initial transferees have been released from any liability to the debtor, they cannot now be made parties.").[3]

As in *In re Contemporary Industries Corp.*, the initial transferee, Holding I LP, is a necessary and indispensable party to any avoidance action. Enron, however, cannot join Holding I LP in this action, for two independent reasons. First, the statute of limitations for an avoidance action against that initial transferee expired on December 2, 2003, two years after the petition date. *See* 11 U.S.C. § 546(a). Second, Holding I LP has been dissolved "and no longer

---

[3]  Enron's two citations to *In re Cambridge Biotech Corp.*, 212 B.R. 10 (D. Mass. 1997), and *General Electric Capital Corp. v. Sheffield Systems, Inc.*, No. 01-C-6342, 2002 WL 1759823 (N.D. Ill. July 29, 2002), *see* Enron Opp. at 10-11, are inapposite. Neither case considered the issue of whether an initial transferee is a necessary and indispensable party in an avoidance action. As set forth *supra*, the authorities that have considered the issue have concluded that an initial transferee (here, Holding I LP) is a necessary and indispensable party in an avoidance action.

exists." Enron Opp. at 10. Because Enron cannot join Holding I LP, Enron's initial transfer cannot be avoided. Accordingly, this recovery action must be dismissed as against NAB.

## CONCLUSION

For the foregoing reasons and those set forth in NAB's motion, NAB respectfully requests that the Court dismiss Enron's claims against NAB with prejudice.

Dated: New York, New York
September 16, 2005

Respectfully submitted,

CLAYMAN & ROSENBERG

By: _____
Paul Hugel (PH-4749)

305 Madison Avenue, # 1301
New York, New York 10165
(212) 922-1080 (office)
(212) 949-8255 (facsimile)

and

WILLIAMS & CONNOLLY LLP

725 Twelfth Street NW
Washington, DC 20005
(202) 434-5000 (office)
(202) 434-5029 (fax)

Philip J. Ward (*pro hac vice*)
Helen I. Dooley (*pro hac vice*)

Attorneys for Defendant National
  Australia Bank