25

Case 1:07-cv-06597-AKH   Document 24-27   Filed 11/27/2007   Page 1 of 17

Case 1:07-cv-06597-AKH    Document 24-27    Filed 11/27/2007    Page 2 of 17

grant or demise, and who had a trust reposed in him by his lessor or grantor, which fraud and practice is so secretly (*a*) contrived, that the [80 a] lessor by common presumption could not have notice to make his claim, because his lessee continued in possession, and paid his rent, as a lessee ought. And as to that which was objected, that it would be mischievous to avoid fines on such bare averments: it was answered, that it would be a greater mischief, and principally in these days (in which as the poet saith,

> ———*Fugere pudor, rectumque, fidesque,*
> *In quorum subiere locum fraudesque, dolique,*
> *Insidiaeque, & vis, & amor sceleratus habendi.*)

if fines levied by such covin and practice should bind; such objection may be made, (*a*) and if a fine be levied to secret uses to deceive a purchaser, an averment of fraud may be taken against it, by the stat. of 27 Eliz. cap. 4. So if a fine be levied on an usurious contract, it may be avoided by (*b*) averment, by the statute of 13 Eliz. cap. 8. (A 1). And Sir Thomas Egerton Lord Keeper of the Great Seal, commended this resolution of the justices, and agreed in opinion with them (2).

[80 b] TWYNE'S CASE.

Mich. 44 Eliz.

In the Star Chamber.   1601.

[S. C. 1 Sm. L. C. 1. See "*The Heart of Oak,*" 1869, 39 L. J. Adm. 19; *Ex parte Wilson,* 1874, 29 L. T. 861; *Cookson v. Swire,* 1884, 9 App. Cas. 664; *Ex parte Chaplin,* 1884, 26 Ch. D. 333; *In re Telescriptor Syndicate, Limited* [1903], 2 Ch. 189.]

S. C. Moor, 638.  S. C. cited acc. Lane 44, 45. 47.  Co. Lit. 3 b. 76 a. 290 a. 3 Keb. 259.  [1 Saund. 66 (1). 1 Mod. 119.  1 Ld. Raym. 286.  2 Ld. Raym. 1459.  1 Dougl. 87. 296.  1 Cowp. 233. 280.  2 Cowp. 433. 631. 708. 712. 1 Burr. 85.  2 Burr. 831.  1 Ves. sen. 350.  1 Atk. 16. 162.  2 Atk. 512. 600. 1 Bro. C. C. 99.  2 T. R. 463. 591.  4 T. R. 57.  5 T. R. 237, 422.  7 T. R. 70, 1, 2.  3 Esp. 53.  4 East, 13.  6 East, 265. 267, 268. 273.  15 East, 25.  2 Bos. & P. 60.  3 Taunt. 244. 258.  5 Taunt. 218. 734.  7 Taunt. 151.  2 Marsh. 428. 1 Moore C. P. Rep. 193.  5 Ves. 870. 874.  10 Ves. 145.  11 Ves. 7.  17 Ves. 197. 1 Eden, 168.  1 Inst. ii. 237, 238. (O).  3 Wood, 1.  Shep. Touch. 64, 65, 66, 67. Gilb. Us. 173. 3rd. edit. 371. and n. (5). *ib.*  2 Bl. Com. 441. 444.  1 Fearne Cont. Rem. 476.  Bull. N. P. 257 b. 258 a. 260.  1 Sand. Us. 158.  1 Fonbl. Tr. Eq. 272, 273. 278, 279, 280 n.  2 Fonbl. Tr. Eq. 26.  1 Madd. Ch. 2nd. edit. 278.  4 Cru. Dig. 517. 526, 527. V. 214.  Pow. Mortg. 31.  1 Mont. B. L. 41.  Sugd. Pow. 410,

---

(*a*) 2 Rol. Rep. 17.
  (*a*) Plowd. 49 b.  7 Co. 39 b.  [5 Cru. Dig. 299.  1 Prest. Conv. 264.  Vin. Abr. Fine I. b. 4.  Fraud K. a. pl. 2.  Bac. Abr. Fines H.  *Ante,* p. 78 b. n. (o).]
  (*b*) Jenk. Cent. 254.  9 Co. 26 b.  See n. (A 1). *infra,* and the books there cited.
  (A 1) Acc. *Dodd* v. *Ellington,* Rol. Rep. 41. pl. 8.  Brownl. 191.  5 Cru. Dig. 299. Vin. Abr. Fine E. b. 3. pl. 6, 7.  Usury I. pl. 4.  Shep. Touch. 19.  A fine obtained by fraud will be relieved against in equity, which considers the person deriving title under it as a trustee; and the species of relief is by directing a reconveyance, *Pickett* v. *Loggan,* 14 Ves. 234.  *Wright* v. *Booth,* Tot. 101.  *Coleby* v. *Smith,* 1 Vern. 205. *Woodhouse* v. *Brayfield,* 2 Vern. 307.  *Cartwright* v. *Pulteney,* 2 Atk. 381.  *Baker* v. *Pritchard,* 2 Atk. 387.  *Barnsley* v. *Powell,* 1 Ves. 289.  5 Cru. Dig. 299, 300. 1 Prest. Conv. 253. 264.  1 Madd. Ch. 266.  As to equitable jurisdiction in cases of fraud, see *id.* 109, &c.  Com. Dig. Chancery 3. F.  Vin. Abr. Chancery N.  (ED.)
  (2) [Note also, no fine can avoid an antecedent charge, but the estate will be bound, notwithstanding such fine, &c.  See 2 Bl. Com. ch. 11. fol. 356, 357.  *Note to the former editions.*  See *ante* i. p. 62 a. n. (F 1).]  (ED.)
  K. B. v.—26*

411. 414.   Sugd. Vendors 574, 575.    6 Bart. Prec. 220.   2 Tidd. Prac. 1041. 1043.
1 Evan. Stat. 391 n. 393, 394.    Vin. Abr. Condition Y. pl. 7.    Faits E. a. pl. 13.
Fraud. C. pl. 2. 9. F. pl. 1. 6, 7. 13. I. pl. 7. 10. K. pl. 2. L. pl. 2, 3, 4, 5.   Grants
U. pl. 4.    Offices O. 3. pl. 3.    Void or Voidable A. pl. 8.    Uses A. pl. 1, 2, 3.
S. 3. pl. 21.   Com. Dig. Covin B. 2, 3, 4.   Uses D. 2.   Bac. Abr. Agreement B. 2.
Condition K.   Fines and Recoveries F. iii. 209.   Fraud C. iii. 307. 310, 311, 312,
313.   Outlawry D. 2. 2. V. 227.   See the references and notes *infra*.]

A. indebted to B. in four hundred pounds, and to C. in two hundred pounds, being
   sued in debt by C., pending the writ, makes a secret assignment of all his goods
   and chattels in B. generally, without exception, in satisfaction of his debt, but
   still continues in possession, and sells some sheep, and sets his mark on others;
   held that this was a fraudulent gift within the 13 Eliz. c. 5.   1st. Because the
   gift was general, without exception of his apparel, &c. ; the donor continued in
   possession, and used them as his own ; it was made in secret, pending the writ ;
   there was a trust between the parties ; and the deed contained an unusual clause,—
   that it was made *bona fide*, &c.   2nd. That a good consideration is not sufficient
   to take a case out of the statute, unless the deed be made *bona fide* also.
What conveyances are fraudulent within the 13 Eliz. c. 5. and 27 Eliz. c. 4.
Statutes made in suppression of fraud are to be construed liberally for that purpose.
A conveyance made with a power of revocation is fraudulent as against a purchaser,
   though the power be future, or to be exercised with the assent of another person.
   So if the power be afterwards extinguished by fine, to defraud a purchaser, the
   fine is void as to him.
A bond void in part by the statute law, is void *in toto*.
None but *bona fide* purchasers for a valuable and not inadequate consideration, can take
   advantage of the stat. 27 Eliz. c. 4.

   In an information (A) by Coke, the Queen's Attorney General, against Twyne of
Hampshire, in the Star-Chamber, for making and publishing of a fraudulent gift of
goods : the case on the stat. of 13 Eliz. cap. 5. (B) was such ; Pierce was indebted to

---

(A) That if a man be party or privy to a fraudulent grant, &c. an information
lies against him upon the statute 13 Eliz. c. 5. ; or an action of debt for so much
as is the value of the goods, Dyer, 351 b.   Com. Dig. Covin, B. 2.   But although
the statute subjects the parties to the frauds which it provides against, to certain
penalties, and therefore, it should seem, ought to be construed strictly, yet Lord
Mansfield, in *Cadogan* v. *Kennett*, Cowp. 434., observed, "that the statutes of 13 and
27 Eliz. cannot receive too liberal a construction, or be too much extended, in
suppression of fraud."   On the construction of these statutes in general, see the
next note.   (ED.)
   (B) By the statute 13 Eliz. c. 5. s. 2. (made perpetual by statute 29 Eliz. c. 5.)
for the avoiding of feigned, covinous, and fraudulent feoffments, gifts, grants, aliena-
tions, conveyances, bonds, suits, judgments, executions, &c. devised to the intent to
delay, hinder, or defraud, creditors and others of their just and lawful actions, &c.
it is enacted, "that all and every feoffment, gift, grant, alienation, &c. and all and
every bond, suit, judgment, and execution, for any intent or purpose before declared,
shall be utterly void :" with a proviso that the Act shall not extend to any grants, &c.
upon good consideration and *bonâ fide*.   In the construction of this statute it appears
to have been at first held that all voluntary conveyances, that is, all conveyances not
founded on a pecuniary or other valuable consideration, were fraudulent and void
against actual or future creditors, see *Apharry* v. *Bodingham*, Cro. Eliz. 350.   *Stiles* v.
*Attorney General*, 2 Atk. 152.   1 Ves. & B. 112. ; but it was soon settled, that the
statute only extended to voluntary conveyances, where the grantor was indebted at
the time, or where the deed was also fraudulent, 2 Vern. 327.   1 Ch. Ca. 99. 291.
1 Vent. 194.   1 Mod. 119.   1 Atk. 15.   If there be, says Lord Hardwicke, a voluntary
conveyance of real estate or chattel interest by one not indebted at the time, though
he afterwards becomes indebted, if that voluntary conveyance was for a child, and
no particular evidence or badge of fraud to deceive or defraud subsequent creditors,

