UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ------------------------------------------------------: | Chapter 11 |
| In re:                                                 : | Case No. 01-16034 (AJG) |
| ENRON CREDITORS RECOVERY                               : | |
| CORP., *et al.*,                                       : | Jointly Administered |
|       Reorganized Debtors : | |
| ------------------------------------------------------X | Adv. Pro. No. 03-93370 (AJG) |
| ENRON CREDITORS RECOVERY                               : | |
| CORP.,                                                 : | **MEMORANDUM AND ORDER** |
|                                                   : | **DENYING MOTION FOR** |
|                                                   : | **RECONSIDERATION** |
|       Appellant,         : | |
|   - against -                                : | |
|                                                   : | 07 Civ. 6597 (AKH) |
| INTERNATIONAL FINANCE CORP.,                           : | |
| *et al.*,                                              : | |
|       Appellees.         : | |
| ------------------------------------------------------X | |

ALVIN K. HELLERSTEIN, UNITED STATES DISTRICT JUDGE:

      Appellees move for reconsideration of my October 10, 2007 Order Denying the Motion to Dismiss, pursuant to Fed. R. Civ. P. 59(e). For the reasons stated below, the motion is denied.

      First, the two errors in the October 10 Order that appellees identify are inconsequential. The reference to Judge Gonzalez's June 15, 2006 judgment, instead of Judge Gonzalez's August 9, 2006 judgment ("August 9 Judgment") pertaining to the appellees, and the fact that Judge Gonzalez deleted the Rule 54(b) language in the former, not the latter, judgment, is irrelevant because the August 9 Judgment still did not contain an express Rule 54(b) certification rendering a judgment as final as to all claims by all defendants. In the August 9 Judgment, Judge Gonzalez did not include the requisite

language of Rule 54 – an "express direction for the entry of judgment" and a "determination that there is no just reason for delay." The absence of this language is critical, for without it, the party seeking review cannot immediately appeal.

The standard for a motion for reconsideration is that the moving party must demonstrate that the court did not consider "controlling decisions or factual matters that were put before it on the underlying motion," and which, had they been considered, might reasonably have led to a different result. Yurman Design, Inc. v. Chaindom Enters., Inc., 2000 U.S. Dist. LEXIS 1747, No. 99 Civ. 9307 (S.D.N.Y. Feb. 22, 2000) (citation omitted), judgment aff'd, 2001 U.S. App. LEXIS 2520 (2d Cir. Feb. 15, 2001). Appellees have failed to meet this burden in their motion for reconsideration, and accordingly, I affirm my original decision to deny appellees's motion to dismiss. The motion for reconsideration is denied.

SO ORDERED.

Dated:  New York, New York
        December 6, 2007

                                             ALVIN K. HELLERSTEIN
                                             United States District Judge