UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>ENRON CREDITORS RECOVERY CORP., *et al.*,<br><br>　　　　　　　Reorganized Debtors.<br><br>ENRON CREDITORS RECOVERY CORP.,<br><br>　　　　　　　Appellant,<br><br>　　　　v.<br><br>INTERNATIONAL FINANCE CORP., *et al.*,<br><br>　　　　　　　Appellees. | Chapter 11<br>Case No. 01-16034 (AJG)<br><br>Jointly Administered<br><br><br>Adv. Pro. No. 03-93370 (AJG)<br><br><br>District Court<br>Case No. 07-06597 (AKH)<br><br><br>ORAL ARGUMENT REQUESTED |

## BRIEF OF APPELLEES
## CAISSE DE DÉPÔT ET PLACEMENT DU QUÉBEC
## AND NATIONAL AUSTRALIA BANK

Stephen J. Shimshak
Douglas R. Davis
Rebecca R. Zubaty (Not yet admitted)

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000

Attorneys for Appellees
Caisse de dépôt et placement du Québec
and National Australia Bank
Dated: January 11, 2008

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ............................................................ 1

JURISDICTIONAL STATEMENT ....................................................... 4

STATEMENT OF THE ISSUE PRESENTED ...................................... 4

STATEMENT OF THE CASE ............................................................. 4

SUMMARY OF ARGUMENT ............................................................ 8

I.    SECTION 550 REQUIRES AN "AVOIDED," NOT "AVOIDABLE" TRANSFER ..................................................................................... 9

II.    TO AVOID A FRAUDULENT TRANSFER THE TRUSTEE MUST STATE A SEPARATE CAUSE OF ACTION UNDER AN AVOIDANCE SECTION OF THE CODE WHICH MUST PRECEDE RECOVERY UNDER SECTION 550(a) ........................................ 11

III.    ENRON NEEDED TO AVOID THE INITIAL TRANSFER AGAINST CLO HOLDING, THE INITIAL TRANSFEREE, THROUGH A SEPARATE CAUSE OF ACTION OR PROCEEDING UNDER SECTION 548(a)(1)(B) ..................................................................... 15

IV.    NONE OF ENRON'S ARGUMENTS ESTABLISH THE ABILITY TO AVOID THE PUT PAYMENTS UNDER SECTION 548(a)(1)(B) OF THE BANKRUPTCY CODE WITHOUT INCLUDING CLO HOLDING, THE INITIAL TRANSFEREE ................................................. 25

V.    SECTION 548 OF THE BANKRUPTCY CODE DOES NOT CONTAIN ANY EXPRESS OR IMPLIED CAUSE OF ACTION AGAINST A SUBSEQUENT TRANSFEREE ..................................................... 33

VI.    CONCLUSION ......................................................................... 45

## TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Adelphia Comm'ns Corp., et al., v. Rigas (In re Adelphia Comm'ns Corp.),*
    285 B.R. 848 (Bankr. S.D.N.Y. 2002) .......................................................................40

*Alexander v. Hillman,*
    296 U.S. 222 (1935).........................................................................................................41

*Allianz Ins. Co. v. Lerner,*
    416 F.3d 109 (2d Cir. 2005) .........................................................................................16

*Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A.,*
    192 B.R. 73 (S.D.N.Y. 1996) .........................................................................................8

*Begier v. I.R.S.,*
    496 U.S. 53 (1990).........................................................................................................43

*Bonded Financial Services, Inc. v. European American Bank,*
    838 F.2d 890 (7th Cir. 1988) .............................................................................23, 27, 35

*Bowers v. Kuse Enter., Inc. (In re Florida Hotel Props Ltd. P'ship Plan Trust*
    *Agreement),*
    172 F.3d 43 (4th Cir. Sept. 22, 1998) ............................................................................22

*Brandt v. Hicks, Muse & Co., Inc. (In re Healthco Int'l),*
    195 B.R. 971 (Bankr. D. Mass. 1996) ...........................................................................11

*Burger King Corp. v. Rudzewicz,*
    471 U.S. 462 (1985).......................................................................................................24

*Burroughs v. Fields,*
    546 F.2d 215 (7th Cir. 1976) ........................................................................................34

