UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br>ENRON CREDITORS RECOVERY CORP., *et al.*,<br>                Reorganized Debtors. | Chapter 11<br>Case No. 01-16034 (AJG)<br><br>Jointly Administered |
| ENRON CREDITORS RECOVERY CORP.,<br>                Appellant,<br>v.<br>INTERNATIONAL FINANCE CORP., *et al.*,<br>                Appellees. | Adv. Pro. No. 03-93370 (AJG)<br><br>District Court<br>Case No. 07-06597 (AKH)<br><br>ORAL ARGUMENT REQUESTED |

**APPENDIX TO BRIEF OF APPELLEES
CAISSE DE DÉPÔT ET PLACEMENT DU QUÉBEC
AND NATIONAL AUSTRALIA BANK**

Stephen J. Shimshak
Douglas R. Davis
Rebecca R. Zubaty (Not yet admitted)

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000

Attorneys for Appellees
Caisse de dépôt et placement du Québec
and National Australia Bank
Dated: January 11, 2008

# APPENDIX TO BRIEF OF APPELLEES
# CAISSE DE DÉPÔT ET PLACEMENT DU QUÉBEC
# AND NATIONAL AUSTRALIA BANK

1. East Coast Power Sale Order, dated December 18, 2003.

2. *Contemp. Indus. Corp. v. Frost (In re Contemp. Indus. Corp.)*, 2001 WL 34630639 (Bankr. D. Neb. Feb. 14, 2001).

3. 124 Cong. Rec. H. 11,097 (Sept. 28, 1978).

4. 124 Cong. Rec. S. 17414 (Oct. 6, 1978).

5. JOHN W. SMITH, LL.D., THE EQUITABLE REMEDIES OF CREDITORS IN RELATION TO FRAUDULENT CONVEYANCES, TRANSFERS, MORTGAGES, JUDGMENTS, AND ASSIGNMENTS (1899).

6. *Stanton v. Green*, 34 Miss. 576 (1857), *available at* 1857 WL 2723.

7. *Ouerbacker, Gilmore & Co. v. White*, 6 Ky. L. Rep. 739 (1985) (abstract).

8. *Composite Modules, Inc. v. Talheimer Bros., Inc.*, ---F. Supp. 2d.---, 2007 WL 4465461 (D. Mass. Nov. 28, 2007).

9. *McCloskey v. Wells Fargo Bank Wisconsin, NA f/k/a Norwest Bank Wisconsin, NA (In re Art Unlimited, LLC)*, 2007 WL 2670307 (E.D. Wis. Sept. 6, 2007).

10. *Bowers v. Kuse Enter., Inc. (In re Florida Hotel Props Ltd. P'ship Plan Trust Agreement)*, 172 F.3d 43 (Table), *available at* 1998 WL 957455, (4th Cir. Sept. 22, 1998).

11. Restatement (Third) of Agency § 7.07 (2006), comment b.

12. Restatement (Second) of Torts § 402A (1965), comment c.

13. 11 U.S.C. § 548 (2004) (prior to amendment).

14. *Silverman v. K.E.R.U. Realty Corp., et al. (In re Allou Distribs., Inc.)*, ---B.R.---, 2007 WL 3306903 (Bankr. E.D.N.Y. Nov. 2, 2007).

15. *Goldman v. Nieves (In re Nieves)*, 2007 WL 2915004 (Bankr. D. Md. Oct. 3, 2007) (slip op.).

