4

Case 1:07-cv-06597-AKH    Document 27-7    Filed 01/11/2008    Page 2 of 7

# COLLIER ON BANKRUPTCY®

FIFTEENTH EDITION REVISED

## VOLUME D

**ALAN N. RESNICK**
*Benjamin Weintraub Distinguished Professor of Bankruptcy Law, Hofstra University School of Law;*
*Of Counsel, Fried, Frank, Harris, Shriver & Jacobson LLP, New York City*

**HENRY J. SOMMER**
*Supervising Attorney, Consumer Bankruptcy Assistance Project, Philadelphia*

EDITORS-IN-CHIEF

**LAWRENCE P. KING**
EDITOR-IN-CHIEF, 1974–2001

**LEGISLATIVE HISTORY OF THE BANKRUPTCY REFORM ACT OF 1978**



## LEGISLATIVE HISTORY—PUB. L. NO. 95-598
### Senate Debate on Compromise Bill, 124 Cong. Rec. S17403-34 (daily ed. Oct. 6, 1978)

After the House adopted the compromise bill on September 28, 1978, it was sent to the Senate for final action. The Senate considered the bill on October 5, 1978. This excerpt from the Congressional Record contains the Senate debate on the compromise bill, and the Senate floor manager's version of the joint explanatory statement. The Senate version differs slightly from the House version reprinted above, because the Senate adopted some amendments to the compromise bill before passing the bill. These amendments are set forth and explained in the Congressional Record, and are generally reflected in the joint explanatory statement.

(Though the Senate acted on October 5, 1978, the debates were printed in the October 6 Record, because Senate action was too late in the day to be included in the October 5 Record.)

excepts from surcharge a custodian that is an assignee for the benefit of creditors, who was appointed or took possession before 120 days before the date of the filing of the petition, whichever is later. The provision also prevents a custodian from being surcharged in connection with payments made in accordance with applicable law.

Section 544(a)(3) modifies similar provisions contained in the House bill and Senate amendment so as not to require a creditor to perform the impossible in order to perfect his interest. Both the lien creditor test in section 544(a)(1), and the bona fide purchaser test in section 544(a)(3) should not require a transferee to perfect a transfer against an entity with respect to which applicable law does not permit perfection. The avoiding powers under section 544(a) (1), (2), and (3) are new. In particular, section 544(a)(1) overrules *Pacific Finance Corp. v. Edwards*, 309 F.2d 224 (9th Cir. 1962), and *In re Federals, Inc.*, 553 F.2d 509 (6th Cir. 1977), insofar as those cases held that the trustee did not have the status of a creditor who extended credit immediately prior to the commencement of the case.

The House amendment deletes section 544(c) of the House bill.

Section 545 of the House amendment modifies similar provisions contained in the House bill and Senate amendment to make clear that a statutory lien may be avoided under section 545 only to the extent the lien violates the perfection standards of section 545. Thus a Federal tax lien is invalid under section 545(2) with respect to property specified in sections 6323 (b) and (c) of the Internal Revenue Code of 1954. As a result of this modification, section 545(b) of the Senate amendment is deleted as unnecessary.

Section 546(a) of the House amend-

[S 17414]

ment is derived from section 546(c) of the Senate amendment. Section 546(c) of the House amendment is derived from section 546(b) of the Senate amendment. It applies to receipt of goods on credit as well as by cash sales. The section clarifies that a demand for reclamation must be made in writing anytime before 10 days after receipt of the goods by the debtor. The section also permits the court to grant the reclaiming creditor a lien or an administrative expense in lieu of turning over the property.

No limitation is provided for payments to commodity brokers as in section 766 of the Senate amendment other than the amendment to section 548 of title II. Section 547(c)(2) protects most payments.

Section 547(b)(2) of the House amendment adopts a provision contained in the House bill and rejects an alternative contained in the Senate amendment

relating to the avoidance of a preferential transfer that is payment of a tax claim owing to a governmental unit. As provided, section 106(c) of the House amendment overrules contrary language in the House report with the result that the Government is subject to avoidance of preferential transfers.

Contrary to language contained in the House report, payment of a debt by means of a check is equivalent to a cash payment, unless the check is dishonored. Payment is considered to be made when the check is delivered for purposes of sections 547(c) (1) and (2).

Section 547(c)(6) of the House bill is deleted and is treated in a different fashion in section 553 of the House amendment.

Section 547(c)(6) represents a modification of a similar provision contained in the House bill and Senate amendment. The exception relating to satisfaction of a statutory lien is deleted. The exception for a lien created under title 11 is deleted since such a lien is a statutory lien that will not be avoidable in a subsequent bankruptcy.

Section 547(e)(1)(B) is adopted from the House bill and Senate amendment without change. It is intended that the simple contract test used in this section will be applied as under section 544(a)(1) not to require a creditor to perfect against a creditor on a simple contract in the event applicable law makes such perfection impossible. For example, a purchaser from a debtor at an improperly noticed bulk sale may take subject to the rights of a creditor on a simple contract of the debtor for 1 year after the bulk sale. Since the purchaser cannot perfect against such a creditor on a simple contract, he should not be held responsible for failing to do the impossible. In the event the debtor goes into bankruptcy within a short time after the bulk sale, the trustee should not be able to use the avoiding powers under section 544(a)(1) or 547 merely because State law has made some transfers of personal property subject to the rights of a creditor on a simple contract to acquire a judicial lien with no opportunity to perfect against such a creditor.

