5

# THE
# EQUITABLE REMEDIES

OF

# CREDITORS

IN RELATION TO

## FRAUDULENT CONVEYANCES, TRANSFERS, MORTGAGES, JUDGMENTS AND ASSIGNMENTS

INCLUDING

CREDITORS' BILLS, BILLS IN THE NATURE OF CREDITORS' BILLS, SUPPLEMENTARY PROCEEDINGS, PROCEEDINGS IN AID, PROCEEDINGS AGAINST INSOLVENT CORPORATIONS, INSOLVENT ESTATES, TRUSTS, RECEIVERSHIP

AND

THE EFFECT OF THE BANKRUPT ACT UPON

## INSOLVENT LAWS, ASSIGNMENT LAWS

AND THE EQUITABLE REMEDIES OF

CREDITORS

---

BY

JOHN W. SMITH, LL.D.

OF THE CHICAGO BAR

---

CHICAGO
CALLAGHAN & CO.
1899

78                    EQUITABLE REMEDIES.                    [§ 60.

80. Plaintiff individually not bound by judgment against him as assignee.
81. Other creditors may intervene and participate in surplus.
82. Suit may be maintained by a receiver under order of court.
83. Creditors of corporation may sue, when.
84. When bill may be filed by officer of court, or master.
85. Executor or administrator may file bill.
86. A guardian for an insane person cannot sue in own name.
87. Assignee may file bill.
    (a) Assignee of claims.
    (b) Assignee of judgment.
    (c) Assignee in bankruptcy.
    (d) Assignee for creditors.
88. Other parties entitled to file bill.
    (a) Receiver.
    (b) Surety who has paid debt.
    (c) Purchaser at execution sale.
    (d) Wife of debtor when a creditor.
    (e) Subsequent creditor.
    (f) State when creditor.
    (g) Probate judge may not bring suit.
    (h) Nor sheriff.
89. Against whom filed—Defendants.
    (a) General principles.
    (b) Maker and indorser of note.
    (c) Several grantees.
    (d) Person in possession of property.
    (e) Foreign corporation.
    (f) Personal representatives and heirs, when.
    (g) Assignee in assignment for creditors.
    (h) Estate of joint debtor, when.
    (i) To reach estate of lunatic quaere.

Section 60. Necessary Parties — General Principles. — It is well known to every practitioner that the question of necessary and proper parties to a suit in chancery is often quite perplexing. It is equally so to anyone who undertakes a careful analysis of the adjudicated cases with the hope of discovering any well defined principles of general application. About the only assistance that can be rendered is to group the cases relating to plaintiffs and defendants in such logical order as will clearly illustrate the general subdi-

§ 61.]                PARTIES TO THE SUIT.                79

visions of the subject, and thereby facilitate the discovery of precedent rather than any underlying principles that may be of pratical value in the way of guidance. A few general observations, however, relating to parties to creditor's suits may be of some practical service:

1. The plaintiff, as a general rule, and in the absence of statutory regulations must be a Judgment Creditor, or at least must have a lien secured by attachment.

2. He must not have participated in the fraudulent transaction about which complaint is made.

3. The transaction must have been of such a nature and character as to be injurious to the plaintiff as a creditor or as an owner of the property.

4. The plaintiff must be in fact and in good faith a creditor of the judgment debtor, or have acquired the right of a *bona fide* creditor, and be free from any collusion with the debtor with respect to other creditors.

5. For the purpose of preventing a multiplicity of suits, two or more judgment creditors, whose interests are not conflicting, may be coplaintiffs, or become jointly interested in the prosecution of the suit.

6. The judgment debtor, as a general rule must be a defendant.

7. And so must all parties implicated in the alleged fraud or participating in the act or transaction complained of.

8. And all parties interested in, or claiming an interest in, the subject matter of the litigation derived through or on account of the judgment debtor.

9. If the judgment debtor be dead, and it is sought to reach fraudulently conveyed property, then the administrator or executor, heirs or legatees, together with the grantee, should be parties defendant.

§ 61. **All Parties in Interest Must be Before the Court.** —A court of equity will not render a final decree