7

# THE

# KENTUCKY

# LAW REPORTER.

## VOLUME VI,
### JULY, 1884, TO JULY, 1885.

FRANKFORT, KY.:
GEO. A. LEWIS, PUBLISHER.
1885.

HeinOnline -- 6 Ky. L. Rep. i 1884-1885

heard and investigated upon its merits to raise an objection to the notice. That objection should have been made when the case first went to the circuit court.

2. All the evidence before the circuit judge, including the poll books, should have been brought to this court and identified by a bill of exceptions: in the absence of the poll books the judgment is affirmed, but if they were before the court the character of the testimony is such that the court would not be inclined to disturb the finding. Davis v. Gatliff. April 30, 1885. Whitley Cir. Ct. Opin. by Pryor, J., Ct. Ap., aff. J. & J. W. Rodman and C. W. Lester for appellant; A. Duvall, W. Lindsay and R. D. Hill for appellee.

Evidence—See Landlord and Tenant, 2—

Presumption of death—A letter purporting to have been written at the request of a person who is presumed to be dead by reason of his absence from the State for seven successive years is not competent to rebut the presumption of death, being only the barest form of hearsay; nor is a letter purporting to have been written by the person himself competent for that purpose unless there is some other proof that he wrote it than the mere fact that his name is signed to it. Chelf v. Isaacs, &c. April 1, 1885. Marion Cir. Ct. Opin. by Bowden, J., Sup. Ct., rev. John McChord for appellant; Rountree & Lisle for appellee.

Final Order—

Appointing receiver—As between an attaching creditor and a mortgagee the court declared the claim of the mortgagee to be superior, appointed a receiver, and directed him to take charge of the property in controversy and lease it for a term of nearly one year.

Held—That this is not a final order from which an appeal can be prosecuted, as a sufficient amount may be realized from the rent and from the proceeds of the sale yet to be made to satisfy the claims of both parties. But even if it appeared that the proceeds would not be sufficient, still the order would not be final, as the court can, at any subsequent term, when the proceeds of the property are ready for distribution, adjudge the priority to appellant. Lewis v. Melvin, &c. April 15, 1885. Pulaski Cir. Ct. Opin. by Richards, J., Sup. Ct., dis. O. H. Waddle for appellant; Morrow & Newell and F. F. Bobbitt for appellees.

Fraudulent Conveyance—

Parties to action—The grantee is a necessary party to an action to set aside a conveyance as fraudulent, although he has assigned the property conveyed for the benefit of his creditors, and the plaintiff having dismissed the action as to him the court has no jurisdiction to inquire into the alleged fraud. Ouerbacker, Gilmore & Co. v. White, &c. April 1, 1885. McCracken Ct. of Com. Pleas. Opin. by Ward, P. J., Sup. Ct., aff. W. D. Greer for appellants.