13

# COLLIER ON BANKRUPTCY

*Fifteenth Edition Revised*

VOLUME A

ALAN N. RESNICK
Benjamin Weintraub Distinguished Professor of Bankruptcy Law, Hofstra University School of Law;
Of Counsel, Fried, Frank, Harris, Shriver & Jacobson LLP, New York City

HENRY J. SOMMER
Supervising Attorney, Consumer Bankruptcy Assistance Project, Philadelphia

EDITORS-IN-CHIEF

LAWRENCE P. KING
EDITOR-IN-CHIEF, 1974–2001

**BANKRUPTCY CODE**

**BANKRUPTCY RULES**

**OFFICIAL FORMS**

**BANKRUPTCY ACT OF 1898**

**BANKRUPTCY REFORM ACT OF 1978**



creditor or party in interest against whom recovery or avoidance is sought has the burden of proving the nonavoidability of a transfer under subsection (c) of this section.

### § 548. Fraudulent transfers and obligations.

(a)(1) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily—

    (A) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or

    (B)(i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

        (ii)(I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

        (II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; or

        (III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured.

(2) A transfer of a charitable contribution to a qualified religious or charitable entity or organization shall not be considered to be a transfer covered under paragraph (1)(B) in any case which—

    (A) the amount of that contribution does not exceed 15 percent of the gross annual income of the debtor for the year in which the transfer of the contribution is made; or

    (B) the contribution made by a debtor exceeded the percentage amount of gross annual income specified in subparagraph (A), if the transfer was consistent with the practices of the debtor in making charitable contributions.

(b) The trustee of a partnership debtor may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, to a general partner in the debtor, if the debtor was insolvent on the date such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation.

(c) Except to the extent that a transfer or obligation voidable under this section is voidable under section 544, 545, or 547 of this title, a transferee or obligee of such a transfer or obligation that takes for value and in good faith has a lien on or may retain any interest transferred or may enforce any obligation incurred, as the case may be, to the extent that such transferee or obligee gave value to the debtor in exchange for such transfer or obligation.

(d)(1) For the purposes of this section, a transfer is made when such transfer is so perfected that a bona fide purchaser from the debtor against whom applicable law permits such transfer to be perfected cannot acquire an interest in the property transferred that is superior to the interest in such property of the transferee, but if such transfer is not so perfected before the commencement of the case, such transfer is made immediately before the date of the filing of the petition.

(2) In this section—

(A) "value" means property, or satisfaction or securing of a present or antecedent debt of the debtor, but does not include an unperformed promise to furnish support to the debtor or to a relative of the debtor;

(B) a commodity broker, forward contract merchant, stockbroker, financial institution, or securities clearing agency that receives a margin payment, as defined in section 101, 741, or 761 of this title, or settlement payment, as defined in section 101 or 741 of this title, takes for value to the extent of such payment;

(C) a repo participant that receives a margin payment, as defined in section 741 or 761 of this title, or settlement payment, as defined in section 741 of this title, in connection with a repurchase agreement, takes for value to the extent of such payment; and

(D) a swap participant that receives a transfer in connection with a swap agreement takes for value to the extent of such transfer.

(3) In this section, the term "charitable contribution" means a charitable contribution, as that term is defined in section 170(c) of the Internal Revenue Code of 1986, if that contribution—

(A) is made by a natural person; and

(B) consists of—

(i) a financial instrument (as that term is defined in section 731(c)(2)(C) of the Internal Revenue Code of 1986); or

(ii) cash.

(4) In this section, the term "qualified religious or charitable entity or organization" means—

(A) an entity described in section 170(c)(1) of the Internal Revenue Code of 1986; or

(B) an entity or organization described in section 170(c)(2) of the Internal Revenue Code of 1986.

(3) In this section, the term "charitable contribution" means a charitable contribution, as that term is defined in section 170(c) of the Internal Revenue Code of 1996, if that contribution—

(A) is made by a natural person; and

(B) consists of—

(i) a financial instrument (as that term is defined in section 731(c)(2)(C) of the Internal Revenue Code of 1986); or

(ii) cash.

(4) In this section, the term "qualified religious or charitable entity or organization" means—

(A) an entity described in section 170(c)(1) of the Internal Revenue Code of 1986; or

(B) an entity or organization described in section 170(c)(2) of the Internal Revenue Code of 1986.

### § 549. Postpetition transactions.

(a) Except as provided in subsections (b) or (c) of this section, the trustee may avoid a transfer of property of the estate—

(1) that occurs after the commencement of the case; and

(2)(A) that is authorized only under section 303(f) or 542(c) of this title; or

(B) that is not authorized under this title or by the court.

(b) In an involuntary case, the trustee may not avoid under subsection (a) of this section a transfer made after the commencement of such case but before the order for relief to the extent any value, including services, but not including satisfaction or securing of a debt that arose before the commencement of the case, is given after the commencement of the case in exchange for such transfer, notwithstanding any notice or knowledge of the case that the transferee has.

(c) The trustee may not avoid under subsection (a) of this section a transfer of real property to a good faith purchaser without knowledge of the commencement of the case and for present fair equivalent value unless a copy or notice of the petition was filed, where a transfer of such real property may be recorded