16

Case 1:07-cv-06597-AKH    Document 27-20    Filed 01/11/2008    Page 2 of 6

# COLLIER ON BANKRUPTCY

*Fifteenth Edition Revised*

VOLUME A

ALAN N. RESNICK
*Benjamin Weintraub Distinguished Professor of Bankruptcy Law, Hofstra University School of Law;*
*Of Counsel, Fried, Frank, Harris, Shriver & Jacobson LLP, New York City*

HENRY J. SOMMER
*Supervising Attorney, Consumer Bankruptcy Assistance Project, Philadelphia*

EDITORS-IN-CHIEF

LAWRENCE P. KING
EDITOR-IN-CHIEF, 1974–2001

**BANKRUPTCY CODE**

**BANKRUPTCY RULES**

**OFFICIAL FORMS**

**BANKRUPTCY ACT OF 1898**

**BANKRUPTCY REFORM ACT OF 1978**



FED. R. BANKR. P.        App. Pt. 2(c): R. 7001

### Advisory Committee Note

This rule is derived from former Bankruptcy Rule 612.

### Advisory Committee Note—1991 Amendment

This rule is amended to conform to § 550(a) of the Code which provides that the trustee may recover the property transferred in a voidable transfer. The value of the property may be recovered in lieu of the property itself only if the court so orders.

# PART VII
# ADVERSARY PROCEEDINGS

## Rule 7001 SCOPE OF RULES OF PART VII

An adversary proceeding is governed by the rules of this Part VII. The following are adversary proceedings:

(1) a proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee, or a proceeding under § 554(b) or § 725 of the Code, Rule 2017, or Rule 6002;

(2) a proceeding to determine the validity, priority, or extent of a lien or other interest in property, other than a proceeding under Rule 4003(d);

(3) a proceeding to obtain approval under § 363(h) for the sale of both the interest of the estate and of a co-owner in property;

(4) a proceeding to object to or revoke a discharge;

(5) a proceeding to revoke an order of confirmation of a chapter 11, chapter 12, or chapter 13 plan;

(6) a proceeding to determine the dischargeability of a debt;

(7) a proceeding to obtain an injunction or other equitable relief, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for the relief;

(8) a proceeding to subordinate any allowed claim or interest, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for subordination;

(9) a proceeding to obtain a declaratory judgment relating to any of the foregoing; or

(10) a proceeding to determine a claim or cause of action removed under 28 U.S.C. § 1452.

BANKRUPTCY CODE REFERENCES: §§ 363, 510, 521, 523, 550, 554, 704, 725, 727, 1144, 1230 and 1330

App. Pt. 2(c): R. 7001    COLLIER ON BANKRUPTCY

BANKRUPTCY STATUTORY REFERENCE: 28 U.S.C. § 1452

### Advisory Committee Note

The rules in Part VII govern the procedural aspects of litigation involving the matters referred to in this Rule 7001. Under Rule 9014 some of the Part VII rules also apply to contested matters.

These Part VII rules are based on the premise that to the extent possible practice before the bankruptcy courts and the district courts should be the same. These rules either incorporate or are adaptations of most of the Federal Rules of Civil Procedure. Although the Part VII rules of the former Bankruptcy Rules also relied heavily on the F.R. Civ. P., the former Part VII rules departed from the civil practice in two significant ways: a trial or pretrial conference had to be scheduled as soon as the adversary proceeding was filed and pleadings had to be filed within periods shorter than those established by the F.R. Civ. P. These departures from the civil practice have been eliminated.

The content and numbering of these Part VII rules correlates to the content and numbering of the F.R. Civ. P. Most, but not all, of the F.R. Civ. P. have a comparable Part VII rule. When there is no Part VII rule with a number corresponding to a particular F.R. Civ. P., Parts V and IX of these rules must be consulted to determine if one of the rules in those parts deals with the subject. The list below indicates the F.R. Civ. P., or subdivision thereof, covered by a rule in either Part V or Part IX.

| F.R. Civ. P. | Rule in Part V or IX |
|---|---|
| 6 | 9006 |
| 7(b) | 9013 |
| 10(a) | 9004(b) |
| 11 | 9011 |
| 38, 39 | 9015(a)–(e) |
| 47–51 | 9015(f) |
| 43, 44, 44.1 | 9017 |
| 45 | 9016 |
| 58 | 9021 |
| 59 | 9023 |
| 60 | 9024 |
| 61 | 9005 |
| 63 | 9028 |
| 77(a), (b), (c) | 5001 |
| 77(d) | 9022(d) |
| 79(a)–(d) | 5003 |
| 81(c) | 9027 |
| 82 | 9030 |
| 83 | 9029 |

Proceedings to which the rules in Part VII apply directly include those brought to avoid transfers by the debtor under §§ 544, 545, 547, 548 and 549 of the Code; subject

FED. R. BANKR. P.          App. Pt. 2(c): R. 7001

to important exceptions, proceedings to recover money or property; proceedings on bonds under Rules 5008(d) and 9025; proceedings under Rule 4004 to determine whether a discharge in a chapter 7 or 11 case should be denied because of an objection grounded on § 727 and proceedings in a chapter 7 or 13 case to revoke a discharge as provided in §§ 727(d) or 1328(e); and proceedings initiated pursuant to § 523(c) of the Code to determine the dischargeability of a particular debt. Those proceedings were classified as adversary proceedings under former Bankruptcy Rule 701.

