28

# THE EQUITABLE REMEDIES OF CREDITORS

IN RELATION TO

FRAUDULENT CONVEYANCES, TRANSFERS, MORTGAGES, JUDGMENTS AND ASSIGNMENTS

INCLUDING

CREDITORS' BILLS, BILLS IN THE NATURE OF CREDITORS' BILLS, SUPPLEMENTARY PROCEEDINGS, PROCEEDINGS IN AID, PROCEEDINGS AGAINST INSOLVENT CORPORATIONS, INSOLVENT ESTATES, TRUSTS, RECEIVERSHIP

AND

THE EFFECT OF THE BANKRUPT ACT UPON

INSOLVENT LAWS, ASSIGNMENT LAWS

AND THE EQUITABLE REMEDIES OF

CREDITORS

---

BY

JOHN W. SMITH, LL.D.

OF THE CHICAGO BAR

---

CHICAGO
CALLAGHAN & CO.
1899

§ **38. General Rule—Residence of Grantee.**—In the absence of statutory regulation, the general rule in regard to jurisdiction in matters of fraudulent conveyance is that the bill may be maintained in any jurisdiction where the debtor and fraudulent vendee may be found. The reason for this rule is that in such case the court does not act directly upon the land itself, but declares the transaction void as to the creditor, and thus removes the obstruction to the legal remedy. The proceeding is personal in its nature, but is *in rem* in its effects.

§ **39. Co-ordinate Jurisdiction in Law and Equity.**—The jurisdiction to reach property which has been fraudulently conveyed and apply the same in satisfaction of the plaintiff's debt, where the fraudulently conveyed property is still in the hands of the grantee, is either at law or in chancery, and each jurisdiction is coördinate. Thus the land alleged to have been fraudulently conveyed may be levied on under the execution and sold, and a deed taken under the sale, and ejectment brought to recover from the grantee, and thus avoid the conveyance as fraudulent. If this course is not taken and there are objections to the course, as noticed

diction of the court. Hatch v. Dorr, 4 McLean, 112. By Statute (1851, Ch. 206) the Massachusetts supreme court had jurisdiction to compel the application of property in payment of a debt which is not of a nature to be attached at law. Silloway v. Columbia Ins. Co., 8 Gray (Mass.) 199. A judgment creditor by statute (Hutch. Code, 904, Sec. 27), seeking to subject property fraudulently conveyed to his execution, by scire facias, does not exclude the jurisdiction of a court of equity to set aside the fraudulent conveyances. Abbey v. Commercial Bank of New Orleans, 31 Miss. 434. The jurisdiction of a court of equity under the laws of 1845 and 1864 (N. J.) to subject the choses in action of a debtor to the payment of a judgment is exercised in behalf of the creditor who makes the application alone and not creditor's generally. Whitney v. Robbins, 17 N. J. Eq. 360. In New York the court has no jurisdiction of an action in the nature of a creditor's bill, where the amount of plaintiff's judgment is less than $100; and the complaint must be dismissed. Neither the code nor the constitution has changed the law in this respect. Shephard v. Walker, 7 How. Pr. (N. Y.) 46.

Case 1:07-cv-06597-AKH Document 29-4 Filed 02/05/2008 Page 4 of 15

COURIER # OF PAGES COPIED
Date: 1/14/08



elsewhere,[5] then the ordinary creditor's proceeding may be taken in a court of chancery.

In matters of alienation of personal property by way of pledge, or otherwise, which is in fraud of creditors, courts of equity and courts of law have concurrent jurisdiction.

In most cases where there is concurrent jurisdiction at law and in equity for the same cause of action, if the legal remedy has been barred by lapse of time, the equitable remedy will be also.[6]

A court of equity will not exercise jurisdiction where a defense at law has been made and such defense has failed. In such case it is *res adjudicata.*[7]

But where a sale of the alleged fraudulently conveyed premises is made under the judgment and execution, and a deed is taken to the premises under such sale, a resort to ejectment is not compulsory, for in that case a bill in equity may be filed by the purchaser at the execution sale for the purpose of removing the fraudulent deed as a cloud upon the title.