Twyne in four hundred pounds, and was indebted also to C. in two hundred pounds. C. brought an action of debt against Pierce, and pending the writ, Pierce being possessed of goods and chattels of the value of three hundred pounds, in secret made a general deed of gift of all his goods and chattels real and personal whatsoever to Twyne, in satisfaction of his debt; notwithstanding that Pierce continued in possession of the said goods, and some of them he sold; and he shore the sheep, and marked them with his own mark: and afterwards C. had judgment against Pierce, and had a *fieri facias* directed to the Sheriff of Southampton, who by force of the said writ came to make execution of the said goods; but divers persons, by the command of the said

---

that will be good; but if any mark or fraud, collusion, or intent to deceive subsequent creditors appear, that will make it void, *Townsend* v. *Wyndham*, 2 Vez. 11, and see *Holcroft's case*, Dyer, 294 b. *Walker* v. *Burrows*, 1 Atk. 94. *Stephen* v. *Olive*, 2 Bro. C. C. 9. *Stileman* v. *Ashdown*, 2 Atk. 481. *Doe* v. *Routledge*, Cowp. 711. *Lush* v. *Wilkinson*, 5 Ves. 384. *Kidney* v. *Coussmaker*, 12 Ves. 155. *Jones* v. *Bolton*, 1 Cox, 288. *Holloway* v. *Millard*, 1 Madd. Rep. 414. *Battersbee* v. *Farringdon*, 1 Swanst. 106. 1 Wils. Ch. Rep. 88. In all cases the question of fraud must be decided by reference to the motives of the party making the deed or assignment. *Nunn* v. *Willsmore*, 8 T. R. 521. The grantor being indebted is not the only badge of fraud, but several other circumstances may also afford a strong presumption of the transaction being *mala fide*, *infra*; a secret transfer is always a badge of fraud, *Mace* v. *Cammell*, Lofft. 782.; so if the conveyance contain a power of revocation, or a power to mortgage, or if the grantor be allowed to continue in possession, the conveyance being absolute (*Stone* v. *Grubham*, 2 Bulst. 218., but see *infra* p. 81 a. n. (C).), it will be considered as fraudulent against creditors, *Tarback* v. *Marbury*, 2 Vern. 510.; so if the assignment be of the whole or greater part of the grantor's property (*infra*, *Estwick* v. *Calland*, 5 T. R. 420. Anst. 381.), or for a consideration clearly inadequate, it will be presumed to be fraudulent, *Matthews* v. *Feaver*, 1 Cox, 278., and see Rob. Conv. ch. 5. s. 3. If the transaction be not *bonâ fide*, the circumstance of its being even for a valuable consideration, will not alone take it out of the statute, *infra*, *Cadogan* v. *Kennett*, Cowp. 434. *Stileman* v. *Ashdown*, 2 Atk. 477. But an assignment by a debtor of his whole estate, in trust for all his creditors, in certain proportions, is valid, *Ingliss* v. *Grant*, 5 T. R. 530; and a creditor, unless prohibited by the bankrupt laws (see *ante* ii. p. 25 a, n. (B).), may give a preference to a particular creditor, or set of creditors, by a direct payment or assignment, if he does so in payment of his or their just demands, and not as a mere cloak to secure the property to himself, *Holbird* v. *Anderson*, 5 T. R. 235. *Estwick* v. *Calland*, *sup.*; and what he may do directly, may be done through the intervention of a trustee, *Nunn* v. *Wilsmore*, 8 T. R. 521. The pendency of another creditor's suit is immaterial; and the transaction is valid, though done to defeat that creditor's claim, *Pickstock* v. *Lyster*, 3 Maule and S. 371.; neither is it of any consequence that the fact of the assignment was unknown to, and therefore unacquiesced in by any of the creditors at the time; for the act itself being laudable, that determined its nature; and the motive was immaterial, S. C., and see *Meux* v. *Howell*, 4 East, 1. No person can take advantage of this statute but the creditors themselves; and therefore where A. made a fraudulent gift of his goods to B. and then died; B. brought an action against A.'s administrator for the goods, and the Court held he could not plead the statute, or maintain the possession of the goods, even to satisfy creditors; but the creditors may charge the vendee as executor *de son tort*, *Hawes* v. *Leader*, Cro. Jac. 270. Bull. N. P. 258., and see *post* p. 82 a. and n. (Q). *ib.* That copyholds, if not by custom subject to debts, are not within the statute, *Matthews* v. *Feaver*, 1 Cox, 278. 1 Evan Stat. 392. c. 8.; so of choses in action and money in the funds, *Dundas* v. *Dutens*, 1 Ves. jun. 198. *Nantes* v. *Carrock*, 9 Ves. 189. *Rider* v. *Kidder*, 10 Ves. 368.; but though a voluntary settlement of stock cannot be impeached during the settlor's life; his creditors, after his death, may sue the persons claiming under the settlement as executors *de son tort*, *Hawes* v. *Leader*, Cro. Jac. 271. *Edwards* v. *Harben*, 2 T. R. 587. *Stamford case*, 2 Leon. 223. Shep. Touch. 66. ed. Ather. As to assignments, where the debtor continues in possession, and as to settlements made after marriage, *infra* n. (C). (R). On the construction of the statute 27 Eliz. c. 4., see n. (R). *infra*. (ED.)

Twyne, did with force resist the said sheriff, claiming them to be the goods of the said Twyne by force of the said gift; and openly declared by the commandment of Twyne, that it was a good gift, and made on a good and lawful consideration. And whether this gift on the whole matter, was fraudulent and of no effect by the said Act of (a) 13 Eliz. or not, was the question. And it was resolved by Sir Thomas Egerton, Lord Keeper of the Great Seal, and by the Chief Justice Popham and Anderson, and the whole Court of Star Chamber, that this gift was fraudulent, within the statute of 13 Eliz. And in this case divers points were resolved:

1st. That this gift had the signs and marks of fraud, [81 a] because the gift is general, without exception of his (a) apparel, or any thing of necessity; for it is commonly said, *quod* (b) *dolus versatur in generalibus.*

2nd. The donor continued in possession (c), and used them as his own; and by

---

(a) 5 Co. 60 a. b. 6 Co. 18 b. 10 Co. 56 b. 3 Inst. 152. Co. Lit. 3 b. 76 a. 290 a. b. 13 El. c. 5. 2 Leon. 8, 9. 47. 223. 308, 309. 3 Leon. 57. Latch. 222. 2 Rol. Rep. 493. Palm. 415. Cr. El. 233, 234. 645. 810. Cro. Jac. 270, 271. Dy. 295. pl. 17. 251. pl. 23. 2 Bulst. 226. Rastal. Entries 207 b. Lane 47. 103. Hob. 72. 166. Moor, 638. Doct. pla. 200. Yelv. 196, 197. 1 Brownl. 111. Co. Ent. 162 a. [1 Ld. Raym. 286. 1 Dav. 87. 296. 1 Burr. 467. 2 Cowp. 433, 631. 708. 712. 1 Ves. sen. 350. 2 T. R. 463. 591. 4 T. R. 51. 5 T. R. 237. 422. 424. 7 T. R. 70, 71, 72. 4 East, 13. 6 East, 265. 267, 8, 9. 273. 15 East, 25. 3 Taunt. 258. 5 Taunt. 218. 7 Taunt. 151. 2 Marsh. 428. 1 Moore C. P. Rep. 193. 5 Ves. 870. 10 Ves. 145. 11 Ves. 7. 17 Ves. 197. 1 Eden, 168. 1 Inst. ii. 237. (O). Shep. Touch. 66. 2 Bl. Com. 441. Bull. N. P. 257, 258 a. 1 Fonbl. Tr. Eq. 272, 273. 4 Cru. Dig. 2nd edit. 517. 6 Bart. Prec. 220 n. 2 Tidd. Pract. 6th edit. 1041. 1043. 1 Madd. Ch. 278. Vin. Abr. Fraud C. pl. 2. 9. Com. Dig. Covin B. 2. Bac. Abr. Fraud C. iii. 310, 311.]

(a) Godb. 398. [1 Burr. 478. 2 Burr. 827. 4 Burr. 2235. 1 Mont. B. L. 41. Vin. Abr. Grants pl. 4. Bac. Abr. Fraud C. iii. 312.]

(b) 2 Bulstr. 226. 2 Co. 34 a. 1 Rol. Rep. 157. Moor, 321. 1 Mont. B. L. 41.