*Cadle Co. v. Mangan (In re Flanagan),*
    503 F.3d 171 (2d Cir. 2007) .........................................................................................39

*Carol v. Tese-Milner (In re Red Dot Scenic, Inc.),*
    351 F.3d 57 (2d Cir. 2003) ...........................................................................................18

*Central Virginia Cmty. College v. Katz,*
    546 U.S. 356 (2006).............................................................................................37, 42, 43

*CEPA Consulting, Ltd. v. New York Nat'l Bank (In re Wedtech Corp.)*,
    165 B.R. 140 (Bankr. S.D.N.Y. 1994) .................................................................. 12, 19, 26, 27

*Christy v. Alexander & Alexander of New York, Inc.*
    *(In re Finley et al.)*, 130 F.3d 52 (2d Cir. 1997) ............................................................ 18, 27

*Composite Modules, Inc. v. Talheimer Bros., Inc.*,
    ---F.Supp.2d.---, 2007 WL 4465461 (D. Mass. Nov. 28, 2007) ........................................ 20

*Contemp. Indus. Corp. v. Frost (In re Contemp. Indus. Corp.)*,
    2001 WL 34630639 (Bankr. D. Neb. Feb. 14, 2001) ...................................................... 11

*Crouse-Hinds Co. v. InterNorth, Inc.*,
    634 F.2d 690 (2d Cir. 1980) ............................................................................................. 21

*Dabney v. Chase Nat. Bank of City of New York*,
    201 F.2d 635 (2d Cir. 1953) ............................................................................................. 21

*FCC v. GWI PCS 1 Inc., et al. (In re GWI PCS 1 Inc.)*,
    230 F.3d 788 (5th Cir. 2000), *cert. denied*, 533 U.S. 964 (2001) .................................. 34

*Forman v. Jeffrey Matthews Fin. Group, LLC (In re Halpert & Co., Inc.)*,
    254 B.R. 104 (Bankr. D.N.J. 1999) ................................................................................. 20

*Frank v. McLain (In re Peet Packing Co.)*,
    233 B.R. 387 (Bankr. E.D. Mich. 1999) ..................................................................... 14, 15

*Goldman v. Nieves (In re Nieves)*,
    2007 WL 2915004 (Bankr. D. Md. Oct. 3, 2007) (slip op.) ............................................ 30

*Granfinanciera v. Nordberg*,
    492 U.S. 33 (1989) ........................................................................................................... 40

*Green v. Bock Laundry Mach. Co.*,
    490 U.S. 504 (1989) ......................................................................................................... 14

*Greene v. United States*,
    13 F.3d 577 (2d Cir. 1994) ............................................................................................... 16

*Greenwald v. Latham & Watkins (In re Trans-End Tech., Inc.)*,
    230 B.R. 101 (Bankr. N.D. Ohio 1988) ...................................................................... 10, 12

*H&C P'Ship v. Virginia Serv. Merchandisers*,
    164 B.R. 527 (E.D. Va. 1994) ......................................................................................... 37

*In re Acadania Electrical Serv.*,
    66 B.R 164 (Bankr. W.D. La. 1986) ............................................................................... 37

*In re Advanced Telecom Network, Inc.*,
   321 B.R. 308 (Bankr. M.D. Fla. 2005) ................................................................37

*In re Arkansas Catfish Growers LLC*,
   2007 WL 215815 (E.D. Ark. Jan. 25, 2007) ........................................................37

*In re Bullion Reserve of North America*,
   922 F.2d 544 (9th Cir. 1991) ...............................................................................27

*In re Clark*,
   289 B.R. 474 (Bankr. M.D. Fla. 2003) ...............................................................30

*In re Colonial Realty Co.*,
   980 F.2d 125 (2d Cir. 1992) ..........................................................................29, 38

*In re Crafts+, Inc.*,
   220 B.R. 331 (Bankr. W.D. Tex. 1998) ..............................................................37

*In re Flashcom, Inc.*,
   361 B.R. 519 (Bankr. C.D. Cal. 2007) ................................................................32

*In re Hooker Invs., Inc.*,
   155 B.R. 332 (Bankr. S.D.N.Y. 1993) ................................................................31

*In re Johnson*,
   357 B.R. 136 (Bankr. N.D. Cal. 2006) ...............................................................35