16. Advisory committee's note to Fed. R. Bankr. P. 7001.

17. Thomas H. Jackson, *Avoiding Powers in Bankruptcy*, 36 STAN. L. REV. 725 (1984).

1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X
:
**In re**                                                        :
:  **Chapter 11**
**ENRON CORP., et al.,**                                         :
:  **Case No. 01-16034 (AJG)**
            **Debtors**                                          :
:  **Jointly Administered**
:
-----------------------------------------------------------------X

**ORDER, PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY
CODE AND RULES 2002, 6004, 9013 AND 9014 OF THE FEDERAL
RULES OF BANKRUPTCY PROCEDURE, AUTHORIZING AND
APPROVING (A) THE TERMS AND CONDITIONS OF A PURCHASE AND
SALE AGREEMENT BETWEEN ENRON NORTH AMERICA CORP. AND
SPECIAL SITUATIONS INVESTING GROUP, INC., DATED AS OF DECEMBER
16, 2003, AND, IN CONNECTION THEREWITH, (B) THE SALE
OF THE SENIOR PARTICIPATION INTEREST IN THE
SUBORDINATED DEBT OF EAST COAST POWER L.L.C. AND
RELATED ASSETS, BY ENRON NORTH AMERICA CORP., FREE
AND CLEAR OF LIENS, CLAIMS, INTERESTS, ENCUMBRANCES,
<u>RIGHTS OF SETOFF, RECOUPMENT, NETTING, AND DEDUCTION</u>**

Upon the motion dated November 14, 2003 (the "Motion")[1] of Enron Corp. ("Enron") and Enron North America Corp. ("ENA" or "Seller"), as debtors and debtors in possession (collectively, the "Debtors"), pursuant to sections 105 and 363(b), (f), (m) and (n) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004, 9013 and 9014 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), for the entry of, *inter alia,* this order (the "Sale Order"), authorizing ENA to sell the Senior Participation Interest (the "Senior Interest") in the subordinated debt of East Coast Power L.L.C., and certain related assets (together with the Senior Interest, the "Assets") to the

---

[1] All capitalized terms used, unless otherwise defined herein, shall have the meaning as defined in the Motion or in the Purchase Agreement (as defined herein).

A:\EAST COAST POWER SALE ORDER_#351898.DOC

Winning Bidder (as defined in this Court's order, dated November 20, 2003, scheduling an auction for the sale of the Assets and establishing bidding procedures and notice procedures in connection therewith (the "Procedures Order")) at the Auction (as defined in the Procedures Order) pursuant to section 363 of the Bankruptcy Code; and ENA having conducted an Auction in accordance with the bidding procedures set forth in the Procedures Order; and the Sale Hearing having been held before the Court on December 18, 2003; and the Court having jurisdiction to consider and determine the Motion in accordance with 28 U.S.C. § 1334; and due notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY FOUND AND DETERMINED:

A.  The Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334.

B.  As evidenced by the certificate of service filed with the Court, and based on the representations of counsel at the hearing, (A) proper, timely, adequate, and sufficient notice of the Motion, a substantially similar form of this Order, the Purchase Agreement (as defined below), the transactions contemplated therein, the Auction, and the Sale Hearing has been provided in accordance with sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 9013 and 9014 and Rule 9013-1(c) of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules") to all interested persons and entities, by the Debtors' service of the Motion and notice of Auction upon (i) the Office of the United States Trustee, (ii) counsel for the DIP Lenders, (iii) counsel for the Official Committee of Unsecured Creditors in the Debtors' chapter 11 cases (the "Creditors' Committee"), (iv) Buyer, (v) Buyer's counsel, (vi) all entities known to

ENA to have, or to have asserted, any lien, claim, encumbrance, interest, rights of setoff, recoupment, netting or deduction, in or upon the Assets, (vii) all known parties who submitted a prior bid for the Assets, (viii) all known parties who expressed in writing to ENA an interest in the Assets, (ix) all relevant taxing authorities, (x) the Examiner for ENA, (xi) counsel for the Employment-Related Issues Committee; (xii) counsel to any Statutory Committee appointed in the Debtors' chapter 11 cases (the "Additional Committees"), and (xiii) all entities who had filed a notice of appearance and request for service of papers in these cases in accordance with the Court's Second Amended Case Order, dated December 17, 2003, (B) such notice was good and sufficient and appropriate under the particular circumstances, and (C) no other or further notice of the Motion, this Order, the Purchase Agreement, the transactions contemplated therein, or the Sale Hearing is required.