Section 548(d)(2) is modified to reflect general application of a provision contained in section 766 of the Senate amendment with respect to commodity brokers. In particular, section 543(d)(2)(B) of the House amendment makes clear that a commodity broker who receives a margin payment is considered to receive the margin payment in return for "value" for purposes of section 548.

Section 549 of the House amendment has been redrafted in order to incorporate sections 342 (b) and (c) of the Senate amendment. Those sections have been consolidated and redrafted in section 549(c) of the House amendment. Section 549(d) of the House amendment adopts a provision contained in section 549(c) of the Senate amendment.

LEGISLATIVE HISTORY—1978 ACT   App. Pt. 4(f)(iii)

Section 550(a)(1) of the House amendment has been modified in order to permit recovery from an entity for whose benefit an avoided transfer is made in addition to a recovery from the initial transferee of the transfer. Section 550(c) would still apply, and the trustee is entitled only to a single satisfaction. The liability of a transferee under section 550(a) applies only "to the extent that a transfer is avoided". This means that liability is not imposed on a transferee to the extent that a transferee is protected under a provision such as section 548(c) which grants a good faith transferee for value of a transfer that is avoided only as a fraudulent transfer, a lien on the property transferred to the extent of value given.

Section 550(b) of the House amendment is modified to indicate that value includes satisfaction or securing of a present antecedent debt. This means that the trustee may not recover under subsection (a)(2) from a subsequent transferee that takes for "value", provided the subsequent transferee also takes in good faith and without knowledge of the transfer avoided.

Section 550(e) of the House amendment is derived from section 550(e) of the Senate amendment.

Section 551 is adopted from the House bill and the alternative in the Senate amendment is rejected. The section is clarified to indicate that a transfer avoided or a lien that is void is preserved for the benefit of the estate, but only with respect to property of the estate. This prevents the trustee from asserting an avoided tax lien against after acquired property of the debtor.

Section 552(a) is derived from the House bill and the alternative provision in the Senate amendment is rejected. Section 552(b) represents a compromise between the House bill and the Senate amendment. Proceeds coverage, but not after acquired property clauses, are valid under title 11. The provision allows the court to consider the equities in each case. In the course of such consideration the court may evaluate any expenditures by the estate relating to proceeds and any related improvement in position of the secured party. Although this section grants a secured party a security interest in proceeds, product, offspring, rents, or profits, the section is explicitly subject to other sections of title 11. For example, the trustee or debtor in possession may use, sell, or lease proceeds, product, offspring, rents, or profits under section 363.

Section 553 of the House amendment is derived from a similar provision contained in the Senate amendment, but is modified to clarify application of a two-point test with respect to setoffs.

Section 554(b) is new and permits a party in interest to request the court to order the trustee to abandon property of the estate that is burdensome to the estate or that is of inconsequential value to the estate.

The House amendment deletes section 701(d) of the Senate amendment. It is anticipated that the Rules of Bankruptcy Procedure will require the appointment of an interim trustee at the earliest practicable moment in commodity broker bankruptcies, but no later than noon of the day after the date of the filing of the petition, due to the volatility of such cases.

The House amendment adopts section 702(a)(2) of the Senate amendment. An insubstantial equity interest does not disqualify a creditor from voting for a candidate for trustee. Section 704(8) of the Senate amendment is deleted in the House amendment. Trustees should give constructive notice of the commencement of the case in the manner specified under section 549(c) of title II.

Section 705(a) of the House amendment adopts a provision contained in the Senate amendment that limits a committee of creditors to not more than 11; the House bill contained no maximum limitation.

Section 706(a) of the House amendment adopts a provision contained in the Senate amendment indicating that a waiver of the right to convert a case under section 706(a) is unenforceable. The explicit reference in title II forbidding the waiver of certain rights is not intended to imply that other rights, such as the right to file a voluntary bankruptcy case under section 301, may be waived.

Section 706 of the House amendment adopts a similar provision contained in H.R. 8200 as passed by the House. Competing proposals contained in section 706(c) and section 706(d) of the Senate amendment are rejected.

Section 707 of the House amendment indicates that the court may dismiss a case only after notice and a hearing.

Section 722 of the House amendment adopts the position taken in H.R. 8200 as passed by the House and rejects the alternative contained in section 722 of the Senate amendment.

Section 723(c) of the House amendment is a compromise between similar provisions contained in the House bill and Senate amendment. The section makes clear that the trustee of a partnership has a claim against each general partner for the full amount of all claims of creditors allowed in the case concerning the partnership. By restricting the trustee's rights to claims of "creditors," the trustee of the partnership will not have a claim against the general partners for administrative expenses or claims allowed in the case concerning the partnership. As under present law, sections of the Bankruptcy Act applying to codebtors and sureties ap-