Also included as adversary proceedings are proceedings to revoke an order of confirmation of a plan in a chapter 11 or 13 case as provided in §§ 1144 and 1330, to subordinate under § 510(c), other than as part of a plan, an allowed claim or interest, and to sell under § 363(h) both the interest of the estate and a co-owner in property.

Declaratory judgments with respect to the subject matter of the various adversary proceedings are also adversary proceedings.

Any claim or cause of action removed to a bankruptcy court pursuant to 28 U.S.C. § 1478[This provision was implicitly repealed by Pub. L. No. 98-353 (1984).] is also an adversary proceeding.

Unlike former Bankruptcy Rule 701, requests for relief from an automatic stay do not commence an adversary proceeding. Section 362(e) of the Code and Rule 4001 establish an expedited schedule for judicial disposition of requests for relief from the automatic stay. The formalities of the adversary proceeding process and the time for serving pleadings are not well suited to the expedited schedule. The motion practice prescribed in Rule 4001 is best suited to such requests because the court has the flexibility to fix hearing dates and other deadlines appropriate to the particular situation.

Clause (1) contains important exceptions. A person with an interest in property in the possession of the trustee or debtor in possession may seek to recover or reclaim that property under § 554(b) or § 725 of the Code. Since many attempts to recover or reclaim property under these two sections do not generate disputes, application of the formalities of the Part VII Rules is not appropriate. Also excluded from adversary proceedings is litigation arising from an examination under Rule 2017 of a debtor's payments of money or transfers of property to an attorney representing the debtor in a case under the Code or an examination of a superseded administration under Rule 6002.

Exemptions and objections thereto are governed by Rule 4003. Filing of proofs of claim and the allowances thereof are governed by Rules 3001–3005, and objections to claims are governed by Rule 3007. When an objection to a claim is joined with a demand for relief of the kind specified in this Rule 7001, the matter becomes an adversary proceeding. See Rule 3007.

### Advisory Committee Note—1987 Amendment

Another exception is added to clause (1). A trustee may proceed by motion to recover property from the debtor.

### Advisory Committee Note—1991 Amendment

Clauses (5) and (8) are amended to include chapter 12 plans.

### Advisory Committee Note—1999 Amendment

This rule is amended to recognize that an adversary proceeding is not necessary to obtain injunctive or other equitable relief that is provided for in a plan under circumstances in which substantive law permits the relief. Other amendments are stylistic.

## Rule 7002  REFERENCES TO FEDERAL RULES OF CIVIL PROCEDURE

Whenever a Federal Rule of Civil Procedure applicable to adversary proceedings makes reference to another Federal Rule of Civil Procedure, the reference shall be read as a reference to the Federal Rule of Civil Procedure as modified in this Part VII.

### Advisory Committee Note

Rules 5, 12, 13, 14, 25, 27, 30, 41 and 52 F.R. Civ. P. are made applicable to adversary proceedings by Part VII. Each of those rules contains a cross reference to another Federal Rule; however, the Part VII rule which incorporates the cross-referenced Federal Rule modifies the Federal Rule in some way. Under this Rule 7002 the cross reference is to the Federal Rule as modified by Part VII. For example, Rule 5 F.R. Civ. P., which is made applicable to adversary proceedings by Rule 7005, contains a reference to Rule 4 F.R. Civ. P. Under this Rule 7002, the cross reference is to Rule 4 F.R. Civ. P. as modified by Rule 7004.

Rules 7, 10, 12, 13, 14, 19, 22, 23.2, 24–37, 41, 45, 49, 50, 52, 55, 59, 60, 62 F.R. Civ. P. are made applicable to adversary proceedings by Part VII or generally to cases under the Code by Part IX. Each of those Federal Rules contains a cross reference to another Federal Rule which is not modified by the Part VII or Part IX rule which makes the cross-referenced Federal Rule applicable. Since the cross-referenced rule is not modified by a Part VII rule this Rule 7002 does not apply.

## Rule 7003  COMMENCEMENT OF ADVERSARY PROCEEDING

Rule 3 F.R. Civ. P. applies in adversary proceedings.

### Advisory Committee Note

Rule 5005(a) requires that a complaint commencing an adversary proceeding be filed with the court in which the case under the Code is pending unless 28 U.S.C. § 1473 [Upon enactment of Pub. L. No. 98-353 (1984), this provision was superseded by 28 U.S.C. § 1409.] authorizes the filing of the complaint in another district.