In all such cases, in order to enable a court of equity

[5] A judgment creditor, where the debtor's lands have been conveyed to defraud creditors, may disregard the fraudulent conveyance, while the lands remain in the hands of a fraudulent grantee, and levy on the same and sell and the purchaser bring ejectment, and, at law, avoid the fraudulent conveyance. Brown v. Niles, 16 Ill. 385. In Pennsylvania, in ordinary cases of fraudulent conveyance, the proceeding is not in equity by a creditor's bill, but at law, by obtaining judgment, levying upon the property and selling it at sheriff's sale, and then contesting the title by an action of ejectment. Houseman v. Grossman, 177 Pa. St. 453. This rule does not apply to a case where the debtor is dead. Id. Fowler's Appeal 87 Pa. 449. The objection that the remedy is at law and not in equity must be raised in limine, either by demurrer or answer and cannot be raised for the first time on appeal. Houseman v. Grossman, supra; Adam's Appeal, 113 Pa. St. 449; Mortland v. Mortland, 151 Pa. St. 593.

[6] Smith's Admr. v. Wood, 42 N. J. Eq. 563; Mulford v. Peterson, 6 Vr. 127, 133. That the bar as to legal remedy is a bar as to equitable remedy see Smith's Admr. v. Wood, supra; Somerset Bk. v. Veghte, 15 Stew. Eq. 39; Kane v. Bloodgood, 7 Johns. Ch. 90; Smith v. Clay, 2 Amb. 645, S. C. 3 Bro. C. C. 693 note.

[7] Garvin v. Squires, 9 Ark. 533.

to exercise its jurisdiction, it must appear (1) that the debt is clear and undisputed, and (2), some special circumstances, requiring the interposition of the court, either to obtain possession of the property, or apply it, must appear.[8]

While it is not without interest locally it is not intended to enter into an examination of jurisdiction in creditors' bills conferred by statute, it may be stated, in general terms, that, where the proceeding is in equity, the proper court in which the proceedings are to be taken is that court usually exercising general chancery jurisdiction designated by constitutional or legislative authority. In most states the constitution itself prescribes the jurisdiction to be exercised by the several courts which form the judiciary department, or delegates the power to the legislature so to do.

§ **40. Jurisdiction of United States Courts.**—The United States circuit court, except where citizenship is an obstacle, has jurisdiction in all classes of creditors' suits under the rules and practice of that court.[9]

[8] Conveyances in fraud of creditors are under the statute absolutely void as to such creditors, and a creditor may levy on the land, sell the same and procure a sheriff's deed, and then file a bill in equity and have the fraudulent deed set aside as a cloud on his title. Gould v. Steinburg, 84 Ill. 170.

[9] The United States circuit court has jurisdiction to entertain a creditor's bill. Suydam v. Beals, 4 McLean 12; Lannon v. Clark, 4 McLean 18; Wilkinson v. Yale, 6 McLean, 16. This, of course, presupposes the question of citizenship as a basis of jurisdiction being established. United States courts of equity have jurisdiction over executors and administrators where the parties to the suit are citizens of different states and this jurisdiction is not barred by subsequent insolvent proceeding in the state court. Green's Administratrix v. Creighton, 64 U. S. 90. A circuit court of the United States has jurisdiction in equity under a bill filed by a creditor of the estate of a deceased person to set aside for fraud a sale of the real estate of the deceased which was made and confirmed by order of a state court having competent jurisdiction when the inquiry is not into irregularities of the proceedings in the state court but is based upon an actual fraud in obtaining the judgment or decree of sale and confirmation. Johnson v. Waters, 111 U. S. 640. When the creditor's suit is properly removed from a state court to a United States circuit court on the ground of citizenship the

Case 1:07-cv-06597-AKH Document 29-4 Filed 02/05/2008 Page 6 of 15



his judgment and execution, though usually the equity court, on finding the issues for the plaintiff, appropriates the property to the payment of creditors' indebtedness in the same proceeding.[27]

Where there is concurrent jurisdiction in law and in equity, as in the case of proceedings against shareholders of a corporation, the remedy at law does not oust the jurisdiction of courts of equity.[28]