(c) That permitting the former proprietor to continue in possession will in general make a sale of personal property fraudulent against creditors, acc. 1 Vez. 348. 1 Atk. 16. 162. 165. 1 Bro. C. C. 99. 1 Eq. Abr. Creditor and Debtor, E. pl. 2. *Hall* v. *Gurney*, 2 T. R. 587. 2 Bulst. 226. Cowp. 434. 1 Burr. 467. 484. 2 Burr. 831. Dougl. 303. 2 T. R. 587. 4 T. R. 51. 5 T. R. 237. 422. 424. 587. 7 T. R. 70, 71, 72. 4 East, 13. 5 East, 25. *Dewer* v. *Baynton, Bart.* 6 East, 257. 2 Bos. & P. 60. 5 Esp. 22. 1 Camp. 332. 5 Taunt. 212. 17 Ves. 197. 1 Mont. B. L. 41. But the donor continuing in possession is not in all cases a mark of fraud; as where a donee lends his donor money to buy goods; and at the same time takes a bill of sale of them for securing the money, Bull. N. P. 258., cited acc. *Kidd* v. *Rawlinson*, 2 Bos. and P. 59. *Benton* v. *Thornhill*, 2 Marsh. 429. *Tezeph* v. *Ingram*, 1 Moore, C. P. 195., and see *Meggot* v. *Mills*, 1 Ld. Raym. 286. *Leonard* v. *Baker*, 1 Maule & S. 251. *Reed* v. *Blades*, 5 Taunt. 212. So permitting the vendor to continue in possession does not avoid a sale of goods made *bonâ fide*, and in the ordinary course of dealing, *Kidd* v. *Rawlinson, sup. Watkins* v. *Birch*, 4 Taunt. 823.; at least where the sale is notorious to the neighbourhood, and the permission is given to accommodate the vendor, *Leonard* v. *Baker*, 1 Maule and S. 251. *Mair* v. *Glennie*, 4 Maule and S. 248; and the mere occurrence of any interval of time between the execution of the deed and the taking of possession under it, does not seem sufficient to taint the transaction with fraud, see *Jones* v. *Dwyer*, 15 East, 21. I Evan. Stat. 395. And though the sale of assignment is not in the ordinary course of dealing, yet if it be for valuable consideration, and the vendor's possession be inconsistent with the terms of the contract, it is valid; as where the sale is conditional, and possession is not to be taken until after a time, or the happening of an event, *Eastwick* v. *Cailland*, 5 T. R. R. 420. *Manton* v. *Moore*, 7 T. R. 67. So where A. being indebted, by settlement before marriage, in consideration of the marriage, and of ten thousand pounds, his wife's portion, which was supposed to be more than the amount of his debts at that time, conveyed all his real estate, and likewise his household goods to trustees in strict settlement, and after the marriage continued in possession of the goods, after which a creditor at the time of the settle-

reason thereof he traded and trafficked (†) with others, and defrauded and deceived them.

3rd. It was made in secret, *et dona clandestina sunt semper suspiciosa* (D).

4th. It was made pending the writ (E).

5th. Here was a trust between the parties, for the donor possessed all, and used them as his proper goods (F), and fraud is always apparelled and clad with a trust, and a trust is the cover of fraud.

---

ment, having obtained judgment, took them in execution, it was held, that the settlement was good against creditors. And see *Dewey* v. *Baynton*, 6 East 257. *Lady Arundel* v. *Phips*, 10 Ves. 139. So where some cows were made subjects of a marriage settlement, they were held not liable to the husband's debts, *Haselinton* v. *Gill*, cit. 2 T. R. 597.; but in a full report of S. C. in 3 T. R. 620. n. Lord Mansfield said, that the Courts had gone every length to protect the personal property of the wife, in cases clear of fraud, where trustees were interposed *before* marriage, but where the conveyance is made after marriage, it is void against creditors at the time; unless the portion is paid at the time, or where the settlement is made after marriage, in consideration of a portion paid before, as in *White* v. *Thornborough*, Bull. N. P. 259. See the cases cited in n. (B). *sup.* *Infra* p. 82 b. n. (R). In the case of a deed of separation between husband and wife, whereby the husband conveyed to trustees all his debts and effects, the greater portion of which were brought to him by the wife, in consideration of two hundred pounds (which bore but a small proportion to their value), to be paid to him by one of the trustees, in trust to sell, reimburse the trustee the sum advanced, pay the husband's debts which the trustees should consider justly due, and hold the residue for the wife; it was held that the motives of the transaction being *bona fide*, the assignment was valid against creditors, *Nunn* v. *Wilsmore*, 8 T. R. 521. So where A., a farmer, executed a bill of sale, on the 26th of September, of all his property, absolutely to B. for a debt of six hundred pounds, B. put his son in possession, A. continuing to reside on the premises, and to conduct the farm. On the 30th of November, the sheriff took the stock, corn, &c. in execution, at the suit of C. against A. After satisfying the execution, enough remained to cover the six hundred pounds due to B.; it was held that the jury, allowing for the fluctuation of the market, were warranted in finding that the goods, at the time of executing the bill of sale, were not worth more than the six hundred pounds; and therefore that the bill of sale was made *bonâ fide*, and that A. was entitled to recover to the amount of six hundred pounds in an action of trover against the sheriff, *Benton* v. *Thornhill*, 2 Marsh. 427. 7 Taunt. 149. So where the property and goods of A. being in possession of the sheriff under a writ of *fieri facias*, he executed a deed of assignment to B. for a valuable consideration, on which the execution was withdrawn; B. superintended the management of the property, but allowed A. to continue in possession; and the same property was seized under a subsequent execution, at the suit of C., it was held that such property was protected by the assignment to B., although A. had continued in the visible possession, *Joseph* v. *Ingram*, 1 Moore, 189. So the actual delivery of the goods may be dispensed with, when the nature of the subject renders it impracticable, or when acts equivalent have taken place; as in the case of bulky goods, the delivery of the key of the warehouse, or in case of assignment of a ship, or cargo at sea, the paper documents being delivered over, see *ante* ii. p. 25 b. and cases there cited with reference to the bankrupt laws. And in conveyances of land, where the consideration is future, the donor's continuing in possession, it seems, is not fraudulent, unless it be expressly proved that fraud was intended, *Stone* v. *Grubham*, 1 Roll. Rep. 3. But the possession of personal chattels must be delivered, although the grant or conveyance include real property or chattels real. *Worsley* v. *Demattos*, 1 Burr. 467. *Law* v. *Skinner*, 2 Bl. Rep. 996. (ED.)

(†) [1 Evan. Statute 394. Shep. Touch. ed. Ather. 64. Com. Dig. Covin. B. 2 Bac. Abr. Fraud C. iii. 311. and see the books cited in n. (C). *infra*.]

(D) See *ante* p. 80 b. n. (B). *Post* 6 Co. 72 a. *Wilson* v. *Day*, 2 Burr. 827. *Jacob* v. *Shepherd*, 1 Burr. 478. 1 Mont. B. L. 41. Shep. Touch. ed. Ather. 64. Com. Dig. Covin, B. 2. (ED.)

(E) See *ante* p. 80 b. n. (B). Com. Dig. Covin, B. 2. (ED.)

(F) See Com. Dig. Covin, B. 2. *Post* 11 Co. 74 a. *Turbuck* v. *Marbury*, 2 Vern. 510. *Pickstock* v. *Lyster*, 3 Maule and S. 371. (ED.)

6th. (†) The deed contains, that the gift was made honestly, truly, and *bona fide : et clausulæ inconsuet' semper inducunt suspicionem.*

Secondly, it was resolved, that notwithstanding here was a true debt due to Twyne, and a good consideration of the gift, yet it was not within the proviso of the said Act of 13 Eliz. by which (‡) it is provided, that the said Act shall not extend to any estate or interest in lands, &c. goods or chattels made on a good consideration and *bona fide;* for although it is on a true and good consideration, yet it is not *bona fide,* for no gift shall be deemed to be *bona fide* within the said proviso which is accompanied with any trust; as (§) if a man be indebted to five several persons, in the several sums of twenty pounds, and hath goods of the value of twenty pounds, and makes a gift of all his goods to one of them in satisfaction of his debt, but there is a trust between them, that the donee shall deal (*c*) favourably with him in regard of his poor estate, either to permit the donor, or some other for him, or for his benefit, to use or have possession of them, and is contented that he shall pay him his debt when he is able; this shall not be called *bona fide* within the said proviso; for the proviso saith on a good consideration, and *bona fide;* so a good (†) consideration doth not suffice, if it be not also *bona fide* (G): and therefore, reader, when any gift shall be to you in satisfaction of a debt, by one who is indebted to others also; 1st, Let it be made in a public manner, and before the neighbours, and not in private, for secrecy is a mark of fraud. 2nd, Let the goods and chattels be appraised (‡) by good people to the very value, and take a gift in particular in satisfaction of your debt. 3rd, Immediately after the gift, take the possession of them; for continuance of the possession in the donor, is a sign of trust. And know, reader, that the said words of the proviso, on a good consideration, and *bona fide,* do not extend to every gift made *bona fide;* and therefore there are two manners (§) of gifts on a good consideration, *scil.* consideration of nature or blood, and a valuable consideration (H). As to the first, in the case before put; (‖) if he who is indebted to five several persons, to each party in twenty pounds, in consideration of natural affection, gives [81 b] all his goods to his son, or cousin, in that case, forasmuch as others should lose their debts, &c. which are things of value, the intent of the Act was, that the consideration in such case should be valuable; for equity requires, that such gift, which defeats others, should be made on as high and good consideration as the things which are thereby defeated are; and it is to be presumed, that the father, if he had not been indebted to others, would not have dispossessed himself of all his goods, and subjected himself to his cradle; and therefore it shall be intended, that it was made to defeat his creditors (I): and if consideration of nature or blood should be a good consideration within this proviso, the statute would serve for little or nothing, and no creditor would be sure of his debt. And as to gifts made *bona fide,* it is to be known, that every gift made *bona fide,* either is on a trust between the parties, or without any

---

(†) [Com. Dig. Covin B 2.]
(‡) [Shep. Touch. 65.  1 Tr. Eq. 272.  Moor, 639.]
(§) [Vin. Abr. Fraud F. pl. 6. 13.  Com. Dig. Covin B. 2.  Bac. Abr. Fraud C. iii. 310.]
(*c*) Goldsb. 161.
(†) *Vide ante* 36 a. b.  [2 Bulst. 218.  1 Atk. 168.  1 Ves. 348.  2 T. R. 591.  3 T. R. 618.]
(G) See acc. *ante* p. 80 b. n. (B). and the cases there cited.  (ED.)
(‡) [6 East, 265. 269.  3 Wood, 1.  Bull. N. P. 258.  Vin. Abr. Fraud F. pl. 7.]
(§) [2 Bl. Com. 444.  Dyer 336 b.  2 Bulst. 125.  Bac. Abr. Agreement B. 2.]
(H) See 2 Bl. Com. 297.  1 Fonbl. Tr. Eq. 271 n.  2 Fonbl. 26.  *Ante* i. p. 121 b. n. (P).  (ED.)
(‖) Cr. Jac. 127.  Palm. 214.  [1 Mod. 119.  5 T. R. 237.  Com. Dig. Dig. Covin B. 2.  Bac. Abr. Fraud C. iii. 310.]
(I) See acc. *Apharry* v. *Bodingham,* Cro. Eliz. 350.  *Fitzer* v. *Fitzer,* 2 Atk. 512.  *Taylor* v. *Jones,* 2 Atk. 600.  Eq. Ca. Abr. 148.  1 Fonbl. Tr. Eq. 5th edit. 271, 2. and the books cited *ante* p. 80 b. n. (B).  (ED.)