*In re M. Blackburn Mitchell Inc.*,
   164 B.R. 117 (Bankr. N.D. Cal. 1994) ...............................................................35

*In re National Audit Defense Network*,
   322 B.R. 896 (Bankr. D. Nev. 2005) ..................................................................36

*In re Sawran*,
   359 B.R. 348 (Bankr. S.D. Fla. 2007) ................................................................30

*In re Slack-Horner Foundries Co.*,
   971 F.2d 577 (10th Cir. 1992) ............................................................................10

*In re Smoot*,
   265 B.R. 128 (Bankr. E.D. Va. 1999) ...........................................................31, 43

*In re Sufolla, Inc.*,
   2 F.3d 977 (9th Cir. 1993) ..................................................................................31

*In re Vanity Fair Shoe Corp.*,
   84 F. Supp. 533 (S.D.N.Y. 1949) .......................................................................39

iv

*Kaufman v. Fur Warehouse*
  (*In re Furs by Albert & Marc Kaufman, Inc.*), 2006 WL 3735621 (Bankr.
  S.D.N.Y. Dec. 14, 2006) ..................................................................................................10, 14, 31

*Kendall v. Sorani (In re Richmond Produce Co.)*,
  195 B.R. 455 (N.D. Cal. 1996) .........................................................................................31, 36

*Krol v. Wilcek (In re H. King & Assocs.)*,
  295 B.R. 246 (Bankr. N.D. Ill. 2003) .....................................................................................20

*Lee v. Bankers Trust Co.*,
  166 F.3d 540 (2d Cir. 1999) ......................................................................................................9

*Madruga v. Superior Court of State of California in and for San Diego County*,
  346 U.S. 556 (1954) ................................................................................................................41

*Matter of Claxton*,
  30 B.R. 199 (Bankr. E.D.Va. 1983) ........................................................................................31

*McCloskey v. Wells Fargo Bank, Wisconsin, NA (In re Art Unlimited, LLC)*,
  2007 WL 2670307 (E.D. Wis. Sept. 6, 2007) .........................................................................23

*Mexican Cent. Ry. Co. v. Pinkney*,
  149 U.S. 194 (1893) ................................................................................................................37

*Miller & Lux, Inc. v. Nickel*,
  141 F.Supp. 41 (C.D. Cal. 1956) ............................................................................................32

*Moran v. Sturges*,
  154 U.S. 256 (1894) ................................................................................................................41

*Nastro v. D'Onofrio*,
  263 F. Supp. 2d 446 (D. Conn. 2003) ......................................................................................20

*Norwest Bank Worthington v. Ahlers*,
  485 U.S. 197 (1988) ...........................................................................................................13, 23

*Off. Comm. of Unsecured Creditors v. Foss (In re Felt Manufacturing Co.)*,
  371 B.R. 589 (Bankr. D.N.H. 2007) ........................................................................................36

*Pennoyer v. Neff*,
  95 U.S. 714 (1877) ..................................................................................................................38

*Resorts Int'l Fin., Inc. v. Price Waterhouse & Co. (In re Resorts Int'l, Inc.)*,
  372 F.3d 154 (3d Cir. 2004) ....................................................................................................39

*Roos v. Texas Co.*,
  23 F.2d 171 (2d Cir. 1927) ......................................................................................................21

v

*Ryan v. Volpone Stamp Co., Inc.*,
    107 F. Supp. 2d 369 (S.D.N.Y. 2000) ...................................................................21

*Schaffer v. Las Vegas Hilton Corp. (In re Video Depot, Ltd.)*,
    127 F.3d 1195 (9th Cir. 1997) ................................................................18, 23

*Securities Investor Protection Corp. v. Stratton Oakmont, Inc.*,
    234 B.R. 293 (Bankr. S.D.N.Y. 1999) ................................................12, 27

*Shapiro v. Art Leather, Inc. (In re Connolly N. Am. LLC)*,
    340 B.R. 829 (Bankr. E.D. Mich. 2006) ...............................................37

*Silverman v. K.E.R.U. Realty Corp., et al. (In re Allou Distribs., Inc.)*,
    ---B.R.---, 2007 WL 3306903 (Bankr. E.D.N.Y. Nov. 2, 2007) ............30