    C.    The requirements of Rule 9013-1(b) of the Local Rules have been waived.

    D.    A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein and this Order has been afforded to all those parties listed in paragraph B above.

    E.    On December 16, 2003, ENA conducted the Auction in accordance with the Procedures Order. Special Situations Investing Group, Inc. (the "Buyer") submitted the highest and best offer for the Assets and was declared the Winning Bidder at the Auction.

    F.    The Purchase Agreement attached hereto as <u>Exhibit "A"</u> was negotiated at arm's-length and proposed and entered into by and among Buyer, on the one hand, and ENA, on the other hand, without collusion and in good faith. Buyer is a good faith purchaser in accordance with 363(m) of the Bankruptcy Code and is entitled to all of the

protections afforded thereby. Neither Buyer nor ENA has engaged in any conduct that would cause or permit the Purchase Agreement to be avoided (or the validity of the sale affected) under 363(n) of the Bankruptcy Code or any other provisions of the Bankruptcy Code.

G. The relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest.

H. ENA has advanced sound and sufficient business justification, and it is a reasonable exercise of its business judgment, to: (i) sell the Assets on the terms and conditions set forth in the Purchase Agreement; and (ii) consummate all transactions contemplated by the Purchase Agreement.

I. Enron has advanced sound and sufficient business justification, and it is a reasonable exercise of its business judgment, to dissolve ENA CLO I Holding Company I L.P. ("ENA CLO").

J. The provisions of sections 363(b), 363(f), 363(m), 363(n), and 363(o) of the Bankruptcy Code have been complied with in respect of the sale of the Assets and the dissolution of ENA CLO.

K. All of the transactions contemplated by the Purchase Agreement, including the sale of the Assets and the dissolution of ENA CLO, are properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation, sections 105, 363(b), 363(f), 363(m), and 363(o) of the Bankruptcy Code.

L. Buyer is a "good faith purchaser" within the meaning of section 363(m) of the Bankruptcy Code and is, therefore, entitled to the protections of such provision. The good faith of Buyer is evidenced by, among other things, the following facts: (1) ENA and the

Buyer have engaged in substantial arm's-length negotiations in good faith and the Purchase Agreement and related documents are the product of such negotiations among the parties; (2) ENA conducted the Bidding Procedures and the Auction pursuant to the Procedures Order during which interested parties had an opportunity to submit competing bids for the Assets; (3) at the conclusion of the Auction, ENA, upon consultation with the Creditors' Committee, determined that the Buyer's bid as reflected in the Purchase Agreement was the highest or best offer for the Assets and Buyer was declared the Winning Bidder; (4) all payments to be made in connection with the Purchase Agreement have been disclosed; and (5) Buyer has not engaged in any conduct that would permit the Purchase Agreement to be avoided under section 363(n) of the Bankruptcy Code.

M.   ENA has the authority to transfer the Assets and is the sole party with an ownership interest in the Assets.

N.   ENA and Buyer have entered into, subject to entry of this Order, the Purchase Agreement wherein ENA and Buyer agree that, *inter alia,* the purchase price to be paid by Buyer to ENA is U.S.$28,763,000.00 (subject to adjustment as provided in the Purchase Agreement, the "Purchase Price"). At Closing, Buyer shall wire transfer an amount equal to the Purchase Price, less the Deposit, defined and described below, and accrued interest thereon in immediately available funds to the account or accounts specified by ENA to Buyer in writing. Buyer deposited an amount equal to U.S.$2,670,000 (the "Deposit") with J.P. Morgan Chase in its capacity as escrow agent which was placed into an escrow account.

O.   The consideration provided by the Buyer for the Assets to be sold shall be deemed to constitute reasonably equivalent value and fair consideration under the Bankruptcy Code and applicable state law.