§ **48. Equity Jurisdiction—Advantages of.**—The proceeding in equity is, as a general rule, to be preferred because of the flexible nature of such proceedings. It not infrequently happens that the court may have no doubt of the fraudulent purpose of the grantor, but entertains a well founded doubt as to the participation therein by the grantee, and particularly if he is also a creditor, and in such case will protect the grantee to the extent of the *bona fide* consideration paid and appropriate the surplus proceeds arising from the sale to payment of the plaintiff's demands. Besides the judgment under the common law action must be for or against the plaintiff, its rules of procedure being less flexible, while in chancery its process is plastic and may be readily moulded to suit the equities of the particular case.[29]

The consequences of the failure of the plaintiff to establish fraud in an action of ejectment are also different, in that he emerges from the trial with a satisfied judgment.

Besides it may well be doubted whether, strictly speak-

27 Scott v. Indianapolis, etc., 48 Ind. 75; Barto's Appeal, 55 Pa. St. 386; Partee v. Matthews, 53 Miss. 140; Gallman v. Perrie, 47 Miss. 131; Tupper v. Thompson, 26 Minn. 385; Henry v. Hinman, 25 Minn. 199.

28 Potter v. Dear, 95 Cal. 578; Morawetz on Priv. Corp., Sec. 866; Thompson on Stockholders, Sec. 265.

29 Foster v. Foster, 56 Vt. 540. While fraud must be proved in equity as at law, yet it is frequently a conclusion arrived at from an array of circumstances which might not be admissible as evidence in a common law proceeding. Burt v. Keyes, 1 Flipp. 61.



COURIER # OF PAGES COPIED



ing, a common law proceeding by ejectment can be sustained in that large class of cases where the legal title was never at any time in the debtor, as where the property is purchased and paid for by him and the title taken in another's name.[30]

The same difficulty is met in a case where the debtor has purchased land under a contract and, purposely, or on account of non-payment of a portion of the purchase money, has not obtained from the vendor the legal title. Sometimes, however, the statute renders such property liable to execution, levy and sale.

The property and assets of a debtor sometimes is of such nature and character as not to be reached by a common law writ, in which case equity is the only available remedy to be pursued.[31]

§ 49. **Equity Jurisdiction—Scope of.**—A court of equity has general jurisdiction to aid a creditor to reach

[30] Dewey v. Long, 25 Vt. 564; Haggerty v. Nixon, 26 N. J. Eq. 42; Mulford v. Peterson, 35 N. J. L. 127; Webster v. Folsom, 58 Me. 230; Low v. Marco, 53 Me. 45; Garfield v. Hatmaker, 15 N. Y. 475; Carlisle v. Tindall, 49 Miss. 229.

[31] Drake v. Rice, 130 Mass. 410; Taylor v. Jones, 2 Atk. 600; King v. Dupine, 2 Atk. 603 (n.); Horn v. Horn, 1 Amb. 79; Ryall v. Rolle, 1 Atk. 165; Partridge v. Gopp, 1 Eden Ch. 163; Bayard v. Hoffman, 4 Johns. Ch. 450; Hadden v. Spader, 20 Johns. 554; Abbott v. Tenney, 18 N. H. 109; Sargent v. Salmond, 27 Me. 539. Whether an equitable interest in real estate is liable to be appropriated by legal process to the judgment for the debts of a beneficiary is to be determined by the law where the property has its situs. Spindle v. Shreve, 111 U. S. 542. Mr. Justice Gray, in Drake v. Rice supra says: "The St. of 13 Eliz. Ch. 5 declared all gifts or conveyances of goods and chattels, as well as of lands and tenements, made in fraud of creditors, to be void as against them. By the law of England before the American Revolution, as established by the decisions of Fortesque, M. R., Lord Hardwicke and Lord Northington, fraudulent conveyances of choses in action, though not specified in the statute, were equally void, but from the nature of the subject the remedy of the creditor must be sought in equity. * * In Cadogan v. Kennett, Cowper 432, decided within two months before the Declaration of Independence, Lord Mansfield said that the statute was but declaratory of the common law as it was before, and could not receive too liberal construction or be too much extended in suppression of fraud. Like views were expressed by Chief Justice Marshall, Hamilton v. Russell, 1 Crouch 309, 316."