trust; every gift made on a trust is out of this proviso (K); for that which is betwixt the donor and donee, called (a) a trust *per nomen speciosum*, is in truth, as to all the creditors, a fraud, for they are thereby defeated and defrauded of their true and due debts. And every trust is either expressed, or implied: an express trust is, when in the gift, or upon the gift, the trust by word or writing is expressed: a trust implied is, when a man makes a gift without any consideration, or on a consideration of nature, or blood only: and therefore, if a man before the stat. of 27 H. 8. had bargained his land for a valuable consideration to one and his heirs, by which he was seised to the use of the bargainee; and afterwards the bargainor, without a consideration, infeoffed others, who had no notice of the said bargain; in this case the law implies a trust and confidence, and they shall be seised to the (†) use of the bargainee: so in the same case, if the feoffees, in consideration of nature, or bloode had without a valuable consideration enfeoffed their sons, or any of their blood who, had no notice of the first bargain, yet that shall not toll the use raised on a valuable consideration (L); for a feoffment made only on consideration of nature or blood, shall not toll an use raised (‡) on a valuable consideration but shall toll an use raised on consideration of nature, for both considerations are *in æquali jure*, and of one and the same nature (M).

And (§) when a man, being greatly indebted to sundry persons, makes a gift to his son, or any of his blood, without consideration, but only of nature, the law intends a trust betwixt them, *scil.* that the donee would, in consideration of such gift being voluntarily and freely made to him, and also in consideration of nature, relieve his father, or cousin, and not see him want who had made such gift to him, *vide* 33 H. 6. 33. (║) by Prisot, if the father enfeoffs his son and heir apparent within age *bona fide*, yet the lord shall have the wardship of him (N): so note, valuable consideration is a good consideration within this proviso; and a gift made *bona fide* is a gift made without any trust either expressed or implied: [82 a] by which it appears, that as a gift made on a good consideration, if it be not also *bona fide* (O), is not within the proviso; so a gift made *bona fide*, if it be not on a good consideration, is not within the proviso; but it ought to be on a good consideration, and also *bona fide*.

To one who marvelled what should be the reason that Acts and statutes are continually made at every Parliament without intermission, and without end; a wise man made a good and short answer, both which are well composed in verse.

*Quæritur, ut crescunt tot magna volumina legis?*
*In promptu causa est, crescit in orbe dolus.*

And because fraud and deceit abound in these days more than in former times, it was resolved in this case by the whole Court, that all statutes made against fraud

---

(K) *I.e.* a trust in favour of the grantor. See *ante* p. 80 b. n. (B). and the cases there cited, 1 Cowp. 233. 5 T. R. 422. 8 T. R. 521. Vin. Abr. Fraud F. pl. 6. (ED.)

(a) 6 Co. 72 b. [See n. (K). *infra*.]

(†) 2 Rol. 799. [1 Fearne 476. Sugd. Gilb. Uses 15. 371 n. Vin. Abr. Uses A. pl. 1. Com. Dig. Covin B. 2. Uses D. 2.]

(L) S. P. *Chudleigh's case*, 1 Co. 122 b. i. p. 302. Plowd. 351. *Brown's case*, Dyer, 12 b. pl. 55. Bro. Feoffment at Uses, pl. 50. Gilb. Uses, 173. 3rd edit. 371. Bac. Law Tracts, 312. 1 Fearne, 477. Vin. Abr. Uses A. pl. 3. Com. Dig. Uses D. 2. (ED.)

(‡) 2 Rol. 779.

(M) S. P. Vin. Abr. Uses A. pl. 2. Com. Dig. Uses D. 2. Gilb. Us. 173. 3rd edit. 371. At this day, however, it is clear that a conveyance by a trustee, for a good consideration, would not prevail over the first *cestui que trust*, although merely a volunteer. *Id. ibid.* (ED.)

(§) [Com. Dig. Covin B. 2.]

(║) 33 H. 6. 16. 7 Co. 39 b.

(N) That wardships in chivalry are now gone, by the statute 12 Cha. 2. c. 24, *ante* i. p. 45 b. n. (P 3). (ED.)

(O) See *ante* p. 80 b. n. (B). *Infra* n. (R). 6 East, 267. 5 Ves. 870. (ED.)

should be liberally and beneficially expounded to suppress the fraud (P). Note, reader, according to their opinions, divers resolutions have been made.

Between Pauncefoot and Blunt, in the Exchequer Chamber, Mich. 35 & 36 El. the case was: Pauncefoot being indicted for recusancy, for not coming to divine service, and having an intent to flee beyond sea, and to defeat the Queen of all that might accrue to her for his recusancy or flight, made a gift of all his leases and goods of great value, coloured with feigned consideration, and afterwards he fled beyond sea, and afterwards was outlawed on the same indictment: and whether this gift should be void to defeat the Queen of her forfeiture, either by the common law, or by any statute, was the question: and some conceived, that the common law, which (a) abhors all fraud, would make void this gift as to the Queen, vide Mich. 12 & 13 El. Dyer (b) 295. 4 & 5 P. & M. 160. And the stat. of (c) 50 E. 3. cap. 6. was considered; but that extends only in relief of creditors, and extends only to such debtors as flee to sanctuaries, or other privileged places: but some conceived, that the stat. of (d) 3 H. 7. cap. 4. extends to this case. For although the preamble speaks only of creditors; yet it is provided by the body of the Act generally, that all gifts of goods and chattels made or to be made on trust to the use of the donor, shall be void and of no effect, but that is to be intended as to all strangers who are to have prejudice by such gift, but between the parties themselves it stands good: but it was resolved by all the Barons, that the stat. 13 Eliz. c. 5. (e) extends to it, for thereby it is enacted and declared, that all feoffments, gifts, grants, &c. "to delay, hinder or defraud creditors, and others, of their just and lawful actions, suits, debts, accounts, damages, penalties, forfeitures, heriots, mortuaries and reliefs," shall be void, &c. So that this Act doth not extend only to creditors, but to all others who had cause of action, or suit, or any penalty, or forfeiture, &c. (Q).

[82 b] And it was resolved, (†) that this word "forfeiture" should not be intended only of a forfeiture of an obligation, recognizance, or such like (as it was objected by some, that it should, in respect that it comes after damage and penalty) but also to

---

(P) See acc. *Magdalen College case, post* 11 Co. 66. *Cadogan v. Kennett,* Cowp. 434., cited *ante* p. 80 b. n. (A). *Infra* n. (R). Shep Touch. 66. ed. Ather. (ED.)

(a) *Ante* 78 a.
(b) *Ante* 78 a. b. Dyer 295. pl. 8, 9, 10, &c. Lane 44.
(c) Co. Lit. 76 a. [1 Fonbl. Tr. Eq. 276 n.]
(d) Cro. El. 291, 292. Lane, 45. [1 Fonbl. Tr. Eq. 5th edit. 276 n.]
(e) Co. Lit. 3 b. 76 a. 290 a. b. 3 Inst. 152. 5 Co. 60 a. b. 6 Co. 18 b. 10 Co. 56 b. Co. Ent. 162 a. 1 Leon. 47. 308, 309. 2 Leon. 8, 9. 223. 3 Leon. 57. Latch. 222. 2 Rol. Rep. 493. Palm. 415. Cr. El. 233, 234. 645. 810. Cr. Jac. 270. 2 Bulst. 226. Hob. 72. 166. Yelv. 196, 197. 1 Brownl. 11. Dyer 295. pl. 17. 351. pl. 23. Rastal Fraudulent Deeds. 1 Rast. Ent. 207 b. Lane, 47. 103. Moor, 638. Doct. pl. 200. [Shep. Touch. 66. ed. Ather. 1 Fonbl. Tr. Eq. 279. Com. Dig. Covin B. 2. Bac. Abr. Outlawry D. 2. 2. V. 227.]

(Q) See *ante* p. 80 b. n. (B). A wife claiming under a covenant to make a provision in case of her surviving, is a sufficient creditor within the 13 Eliz. *Rider v. Kidder,* 10 Ves. 360. In *Luckner v. Freeman,* Prec. Ch. 105. a distinction appears to have been taken between the claims of real creditors and a debt founded *in maleficio*: for A. having brought an action against B. for lying with his wife, B. assigned his estates to trustees in trust to pay the several debts mentioned in a schedule, and such other debts as he should name. A. recovered five thousand pounds damages, and brought his bill to set aside this deed, as fraudulent; but the Court held that it was not fraudulent, either in law or equity; for that the plaintiff was no creditor at the making of the deed; and though it were made with an intent to prefer his real creditors before this debt, when it came afterwards to be a debt, yet it was a debt founded only *in maleficio,* and therefore it was conscientious in him to prefer the other debts before it. But the plaintiff was held to have an interest in the surplus, after payment of the other debts, 1 Fonbl. Tr. Eq. 5th edit. 278, 9. As to the effect of fraudulent transactions to deceive the Crown of forfeitures, &c. see Rob. Conv. ch. 5. s. 3. (ED.)