*Sklaroff v. Rosenberg*,
    125 F. Supp. 2d 67 (S.D.N.Y. 2000) .....................................................33

*Sniado v. Bank Austria AG*,
    378 F.3d 210 (2d Cir. 2004) ..................................................................16

*State Street Bank and Trust Co. v. Salovaara*,
    326 F.3d 130 (2d Cir. 2003) ..................................................................39

*Suhar v. Burns (In re Burns)*,
    322 F.3d 421 (6th Cir. 2003) .................................................................14

*Sullivan v. Stroop*,
    496 U.S. 478 (1990)...............................................................................29

*Term Loan Holder Committee v. Ozer Group, LLC (In re Caldor Corp.)*,
    303 F.3d 161 (2d Cir. 2002) .............................................................28, 40

*Transamerica Mortg. Advisors, Inc. (TAMA) v. Lewis*,
    444 U.S. 11 (1979).................................................................................21

*Travelers Indem. Co. v. Household Intern., Inc.*,
    775 F. Supp. 518 (D. Conn. 1991) ........................................................21

*U.S. v. Alfano*,
    34 F. Supp. 2d 827 (E.D.N.Y. 1999) ....................................................38

*Ward v. Deavers*,
    203 F.2d 72 (D.C. Cir. 1953)................................................................21

*Wasserman v. Bressman (In re Bressman)*,
    327 F.3d 229 (3d Cir. 2003) ..................................................................23

*Williams v. Mortillaro (In re Resource, Recycling & Remediation, Inc.)*,
   314 B.R. 62 (Bankr. W.D. Pa. 2004) ........................................................................... 14, 23, 30

*XL/Datacomp, Inc. v. Wilson (In re Omegas Group, Inc.)*,
   16 F.3d 1443 (6th Cir. 1994) .......................................................................................... 39

**STATE CASES**

*Bennett v. First Nat. Bank of Glens Falls*,
   536 N.Y.S.2d 591 (N.Y.A.D. 3 Dept. 1989) .................................................................... 30

*Chanrai Invs., Inc. v. Clement*,
   566 So. 2d 838 (Fla. App. 1990) ....................................................................................... 21

*Duckworth v. Allis-Chalmers Mfg. Co.*,
   150 So. 2d 163 (Miss. 1963) .............................................................................................. 33

*Emerson v. Shirley*,
   175 So. 909 (La. 1937) ...................................................................................................... 19

*Graham Grocery Co. et al. v. Chase et al.*,
   84 S.E. 785 (W. Va. 1915) ................................................................................................. 19

*Harvey v. Engler*,
   168 So. 81 (La. 1936) ....................................................................................................... 35

*Hearn 45 St. Corporation v. Jano*,
   283 N.Y. 139 (1940) .......................................................................................................... 21

*Hyde v. Craddick*
   10 Rob. (LA) 387 (La. 1845) ........................................................................................... 35

*Murray v. Murray*,
   358 So.2d 723 (Miss. 1978) .............................................................................................. 20

*Seixas v. King*,
   2 So. 416 (La. 1887) .......................................................................................................... 20

*Stanton v. Green*,
   34 Miss. 576 (1857) ........................................................................................................... 20

*Talbot Typographics, Inc. v. Tenba, Inc.*,
   560 N.Y.S.2d 82 (N.Y. City Civ.Ct. 1990) ...................................................................... 21

*U.S. Nat'l Bank of Portland v. Meyer*,
   321 P.2d 1054 (Or. 1958) ................................................................................................. 30

## FEDERAL STATUTES

Bankruptcy Act of 1898, § 67 ........................................................................................34

11 U.S.C. § 101 ..........................................................................................................22

11 U.S.C. § 502 .....................................................................................................passim

11 U.S.C. § 541 ...............................................................................................39, 38, 43

11 U.S.C. § 542 ..........................................................................................................38

11 U.S.C. § 546 ........................................................................................7, 11, 22, 30

11 U.S.C. § 547 .....................................................................................................passim

11 U.S.C. § 548 .....................................................................................................passim

11 U.S.C. § 550 .....................................................................................................passim

11 U.S.C. § 551 ...............................................................................................29, 40, 44

11 U.S.C. § 1109 .........................................................................................................27