## ACCORDINGLY, THE COURT HEREBY ORDERS THAT:

1. The findings of fact set forth above and the conclusions of law stated herein shall constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any finding of fact later shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law later shall be determined to be a finding of fact, it shall be so deemed.

2. The Motion is granted as provided herein.

3. The Purchase Agreement is approved in its entirety.

4. All parties in interest have had the opportunity to object to the relief requested in the Motion and to the extent that objections to the Motion or the relief requested therein, have not been withdrawn, waived, or settled, such objections and all reservations of rights included therein, are overruled on the merits. Those parties who did not object, or who withdrew their objections, to the Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code.

5. The Auction and Sale Hearing have been conducted in accordance with the Procedures Order.

6. The approval by ENA of the sale of the Assets and the terms and conditions contemplated by the Purchase Agreement, including, without limitation, the closing of the transactions contemplated by the Purchase Agreement and Enron's dissolution of ENA CLO, are hereby approved pursuant to sections 105(a), 363(b) and 363(f) of the Bankruptcy Code.

7. ENA is hereby authorized in accordance with sections 105(a) and 363 of the Bankruptcy Code to (a) transfer the Assets free and clear of all Claims (as hereinafter defined), and (b) execute and deliver to Buyer such documents or other instruments as may be necessary to transfer the Assets free and clear of all Claims to Buyer in accordance with this Order and the terms of the Purchase Agreement.

8. The Debtors are hereby authorized in accordance with sections 105(a) and 363 of the Bankruptcy Code to (a) cause the dissolution of ENA CLO in accordance with Delaware partnership law and/or other applicable law, and (b) execute and deliver such documents or other instruments and take such other actions as may be necessary to effect the dissolution of ENA CLO in accordance with Delaware partnership law and/or other applicable law, including, without limitation, (i) satisfy and pay up to $1,100.00 for annual reporting fees and tax claims owed by ENA CLO to the State of Delaware and the Internal Revenue Service (the "ENA CLO Obligations"), and (ii) forgive and release any intercompany claim(s) resulting from the funding, payment and satisfaction of the ENA CLO Obligations.

9. Except as otherwise specifically provided in the Purchase Agreement, the sale of the Assets to Buyer pursuant to this Order and the Purchase Agreement will vest Buyer with good title to the Assets, free and clear of all liens, claims (as that term is defined in section 101(5) of the Bankruptcy Code), interests, encumbrances, and rights of setoff, netting, deduction and recoupment (collectively, the "Claims") pursuant to sections 105(a) and 363(f) of the Bankruptcy Code and will be a legal, valid and effective transfer of the Assets; provided, however, that any existing

Claims (including the DIP Liens[2]) and Claims of the Pension Benefit Guaranty Corporation (the "PBGC"), if any, shall be transferred and attached to the proceeds obtained for such Assets, with the same validity, enforceability, priority, force and effect that they now have as against the Assets, subject to the rights, claims, defenses and objections of the Debtors and all interested parties with respect to such Claims.

10. ENA is authorized to use and disburse up to (a) $1,100.00 of the proceeds received from the consummation of the Purchase Agreement (the "Proceeds") to pay and satisfy the ENA CLO Obligations, and (b) $862,890.00 of the Proceeds to pay and satisfy the Termination Fee (as that term is defined in the Purchase and Sale Agreement between ENA and Arctas-Paragon Investments LLC (the "Stalking Horse") dated as of November 14, 2003 (the "Stalking Horse Contract")), on the terms and conditions provided in the Stalking Horse Contract. The remainder of the Proceeds shall be held by ENA and ENA shall neither use nor distribute such proceeds until the earlier to occur of (i) consent of the Creditors' Committee to the release of such proceeds or (ii) further order of the Court.