Case 1:07-cv-06597-AKH Document 29-4 Filed 02/05/2008 Page 8 of 15



80. Plaintiff individually not bound by judgment against him as assignee.
81. Other creditors may intervene and participate in surplus.
82. Suit may be maintained by a receiver under order of court.
83. Creditors of corporation may sue, when.
84. When bill may be filed by officer of court, or master.
85. Executor or administrator may file bill.
86. A guardian for an insane person cannot sue in own name.
87. Assignee may file bill.
  (a) Assignee of claims.
  (b) Assignee of judgment.
  (c) Assignee in bankruptcy.
  (d) Assignee for creditors.
88. Other parties entitled to file bill.
  (a) Receiver.
  (b) Surety who has paid debt.
  (c) Purchaser at execution sale.
  (d) Wife of debtor when a creditor.
  (e) Subsequent creditor.
  (f) State when creditor.
  (g) Probate judge may not bring suit.
  (h) Nor sheriff.
89. Against whom filed—Defendants.
  (a) General principles.
  (b) Maker and indorser of note.
  (c) Several grantees.
  (d) Person in possession of property.
  (e) Foreign corporation.
  (f) Personal representatives and heirs, when.
  (g) Assignee in assignment for creditors.
  (h) Estate of joint debtor, when.
  (i) To reach estate of lunatic quaere.

**Section 60. Necessary Parties — General Principles.** — It is well known to every practitioner that the question of necessary and proper parties to a suit in chancery is often quite perplexing. It is equally so to anyone who undertakes a careful analysis of the adjudicated cases with the hope of discovering any well defined principles of general application. About the only assistance that can be rendered is to group the cases relating to plaintiffs and defendants in such logical order as will clearly illustrate the general subdi-



visions of the
ery of precede
that may be o
A few general
to creditor's s
1. The plai
of statutory r
or at least mu
2. He mus
transaction al
3. The tra
and characte
creditor or as
4. The pl
a creditor of
right of a bo
lusion with t
5. For th
suits, two or
are not confli
interested in
6. The ju
defendant.
7. And s
fraud or pa
plained of.
8. And a
terest in, th
through or
9. If the
to reach fra
ministrator
the grantee,
§ 61. A
Court. —A

[§ 60.

him as

s.
ourt.

ie.

'rin-
that
it in
o to
ad-
well
the
the
logi-
bdi-



visions of the subject, and thereby facilitate the discovery of precedent rather than any underlying principles that may be of pratical value in the way of guidance. A few general observations, however, relating to parties to creditor's suits may be of some practical service:

1. The plaintiff, as a general rule, and in the absence of statutory regulations must be a Judgment Creditor, or at least must have a lien secured by attachment.

2. He must not have participated in the fraudulent transaction about which complaint is made.

3. The transaction must have been of such a nature and character as to be injurious to the plaintiff as a creditor or as an owner of the property.

4. The plaintiff must be in fact and in good faith a creditor of the judgment debtor, or have acquired the right of a *bona fide* creditor, and be free from any collusion with the debtor with respect to other creditors.

5. For the purpose of preventing a multiplicity of suits, two or more judgment creditors, whose interests are not conflicting, may be coplaintiffs, or become jointly interested in the prosecution of the suit.

6. The judgment debtor, as a general rule must be a defendant.

7. And so must all parties implicated in the alleged fraud or participating in the act or transaction complained of.

8. And all parties interested in, or claiming an interest in, the subject matter of the litigation derived through or on account of the judgment debtor.

9. If the judgment debtor be dead, and it is sought to reach fraudulently conveyed property, then the administrator or executor, heirs or legatees, together with the grantee, should be parties defendant.

**§ 61. All Parties in Interest Must be Before the Court.** —A court of equity will not render a final decree

upon the merits unless all persons essentially interested are made parties, although some of them are not within the jurisdiction of the court.