(†) [Com. Dig. Covin B. 2.]

every thing which shall by law be forfeited to the King or subject. And therefore if a man, to prevent a forfeiture for felony, or by outlawry makes a gift of all his goods, and afterwards is attainted or outlawed, these goods are (a) forfeited notwithstanding this gift: the same law of recusants, and so the statute is expounded beneficially to suppress fraud. Note well this word (b) "declare" in the Act of 13 Eliz. by which the Parliament expounded, that this was the (c) common law before. And according to this resolution it was decreed, Hil. 36 Eliz. in the Exchequer Chamber.

Mich. 42 & 43 Eliz. in the Common Pleas, on evidence to a jury, between Standen (d) and Bullock, these points were resolved by the whole Court on the stat. of 27 El. c. 4. (R) Walmsley J. said, that Sir Christopher Wray, late C. J. of England, reported

---

(a) Co. Lit. 290 b.

(b) Co. Lit. 76 a. 290 b.

(c) Hard. 397. [1 Burr. 85. Shep. Touch. 66. ed. Ather. 1 Evan. Stat. 382, 383.

(d) Moor. 605. 615. Bridgm. 23. 5 Co. 60 b. Palm. 217. Lane, 22. 2 Jones 95. [1 Inst. ii. 238. (O). Bull. N. P. 260. 4 Cru. Dig. 525. Sugd. Pow. 2nd edit. 410, 411. Sugd. Vend. 574, 575. Vin. Abr. Fraud L. pl. 2. 5. Com. Dig. Covin B. 3.]

(R) By the statute 27 Eliz. c. 4., made perpetual by the 30 Eliz. c. 18. s. 3., it is enacted, that all conveyances, grants, &c. out of any lands, tenements, or other hereditaments, *for the intent and of purpose to defraud and deceive* such persons as shall purchase the same lands, tenements, or hereditaments, so formerly conveyed, granted, &c. or any rent, profit, or commodity, in or out of the same, shall be deemed and taken only as against such persons, and their representatives as should so purchase for money or other good considerations the same lands, tenements, or other hereditaments, or any rent, profit, or commodity, in or out of the same, to be utterly void. The fourth section expressly excepts conveyances made upon good consideration, and *bona fide*. And the statute also enacts, that if any person shall make any conveyance, &c. of any lands, tenements, or hereditaments, with any clause of revocation or alteration at his pleasure of such conveyance, &c. and shall afterwards sell the same to any person or persons for money or other good consideration paid or given (the said first conveyance, &c. not being revoked according to the power reserved by the said *secret* conveyance, &c.), then the said first conveyance, &c. as touching the lands, tenements, and hereditaments, so after sold, against the vendees, &c. shall be deemed and be void, and of none effect. Provided that no *bona fide* mortgage should be affected by the Act. On the construction of this statute, it has been held that every voluntary conveyance shall be presumed to be fraudulent against a subsequent purchaser, *Borey's case*, 1 Ventr. 194. *Douglas* v. *Ward*, 1 Ch. Ca. 100. *Holford* v. *Holford*, 1 Ch. Ca. 217. *Colville* v. *Parker*, Cro. Jac. 158. *Evelyn* v. *Templar*, 2 Bro. C. C. 148. And to bring a case within this statute, it is not necessary that the person who sells the land, should make the former conveyance, *Burrell's case*, *post* Co. 72., and see 1 Evan. Stat. 392. Shep. Touch. ed. Ather. 64.; and although the subsequent purchaser should have notice of the preceding conveyance, yet he will be allowed to invalidate it, *post* 5 Co. 60 b. Cowp. 711. *Doe d. Otley* v. *Manning*, 9 East, 59. *Hill* v. *The Bishop of Exeter*, 2 Taunt. 69. *Pulvertoft* v. *Pulvertoft*, 18 Ves. 84. *Metcalfe* v. *Pulvertoft*, 1 Ves. and B. 183, 4. *Buckle* v. *Mitchell*, 18 Ves. 100. And the statute being general, and made to suppress fraud, extends to fraudulent conveyances to the King, *Magdalen College case*, *post* 11 Co. 66. A conveyance for payment of debts generally, to which no creditor is party, nor any particular debts expressed, is a fraudulent conveyance within this statute, against a subsequent purchaser for a valuable consideration, *Leech* v. *Leech*, 1 Ch. Ca. 249.; though if made with an honest intent, and the purchaser had notice of the trust, it seems that he will not be relieved against it, see *Langton* v. *Tracey*, 2 Ch. Rep. 16. *Stevenson* v. *Hayward*, Prec. Ch. 310. Rob. Conv. 335. Sugd. Vend. 554. It has also been determined that voluntary settlements, though for what is called meritorious consideration, upon a wife and children, are within the statute, and void against a subsequent purchaser for valuable consideration, with notice, whether by conveyance or articles, *Taylor* v. *Hill*, Chan. 1763. MS. *Evelyn* v. *Templar*, 2 Bro. C. C. 148, said to be incorrectly reported 18 Ves. 91. *Doe* v. *Martyr*, 1 N. R. 332.

HeinOnline -- 76 Eng. Rep. 817 1378-1865

to him, that he, and all his companions of the King's Bench were resolved, and so directed a jury on evidence before them; that where a man had conveyed his land to

---

*Doe* v. *Manning, sup. Doe* v. *Hopkins*, 9 East, 70. *Hill* v. *The Bishop of Exeter, sup. Buckle* v. *Mitchell, sup. Doe* v. *James*, 16 East, 212. And in such cases a Court of Equity will not restrain the husband, by injunction, from selling; neither can the purchase money be laid hold of in favour of claims under a previous settlement, void under the statute 27 Eliz. as being voluntary, 18 Ves. 91. A voluntary settlor cannot compel a specific performance of the contract against a purchaser, whether the latter bought with or without notice; for the settlement is binding on the settlor, and he has no right to disturb it, *Smith* v. *Garland*, 2 Mer. 123., and see *Johnson* v. *Legard*, 3 Madd. Rep. 283.; though it seems that a specific performance would be enforced in favour of the purchaser, even though he bought with notice, *Buckle* v. *Mitchell, sup.* With respect to what shall be deemed a fraudulent or voluntary settlement as against purchasers or creditors, under the 13 and 27 Eliz.—any conveyance executed by a husband merely in favour of his wife or children, after marriage (a marriage in Scotland is sufficient, *Ex parte Hall*, 18 Ves. 112), which rests wholly on the moral duty of a husband and parent to provide for his wife and issue, is voluntary, and void against purchasers (*Woodie's case*, cit. in *Colville* v. *Parker*, Cro. Jac. 158. *Goodright* v. *Moses*, 2 Bl. 1019. *Chapman* v. *Emery*, Cowp. 278. *Evelyn* v. *Templar, sup. Parker* v. *Serjeant*, Finch, 146. Sugd. Pow. 556), and against such persons as were creditors *at the time the settlement was made*, *Kidney* v. *Coussmaker*, 12 Ves. 155., and see *Middlecomb* v. *Marlow*, 2 Atk. 520. *White* v. *Sansom*, 3 Atk. 413.; unless it be a single debt (*Lush* v. *Wilkinson*, 5 Ves. 387.), or unless the debt be secured by mortgage, in which case it would not affect the settlement, *Stephens* v. *Olive*, 2 Bro. C. C. 30. But if such settlement contain a provision for debts (*George* v. *Millbanke*, 9 Ves. 104.), or is in pursuance of a bond (*Jason* v. *Jervis*, 1 Vern. 286.), or other agreement before marriage (*Beaumont* v. *Thorpe*, 1 Vez. 27. *Hylton* v. *Biscoe*, 2 Vez. 308. *Dundas* v. *Dutens*, 2 Cox, 236. 1 Ves. jun. 198. *Battersbee* v. *Farringdon and Others*, 1 Swanst. 106. 1 Wils. 88., *sed vid.* 1 Eden, 61.) or upon payment of money, as a portion (*Stileman* v. *Ashdown*, 2 Atk. 479. *Jones and Marsh*, For. 63. S. C. M. S. *Wheeler* v. *Caryl*, Ambl. 121. *Hilton* v. *Biscoe*, 2 Vez. 308. *Parsloe* v. *Weedon*, Eq. Ca. Abr. 149.), or a legacy of the wife, or other property in her right which could only be obtained by the assistance of a Court of Equity, (see *Wright* v. *Morley*, 11 Ves. 12. *Murray* v. *Lord Elibank*, 13 Ves. 1. Rob. Conv. ch. 3. sec. 10, 11, 12. Newland on Contracts, ch. 7. Roper on Rights of Married Women, &c.), or a new additional sum of money, or an agreement to pay money (provided the money be afterwards paid), this makes the settlement good, both at law and equity, against creditors as well as purchasers (*Browne* v. *Jones*, 1 Atk. 190. *Ex parte Hall*, 1 Ves. and B. 112. Prec. Ch. 101. 405.), provided there be no fraud, nor great inadequacy, *Ward* v. *Shallet*, 1 Vez. 18., and see *Jones* v. *Marsh*, For. 65. S. C. MS. *Matthews* v. *Feaver*, 1 Cox, 280. So where a husband, who had made no provision on his wife, agreed that her fortune, which was in trustees' hands, should be laid out in a purchase of lands; the agreement was not considered as voluntary, and impeachable by a creditor of the husband, *Moore* v. *Rycault*, Prec. Ch. 22. And where a husband, upon a separation between him and his wife settled real estate, to the amount of three hundred pounds per annum, on the wife, for her separate maintenance, and of the children of the marriage, the settlement was not deemed fraudulent under the 13 Eliz. *Hobbs* v. *Hall*, 1 Cox, 445. So where a wife joins with her husband in destroying the settlement made on her marriage, and a new settlement is made, such new settlement will be good, though a better provision is made for the wife and children than was contained in the original settlement, *Scott* v. *Bell*, 2 Lev. 70. *Brill* v. *Bumford*, Prec. Ch. 113. And it seems that the wife's joining in barring her dower for the benefit of her husband, will be a sufficient consideration for a settlement on her, *Lavender* v. *Blackstone*, 2 Lev. 146. *Evelyn* v. *Templar*, 2 Bro. C. C. 148. 18 Ves. 91. *Pulvertoft* v. *Pulvertoft*, 18 Ves. 84. So when a father is tenant for life, with remainder to the son in tail, the father's joining in the settlement by suffering a recovery will support the limitations against the creditors, *Russel* v. *Hammond*, 1 Atk. 13. Whether a settlement after marriage, in pursuance of a parol promise before, and proved only the subsequent acknowledgment of the party,

the use of himself for life, and afterwards to the use of divers others of his blood, with a future power of revocation, as after such feast, or after the death of such one;