28 U.S.C. § 157(b)(2)(H) ...........................................................................................39

## RULES

Federal Rule of Bankruptcy Procedure 2018 ...............................................................27

Federal Rule of Bankruptcy Procedure 7001 ...............................................................40

Federal Rule of Civil Procedure 12(b)(6) .....................................................................6

Local Civil Rule 6.1 .....................................................................................................4

## OTHER AUTHORITIES

H.R. Rep. No. 595, 95th Cong., 1st Sess. 375 (1977) .................................................14

124 Cong. Rec. H. 11,097 (Sept. 28, 1978) ..........................................................15, 36

124 Cong. Rec. S. 17,414 (Oct. 6, 1978) ..............................................................15, 36

Restatement (Second) of Torts § 402A (1965) ...........................................................23

Restatement (Third) of Agency § 7.07 (2006) ............................................................23

Thomas H. Jackson, *Avoiding Powers in Bankruptcy*, 36 STAN. L. REV. 725
(1984)..................................................................................................................43, 44

JOHN W. SMITH, LL.D., THE EQUITABLE REMEDIES OF CREDITORS IN RELATION TO
FRAUDULENT CONVEYANCES, TRANSFERS, MORTGAGES, JUDGMENTS, AND
ASSIGNMENTS (1899) ....................................................................................................19

## PRELIMINARY STATEMENT

In this appeal, Enron Creditors Recovery Corp. (formerly, Enron Corp.) ("Enron") challenges the well-reasoned, May 18, 2006 ruling of Bankruptcy Judge Gonzalez (the "Decision") dismissing Enron's recovery cause of action under section 550(a)(2) of the Bankruptcy Code (and a related cause of action under section 502(d) of the Bankruptcy Code, not relevant to this appeal) against Caisse de dépôt et placement du Québec ("Caisse") and National Australia Bank ("NAB," together with Caisse, the "Appellees"). The Decision resulted in an order directing the entry of final judgment dismissing all of Enron's claims under section 550(a)(2) to recover avoidable transfers against Appellees, due to Enron's failure and self-induced inability to comply with the express terms of the statute.

Below, Enron concentrated on one unequivocal argument in response to Appellees' motions to dismiss: **"Actual Avoidance of the Transfer is Not Required Under § 550."** From the filing of its brief through oral argument before the Bankruptcy Court, Enron persisted in the view that it only needed to show that a transfer to an initial transferee was *avoidable*, rather than *avoided* under section 548(a)(1)(B) of the Bankruptcy Code to recover immediately the value of the Put Payment transfers from the Appellees, as subsequent transferees.

As Judge Gonzalez recognized in the Decision, the unambiguous mandate of section 550(a) requires an *avoided* transfer, not merely a showing of an *"avoidable"* transfer. Further, Judge Gonzalez determined that stating of a cause of action under the recovery provision, section 550(a)(2), does not authorize the trustee to avoid a transfer

under the avoidance provision, section 548(a)(1)(B). Avoidance, he correctly ruled, can only be accomplished by stating a separate cause of action under one of the avoidance statutes, not by importing the avoidance cause of action of section 548(a)(1)(B) into the recovery cause of action under section 550(a)(2). Judge Gonzalez further ruled that the separate avoidance cause of action under section 548(a)(1)(B) must include the initial transferee, CLO Holding, an entity controlled by, and knowingly dissolved by Enron two weeks *after* the statutory deadline for filing a claim against CLO Holding had expired.

On this appeal, Enron has abandoned its argument that "avoided" under section 550(a) means "avoidable." Though less clear here than it was before Judge Gonzalez, Enron still appears to want to treat section 550(a)(2) as an avoidance statute. Very clearly, Enron contends for the first time in this appeal that section 548 permits the trustee to sue a subsequent transferee to avoid a transfer, without suing the initial transferee, and implicitly suggests that its Complaint contains such an avoidance claim against Appellees. Enron is wrong on both counts.

Section 550(a)(2), as a recovery statute, does not contain authorization to avoid transfers as an ancillary remedy. As for Enron's newly-minted section 548 arguments, this Court should not allow Enron to raise them at the appellate level. Nothing prevented Enron from making these arguments to Judge Gonzalez, thereby giving him the first opportunity to consider them and to reach their merits. Enron failed to do so. As a matter of appellate procedure, Enron should not be permitted to pursue these previously available arguments now.