11. This Order (a) is and shall be effective as a determination that, upon the Closing, all Claims existing as to the Assets prior to the Closing have been unconditionally released, discharged, and terminated in each case as to the Assets, and (b) is and shall be binding upon and shall govern acts of all entities, including, without limitation,

---

[2] As defined in the Final Order Authorizing Debtors to Obtain Post-Petition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2) and 364(d)(1), dated July 2, 2002, as supplemented by the Order Authorizing, Pursuant to 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3) and 364(d)(1), Amendment of DIP Credit Agreement to Provide for Extension of Post-Petition Financing, dated May 8, 2003 (the "Final Order").

all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities, who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments that reflect that Buyer is the assignee of the Assets free and clear of Claims and, any rights or remedies as between ENA or Buyer arising out of or relating to the events after the Closing.

12.     No person shall take any action to prevent, interfere with or otherwise enjoin consummation of the transactions contemplated in or by the Purchase Agreement or this Order.

13.     Notwithstanding anything contained herein to the contrary, nothing in this Order and the transactions approved hereby releases the Debtor parties and any party to those transactions and their respective affiliates from any claims of the United States Government or modify, alter, impair or in any way affect the application of any laws or regulations of the United States.

14.     The Purchase Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto in accordance with the terms thereof without further order of the Court; <u>provided, however,</u> that, in connection therewith, the parties shall obtain the prior written consent of the Creditors' Committee, which consent shall not be unreasonably withheld; and <u>provided, further,</u> that any such modification, amendment or supplement shall neither be material nor materially change the economic substance of the transactions contemplated hereby.

15.  The failure to specifically include any particular provision of the Purchase Agreement in this Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the Purchase Agreement and ENA's implementation of the transactions contemplated therein be approved in their entirety.

16.  In the absence of a stay pending appeal, in the event that Buyer and ENA elect to consummate the transactions contemplated by the Purchase Agreement at any time after the entry of this Order, then with respect to the transactions approved and authorized herein, Buyer, as a purchaser in good faith within the meaning of section 363(m) of the Bankruptcy Code, shall be entitled to the protections of 363(m) of the Bankruptcy Code in the event this Order or any authorization contained herein is reversed or modified on appeal.

17.  Each and every federal, state, and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Purchase Agreement.

18.  The Court shall retain exclusive jurisdiction (a) to enforce and implement the terms and provisions of the Purchase Agreement, all amendments thereto, any waivers and consents thereunder, and each of the agreements, documents and instruments executed therewith and (b) to resolve any disputes, controversies or claims arising out of or relating to the Purchase Agreement or to enforce Buyer's rights to the Assets free and clear of Claims. The Court shall retain exclusive jurisdiction over any and all disputes arising under or otherwise relating to the construction, performance and enforcement of the terms and conditions of the Purchase Agreement and each of the agreements, documents and instruments executed in connection therewith.

19. The terms of this Order shall be binding on and inure to the benefit of ENA, its predecessors in interest, the Debtors, Buyer, each non-debtor party to the Assets and the Debtors' creditors and all other parties in interest, and any successors of ENA or the Debtors, Buyer and the Debtors' creditors, including any trustee or examiner appointed in these cases or any subsequent or converted cases of the Debtors under chapter 7 or chapter 11 of the Bankruptcy Code.

20. The terms of any plan of reorganization submitted by ENA to this Court shall not conflict with, supercede, abrogate, nullify, modify or restrict the terms of this Order or any of the transactions approved hereby.

21. The provisions of this Order are nonseverable and mutually dependent.

22. Any conflict between the terms and provisions of this Order and the Purchase Agreement shall be resolved in favor of this Order.

23. This Order shall be effective and enforceable immediately upon entry of this Order and the stay imposed by Bankruptcy Rule 6004(g) is hereby waived.

Dated: New York, New York
December 18, 2003

                                              s/Arthur J. Gonzalez
                                              HONORABLE ARTHUR J. GONZALEZ
                                              UNITED STATES BANKRUPTCY JUDGE

## Exhibit A

Purchase Agreement