It is a rule universally recognized in courts of equity that all persons are to be made parties to the suit who have any substantial, legal, or beneficial interest in the subject matter of the litigation, and who are to be materially affected by the decree which may be pronounced.[1]

## § 62. Where Fraudulent Conveyance is Attacked.

[1] A court of equity will not render a final decree upon the merits unless all persons essentially interested are made parties, although some of them are not within the jurisdiction of the court. Russell v. Clark's Ex., 11 U. S. 69; Cf. Christian v. Atlantic, etc., R. Co., 133 U. S. 233. All persons who have any substantial, legal or beneficial interest in the subject matter of the litigation, and who are materially affected by the decree which may be pronounced, are to be made parties. Spear v. Campbell, 4 Scam. 424. One having a real claim upon property has a right to oppose the claims of all persons who assert rights against the property which, if maintained, would defeat his claim. Buckner v. Gordy, 28 La. Ann. 596. The plaintiff may, if he chooses to do so, join, as defendants, all who are connected with the property or the transactions to be investigated, but he is only compelled to join those in whom the legal title rests, or those who have a beneficial interest to be affected. Taylor v. Webb, 54 Miss. 36; Cornell v. Radway, 22 Wis. 260; Smith v. Grim, 26 Pa. St. 95; Bowen v. Gent, 54 Md. 555. The interest may be legal or equitable. Heffron v. Gage, 149 Ill. 182. The question of parties is frequently perplexing and difficult to reduce to rule. An exception to the rule that all parties in interest must be parties to the suit is in the case of legatees and creditors where one may sue in behalf of all, and the others may come in under the decree. Brown v. Ricketts, 3 John. Ch. 553. The persons affected by the decree should be before the court. Stone v. Stone, 43 Ark. 160. The general principles of equity clearly justify the creditor in convening in one suit all parties interested in controverting the amount of his debt, and holding in their own hands, or in the hands of their trustee, the estate on which the debt is chargeable. Suckley v. Ratchford, 12 Gratt. (Va.) 60. If the answer discloses that other persons not parties claim an interest in the property sought to be reached, they must be made parties before the decree is rendered. Taylor v. Mills, 2 Edw. Ch. 318. The bill should make all parties who have an interest in the fund parties, but if not done it may be treated as brought for all, and an opportunity given to come in and present their claims. Crowell v. Cape Cod Ship Canal Co., 164 Mass. 235; Smith v. Williams, 116 Mass. 510; Libby v. Norris, 142 Mass. 246; Richmond v. Irons, 121 U. S. 27; Hallett v. Hallett, 2 Paige 15.



—(a) In a
fraudulent a
grantee are
(b) But t
solvent debtc
conveyed to
fraud, is not
(c) Where
lent as to c
should be pa
which has be
(d) The f
property, is
(e) Wher
lent alienee t
of fraud, and

[2] Under a bill
a deed as fraud
tors the fraudu
necessary par
Kelshaw 68 U.
by a creditor a
lent vendor to
fraudulently co
al mesne conve
nocent vendee,
parties having
fraud, it was l
mediate granto
grantee was a
Winans v. Gra
263. Where th
alleged to have
ly placed in a
a necessary pa
bill. Low v. P
judgment debt
party to a cre
aside a fraud
only when th
ance sought t
tains covenan
Quinn v. Pec
Spear v. Camp
Johnson v. H
[3] Where la

—(a) In a proceeding to set aside a conveyance as fraudulent as to creditors, the fraudulent grantor and grantee are necessary parties.[2]

(b) But the grantor of land purchased by an insolvent debtor, where the latter procures the title to be conveyed to another, if he is not a participant in the fraud, is not.[3]

(c) Where an assignment is attacked as fraudulent as to creditors, both the assignor and assignee should be parties; and so is the assignee of a mortgage which has been fraudulently assigned.[4]

(d) The fraudulent grantee, if in possession of the property, is particularly indispensable.[5]

(e) Where the suit is by a creditor against a fraudulent alienee to set aside a specific transfer on the ground of fraud, and it appears that the conveyance was abso-