---

is valid against creditors? see 1 Evan. Stat. 387. A settlement, before marriage, even of moveable effects by a person indebted at the time, will be good against creditors, *Cadogan* v. *Kennett*, Cowp. 432. *James* v. *Wollaton*, 3 T. R. 618. *Haselinton* v. *Gill*, 3 T. R. 620 n., *Battesbee* v. *Farringdon and Others*, 1 Swanst. 106. 1 Wils. 88.; nor is it necessary that the husband should receive a portion with his wife, *Browne* v. *Jones*, 1 Atk. 190.; and the fact of her knowing him to be indebted at the time is not material, *Wheeler* v. *Caryl*, Ambl. 121. *Nairn* v. *Prowse*, 6 Ves. 759. *Campion* v. *Cotton*, 17 Ves. 171. And if real estate form part of the settlement, and, after the marriage, the husband build on the land, or enfranchise copyholds included in the settlement, yet the creditors cannot have the benefit of these acts by way of charge against the wife, *Campion* v. *Cotton, sup.* So if a bond is given on marriage and receipt of a portion, conditioned to pay a sum beyond the marriage portion, in case of death or insolvency, such bond is good, so far as relates to the property received with the wife, but beyond that is fraudulent as against creditors, *Ex parte Meaghan*, 1 Sch. and Lef. 179. *Ex parte Murphy, id.* 144., overruling what is said by Lord Kenyon in *Staines* v. *Plank*, 8 T. R. 389. And a settlement by a widow on her children, previous to her second marriage, with her husband's consent, has been held good against a subsequent purchaser, *Newstead* v. *Searles*, 1 Atk. 265. *King* v. *Cotton*, 2 P. Wms. 674. Where a settlement is made after marriage, and there being creditors at the time, is on that account declared fraudulent, the property so settled becomes part of the assets, and all subsequent creditors are let in to partake of it, *Taylor* v. *Jones*, 2 Atk. 600. *Dundas* v. *Dutens*, 1 Ves. jun. 198. *Montague and Lord Sandwich*, 12 Ves. 156. n.; and in one case a subsequent creditor filed what is called a fishing bill, in order to prove debts antecedent to the settlement, and thus establish a fund for the payment of his own debt, *Lush* v. *Wilkinson*, 5 Ves. 384. *Kidney* v. *Coussmaker*, 12 Ves. 155, and see Shep. Touch. 66. ed. Ather. That a limitation in a marriage settlement to brothers, after other limitations to the use of the first and other sons of the settlor in tail male, is not valid against a purchaser for valuable consideration, *Johnson* v. *Legard*, 3 Madd. Rep. 283. But limitations in favour of the sons of a second marriage, interposed between limitations to the sons of the first marriage, and the daughters of such marriage, were held good; and a conveyance to a purchaser for valuable consideration, not valid against the issue of such second marriage, *Clayton* v. *Earl of Winton*, 3 Madd. 302. (*a*)., and see *Smith* v. *Garland*, 2 Mer. 123. *Sutton* v. *Chetwynd*, 3 Mer. 249.

To take advantage of the stat. 27 Eliz. a person must have purchased *bona fide*, and for a valuable consideration, though the Court will not enquire into the amount of the consideration, unless it was so small as to be palpably fraudulent, *Upton* v. *Bassett*, Cro. Eliz. 444. *Needham* v. *Beaumont, post* 3 Co. 83 b. 2 And. 233. *Doe* v. *Routledge*, Cowp. 705. *Bullock* v. *Sadler*, Ambl. 764. *Hill* v. *Bishop of Exeter*, 2 Taunt. 69. *Doe* v. *James*, 16 East, 212. *Metcalfe* v. *Pulvertoft*, 1 Ves. and B. 184. Sugd. Vend. 552. Id. Pow. 345. 1 Evan. Stat. 393. Marriage is held to be a sufficient consideration, *Douglas* v. *Ward*, 1 Ch. Ca. 99; but a conveyance to a man's children, or to his wife after-marriage by way of jointure, will not enable them to avoid a preceding conveyance, *Upton* v. *Bassett, sup.* Mortgagees and lessees, though at a rack-rent, are considered as purchasers within the statute, *Chapman* v. *Emery*, Cowp. 279. *Goodright* v. *Moses*, 2 Bl. Rep. 1019. *Shaw* v. *Standish*, 2 Vern. 327. *Cross Fausterditch*, Cro. Jac. 181.; but subject to the mortgage, or lease, the voluntary settlement will be good, *Rand* v. *Cartwright*, Nels. 101. Where, however, the price is very inadequate, as only a third part of the value, (*Metcalfe* v. *Pulvertoft*, 1 Ves. & B. 183, 184.), or there are other circumstances indicating a fraudulent collusion between the purchaser and the vendor, to avoid a preceding conveyance, a purchaser will not be entitled to the benefit of the Act, *Doe* v. *Routledge*, Cowp. 705. *Doe d. Parry* v. *James*, 16 East, 212. But the title of a subsequent purchaser for valuable consideration is not affected by an intermediate fraudulent conveyance of which he had no notice. *Doe d. Borhell* v. *Martyr*, 1 N. R. 332. The subject of the sale must be an existing lawful interest, 1 Inst. 3 b. ii. 236. *Hatton* v. *Jones*, Bul. N. P. 90. Sugd. Vend. 552.; but a grant

and afterwards, and before the power of revocation began, he, for valuable consideration, bargained and sold the land to another and his heirs: this bargain and sale is within the (e) remedy of the said statute (s). For although the statute saith, "the said first conveyance not by him revoked, according to the power by him reserved," which seems by the literal sense to be intended of a present power of revocation, for no revocation can be made by force of a future power until it comes *in esse:* yet it was held that the intent of the Act was, that such voluntary conveyance which was originally subject to a power of revocation, be it *in præsenti* or *in futuro*, should not stand against a purchaser *bona fide* for a valuable consideration; and if other construc-

---

in consideration of releasing an assertion of title is *prima facie* for value, Hill v. The Bishop of Exeter, 2 Taunt. 69.

The statute 27 Eliz. only affects real estate; and the 13 Eliz. which affects personal estate, is in favour of creditors, and does not extend to the case of a purchaser, *Daubeny* v. *Cockburn*, 1 Meriv. 635. *Sloane* v. *Cadogan*, Rolls. Dec. 1808. MS. Sugd. Vend. Appx. No. 24. And both these statutes only avoid voluntary conveyances as against creditors and subsequent purchasers; but they are binding on the party making the same, and all persons claiming under him as volunteers, *Hawes* v. *Leader*, Cro. Jac. 270. *Brookbank* v. *Brookbank*, 1 Eq. Ca. Abr. 168. *Rand* v. *Cartwright*, Nels. 101. 22 Vin. Abr. 18. *Franklin* v. *Thornbury*, 1 Vern. 132. *Villers* v. *Beaumont*, 1 Vern. 100. *Bale* v. *Newton*, 1 Vern. 464. *Lord Lincoln's case* cited in *Clavering* v. *Clavering*, 2 Vern. 475. *Sneed* v. *Culpeper*, 22 Vin. Abr. 24. pl. 3. *Williams* v. *Sawyer*, Sel. Ca. in Ch. 6. *Curtis* v. *Price*, 12 Ves. 103. *Pulvertoft* v. *Pulvertoft*, 18 Ves. 92. *Whalley* v. *Whalley*, 1 Meriv. 436. *Smith* v. *Garland*, 2 Meriv. 123. If there be two or more voluntary conveyances, the first shall prevail, unless the latter be for payment of debts, *Goodwyn* v. *Goodwyn*, 1 Ch. Rep. 92. 2 Ch. Rep. 199. And if a man makes a voluntary conveyance of land, and the alienee sells the same for a valuable consideration, the land is bound, *Sagittary* v. *Hyde*, 2 Vern. 44. *Prodgers* v. *Langham*, 1 Sid. 133. *Andrew Newport's case*, Skin. 423. S. C. nom. *Smartle* v. *Williams*, 3 Lev. 387. *Wilson* v. *Wormal*, Godb. 16. *Doe* v. *Martyn*, 1 N. R. 332. *Parr* v. *Eliason*, 1 East, 92.: which rule has been applied to persons having only equitable rights, *George* v. *Millbank*, 9 Ves. 190. 1 Mer. 638. So if a voluntary grantee gain credit by the conveyance to him, and a person is induced to marry him on account of such provision, the deed, though void in its creation as to purchasers, will, on the marriage being solemnized, no longer remain voluntary, but will be considered as made upon valuable consideration, *Prodgers* v. *Langham*, sup. 9 Ves. 133. *Brown* v. *Carter*, 5 Ves. 862. 9 Ves. 193. That parol evidence is admissible in support of a deed apparently voluntary, *Chapman* v. *Emery*, Cowp. 278.; and that copyholds are within the statute 27 Eliz. *Doe d. Watson* v. *Routledge*, Cowp. 705. (ED.)

(e) 1 Sid. 133. [Moor. 611. Bridg. 22. Cowp. 280. Shep. Touch. 64, 65. Sugd. Vend. 5th edit. 575. Sugd. Pow. 2nd edit. 410, 411. 4 Cru. Dig. 525, 526. 1 Evan. Stat. 394. Vin. Abr. Fraud L. pl. 2. 5. Com. Dig. Condition B. 3.]