In any case, Enron has never sued Caisse, NAB or any other party under section 548 to avoid the Put Payment transfers made to them. Again, as the Complaint makes clear, Enron sued Appellees for *avoidable* transfers under section 550(a)(2) of the Bankruptcy Code, and sought, apparently as an ancillary remedy under *that* provision, section 550(a)(2), a judgment avoiding the Put Payments under section 548(a)(1)(B) -- something that section 550(a)(2), as a recovery, not avoidance, statute does not permit.

Moreover, and contrary to Enron's view of the law, section 548 does not contain any express or implied cause of action against a subsequent transferee alone. The statutory text plainly deals with the initial transferee and the rights of the initial transferee. Despite the long history of the fraudulent transfer statutes, including 30 years of practice under section 548 of the Bankruptcy Code (and the even longer history of practice under its Bankruptcy Act predecessor), Enron discloses not a single case permitting the avoidance under section 548 or its predecessor of a fraudulent conveyance against a subsequent transferee alone. If such a case existed, Enron certainly would have cited it. Though a cliché, these decades of judicial silence speak volumes. Finally, although Enron offers, in scatter-gun fashion, its two-sided rationale for the availability of a section 548(a)(1)(B) cause of action against a subsequent transferee, without the initial transferee, that rationale is unavailing.

In sum, because Enron sought in the Complaint to recover an avoidable, not avoided, transfer under section 550(a)(2) directly against Caisse and NAB, and because Enron failed to seek in a separate proceeding to avoid the Put Payment transfers it made to the initial transferee, CLO Holding, under section 548 of the Bankruptcy Code,

3

Judge Gonzalez correctly held in his Decision that Enron had failed to state a claim under section 550(a)(2) on which relief could be granted. The judgment below should be affirmed.

## JURISDICTIONAL STATEMENT

Appellees moved to dismiss this appeal for lack of subject-matter jurisdiction on the ground that Enron's appeal was untimely. This Court denied that motion.[1] Appellees then moved for reconsideration of the denial pursuant to Local Civil Rule 6.1, a motion this Court also denied.[2] Because Appellees regard the repetition of objections already presented to this Court as unproductive, the Appellees respectfully reserve all of their rights concerning subject-matter jurisdiction.

## STATEMENT OF THE ISSUE PRESENTED

Under the plain meaning of section 550(a)(2), must Enron first avoid a fraudulent transfer in a separate cause of action under section 548(a)(1)(B) of the Bankruptcy Code against CLO Holding, the initial transferee, before pursuing a claim for recovery against Appellees Caisse and NAB, alleged subsequent transferees, under section 550(a)(2) of the Bankruptcy Code?

## STATEMENT OF THE CASE

On November 20, 2003, Enron filed this adversary proceeding in the Bankruptcy Court to recover the value of certain allegedly fraudulent transfers of Enron's

---

[1]    Mem. and Order Denying Mot. to Dismiss Appeal, filed Oct. 10, 2007. (Docket No. 15.)

[2]    Mem. and Order Denying Mot. for Reconsideration, filed Dec. 6, 2007. (Docket No. 26.)

4

property from several defendants, including Appellees Caisse and NAB. (Complaint, Enron Br. App. 1 (hereinafter, "Complaint")). The Complaint described CLO Holding, an Enron-controlled entity, as the initial transferee of Enron's property, and Appellees as subsequent transferees. (Complaint ¶¶ 47, 49, 55.)

In the Complaint's Second Cause of Action, Enron sought recovery from Caisse and NAB through a single statutory claim, one under section 550(a)(2), which permits the trustee to recover avoided transfers from subsequent transferees. (Complaint p. 8.) The Complaint did not allege that Enron had already avoided the Put Payment transfers against CLO Holding, the initial transferee, nor did it seek concurrently to avoid those transfers in a separate cause of action against the initial transferee, CLO Holding, or any other party under section 548(a)(1)(B). (Complaint ¶¶ 1-61.) To the contrary, the Complaint in the Second Cause of Action described the transfers as "*avoidabl*e fraudulent transfers pursuant to section 548(a)(1)(B) of the Bankruptcy Code." (Complaint ¶ 54.) Beginning at paragraph 46, the Complaint recites the statutory basis for its Second Cause of Action, which included Caisse and NAB:[3]

---

[3] The Complaint also included a Third Cause of Action under section 502(d); as noted, that Cause of Action is not relevant to this appeal.