[2] Under a bill filed to set aside a deed as fraudulent as to creditors the fraudulent grantor is a necessary party. Gaylords v. Kelshaw 68 U. S. 81. In a suit by a creditor against a fraudulent vendor to recover property fraudulently conveyed by several mesne conveyances to an innocent vendee, the intervening parties having notice of the fraud, it was held that the immediate grantor of the bona fide grantee was a necessary party. Winans v. Graves, 43 N. J. Eq. 263. Where the title to land is alleged to have been fraudulently placed in a third party, he is a necessary party to a creditor's bill. Low v. Pratt, 53 Ill. 438. A judgment debtor is a necessary party to a creditor's bill to set aside a fraudulent conveyance only when the deed of conveyance sought to be avoided contains covenants of warranty. Quinn v. People, 146 Ill. 275; Spear v. Campbell, 4 Scam. 424; Johnson v. Huber, 134 Ill. 511.

[3] Where land was purchased by an insolvent debtor and conveyed to another, in a proceeding by a judgment creditor to appropriate the land to the payment of his judgment, the grantor is not a necessary party, having parted with his interest in the land. Ballentine v. Beall, 3 Scam. 203.

[4] Wakeman v. Grover, 4 Paige Ch. 23; Gray v. Schenck, 4 N. Y. 460.

[5] Green v. Hicks, 1 Barb. Ch. 309; Cf. Parsons v. Bowne, 7 Paige Ch. 354. In a suit to set aside a fraudulent conveyance the grantee is a necessary party. Edwards v. Woodruff, 90 N. Y. 396; Cf. Hallorn v. Trum, 125 Ill. 247. A judgment creditor, under 1 N. J. Gen. Stat. p. 389, Secs. 88 et seq., may make defendant anyone to whom the judgment debtor has made a voluntary or fraudulent transfer, or who holds property or things in action in trust for such debtor. New Jersey Lumber Co. v. Ryan, 41 Atl. 839.

lute and, as between the parties, transferred an indefeasable title or interest, the fraudulent vendor is not a necessary party. This rule, however, does not apply to an assignment for the benefit of creditors.[6]

(f) Where different pieces of property were conveyed to different persons by the debtor, all the grantees may be made defendants. A bill of this character is not multifarious. The specific charge is the fraudulent act of the debtor in making the conveyances, though several parties may participate in the transaction.[7]

§ **63. Proceedings Against Corporations.**—And so is the corporation in a proceeding to reach assets in the hands of its stockholders, and to subject the same to the payment of its debts; particularly is this true where the franchise of a corporation is questioned, and the nonjoinder of an indispensable party is error.[8]

But in a proceeding to dissolve a corporation, its stockholders are not necessary parties unless made so by statute. In such case the corporation, through its corporate authorities, is the representative of the stockholders.[9]

It is not a sufficient objection in a proceeding to

[6] First Nat. Bk. v. Shuler, 153 N. Y. 163; Buffington v. Harvey, 95 U. S. 99; Campbell v. Jones, 25 Minn. 155; Potter v. Phillips, 44 Ia. 353; Fox v. Moyer, 54 N. Y. 125.

[7] Fellows v. Fellows, 4 Cow. 682. A judgment creditor, on filing a bill for the sole purpose of impounding all the assets of the debtor to pay his debts, may join as defendants every person to whom the debtor has fraudulently conveyed his property. Hulbert v. Detroit Cycle Co., 107 Mich. 81.

[8] In a suit to reach assets in the hands of stockholders and subject them to the payment of debts, the corporation is a necessary party. Swan Land Co. v. Frank, 148 U. S. 603. Where the franchise of a corporation is questioned, it is indispensably necessary that the company exercising the franchise be made a party. Baker v. Backus, 32 Ill. 79. The nonjoinder of an indispensable party may be assigned as error. Id. A suit cannot be maintained under Mill. & V. (Tenn.) Code, Sec. 4168, unless the corporation is made a party to the suit. Bickford v. McComb, 88 Fed. Rep. 428.

[9] In a creditor's bill to dissolve a corporation, stockholders are not necessary parties, except where made so by statute. Bates v. Great Western Tel. Co., 134 Ill. 536.