(s) A general power of revocation in a settlement will make it void against a purchaser, although the power is only conditional, *Griffin* v. *Stanhope*, Cro. Jac. 454. *Lavender* v. *Blackstone*, 3 Kep. 526. *Infra.*; unless the condition be *bona fide*, as where the power of revocation is to be exercised with the consent of persons who are not under the control of the settlor, in which case the settlement will be valid against subsequent purchasers, *Leigh* v. *Winter*, 1 Jo. 411. Lane, 22. *Buller* v. *Waterhouse*, 2 Jo. 94. 3 Kep. 751. *Hungerford* v. *Earle*, 2 Freem. 120. Lane 22.; or where the money is to be paid to trustees to be vested in other estates, *Doe* v. *Martin*, 4 T. R. 39. Where a settlement is made with a power of revocation, it seems immaterial whether the settlement is merely voluntary, or upon valuable consideration, Sugd. Vend. 574. Rob. Conv. 637. And a settlement, made with power of revocation, will be void against a subsequent purchaser, although the grantor release or extinguish the power previously to the sale, *Bullock* v. *Thorne*, Mo. 615.; though it seems, it will be otherwise, if the release was for valuable consideration, or the purchaser had notice. That the statute does not extend to the power of charging the estate with a particular sum of money, *Jenkins* v. *Keymiss*, 1 Lev. 150. (ED.)

tion should be made, the said Act would serve for little or no purpose, and it would be no difficult matter to evade it: so (†) if A. had reserved to himself a power of revocation with the assent of B. and afterwards A. bargained and sold the land to another, this bargain and sale is good, and within the remedy of the said Act; for otherwise the good provision of the Act, by a small addition, and evil invention, would be defeated (T).

And on the same reason it was adjudged, 38 Eliz. in the Common Pleas, between Lee and his wife executrix of one Smith, plaintiff, and Mary (f) Colshil, executrix of Thomas Colshil, defendant, in debt on an obligation of one thousand marks, Rot. 1707.: the case was, Colshil the testator had the office of the Queen's customer, by letters patent, to him and his deputies; and by indenture between him and Smith, the testator of the plaintiff, and for six hundred pounds paid, and one hundred pounds per annum [83 a] to be paid during the life of Colshil, made a deputation of the said office to Smith; and Colshil covenanted with Smith, that if Colshil should die before him, that then his executors should repay him three hundred pounds. And divers covenants were in the said indenture concerning the said office, and the enjoying of it: and Colshil was bound to the said Smith in the said obligation to perform the covenants; and the breach was alleged in the non-payment of the said three hundred pounds, forasmuch as Smith survived Colshil: and although the said covenant to repay the three hundred pounds was lawful, yet forasmuch as the rest of the covenants were against the statute of (a) 5 E. 6. cap. 16. (U) and if the addition of a lawful covenant should make the obligation of force as to that, (b) the statute would serve for little or no purpose; for this cause it was adjudged, that the obligation was utterly void (W).

2nd, It was resolved, that if a man hath power of revocation, and afterwards, to

---

(†) [1 Evan. Stat. 394.]

(T) Acc. *Lavender* v. *Blackstone*, 3 Kep. 526. Sugd. Vend. 5th edit. 574. Com. Dig. Covin B. 3. *Sup.* n. (S). (ED.)

(f) 2 And. 55. 107. Godb. 213. Cro. El. 529. Moor, 857. Ley, 2. 75. 79. [Vin. Abr. Offices O. 3. pl. 3.]

(a) Style 29. Cro. El. 520. Cro. Jac. 269. Hob. 75. Co. Lit. 234 a. 12 Co. 78. 3 Inst. 148. 154. 3 Keb. 26. 659, 660. 717, 718. 1 Brownl. 70, 71. 2 And. 55. 107. 3 Bulst. 91. 3 Leon. 33. 1 Rol. Rep. 157. 236. Goldsb. 180. [1 Saund. 66 a. (1). 3 Taunt. 244. 5 Taunt. 733. Vin. Abr. Void and Voidable A. pl. 8.]

(U) Part of the agreement was to procure a new grant to A. and B. and the survivor of them; and B. covenanted accordingly with A. that he upon request of A. would surrender the patent to the Queen, to the intent that a new one might be made according to the said agreement, which was for the office; and so the bond void, S. C. nom. *Smith* v. *Coleshill*, 2 And. 55. pl. 42. S. C. *id.* 107. pl. 58. nom. *Lee* v. *Coleshil*, S. C. Cro. Eliz. 529. pl. 58. Vin. Abr. Offices O. 3. pl. 3. On the construction of the statute 1 E. 6. c. 16, see 1 Inst. 234 a. ii. 239-241., and the notes there, 3 Inst. 148. 3 Cru. Dig. 139-144. (ED.)

(b) 2 And. 56, 57. 108. 1 Mod. Rep. 35, 36. Hob. 14. 11 Co. 27 b. 2 Rol. 28. Co. Lit. 224 a. 2 Jones, 90, 91. Cro. El. 529, 530. Cro. Car. 338. Godb. 212, 213. 1 Brownl. 64. Plowd. 68 b. Moor, 856, 857. Ley, 75. 79.

(W) So in *Norton* v. *Simmons*, Hob. 14. it was resolved, upon the statute 23 H. 6., that if a sheriff takes a bond for a point against that law, and also for a just debt, the whole bond is void according to the letter of the Act, for a statute is a strict law; but the common law divides according to common reason, and having made that void which is against law, lets the rest stand. And in Mod. 35. pl. 85. Twisden, J. said, he had heard Lord Hobart say, that the statute is like a tyrant in such cases, where he comes he makes all void; but the common law, like a nursing father, makes void only that part where the fault is, and preserves the rest. And see Moor, 856. pl. 1175. Godb. 213. *Post* 10 Co. 100. Latch. 143. Mod. 35. 2 Brownl. 82. Ventr. 257. Cart. 230. 2 Wils. 351. 1 Saund. 66 a. n. Willes 351. *Chesman* v. *Nainby*, 2 Ld. Raym. 1456. Stra. 1138. 5 T. R. 422. *Newman* v. *Newman*, 4 Maule and S. 66. 3 Taunt. 244. 5 Taunt. 733. Vin. Abr. Condition Y. pl. 7. Faits E. a. pl. 13. Bac. Abr. Void and Voidable B. 2. (ED.)

the intent to defraud a purchaser, he levies a (c) fine, or makes a feoffment, or other conveyance to a stranger, by which he extinguishes his power (x), and afterwards bargains and sells the land to another for a valuable consideration, the bargainee shall enjoy the land, for as to him, the fine, feoffment, or other conveyances, by which the condition was extinct, was void by the said Act; and so the first clause, by which all fraudulent and covinous conveyances are made void as to purchasers, extend to the last clause of the Act, *scil.* when he who makes the bargain and sale had power of revocation. And it was said, that the statute of 27 El. hath made voluntary estates made with power of revocation, as to purchasers, in equal degree with conveyances made by fraud and covin to defraud purchasers (y).

Between (d) Upton and Basset in trespass, Trin. 37 El. in the Common Pleas, it was adjudged, that if a man makes a lease for years, by fraud and covin, and afterwards makes another lease *bona fide*, but without fine or rent reserved, that the second lessee should not avoid the first lease (z).

For first it was agreed, that by the common law an estate made by fraud should be avoided only by him who had a former right, title, interest, debt or demand (A 1), as 33 H. 6. a sale in open (e) market by covin shall not bar a right which is more ancient: nor a covinous gift shall not defeat execution in respect of a former debt, as it is agreed in 22 Ass. 72. but he who hath right, title, interest, debt or demand, more puisne, shall not avoid a gift or estate precedent by fraud by the common law.

2nd, It was resolved, that no purchaser should avoid a precedent conveyance made by fraud and covin, but he who is a (f) purchaser for money or other valuable consideration (B 1), for although in the preamble it is said "for money or other good consideration," and likewise in the body of the Act "for money or other good consideration," yet these words "good consideration" are to be intended only of valuable

---

(c) 1 Co. 112 b. 174 a. Co. Lit. 237 a. Hob. 337, 338. Moor. 605. 2 Rol. Rep. 337. 496. Winch. 65. [Shep. Touch. 64. 4 Cru. Dig. 525. Vin. Abr. Fraud L. pl. 3. Com. Dig. Covin B. 3.]

(x) That powers appendant and in gross may be extinguished by a feoffment, fine, or recovery, see *Digges's case*, ante 1 Co. 173. b. and n. (R 1). 174 a. 4 Cru. Dig. 214. Bac. Abr. Fines F. iii. 209. (ED.)

(y) S. P. Mo. 618. Vin. Abr. Fraud L. pl. 4. Com. Dig. Covin B. 3. How a power of revocation shall make a deed fraudulent, and how it must be reserved to be executed, to make it so, see *id. ibid.* (ED.)

(d) Co. Ent. 676 b. nu. 19. Cro. El. 444, 445. Lane, 45. [2 Atk. 312. 1 Evan. Stat. 393. Shep. Touch. 66, ed. Ather. 1 Fonbl. Tr. Eq. 278. Sugd. Pow. 414. Vin. Abr. Fraud 1. pl. 7. K. pl. 2. Com. Dig. Covin B. 4. Bac. Abr. Fraud C. iii. 312, 313.]

(z) That to take advantage of the statute 27 Eliz. the purchaser must have purchased *bona fide* without deceit or cunning, and for a valuable and not inadequate consideration, acc. 2 And. 233. *Taylor* v. *Jones*, 2 Atk. 600. *Doe* v. *Routledge*, Cowp. 705. *Bullock* v. *Sadlier*, Ambl. 764. *Doe* v. *James*, 16 East, 212. 1 Evan. Stat. 393. *Ante* p. 82 b. n. (R). and see the books cited in (d) *sup.* (ED.)