## SECOND CAUSE OF ACTION
### (Recovery of Avoidable Fraudulent Transfers Under Section 550(a)(2) of the Bankruptcy Code).

(Complaint p. 8.)  There is no question that Enron was proceeding solely under section

550(a)(2) under the Second Cause of Action.  In that Second Cause of Action at

paragraph 54 of the Complaint, Enron alleged:

> 54.  Based upon the foregoing, the Put Payments [the
> transfers from Enron to CLO Holding, the alleged initial
> transferee] constitute *avoidable* fraudulent transfers
> pursuant to section 548(a)(1)(B) of the Bankruptcy Code.

(Complaint ¶ 54.)  (emphasis supplied).  In the Complaint's **"WHEREFORE"** clause,

Enron requested in pertinent part a judgment for the following as relief under the Second

Cause of Action brought under section 550(a)(2) of the Bankruptcy Code:

> b.  on the second cause of action, avoiding and setting aside
> the Put Payments pursuant to section 548(a)(1)(B) of the
> Bankruptcy Code, awarding Enron judgment in an amount
> equal to the January Transfers and directing each January
> Put Payment Defendant to immediately pay Enron an
> amount equal to the January Transfer that it received
> pursuant to section 550(a)(2) of the Bankruptcy Code,
> together with interest on such amount from the date of the
> January Transfers…

Caisse and NAB separately moved to dismiss the Complaint under Fed. R.

Civ. P. 12(b)(6).  *Enron*, 343 B.R. at 76.  They argued that Enron had not pled, and could

not plead a critical element of a cause of action under section 550(a):  a separately-

"avoided" transfer.  *Id.* at 79-80; Mot. to Dismiss of Caisse p. 4, Enr. Br. App. 2; Mot. to

Dismiss of NAB p. 5, Enr. Br. App. 5.  Enron had failed to avoid the Put Payment

transfers against CLO Holding or even to name CLO Holding as a defendant.

6

Enron made only two arguments in response to the Appellees' motions to dismiss. Enron insisted primarily that it only needed to establish that a transfer to an initial transferee was "avoidable" under section 548(a)(1)(B) of the Bankruptcy Code to enable it to recover from a subsequent transferee under section 550(a)(2) of the Bankruptcy Code; it maintained that for this reason, it need not include the initial transferee as a party. *Enron*, 343 B.R. at 80. Secondarily, Enron argued that if it must name CLO Holding, the initial transferee, as a defendant, then equitable considerations warranted not enforcing that requirement in this case, due to Enron's dissolution of the initial transferee. *Id.*

The Bankruptcy Court agreed with Appellees and dismissed the action for failure to state a claim on which relief can be granted. *Id.* at 84. It also rejected Enron's equitable arguments. *Id.* at 83. Without reaching the question of whether section 550(a)(2) contained an equitable gloss, it concluded that even if such a gloss existed, it would have no application in this case. *Id.* A week before filing this adversary proceeding, Enron filed a motion in the Bankruptcy Court seeking to dissolve CLO Holding. East Coast Power Sale Order, dated December 18, 2003, App. 1. The Bankruptcy Court granted that motion on December 18, 2003, two weeks *after* the statutory deadline for filing a claim against CLO Holding as the initial transferee had passed. (*Id.*; Complaint ¶ 1); 11 U.S.C. § 546(a)(1)(A).) The Bankruptcy Court noted that Enron had the opportunity to bring an avoidance action against CLO Holding, but chose not to exercise it within the statutory period, and, moreover, by dissolving CLO

Holding, Enron made an avoidance action against the initial transferee impossible. *Id.* at

80, 83.

## SUMMARY OF ARGUMENT

The Bankruptcy Court correctly dismissed Enron's Complaint.

Section 550 provides:

> To the extent that a transfer *is avoided* under section ... 548
> ... of this title, the trustee may recover, for the benefit of
> the estate, the property transferred, or, if the court so
> orders, the value of such property from initial or subsequent
> transferees.