§ 64.]

recover
sued.
A cre
cause n
all the
where i
in frau
holders
maintai
§ **64.**
**are Ne**
rendered

[10] In a
corporatio
to recover
not sufficie
that all t
holders ar
sary, a co
tion of eit
poration i
receiver, a
debts due
Ogilvie v.
S. 380. Th
holder for
eral, and v
to enforce
if he perm
stockholde
suit for w
complain t
against the
154 Ill. 4
against a
of its stock
who are
transferred
corporation
right, if n
creditors, i
murrer, be
behalf of
cause not
holders. P
kee Cons.
Bullston S
Bk., 18 W
creditor of

(x) And an assignee of the grantee.[34]

(y) And a purchaser from an assignee.[35]

(z) Where necessary parties are not brought into the suit, their rights remain unaffected by the decree; thus the grantee in possession under a deed from an alleged fraudulent grantor, if not in court, is in no manner bound by the decree.[36]

§ **66. Want of Parties, How and When Raised.**—The correct practice when the want of proper parties is apparent on the face of the bill is to take advantage of it by demurrer. If the objection does not so appear it may be set up by plea, or insisted on in the answer. Where the parties thus omitted are mere formal parties, or not absolutely necessary to a decision of the case, the court will not listen to the objection at the hearing. But where the rights of parties not before the court are inseparably connected with the subject matter in dispute, so that a final decision cannot be made without materially affecting their interests, the objection may be taken at the hearing, or on appeal, or on writ of error.[37]

34 Winchester v. Crandal, Clark's Ch. 371.

35 Penniman v. Norton, 1 Barb. Ch. 246.

36 Hammond v. Hudson River Iron and Machine Co., 20 Barb. 378. After a party had conveyed his interest in land to another who went into possession, a proceeding was instituted in the federal court against the first party named, but not against the grantee, though he was in possession; and the title of the grantor was set aside, it was held that the grantee, not being a party to the suit, the decree did not bind him or effect his interest in the land. Hallorn v. Trum, 125 Ill. 247. A grantee of land acquiring title thereto prior to the commencement of an action in the nature of a creditor's bill against his grantor is not affected by the judgment therein unless he is made a party to the suit. Lange v. Braynard, 104 Cal. 156.

37 Spear v. Campbell, 4 Scam. 424; Mallows v. Hinde, 12 Wheat. 193; Hallett v. Hallett, 2 Paige 15; Herrington v. Hubbart, 1 Scam. 569; Scott v. Bennett, 1 Gilm. 646; Farmers' Nat. Bk. v. Sperling, 113 Ill. 273. Where it appears that a beneficial plaintiff is a proper party to a suit, the objection that he is not a party must be raised in the trial court, or it will be waived. Atkinson v. Foster, 134 Ill. 472. Robinson v. Smith, 3 Paige Ch. 222. The objection that the judgment debtors are not joined

The court, of its own motion, will, if necessary, interfere in behalf of third parties whose interests are involved and require them to be brought into court, or may reverse judgment when it appears that necessary parties were not before the court, although no objection was taken by the pleadings or on the trial.[38]

When the objection to the nonjoinder of a party is not taken by demurrer or answer, it will not avail unless the decree would deprive the party omitted of his legal rights.

It is proper practice to demur, as seen above, where the want of proper parties is apparent on the face of the bill. If, however, the objection does not appear on the face of the bill, it may be set up by plea, or insisted on in the answer. Where the parties omitted are mere formal parties, or not absolutely necessary to a decision of the case, the court will not listen to the objection at the hearing; but where the rights of parties not before the court are inseparably connected with the subject matter in dispute, so that a final decision cannot be made without materially affecting their interests, the

as defendants in a creditor's action to set aside their assignment is waived if not taken by demurrer or answer. Hurlbert v. Dean, 2 Abb. (N. Y.) App. Dec. 428. Cf. Mallows v. Hinde, 12 Wheat. 193; Hallett v. Hallett, 2 Paige 15; Herrington v. Hubbart, 1 Scam. 569; Scott v. Bennett, 1 Gilm. 646. All parties in interest should be made parties so that their rights may be settled and also to prevent a multiplicity of suits. Willis v. Henderson, 4 Scam. 13. If, however, the court can settle the merits of the case without prejudice to the rights of others who are not parties, or if the circumstances of the case render it impracticable to make them parties, or if the parties are unknown, the court may render a decree without them. Id. The objection to a bill in chancery, for want of proper parties, should be taken by demurrer, plea or answer; if however, the omitted party is not only a proper party but is a necessary party so that the final decree cannot be rendered without affecting his or her interests, the objection may be taken at the hearing, or on appeal or error. Johnson v. Huber, 134 Ill. 511.