(A 1) S. P. 1 Fonbl. Tr. Eq. 278. n. 1 Madd. Ch. 278. 4 Cru. Dig. 517. Com. Dig. Covin B. 2. Bac. Abr. Fraud C. Vin. Abr. Fraud I. pl. 9. But per Lord Mansfield, C.J. the principles and rules of the common law, as now universally known and understood, are so strong against fraud in every shape, that the common law would have attainted every end proposed by the statutes of 13 Eliz. c. 5. and 27 Eliz. c. 4. Cowp. 434. (ED.)

(e) *Ante* 29 a, b. Plow. 46 b. 55 a. Fitz. Replic. 15. Br. Trespass 26. Br. Collusion 4. Br. Property 6. 2 Inst. 713. 14 H. 8. 8 b. 33 H. 6. 5 a. b. [see n. (A 1). *infra.*]

(f) Cro. El. 445. [5 Ves. 874. 1 Inst. ii. 238. (O). 2 Bl. Com. 444. Bull. N. P. 260. 1 Fonb. Tr. 280 n. 4 Cru. Dig. 527. Vin. Abr. Fraud 1. pl. 7. Com. Dig. Covin B. 4. Bac. Abr. Fraud C. 312, 313.]

(B 1) *Ante* p. 82 b. n. (R). *Sup.* n. (Z). and see the books cited in n. (f). *sup.* (ED.)

consideration (C 1); and that appears by the clause which concerns those who had power of revocation; for there it is said, for money or other good consideration paid, or given, and this word "paid" is to be referred to "money," and "given" is to be referred to "good consideration," so the sense is for money paid, or other good consideration given, which words exclude all considerations of [83 b] nature or blood, or the like, and are to be intended only of valuable considerations which may be given; and therefore he who makes a purchase of land for a valuable consideration, is only a purchaser within this statute. And this latter clause doth well expound these words "other good consideration" mentioned before in the preamble and body of the Act.

And so it was resolved, Pasch. 32 El. in a case referred out of the Chancery to the consideration of Windham and Periam, Justices: (†) between John Nedham plaintiff, and Beaumont serjeant at law, defendant: where the case was, Henry Babington seised in fee of the manor of Lit-Church in the county of Derby, by indenture 10 February 8 El. covenanted with the Lord Darcy, for the advancement of such heirs male, as well those he had begot, as those he should afterwards beget on the body of Mary then his wife (sister to the said Lord Darcy) before the Feast of St. John Baptist then next following, to levy a fine of the said manor to the use of the said Henry for his life, and afterwards to the use of the eldest issue male of the bodies of the said Henry and Mary begotten in tail, &c. and so to three issues of their bodies, &c. with the remainder to his right heirs. And afterwards 8 Maii, ann. 8 Eliz. Henry Babington, by fraud and covin, to defeat the said covenant, made a lease of the said manor for a great number of years, to Robert Heys; and afterwards levied the fine accordingly: and on conference had with the other justices, it was resolved, that although the issue was a purchaser, yet he was not a purchaser in vulgar and common intendment: also consideration of blood, natural affection, is a good consideration, but not such a good consideration which is intended by the stat. of 27 Eliz. for (a) a valuable consideration is only a good consideration within that Act (D 1): in this case Anderson C.J. of the Common Pleas, said, that a man who was of small understanding, and not able to (b) govern the lands which descended to him, and being given to riot and disorder, by mediation of his friends, openly conveyed his lands to them, on trust and confidence that he should take the profits for his maintenance, and that he should not have power to waste and consume the same; and afterwards, he being seduced by deceitful and covinous persons, for a small sum of money bargained and sold his land, being of a great value: this bargain, although it was for money, was holden to be (c) out of this statute (E 1): for this Act is made against all fraud and deceit, and doth not help any purchaser, who doth not come to the land for a good consideration lawfully and without fraud or deceit; and such conveyance made on trust is void as to him who purchases the land for a valuable consideration *bona fide*, without deceit or cunning (F 1).

And by the judgment of the whole Court Twyne was convicted of fraud, and he and all the others of a riot (1).

---

(C 1) Acc. *Taylor* v. *Jones*, 2 Atk. 600; and see Sugd. Pow. 2nd edit. 414. Shep. Touch. 64. n. ed. Ather. (ED.)

(†) 2 And. 233. [Sugd. Pow. 414. Vin. Abr. Uses S. 3. pl. 21. Com. Dig. Covin B. 4.]

(a) 2 Rol. Rep. 305, 306.

(D 1) See *ante* p. 82 b. n. (R). So if a purchaser upon consideration of nature, or blood, afterwards sells for valuable consideration; the vendee shall not avoid a voluntary settlement made prior to the settlement on his vendor. Mo. 602. Raym. 25. Com. Dig. Covin B. 4. (ED.)

(b) Cro. El. 445. [1 Evan. Stat. 391 n. Com. Dig. Covin B. 4.]

(c) Cro. El. 445.

(E 1) See *ante* p. 82 b. n. (R). and the books there cited. (ED.)

(F 1) That a conveyance in trust for payment of debts, is not, without other circumstances, sufficient to prevent the operation of the statute, see *Lord Paget's case*, 1 Leon. 194. *Leech* v. *Leech*, Ch. Ca. 249. *Tarbuck* v. *Marbury*, 2 Vern. 510. Rob. Conv. 431. 1 Evan. Stat. 391. (ED.)

(1) See 2 Bl. Com. ch. 20. fol. 296, 297. *Note to the former editions.*

HeinOnline -- 76 Eng. Rep. 823 1378-1865

[84 a] THE CASE OF FINES.

The resolution of the justices, after hearing many arguments of counsel learned on both sides, and divers conferences amongst themselves upon the Statutes of Fines. Pasch. 44 Eliz. 1602.

[See *Hankey* v. *Martin*, 1883, 49 L. T. 562.]

S. C. Moor, 628. Jenk. Cent. 274. 2 And. 177. S. C. cited acc. Rep. Q. A. 20. Carth. 260. [1 Saund. 258. (8). 259, 260. (1). 261. (3). 319 e. 2 Ld. Raym. 780, 781. 1 Inst. 121 a. (1). ii. 610. (1). iii. 93. (A). 112. (P). 130, 131. (N 1). Shep. Touch. 3, 4. 13, 14. 20. ed. Prest. 4. 23, 24 n. 25, 26, 27. 29. 33. 36. ed. Ather. 3. n. 2 Wood's Convey. 744. 764, 765, 766, 767 n. 769. 775. 780 n. 799. Sugd. Gilb. Uses 218 n. 3 Cru. Dig. 7. V. 153. 185, 186, 187, 188, 189. 194, 195. 221, 222. 228. 258. 2 Saund. Uses 29. 2 Eun. 311. 2 Woodd. 311, 312. 1 Bart. Prec. 113. (6). 220 a. Watk. Desc. 291. Watk. Conv. 229. 1 Prest. Conv. 218, 219. 260. 296. 298. *Id.* Abst. 399. 2 Selw. N. P. 5th edit. 719. Vin. Abr. Dower F. pl. 9. Fine D. 2. pl. 1. D. 3. pl. 2. D. 4. pl. 1. D. 6. pl. 3. W. pl. 1. s. 2. W. 4. pl. 1. s. 3. 7. 9. W. 5. pl. 1. s. 1. D. a. 2. pl. 5. H. a. 2. pl. 2, 3. 8. D. b. 2. pl. 3. E. b. pl. 8. F. b. pl. 8, 9. Remainder U. pl. 3. Statutes E. 6. pl. 12. Com. Dig. Estates B. 23, 24, 25. Fine H. 1. K 2. Bac. Abr. Abatement K. Discontinuance B. E. Dower B. 3. Fines and Recoveries, E. Grants iii. 371. Heir and Ancestor B. 1. Remainder and Reversion G. V. 836. 850. Statute I. 4. See the notes and references *infra*.]

A. tenant for life, remainder to B. in tail, reversion to B. and his heirs; B. levied a fine with proclamations of the estate tail during the life of the tenant for life; and died before all the proclamations were passed leaving a son beyond sea, who did not return till after all the proclamations were made, and then claimed the land; held, 1st. That the estate which passed by the fine was not determined by the death of the tenant in tail; 2nd, That though by the death of the tenant in tail before all the proclamations passed, a right descended to the issue, yet after the proclamations were made, this right was bound by the express words of the statutes 4 H. 7. c. 4. and 32 H. 8. c. 36.; 3rd. That the issue being heir and privy could not by any claim have saved the right of the entail which descended to him; 4th. That though the issue in tail was beyond sea, yet inasmuch as he is privy and out of the savings of the 4 H. 7. he was barred by the fine.

Distinction between a grant in fee by tenant in tail of a rent *in esse*, and such a grant of a rent *de novo*, which is absolutely determined by his death.

A fine shall be intended to be levied with proclamations, until the contrary be shewn.

On a fine with proclamations by the discontinuee of tenant in tail, the issue have five years after the death of the ancestor to make claim. But where such a fine is levied by the disseisor of tenant in tail, and five years pass in the life of tenant in tail, the issue are barred.

Heirs in tail, or in fee, are estopped by the fine of the ancestor, under whom they claim: *secus* where they do not claim as heirs to him who levied the fine.

Distinction between tenant in tail levying a fine and his accepting a fine *sur* grant and render, which is but executory, and may be avoided by the issue, if the father dies before it is executed.

If tenant in tail accepts a fine, and grants and renders a rent, it may be avoided by the issue, not being of the land.

The issue in tail may be barred by a fine with proclamations, though the estate passed by the fine be avoided before all the proclamations are made.

A. tenant for life of certain land, the remainder to B. in tail, the reversion to B. and his heirs expectant; B. levies a fine to C. and D. and to the heirs of C. to the use of them and their heirs, and hath issue and dies before all the proclamations are past, the issue in tail then being beyond the seas; the proclamations are made, and after-