11 U.S.C. § 550(a) (emphasis supplied).

In contravention of the letter of section 550(a)(2), Enron sued Appellees in

the Second Cause of Action of the Complaint under section 550(a)(2) to recover the "Put

Payments" as "*avoidable*," not avoided, fraudulent transfers. They also requested entry

of a judgment under that same section of the Bankruptcy Code avoiding the Put Payments

as fraudulent transfers "pursuant to" section 548(a)(1)(B).

Section 550(a)(2) exists as a separate cause of action. A recovery, not an

avoidance statute, section 550(a)(2) requires as an element of any claim thereunder, an

allegation of an avoided, not avoidable, transfer under one of the Bankruptcy Code's

avoidance sections. A cause of action under section 550(a)(2) does not expressly or

impliedly include the ability to avoid transfers under section 548(a)(1)(B) or any other

avoidance provision of the Bankruptcy Code as part of a recovery claim under that

provision. Rather, avoidance of a transfer is a separate cause of action with a remedy

distinct from recovery. It requires stating an avoidance cause of action under the

applicable avoidance section of the Bankruptcy Code, in this case section 548(a)(1)(B), and that separate avoidance cause of action or proceeding under section 548(a)(1)(B) must include the initial transferee.

Finally, no basis exists under the letter of section 548(a)(1)(B), under the cases construing it, or in the decades of practice under the Bankruptcy Code and the Bankruptcy Act, for finding a cause of action against a subsequent transferee alone to avoid a transfer made to an initial transferee.

The judgment of the Bankruptcy Court should be affirmed.

## I.
## SECTION 550 REQUIRES AN
## "AVOIDED," NOT "AVOIDABLE" TRANSFER

"It is axiomatic that the plain meaning of a statute controls its interpretation, and that judicial review must end at the statute's unambiguous terms." *Lee v. Bankers Trust Co.,* 166 F.3d 540, 544 (2d Cir. 1999) (internal citations omitted). The plain language of section 550(a) requires that the trustee first avoid a fraudulent transfer under section 548 before pursuing recovery of the avoided transfer:

> Except as otherwise provided in this section, to the extent that a transfer *is avoided* under section ... 548 ... of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from --
>
> (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or
>
> (2) any immediate or mediate transferee of such initial transferee.

11 U.S.C. § 550(a) (emphasis supplied).

In direct contravention of section 550, Enron advanced as its principal argument before Judge Gonzalez the literally bold-letter proposition that "**Actual Avoidance of the Transfer is Not Required Under § 550.**" (Enron Br. in Opp. to Caisse Mot. to Dismiss p. 6, Enron Br. App. 3). This argument failed to persuade Judge Gonzalez, who declined Enron's invitation to substitute the word "avoidable" in section 550 for "avoided" (*id.* at 81), noting that "in those sections of the Code where it was intended that a court merely determine whether a transfer was avoidable, the term 'avoidable' is utilized." *Id.* at 81 (citing 11 U.S.C. § 502(d)); *see also id.* at 84 ("[T]he plain language of section 550(a) requires that the transfer first be established as improper and avoided *under one of the avoidance sections* of the Bankruptcy Code prior to actual recovery from any transferee.") (emphasis supplied).

Five courts have either expressly adopted Judge Gonzalez's reasoning on the construction of section 550(a), or independently reached the same conclusion. *See Kaufman* v. *Fur Warehouse (In re Furs by Albert & Marc Kaufman, Inc.)*, 2006 WL 3735621, at *8 (Bankr. S.D.N.Y. Dec. 14, 2006) (noting that the rationale for the requirement that the trustee first avoid the underlying transfer prior to recovering the value of the transfer from any transferees or beneficiaries was "discussed and explained by Bankruptcy Judge Gonzalez … and there is nothing I need to add"); *In re Slack-Horner Foundries Co.*, 971 F.2d 577, 580 (10th Cir. 1992) ("[I]n order to recover from a subsequent transferee the trustee must first have the transfer of the debtor's interest to the initial transferee avoided under § 548."); *Greenwald* v. *Latham & Watkins (In re Trans-End Tech., Inc.)*, 230 B.R. 101, 104 (Bankr. N.D. Ohio 1988) ("A complete reading of

10