[38] First Nat. Bk. v. Shuler, 153 N. Y. 163; Osterhondt v. Rigney, 98 N. Y. 222; Galusha v. Galusha, 138 N. Y. 272; Moulton v. Cornish, 138 N. Y. 133.



objection r
error.[39]

§ 67. \
lowing cas
be necessa
under a c
party.[40]

(b) Th
parted wi
the result

(c) A r
as fraudul
gage is n
affected b
in the res

[39] Chi., M.
E. & D. Co
v. Campbell
low v. Hin
Hallett v.
15; Herrin
Scam. 569;
Gilm. 646.

[40] If the
to an assig
creditors a
party, the c
Willis v. H

[41] The as
action is n
on a bill
amount du
with his in
Bokkelen, 

[42] Venabl
Bank, etc.,
mortgagees
parties to
ment credi
veyance o
Freeman
(Ala.). It
maintainal
in the Unit
tain satisf
of lands
prior incu

objection may be taken at the hearing, or on appeal or error.[39]

§ **67. When not Necessary Parties.**—In the following cases the parties named have been held not to be necessary parties: (a) Creditors of an assignor under a deed of assignment when the assignee is a party.[40]

(b) The assignor of a *chose in action,* he having parted with all his interest and having no concern in the result.[41]

(c) A mortgagee in a proceeding to set aside a deed as fraudulent, where the validity or priority of the mortgage is not questioned. His lien being in no manner affected by the decree to be rendered, he has no interest in the result of the litigation.[42]

39 Chi., M. & N. R. Co. v. Nat. E. & D. Co., 153 Ill. 70; Spear v. Campbell, 4 Scam. 424; Mallow v. Hinde, 12 Wheat. 193; Hallett v. Hallett, 2 Paige Ch. 15; Herrington v. Hubbart, 1 Scam. 569; Scott v. Bennett, 1 Gilm. 646.

40 If the debtor has conveyed to an assignee for the benefit of creditors and the assignee is a party, the creditors need not be. Willis v. Henderson, 4 Scam. 13.

41 The assignor of a chose in action is not a necessary party on a bill filed to recover the amount due, he having parted with his interest. Ward v. Van Bokkelen, 2 Paige Ch. 289.

42 Venable v. President, etc., Bank, etc., 27 U. S. 107. Prior mortgagees are not necessary parties to an action by a judgment creditor to set aside a conveyance of land as fraudulent. Freeman v. Stuart, 24 So. 31 (Ala.). It is no objection to the maintainance of a bill in equity in the United States courts to obtain satisfaction of a debt out of lands of the debtor, that a prior incumbrancer, who is out of the jurisdiction, and the validity of whose incumbrance is admitted. is not made a party. Hagan v. Walker, 14 How. 29. But where the debtor of a bank gave his promissory note signed by two sureties, and conveyed certain property to a trustee to indemnify the sureties, both the trustee and cestui que trusts are indispensable parties to a bill for the subjection of this property to the claim of the bank by virtue of the trust deed. McRea v. Branch Bank of Alabama, 19 How. 376. In a bill to subject certain funds to the payment of a judgment against a trustee or commissioner to sell lands under a decree, the parties who are entitled to the funds which may be collected are not necessary parties to the bill. Harrison v. Hallum, 5 Coldw. (Tenn.) 525. On a creditor's bill seeking to have a conveyance from a debtor to his wife declared fraudulent and subject the land to sale by redemption from a prior sale under a judgment against both the husband and wife, the purchasers under the prior sale,